John A. Sundahl, WSB# 5-1244
Patrick M. Brady, WSB# 7-5494
Jane M. France, WSB #7-4828
Sundahl, Powers, Kapp & Martin, L.L.C.
2020 Carey Avenue, Ste. 301
P.O. Box 328
Cheyenne, WY 82003-0328
(307)632-6421
(307)632-7216 facsimile
jsundahl@spkm.org
pbrady@spkm.org
jfrance@spkm.org
*Attorneys for Defendant Walmart Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH INDIVIDUALLY AND AS PARENT AND LEGAL GUARDIAN OF W.W., K.W., G.W., AND L.W., MINOR CHILDREN AND MATTHEW WADSWORTH<br><br>Plaintiffs,<br>vs.<br><br>WALMART, INC. AND JETSON ELECTRIC BIKES, LLC.<br>Defendants. | Civil No. 2:23-cv-00118-NDF |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WALMART, INC.

**COMES NOW,** Defendant, Walmart Inc.("Walmart"), by and through its undersigned

counsel, and hereby admits, denies, and alleges as follows:

### SUMMARY OF ACTION

1.      Answering paragraph 1, defendant Walmart Inc., denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

the same and puts plaintiffs to their proof thereof.

2.      Answering paragraph 2, defendant Walmart Inc., denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

the same and puts plaintiffs to their proof thereof.

1

## THE PARTIES

3.      Answering paragraph 3, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

4.      Answering paragraph 4, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

5.      Answering paragraph 5, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

6.      Answering paragraph 6, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

7.      Answering paragraph 7, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

8.      Answering paragraph 8, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

9.      Answering paragraph 9, defendant Walmart Inc., admits knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, admits the same and puts plaintiffs to their proof thereof.

10.     Answering paragraph 10, defendant Walmart Inc., admits that it is a corporation

that operates in the United States and elsewhere, and sells both grocery and other products. The remaining allegations contained in paragraph 10 of the complaint are denied based upon a lack of information and belief.

11.    Answering paragraph 11, defendant Walmart Inc., admits that it has sold hoverboards to consumers in the United States, including Wyoming. The remaining allegations contained in paragraph 11 are denied based upon lack of information and belief.

12.    Answering paragraph 12, defendant Walmart Inc.,. denies the remaining allegations of paragraph 12 based on the lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

13.    Answering paragraph 13, defendant Walmart Inc., denies the allegations contained in paragraph 13 of the complaint based upon lack of information and belief.

14.    Answering paragraph 14, Walmart Inc., admits that Jetson Electric Bikes, LLC has sold its hoverboard products to Walmart. The remaining allegations are denied based upon lack of information and belief.

15.    Answering paragraph 15, defendant Walmart Inc., admits that Jetson has sold and delivered hoverboards directly to Walmart, but the remainder of paragraph 15 is denied based upon lack of information and belief.

## JURISDICTION AND VENUE

16.    Answering paragraph 16, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

17.    Answering paragraph 17, defendant Walmart Inc. denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

18.    Answering paragraph 18, defendant Walmart Inc., admits Walmart Inc. regularly does business within the state of Wyoming and sells products within the state of Wyoming. Walmart Inc. further states that it is a retailer and denies that it engages in the business of inspecting or servicing products. The balance of the allegations contained in paragraph 18 are denied based upon lack of information and belief.

19.    Answering paragraph 19, defendant Walmart Inc., admits that it has sold hoverboards. The remaining allegations of paragraph 19 are denied.

20.    Answering paragraph 20, defendant Walmart Inc., admits that it sells product to persons in the state of Wyoming. The remaining allegations are denied based upon a lack of information and belief.

21.    The allegations of paragraph 21 are legal conclusions for which no response is required. To the extent a response is required, Walmart admits that it derives revenue from retail sales of products in the state of Wyoming and across the United States. The remaining allegations of paragraph 21 are denied.

