IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH <br> Individually and as Parent and Legal Guardian <br> of W.W., K.W., G.W., and L.W., minor children <br> and MATTHEW WADSWORTH <br> Plaintiff, <br><br> v. <br><br> WALMART, INC. and <br> JETSON ELECTRIC BIKES, LLC <br><br> Defendants. | Case No. 2:23-cv-00118-NDF <br><br> **JURY TRIAL DEMANDED** |

## FORM OF JOINT CASE MANAGEMENT PLAN

### (PLEASE SKIP ANY QUESTION WHICH IS NOT APPLICABLE)

1.      The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

**Response:** *On behalf of Plaintiffs, Attorneys Michael Morgan and Greyson Goody. On behalf of Walmart, Inc., Attorney Jane France. On behalf of Jetson Electric Bikes, LLC, Attorneys Holly Tysse, Eugene LaFlamme and Jared Giroux.*

2.      A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response:** *Plaintiffs Stephanie and Matthew Wadsworth and their three minor children. Defendant Walmart, Inc., which does not have any parent corporations. Defendant Jetson Electric Bikes, LLC, which does not have any parent corporations.*

3.    A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response:** *This is a complex personal injury matter that relates to a February 1, 2022 residential house fire at a home located at 1620 Highway 374, Green River, Wyoming. This home was owned by non-party Raymond Nuttall and rented to the Wadsworth family. Plaintiffs Stephanie Wadsworth and the three minor children were home at the time of the fire and each are making personal injury claims. Plaintiff Matthew Wadsworth was not home at the time of the fire.*

*Plaintiffs contend that the fire was caused by a Jetson Electric Bikes, LLC Plasma model hoverboard. Jetson Electric Bikes, LLC distributed the Plasma model hoverboard to Walmart, Inc. Plaintiffs allegedly purchased this hoverboard from Walmart, Inc. Defendants deny that the Plasma model hoverboard caused the fire and it is likely that the cause of the fire will be an issue in dispute between Plaintiffs and Defendants. Plaintiffs have alleged claims of negligence, strict liability, and breach of warranty against both Defendants. Defendants have denied these claims.*

*The fire origin and cause investigation is ongoing, as only the site inspection has been completed to date. During the site inspection, the parties retained evidence of interest and this evidence was preserved for subsequent evidence/laboratory examination. The parties are in the process of scheduling the evidence/laboratory examination and hope to have it scheduled before the end of November 2023.*

*Each Party anticipates that they will have about three liability experts and four to five damage experts.*

4.      A statement describing the basis for jurisdiction and citing specific jurisdictional statutes.   If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.   The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.   *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response**: *Jurisdiction is with this Court through diversity of citizenship. Plaintiffs are all Wyoming residents. Defendant Walmart is incorporated in Delaware and has an Arkansas principal place of business. Defendant Jetson Electric Bikes, LLC is a New York limited liability company with its principal place of business in New York and the members of the limited liability company are also New York citizens. The amount in dispute exceeds the $75,000 jurisdictional threshold.*

5.      A list of any parties who have not been served, and an explanation of why they have not been served.   Also a list of any parties who have been served, but have not answered or otherwise appeared.

**Response**: *Both Defendants have been served and have appeared in the case.*

6.      A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response**: *Jetson Electric Bikes, LLC may add the hoverboard manufacturer as a third party defendant. This entity is located in China.*

7.      Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.  Note that effective September 2022, **each party – and parties represented by the same counsel – is limited to filing no more than one motion for summary judgment.  Parties wishing to file more than one summary judgment motion must first obtain the Court's leave.**

**Response**: *Defendants and Plaintiffs anticipate filing dispositive motions.*

8.      Whether the parties have complied with self-executing routine discovery exchange (initial disclosures) as required by Rule 26(a), and if applicable, the Court's *General Order re Initial Discovery Protocols for Employment Cases Alleging Adverse Action* (available on the Judge's webpage).

**Response**: *The Parties have not exchanged Initial Disclosures to date, but are actively working on their respective Initial Disclosures.*

9.      Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is

an issue, whether the parties anticipate any issues with discovery of electronically stored information and whether the discovery should be limited in any manner.

> **Response**: *Unknown.*

10.    The status of related cases pending before other courts or other judges of this Court.

> **Response**: *There are no related cases.*

11.    Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.  Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

>> a.    Date for motions to amend pleadings under Rule 15(a) or to join parties, and to exchange (not file) proposed stipulations of fact to reduce discovery;

>> b.    Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

>> c.    A deadline for the completion of fact discovery;

>> d.    A deadline for filing dispositive motions;

>> e.    A date for a dispositive motion hearing (the parties may choose not to have a hearing, in which case replies will be allowed);

>> f.    A date for the final pretrial conference; and

>> g.    A date for trial.

> **Response**:

a.  *The Parties propose December 4, 2023 for the deadline to amend pleadings.*

b.  *The Parties propose an expert disclosure deadline of June 14, 2024 for Plaintiffs and an expert disclosure deadline of July 31, 2024 for Defendants.*

c.  *The Parties propose a fact discovery deadline of May 15, 2024.*

d.  *The Parties propose a dispositive motion deadline of October 15, 2024.*

e.  *The Parties propose a dispositive motion hearing date, or in the alternative, a reply brief filing deadline, to occur sometime before the below proposed pre-trial conference date.*

f.  *The Parties propose a date on or around January 8, 2025 for a final pre-trial conference.*

g.  *The Parties propose a date on or around January 27, 2025 for trial.*

*The Parties respectfully recognize that the above deadlines are beyond the nine-month target trial date referenced in this Section. This case, however, is a complex case and will have in excess of ten expert witnesses and will likely exceed twenty witnesses fact witness depositions. In addition, the evidence/laboratory examination has not yet been scheduled or completed which is necessary to complete the origin and cause investigation. The Parties are actively working to schedule the multi-day evidence/laboratory examination before the end of November 2023 given the number of expert calendars that need to be coordinated.*

12.    The estimated length of trial and any suggestions for shortening the trial.

**Response**: *Approximately 20 days.*

13.    The prospects for settlement, including any request of the Court for assistance in

settlement efforts.

**Response**: *The Parties are amenable to settlement discussions or mediation following*

*discovery.*

14.    Any other matters that will aid the Court and parties in resolving this case in a just,

speedy, and inexpensive manner.

**Response**: *Not applicable.*


| | |
|---|---|
| */s/ T. Michael Morgan* | 10/25/23 |
| Counsel for Plaintiff(s) | Date |

| | |
|---|---|
| */s/ Jane M. France* | 10/25/23 |
| Counsel for Defendant Walmart, Inc. | Date |

| | |
|---|---|
| */s/ Eugene M. LaFlamme* | 10/25/23 |
| Counsel for Defendant Jetson Electric | Date |
| Bikes, LLC | |