FILED

Margaret Botkins
Clerk of Court

8:24 am, 11/1/23

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC<br><br>Defendants. | Case No. 2:23-cv-00118-NDF |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On October 31, 2023, the Honorable Nancy D. Freudenthal held an initial pretrial conference. Counsel participating were Michael Morgan and Eitan Goldrosen on behalf of Plaintiffs, Jane France on behalf of Defendant Walmart, Inc., and Holly Tysse and Eugene LaFlamme on behalf of Defendant Jetson Electric Bikes, LLC.

Counsel are reminded to review and follow the Court's current Local Rules available on the District of Wyoming's website.

**Jurisdiction and Venue —**

The Court has jurisdiction over the parties and the subject matter, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.2 and acknowledge that this case will proceed before the District Judge assigned hereto, and not before a Magistrate Judge. However, the parties are not precluded from consenting to trial before one of the District's full-time Magistrate Judges anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

This is a complex personal injury matter that relates to a February 1, 2022, residential house fire at a home located at 1620 Highway 374, Green River, Wyoming. This home was owned by non-party Raymond Nuttall and rented to the Wadsworth family. Plaintiffs Stephanie Wadsworth and the three minor children were home at the time of the fire and each are making personal injury claims. Plaintiff Matthew Wadsworth was not home at the time of the fire.

Plaintiffs contend that the fire was caused by a Jetson Electric Bikes, LLC Plasma model hoverboard. Jetson Electric Bikes, LLC distributed the Plasma model hoverboard to Walmart, Inc. Plaintiffs allegedly purchased this hoverboard from Walmart, Inc. Defendants deny that the Plasma model hoverboard caused the fire and it is likely that the cause of the fire will be an issue in dispute between Plaintiffs and Defendants. Plaintiffs have alleged claims of negligence, strict liability, and breach of warranty against both Defendants. Defendants have denied these claims.

The fire origin and cause investigation are ongoing, as only the site inspection has been completed to date. During the site inspection, the parties retained evidence of interest and this evidence was preserved for subsequent evidence/laboratory examination.

**Complexity of the Case —**

The Judge is of the opinion that this is a complex case.

**Amendments to Pleadings and Joinder of Parties — December 4, 2023**

Jetson Electric Bikes, LLC may add the hoverboard manufacturer as a third-party defendant. This entity is located in China. The parties shall have until the above date to move to

amend the pleadings under the standard provided in Fed. R. Civ. P. 15(a) and/or to join additional parties. After that date, motions to amend pleadings will require showing good cause under Rule 16(b)(4).

**Rule 26(f) Scheduling Conference and Self-Executing Routine Discovery —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The parties have not yet complied with self-executing routine discovery exchange as required by Fed. R. Civ. P. 26(a).

**Stipulations as to Facts to Reduce Discovery— December 4, 2023**

The parties shall exchange proposals for stipulations and agreement upon facts to reduce or minimize discovery by the above date.

**Fact Discovery Cutoff Date — May 15, 2024**

All written discovery requests must be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions must be completed by the discovery cutoff. Trial depositions – *i.e.,* depositions that are not for discovery but only to preserve testimony for trial; *see Kowalsky v. Dakota, Minn. & E. Rr. Corp.,* No. 07-cv-292-D, 2009 WL 10692837 (D. Wyo. Oct. 15, 2009) (Beaman, M.J.) – may be taken after the discovery cutoff, subject to the deadlines that will be set in the final pretrial order for deposition designations.

**Expert Witness Designations —**

**Plaintiff's Designation Deadline — June 14, 2024**

**Defendant's Designation Deadline — July 31, 2024**

In accordance with Fed. R. Civ. P. 26(a)(2) and U.S.D.C.L.R. 26.1(e), the parties shall designate expert witnesses, including a complete summary of the testimony expected from each expert by the respective deadlines above. These summaries shall include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.,*

3

626 F.2d 784 (10th Cir. 1980). The parties are each limited to one testifying expert witness for each field of expertise, absent a showing that complex issues necessitate expert witnesses with narrow, specialized areas of expertise within a larger general field. **THE PARTIES SHALL FILE THEIR EXPERT DESIGNATIONS WITH THE COURT.**

In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify in part or in full as an expert witness, **the party calling the medical or mental health providers shall designate them as expert witnesses.**

Parties may depose an opposing party's experts after the discovery cutoff date but must complete the depositions at least **fourteen (14) days prior to the final pretrial conference.**

In any case in which a party (here assumed to be the plaintiff, but it could be any party) satisfies the criteria for a physical or mental examination under Federal Rule of Civil Procedure 35, the Defendant(s) may require Plaintiff to submit to physical and psychological examinations by experts chosen by Defendant(s) any time up to **five full weeks prior to trial**. Defendant(s) shall designate said expert witnesses no later than one week after the examination. Plaintiff may depose the examining expert witnesses any time during the last **four weeks prior to trial.** If Defendant(s) conduct an examination earlier than five weeks prior to trial, Defendant(s) must designate the opinions of the experts no later than **twenty (20) days** following the examination. Plaintiff may depose said expert any time prior to trial.

