UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AS TO THE DEPOSITIONS OF PLAINTIFFS' MINOR CHILDREN**

Plaintiffs, STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH**,** by and through the undersigned attorney, pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves for a protective order regarding the deposition of Plaintiffs' minor children, W.W., K.W., G.W., and L.W., and state the following in support of Motion:

1. This is a lawsuit arising out of a claim relating to a fire at the Wadsworth residence, which the Plaintiffs allege was caused by a hoverboard manufactured and distributed by the Defendants.

2. Defendants have requested the deposition of the four minor children, W.W., K.W., G.W., and L.W., and noticed them to take place on March 21, 2024.

3. Since this incident, the children have attended therapy with a mental health counselor to deal with the trauma they suffered having been in and witnessed the fire, as well as having seen their mother hang on to life after being severely burned and injured in the fire.

4. In addition to the trauma this will cause them, to have to relive these critical, traumatic moments, their testimony will be unreliable given their ages now, and their ages at the time of this incident. At the time of the fire, W.W. was 4 years old; K.W. was 12 years old; G.W. was 8 years old, and; L.W. was 6 years old. Today, these minor children are still too young to sit through hours-long questioning on sensitive and emotional issues like the ones intended to be discussed. W.W. is currently 6 years old; K.W. is currently 14 years old; G.W. is currently 10 years old, and; L.W. is currently 8 years old.

5. Sitting a child down for an hour or more to ask questions of this nature is not only difficult, but near impossible.

6. Under Federal Rule of Civil Procedure 26(c), for "good cause" a court may issue a protective order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may forbid the disclosure of discovery, see FED. R. CIV. P. 26(c)(1)(A)

7. The "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." United States v. Microsoft Corp., 165 F.3d 952, 959 (D.C. Cir. 1999)). Rohrbough v. Harris, 549 F.3d 1313, 1321 (10th Cir. 2008).

8. The party seeking a protective order has the burden to show good cause for it. To establish good cause, that party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Wilson v. Olathe Bank, 184 F.R.D. 395, 397 (D. Kan. 1999) (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)) (internal citation omitted).

9. The decision to enter a protective order lies within the sound discretion of the court. Despite this broad discretion, the court may only issue a protective order if the moving "party demonstrates that the basis for the protective order falls within one of the categories enumerated in FED. R. CIV. P. 26(c)[,]" i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense.".

10. Permitting the deposition of the minor children will cause them additional trauma, resulting in irreparable material harm, as well as be unreliable evidence given their ages and immaturity, none of which could ever be cured on appeal.

11. If this Court will not prevent these children from reliving the horrors of this fire in a deposition, Plaintiffs would ask that reasonable restrictions be in place to attempt and limit the additional trauma this will cause. Those restrictions would include:

   a. Allowing parents to be in the deposition with the children;
   b. Limiting the time of the deposition to one-hour each child, accommodating breaks as needed;
   c. Limiting the scope of the deposition to what they saw and what injuries they suffered;
   d. Precluding difficult or convoluted questions, as well as leading questions inferring answers or theories; and
   e. Precluding the children from being shown any pictures, video, surveillance or camera footage from the day of the fire.

12. Good cause exists to preclude the deposition of the minor children in this case.

13. This Motion is made in good faith and not for purposes of delay.

14. Plaintiffs hereby certify that their counsel has in good faith conferred or attempted to confer with Defendants' counsel in an effort to resolve the dispute without Court action. However, those efforts proved unfruitful and the parties request Court intervention for resolution of this dispute.

WHEREFORE, Plaintiffs, STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, respectfully requests that this Honorable Court enter an Order Granting Plaintiffs' request for a protective order thereby precluding the depositions of minor children W.W., K.W., G.W., and L.W., or alternatively, placing such restrictions on said depositions as has been described in the instant motion, and grant such other and further relief this Court deems just and proper.

Date: March 15, 2024  Respectfully Submitted,

    /s/ Taly Goody
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
*Attorney for Plaintiff*

    /s/ T. Michael Morgan
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600

Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email: mmorgan@forthepeople.com
Secondary Email:
akelseyflowers@forthepeople.com
*Pro Hac Vice Attorney for Plaintiff

/s/ Rudwin Ayala
**RUDWIN AYALA, Esq**.*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Facsimile: (561) 764-2270
Primary Email: rayala@forthepeople.com
Secondary Email: sleroy@forthepeople.com
*Pro Hac Vice Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Counsels for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com

Holly L. Tysse – htysse@crowleyfleck.com

/s/ Rudwin Ayala
**RUDWIN AYALA, Esq.**
