# EXHIBIT F

Kuyper v. Board of County Com'rs of Weld County, Not Reported in F.Supp.2d (2010)
2010 WL 4038831

2010 WL 4038831
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Loretta KUYPER, K.K., by and through her mother and next friend, Loretta Kuyper, Plaintiffs,
v.
BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, Desiree Flores, in her individual capacity, Barbara Schwabe, in her individual capacity, Defendants.

Civil Action No. 09–cv–00342–PAB–MEH.
|
Oct. 14, 2010.

**Attorneys and Law Firms**

Brett Anthony McDaniel, McDaniel Law Firm, LLC, Lakewood, CO, Chad Knox Gillam, Kennedy Childs & Fogg, PC, Denver, CO, for Plaintiffs.

Gillian Dale, Katherine M. L. Pratt, Hall & Evans, LLC, Denver, CO, for Defendants.

**ORDER ON DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF K.K. AND PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

MICHAEL E. HEGARTY, United States Magistrate Judge.

**\*1** Defendant has filed a motion to compel the deposition of Plaintiff K.K., a seven-year old, while Plaintiffs seek a protective order preventing the deposition [*respectively filed September 9, 2010 and September 30, 2010, dockets 84 & 89* ]. The motions are briefed and have been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating this matter. For the following reasons, Defendants' motion is **granted** and Plaintiffs' motion is **denied.**

**I. Background**
In this lawsuit, Plaintiffs allege that Defendants acted in willful, wanton or reckless regard for the safety and well-being of the Plaintiffs by placing a foster child into their home who thereafter allegedly sexually assaulted Plaintiff K.K., then a three-year-old child. (*See* docket # 51 at 1.) In addition to other forms of relief, Plaintiffs seek recovery for compensatory damages, "including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law." (*Id.* at 15.) Defendants allege that Plaintiffs seek in excess of $3 million, a fact Plaintiffs have not disputed.

Through these motions, the parties dispute whether Defendants may take Plaintiff K.K.'s deposition. She is now seven years old.

**II. Discussion**
The Federal Rules of Civil Procedure do not explicitly address the deposition of a minor child. However, this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Plaintiffs allege that the proposed deposition should not occur because (1) it will further traumatize K . K., as opined under oath by Bette Sheldon Long, Ph.D ("Further examination and questioning at this point would likely cause devastating psychological effects."); and (2) useful, relevant information may be obtained from other witnesses with whom K.K. has had interaction since the alleged abuse. Plaintiffs do not argue that K.K. would not be able to offer relevant, useful testimony.

This type of issue is always difficult, and the same is true in this case. However, the Court has canvassed the available precedent on this issue and believes that the great weight of the decisions permit a deposition in this circumstance, with reasonable restrictions. Persuasive is the decision in *Graham v. City of New York,* No. 08–cv–3518, 2010 WL 3034618 (E.D.N.Y. Aug.3, 2010). That case involved a four-year-old child who witnessed police forcibly removing his father from the car, handcuffing him, and placing him in a police vehicle

y

while the child was left alone in the car. The lawsuit was brought in the father's and child's names. Defendants sought the deposition of the child who, at that time, had turned seven years of age. In reversing the Magistrate Judge's granting of a protective order, the court found that if the questioning proceeded "cautiously and sensitively," the father's objection based on the potential psychological trauma to the child could be ameliorated. *Id.* at *5.

**\*2** Here, unlike *Graham,* a professional has opined that the questioning could cause substantial harm to K.K. In *Gray v. Howlett Lumber Co.,* No. 051645A, 2007 WL 2705748 (Mass.Super.Aug.9, 2007), the court determined that despite such allegations made by the ten-year-old child's counselor, "the Court is not satisfied that the concerns expressed by the child's counselor are sufficient to justify precluding D'Von's deposition. However, the risk to D'Von's mental health does warrant the placement of reasonable restrictions on the manner in which D'V on is deposed." *Id.* at *1.[1] The Court makes the same conclusion here. *See also In re Transit Management of Southeast Louisiana, Inc.,* 761 So.2d 1270 (La.2000) (allowing deposition despite seven-year-old child's pediatrician and psychologist testifying that deposition would cause considerable mental stress).

Therefore, the Court will hold a brief hearing on Tuesday, **October 19, 2010,** at **10:00 a.m.** to consider any reasonable restriction requested by Plaintiffs, including the proposed three-hour time limit. The Court would consider officiating at the deposition (which could, if Plaintiffs requested, be held in the courthouse) if Plaintiffs so request.

**III. Conclusion**
Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Compel the Deposition of Plaintiff K.K. [*filed September 9, 2010; docket # 84* ] is **granted,** and Plaintiffs' Motion for Protective Order [filed September 30, 2010; docket # 89] is **denied.** In accordance with this order, the parties are directed to appear before the Court *in person* for a hearing regarding the issue of reasonable restrictions on the deposition on Tuesday, **October 19, 2010,** at **10:00 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4038831

**Footnotes**

| | |
|---|---|
| 1 | Infant D'Von was five years old when he witnessed the death of his two-year-old brother. |

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.