22.    Answering paragraph 22, defendant Walmart Inc., admits that it transacts business with citizens of the state of Wyoming and derives revenue from retail sales of products in the state of Wyoming. The remaining allegations of paragraph 22 are denied.

23.    Answering paragraph 23, defendant Walmart Inc., admits that it operates retail stores in the state of Wyoming and owns, uses, and possesses real property in the state of Wyoming. The remaining allegations of paragraph 23 are denied.

24.    Answering paragraph 24, defendant Walmart Inc., admits that it sold products

supplied by Jetson in Wyoming. As to the remaining allegations, defendant Walmart Inc., denies the remaining allegations of paragraph 24 based on the lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

25.    Answering paragraph 25, defendant Walmart Inc.,. admits that it has sold products in the state of Wyoming. The remaining allegations of paragraph 25 are denied based upon lack of information and belief.

26.    Answering paragraph 26, defendant Walmart Inc., admits that Jetson sold products in Wyoming, including a hoverboard. The remaining allegations of paragraph 26 are denied based upon lack of information and belief.

27.    Answering paragraph 27, defendant Walmart Inc., denies the allegations in paragraph 27 based upon lack of information and belief.

28.    Answering paragraph 28, defendant Walmart Inc., denies the allegations in paragraph 28 based upon lack of information and belief.

29.    Answering paragraph 29, defendant Walmart Inc., denies the allegations of paragraph 29 based upon lack of information and belief.

30.    Answering paragraph 30, defendant Walmart Inc., denies the allegations contained in paragraph 30 based upon lack of information and belief.

## FACTS

31.    Answering paragraph 31, defendant Walmart Inc., denies the allegations contained in paragraph 31 based upon lack of information and belief..

32.    Answering paragraph 32, defendant Walmart Inc., denies the allegations contained in paragraph 32 based upon lack of information and belief.

33.     Answering paragraph 33, defendant Walmart Inc., denies the allegations contained in paragraph 33 based upon lack of information and belief.

34.     Answering paragraph 34, defendant Walmart Inc., denies the allegations contained in paragraph 34 based upon lack of information and belief.

35.     Answering paragraph 35, defendant Walmart Inc., denies the allegations contained in paragraph 35 based upon lack of information and belief.

36.     Answering paragraph 36, defendant Walmart Inc., denies the allegations contained in paragraph 36 based upon lack of information and belief.

37.     Answering paragraph 37, defendant Walmart Inc., denies the allegations contained in paragraph 37 based upon lack of information and belief.

38.     Answering paragraph 38, defendant Walmart Inc., denies the allegations contained in paragraph 38 based upon lack of information and belief.

39.     Answering paragraph 39, defendant Walmart Inc., denies.

40.     Answering paragraph 40, defendant Walmart Inc., denies.

41.     Answering paragraph 41, defendant Walmart Inc., denies.

42.     Answering paragraph 42, defendant Walmart Inc., denies.

43.     Answering paragraph 43, defendant Walmart Inc., avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, Walmart denies the allegations.

44.     Answering paragraph 44, defendant Walmart Inc., denies.

45.     Answering paragraph 45, defendant Walmart Inc., denies.

46.     Answering paragraph 46, defendant Walmart Inc., denies.

47.     Answering paragraph 47, defendant Walmart Inc., denies.

## COUNT I – STEPHANIE WADSWORTH NEGLIGENCE

## AGAINST WALMART, INC.

48.    Answering paragraph 48, defendant Walmart Inc., incorporates as his answer to paragraph 48 each response to the allegations contained in paragraphs 1 through 47.

49.    Answering paragraph 49, defendant Walmart Inc., admits denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

50.    Answering paragraph 50, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

51.    Answering paragraph 51, defendant Walmart Inc., is without sufficient information to form an opinion as to the truth of the matters contained in paragraph 51 of the complaint and therefore deny the same.