**Non-Dispositive Motions —**

Non-dispositive motions are generally referred to the Magistrate Judge. The parties shall comply with U.S.D.C.L.R. 7.1 and/or 37.1 prior to filing any non-dispositive motions. All proposed orders regarding non-dispositive civil motions shall be emailed to the referred Magistrate Judge's Chambers in Word.

**Telephone Status Conference – September 17, 2024 at 11:00 a.m.**

At this time, the parties do believe there will be dispositive motions. A telephone status conference is set to discuss the status of the claims, whether the parties anticipate filing dispositive motions, if such motions can be obviated by agreement or stipulation, and the status of settlement efforts. Counsel should appear by telephone by calling into the following conference line: (307) 735-3644; access code 557993669#.

**Dispositive Motions**

**Dispositive Motion Deadline: October 15, 2024; Response: October 29, 2024; Reply November 5, 2024**

A dispositive motion hearing is set before the Honorable Nancy D. Freudenthal. The parties shall appear at the U.S. Courthouse, 2120 Capitol Avenue, Courtroom No. 1, Cheyenne, Wyoming. All requirements of Rule 56 and U.S.D.C.L.R. 7.1 for dispositive motions shall apply. All briefs, affidavits and other materials in support of the party's motion or opposition are due by the above filing deadlines. All filings for dispositive motions, responses (and replies, if allowed) shall be electronically searchable, except audio files, video files, and documents not prepared in Word for which making the file searchable would exceed the file size limit in CM/ECF. Parties relying on deposition testimony for their motions or oppositions shall also email the e-transcript (or fully searchable pdf) version of the deposition(s) to Chambers (wyojudgendf@wyd.uscourts.gov). If a hearing is set, the Court does not allow reply briefs. If the dispositive motions or briefs thereon are filed earlier than the above scheduled dates, responses and replies shall be filed in the time periods provided in U.S.D.C.L.R. 7.1. If no dispositive motions are timely filed, the hearing will be vacated. **Each party – and parties represented by the same counsel – is limited to filing no more than one motion for summary judgment. Parties wishing to file more than one summary judgment motion must first obtain the Court's leave.**

**Final Pretrial Conference — January 8, 2025 at 9:30 a.m.**

A final pretrial conference is set in Chambers, 2120 Capitol Avenue, Room 2242, Cheyenne, Wyoming 82001. Counsel shall appear in person.

*Joint Proposed Final Pretrial Order.* In sufficient time to submit a proposed order **at least seven (7) days before** the final pretrial conference, counsel for represented parties must confer to prepare and sign a joint proposed final pretrial order in the format provided on Judge Freudenthal's webpage. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order, but **unless counsel otherwise agree, Plaintiff's counsel shall take the lead in drafting the joint final pretrial order**. The proposed order must be emailed in Word to Chambers (but not filed) at least seven (7) days before the final pretrial conference.

*Witness and Exhibit Lists.* **At least fourteen (14) days before** the final pretrial conference, the parties shall exchange (but not file) witness and exhibit lists. The parties shall attach their exhibit lists (including objections, if any) to the proposed final pretrial order. The parties shall include their witness lists (including objections, if any) in the proposed order. The parties are not required to list rebuttal witnesses or impeachment exhibits. The parties shall separately identify <u>will</u> call and <u>may</u> call witnesses and shall state whether each witness will testify in person, by deposition, or if warranted under Federal Rule of Civil Procedure 43(a), by videoconference. If either side wishes to present witnesses by videoconference, counsel shall note any objections in the proposed order.

*Exhibit List Format.* Any exhibit not listed on a party's exhibit list is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived. The parties shall use the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted |
|---|---|---|---|---|

|  |  |  |  | (A) - (NA)* |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |

\* This column is for the judge's use at trial. The parties should not enter anything in this column.

The parties shall use the following categories for objections to exhibits:

A.   **Category A.** These exhibits are admissible upon motion of any party and will be available for use by any party at any stage of the proceedings without further proof or objection.

B.   **Category B.** Objections on grounds other than foundation, identification, or authenticity. This category is for objections such as hearsay or relevance.

C.   **Category C.** Objections on only the grounds of foundation, identification, or authenticity.

*Objections to Authenticity/Requests for Authentication.* Any counsel requiring authentication of an exhibit must notify the offering counsel in writing **within five (5) business days** after the exhibit is made available for examination. Failure to do so is an admission of authenticity.