52.    Answering paragraph 52, defendant Walmart Inc., denies.

53.    The allegations contained in paragraph 53 are conclusions of law for which no answer is required. To the extent an answer is required, Walmart denies the allegations contained in paragraph 53 of the complaint.

54.    Answering paragraph 54, defendant Walmart Inc., denies .

55.    Answering paragraph 55, defendant Walmart Inc., denies.

56.    Answering paragraph 56, defendant Walmart Inc., denies.

57.    Answering paragraph 57, defendant Walmart Inc., denies.

## COUNT II – STEPHANIE WADSWORTH
## STRICT LIABILITY AGAINST WALMART, INC.

58.    Answering paragraph 58, defendant Walmart Inc., incorporates its answers and

other responses to the allegations contained in paragraphs though 47 as its answer to paragraph 58.

59.    Answering paragraph 59, defendant Walmart Inc., admits that it operates retail stores that sell consumer products including hoverboards.    Walmart denies the remaining allegations contained in paragraph 59.

60.    Walmart admits that it operates retail stores that sell products including hoverboards, but the remaining allegations contained in paragraph 60 are denied for lack of information and belief.

61.    The allegations contained in paragraph 61 constitute legal conclusions for which no response is necessary. To the extent a response is required, Walmart denies the allegations contained in paragraph 61.

62.    The allegations contained in paragraph 62 constitute legal conclusions for which no response is necessary. To the extent a response is required, Walmart denies the allegations contained in paragraph 62.

63.    Walmart Inc., denies the allegations contained in paragraph 63 of the complaint.

64.    Walmart Inc., denies the allegations in paragraph 64 of the complaint and denies that Walmart was a cause of the subject accident.

65.    Answering paragraph 65, defendant Walmart Inc., is without sufficient information to form an opinion as to the truth of the matters contained in paragraph 65 and therefore denies the same.

66.    Answering paragraph 66, defendant Walmart Inc., denies.

## COUNT III – STEPHANIE WADSWORTH
## BREACH OF WARRANTY AGAINST WALMART, INC.

67.    Answering paragraph 67, defendant Walmart Inc., incorporates by this reference each answer to another response to the allegations contained in paragraphs 1 through 66 as its

answer to paragraph 67.

68.    Answering paragraph 68, defendant Walmart Inc., admits that it has sold hoverboards, including Jetson Plasma hoverboards. The remaining allegations are denied.

69.    Answering paragraph 69, defendant Walmart Inc., admits that it sold Jetson Plasma hoverboards, but the remaining allegations are denied and the plaintiffs are put on strict proof thereof.

70.    Answering paragraph 70, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

71.    Answering paragraph 71, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

72.    Answering paragraph 72, defendant Walmart Inc., denies.

73.    Answering paragraph 73, defendant Walmart Inc., denies.

74.    Answering paragraph 74, defendant Walmart Inc., denies.

75.    Answering paragraph 75, defendant Walmart Inc., denies.

76.    Answering paragraph 76, defendant Walmart Inc., denies.

77.    Answering paragraph 77, defendant Walmart Inc., denies.

## COUNT IV – STEPHANIE WADSWORTH
## NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC

78.    Walmart Inc. incorporates herein its responses to paragraphs 1 through 77 as its answer to paragraph 78 of the complaint.

79.    Paragraphs 79 through 87 are directed to another defendant for whom no answer is required. To the extent an answer is required from Walmart, Walmart is without sufficient

information to form an opinion as to the truth of the matters contained in paragraph 79, and therefore denies the same.

80.     Answering paragraph 80, defendant Walmart Inc., is without sufficient information to form an opinion as to the matters contained in paragraph 80 of the complaint.

81.     Answering paragraph 81, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

82.     Answering paragraph 82, defendant Walmart Inc., asserts that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. As to the remaining allegations, defendant Walmart, Inc., denies the remaining allegations of paragraph 82.

83.     Paragraph 83 calls for a legal conclusion for which no answer is required, but to the extent Walmart is required to answer, and it states that it is without sufficient information to form an opinion as to the truth of the matters contained therein, and therefore denies the same.

84.     Paragraph 84 calls for a legal conclusion for which no answer is required, but to the extent an answer is required, Walmart is without sufficient information to form an opinion as to the truth of the matters contained therein and therefore denies the same.

85.     The allegations of paragraph 85 constitute legal conclusions for which no response is necessary, but to the extent a response is necessary, Walmart denies the allegations of paragraph 85. .

86.     Answering paragraph 86, defendant Walmart Inc., denies.

87.     Answering paragraph 87, defendant Walmart Inc., is without sufficient information to form an opinion as to the truth of the matters contained in this paragraph, and therefore denies the same.

## COUNT V – STEPHANIE WADSWORTH
## STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC

88.     Answering paragraph 88, defendant Walmart Inc., incorporates by this reference each answer to another response to the allegations contained in paragraphs 1 thorugh 87 as its answer to paragraph 88.

89.     Answering paragraph 89, defendant Walmart Inc., admits that Jetson is in the business of manufacturing and distributing hoverboards, including hoverboards sold at retail stores operated by Walmart.  The remaining allegations are denied for lack of information and belief.

90.     The allegations of this Count are directed to another defendant for which no answer from Walmart is required, but to the extent an answer is required, Walmart is without sufficient information to form an opinion as to the truth of the matters contained in paragraph 90, and therefore denies the same.

91.     Answering paragraph 91, defendant Walmart Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof..

92.     Answering paragraph 92, defendant Walmart Inc., denies.

93.     The allegations of paragraph 93 are legal conclusions for which no answer is required. However, if an answer is required, Walmart denies.

94.     Answering paragraph 94, defendant Walmart Inc., denies the allegations in paragraph 94.

95.     Answering paragraph 95, defendant Walmart Inc., denies the allegations in paragraph 95.

96.     Answering paragraph 96, defendant Walmart Inc., is without sufficient information to form an opinion as to the truth of the matters contained in paragraph 96 and therefore denies the

same.

97.    Answering paragraph 97, defendant Walmart Inc., denies the allegations contained in paragraph 97.

## COUNT VI – STEPHANIE WADSWORTH
## BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC

98.    Answering paragraph 98, defendant Walmart Inc., incorporates by this reference its responses to the allegations contained in paragraphs 1 through 47 as its answer to paragraph 98.

99.    Answering paragraph 99, defendant Walmart Inc., admits that Jetson manufactured and sold hoverboards, including Jetson Plasma hoverboards, but the remaining allegations contained in paragraph 99 are denied for lack of information.

100.    Answering paragraph 109, defendant Walmart Inc., is without sufficient information to form an opinion as to the truth of the mattes contained in paragraph 100 of the complaint, and therefore denies the same.

101.    Answering paragraph 101, defendant Walmart Inc., admits Jetson sold hoverboards, including hoverboards sold at retail stores operated by Walmart, but is without sufficient information to form an opinion as to the truth of the matters contained in paragraph 101 and therefore denies the same.

102.    Answering paragraph 102, defendant Walmart Inc., denies the allegations contained in paragraph 102 based upon lack of information and belief.

103.    Answering paragraph 103, defendant Walmart Inc., denies the allegations contained in paragraph 102 based upon lack of information and belief.

104.    Answering paragraph 104, defendant Walmart Inc., denies.

105.    Answering paragraph 105, defendant Walmart Inc., denies.

106.    Answering paragraph 106, defendant Walmart Inc., denies.

107.    Answering paragraph 107, defendant Walmart Inc., denies the allegations contained in paragraph 107 based upon lack of information and belief.

108.    Answering paragraph 108, defendant Walmart Inc., denies.

## COUNT VII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

109.    To the extent paragraph 109 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 109 through 118 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT VIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor, STRICT LIABILITY AGAINST WALMART, INC.

119.    To the extent paragraph 119 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 119 through 127 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT IX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

128.    To the extent paragraph 128 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 128 through 138 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT X – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC

139.    To the extent paragraph 139 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 139 through 148 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

149.    To the extent paragraph 149 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 149 through 158 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

159.    To the extent paragraph 159 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 159 through 169 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

170.    To the extent paragraph 170 contains the same allegations as set forth in paragraphs

1 through 108, the answers to paragraphs 170 through 179 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XIV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC

180.    To the extent paragraph 180 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 180 through 188 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied

### COUNT XV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, BEACH OF WARRANTY AGAINST WALMART,INC.

189.    To the extent paragraph 189 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 189 through 199 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XVI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

200.    To the extent paragraph 200 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 200 through 209 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any

difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XVII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

210.    To the extent paragraph 210 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 210 through 219 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XVIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LCC.

220.    To the extent paragraph 220 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 220 through 230 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XIX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

231.    To the extent paragraph 231 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 231 through 240 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

241.    To the extent paragraph 241 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 241 through 249 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied

### COUNT XXI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

250.    To the extent paragraph 250 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 250 through 260 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XXII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

261.    To the extent paragraph 261 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 261 through 270 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

### COUNT XXIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

271.    To the extent paragraph 271 contains the same allegations as set forth in paragraphs

1 through 108, the answers to paragraphs 271 through 280 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXIV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

281.    To the extent paragraph 281 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 281 through 291 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

292.    To the extent paragraph 292 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 292 through 301 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXVI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

302.    To the extent paragraph 302 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 302 through 310 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is

making the claim, such allegations are denied.

## COUNT XXVII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

311.    To the extent paragraph 311 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 311 through 321 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXVIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

322.    To the extent paragraph 322 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 322 through 331 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXIX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRONIC BIKES, LLC.

332.    To the extent paragraph 332 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 332 through 341 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

342.    To the extent paragraph 342 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 342 through 352 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXXI – MATTHEW WADSWORTH LOSS OF CONSORTIUM AGAINST WALMART, INC.

353.    To the extent paragraph 353 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 353 through 355 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

## COUNT XXXII – MATTHEW WADSWORTH LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC.

356.    To the extent paragraph 356 contains the same allegations as set forth in paragraphs 1 through 108, the answers to paragraphs 356 through 358 incorporate the same answers and responses as set forth in Walmart's answer to paragraphs 1 through 108. To the extent there is any difference other than the identity of the plaintiff and on whose behalf, she is making the claim, such allegations are denied.

357.    All allegations of Matthew Wadsworth for loss of consortium in paragraph 353 through 358 of the complaint are denied.

358.    All allegations by all Plaintiffs, individually and through a representative capacity, that have not been expressively admitted in this answer are denied.

## AFFIRMATIVE DEFENSES

**NOW COMES** the above-named defendant, Walmart Inc., by its attorneys, and as and for its Affirmative Defenses to Plaintiffs Complaint, states as follows:

1.      The alleged injuries and damages sustained by plaintiff were caused, in whole or in part, by the negligent acts and/or omissions of a third party or parties over whom Walmart had neither control, nor the right to control including but not limited to, the acts and/or omissions of other parties or defendants. To the extent this defendant is found liable for damages allegedly sustained by the plaintiff and any other party is found to have any liability, the liability of all culpable parties shall be apportioned and compared consistent with Wyoming law.

2.      Any recovery by plaintiff must be reduced or barred according to the principles of comparative/contributory fault as provided for by Wyo. Stat. Ann. § 1-1-109, including for the negligence of plaintiffs in failing to take necessary precautions in securing the "smoking shed" outside their residence.

3.      Any negligence by Walmart, which is expressly denied, is not the legal cause of plaintiffs' injuries and damages because the fire was caused by an independent, intervening, and superseding cause, including the act of the parties as discussed above, that was a new and independent event and that was not reasonably foreseeable.

4.      Plaintiffs claims, in whole or in part, fail to state a claim upon which relief can be granted.

5.      Upon information and belief, any damages that may have been sustained by plaintiffs were caused directly and proximately by plaintiffs' failure to exercise ordinary care at the time of and prior to the events involved herein.

6.      Upon information and belief plaintiffs may have failed to join certain necessary third-parties indispensable to this action.

7.      Upon information and belief, plaintiffs may have failed to take certain reasonable and practical steps to mitigate any damages that may have been sustained as a result of the events referred to in the complaint.

8.      Upon information and belief, plaintiffs' claims may be barred, in whole or in part, on the grounds of public policy.

9.      Upon information and belief, plaintiffs' claims are barred, in whole or in part, because plaintiff may have knowingly and voluntarily assumed the risks of injury associated with the use of a smoking shed at their residence.

10.     For further answer and affirmative defense, this defendant states that in the event that it is found liable to the plaintiffs, which it denies, then it is entitled to have the negligence and fault of those third-parties over whom Walmart had no right or duty to control which caused or contributed to cause plaintiffs' damages considered by the jury, and the liability of this defendant, if any reduced proportionately as provided for by Wyo. Stat. Ann. § 1-1-109.

11.     Defendant, Walmart Inc., affirmatively alleges that the plaintiffs, or some of them, may have failed to mitigate their damages.

12.     As a further affirmative defense, this Defendant asserts and alleges that the product in question complied with all applicable governmental safety statues and regulations designed for the protection of the purchaser.

13.     For further answer and affirmative defense, and pleading in the alternative, Walmart states that plaintiffs' claims may be barred to the extent that any product at issue in this lawsuit was altered or modified after leaving the possession of this defendant or any other potential

defendant's possession.

14.     This Defendant reserves the right to assert additional affirmative defenses as may become known through the course of discovery.

15.     This Defendant invokes and incorporates by reference any and all affirmative defenses listed by any other defendant or third-party defendants, whether now named or subsequently brought into this action.

16.     This Defendant incorporates by reference all defenses contained in Wyo. R. Civ. P. 8(c)(1).

## JURY DEMAND

Defendant, Walmart Inc., demands that the case be tried before a jury of eight (8) persons on all issues so triable.

**Dated** this 16th day of August 2023

John A. Sundahl, WSB# 5-1244
Patrick M. Brady, WSB# 7-5494
Jane M. France, WSB #7-4828
Sundahl, Powers, Kapp & Martin, L.L.C.
2020 Carey Avenue, Ste. 301
P.O. Box 328
Cheyenne, WY  82003-0328
(307)632-6421
(307)632-7216 facsimile
jsundahl@spkm.org
pbrady@spkm.org
jfrance@spkm.org
*Attorneys for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 16th day of August 2023, as follows:

Taly Goody, ESQ.                          [ _ ] U.S. Mail
Goody Law Group                           [    ] Electronically
58 Malaga Cove Plaza                      [ X ] E-File
Palos Verdes Estates, Ca 90274
Taly@GoodyLawGroup.com

T. Michael Morgan, Esq.*                  [ _ ] U.S. Mail
Morgan & Morgan, P.A.                     [    ] Electronically
20 N Orange Ave., Suite 1600              [ X ] E-Filed
Orlando, Fl 32801
mmorgan@forthepeople.com
*Counsel for Plaintiffs*
*Wyoming Pro Hac Vice Pending*

Timothy M. Stubson                        [    ] U.S. Mail
Brandon E. Pryde                          [    ] Electronically
Crowley Fleck, PLLP                       [ X ] E-Filed
111 West 2nd Street, Suite 220
Casper, WY 82601
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
*Attorneys for Defendant Jetson Electric*
*Bikes, LLC*

_____
John A. Sundahl / Patrick M. Brady