*Format for Marking Exhibits.* Exhibits must be prepared for the final pretrial conference and for trial as follows:

A.   **Marking of Exhibits**: All exhibits must be listed and marked by the parties before trial, including the case number. The plaintiff(s) shall use numerals; defendant(s) shall use letters. For example, "Civil No.____, Plaintiff's Exhibit 1;" "Civil No. ____, Defendant's Exhibit A." If there are multiple parties, the surname or abbreviated name of the party shall precede the word exhibit, *e.g.,* "Defendant Jones Exhibit A," "Defendant Smith Exhibit A."

B.      **Elimination of Duplicates**. The parties should eliminate duplicates. If more than one party will offer the same exhibit, it should be listed as a joint exhibit on Plaintiff(s)' list.

C.      **Copies for the Court**. There is no need to provide paper copies of exhibits to the Court. The originals of any exhibits not submitted through JERS (see below) shall be provided to the Deputy Clerk as they are introduced and admitted at trial.

*Motions in Limine.* Motions in limine relating to the exclusion of evidence shall be filed no later than **fourteen (14) days prior** to the final pretrial conference. Responses shall be filed **seven (7) days before** the final pretrial conference. No replies are permitted. Counsel shall confer before filing motions in limine and shall certify their good faith efforts to confer in the motion. Each side shall file no more than **one** motion in limine to brief all evidentiary issues they wish to raise before trial. Please do not file a motion in limine regarding generic issues covered by the rules of evidence or by Judge Freudenthal's *Final Pretrial and Trial Pointers*, available on the judge's webpage. The Court expects counsel to know and follow the applicable rules without needing a court order to do so. Motions in limine are also not a second chance to raise discovery issues, dispositive arguments, or *Daubert* issues. Allegations that expert designations are faulty or fail to satisfy *Daubert* and its progeny shall be brought by motion – certifying good faith efforts to confer – in a timely fashion. Do not wait and file such objections in the form of a motion in limine.

**Jury Trial — January 27, 2025 at 8:30 a.m.**

A jury trial of twenty (20) days is set before Judge Freudenthal at the U.S. Courthouse, 2120 Capitol Avenue, Courtroom 1, Cheyenne, Wyoming 82001. This case is stacked first on the civil docket. For the first day of trial, counsel shall report to Chambers at 8:30 a.m.

*Jury Evidence Recording System (JERS).* The Court has implemented a system for electronic submission of exhibits to the jury, known as JERS. The system allows jurors to review

evidence (documentary, photo, or video/audio exhibits) on a large LED screen during deliberations. JERS is not used for presentation of evidence during trial; counsel remain responsible for determining the format in which they will present evidence during trial. Counsel shall provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court no later than 8:30 a.m. **five (5) days prior** to trial. Counsel shall provide all electronic evidence in the following formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Individual files should not exceed 500MB. If possible, exhibits approaching or exceeding the size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office at (307) 433-2120.

*Proposed Voir Dire, Joint Jury Instructions and Joint Special Verdict Forms.* The parties shall file (in pdf) and email (in Word) to Chambers their proposed voir dire questions, *joint* jury instructions and *joint* special verdict form no later than **seven (7) days before** trial. In order to produce the joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date. Counsel need to submit only proposed substantive jury instructions; the Court has its own general instructions, which can be found on the website under "Forms."

**Unless counsel otherwise agree, Plaintiff's counsel shall take the lead in drafting the jury instructions.** Jury instructions must include citations of authority and must be formatted as a single document in Word. The instructions shall be in the sequence in which the parties wish to have them read. If the parties cannot reach agreement, then instructions shall be submitted in three (3) sets as follows:

1. The agreed-upon instructions.

2. Those instructions propounded by Plaintiff, opposed by Defendant.

3. Those instructions propounded by Defendant, opposed by Plaintiff.

Disputed instructions shall include the objections and the parties' differing versions thereof, or a statement as to why the instruction should not be included.

Along with the jury instructions, the parties shall file a joint statement setting forth briefly and simply in a noncontentious manner the background of the case and the claims and defenses asserted. The parties should make every effort to agree upon the statement. If the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**Settlement Conference–**

The Judge considers settlement possibilities of this case to be fair. The parties should contact either of the District's full-time Magistrate Judges if they are interested in court-assisted settlement or mediation.

**Modifications of Filing Deadlines and the Schedule —**

The Court must approve any stipulated extensions of time for filing deadlines. The schedule established in this Order may be modified only for good cause and with the Court's consent. Barring unforeseen circumstances, the Court holds the final pretrial conference and trial dates firm.

Dated this 31st day of October, 2023.

NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE