# EXHIBIT G

Case 2:23-cv-00118-KHR   Document 64-8   Filed 03/22/24   Page 2 of 4

Halley v. State of Oklahoma, Not Reported in Fed. Supp. (2016)
2016 WL 4995393

2016 WL 4995393
Only the Westlaw citation is currently available.
United States District Court, E.D. Oklahoma.

Frank HALLEY, as Next Friend of J.H., a minor child, Plaintiff,
v.
STATE OF OKLAHOMA ex rel. the Oklahoma State Department of Human Services, et al., Defendants.

Case No. 14-CV-562-JHP
|
Signed 09/19/2016

**Attorneys and Law Firms**

J. Spencer Bryan, Steven J. Terrill, Bryan & Terrill, PLLC, Tulsa, OK, for Plaintiff.

Emily B. Fagan, John K.F. Langford, Joseph W. Strealy, Richard W. Freeman, Jr., Oklahoma Department of Human Services, Chris J. Collins, Wellon B. Poe, Collins Zorn & Wagner, PC, Oklahoma City, OK, Sean M. McKelvey, Mark E. Fields, Steidley & Neal, McAlester, OK, Phyllis L. Walta, Walta & Walta, Hennessey, OK, for Defendants.

**OPINION AND ORDER**

James H. Payne, United States District Judge

*1 Before the Court is Plaintiff's Motion for Protective Order (Doc. No. 201). Plaintiff seeks to prevent the Defendants from taking the deposition of eight-year-old J.H., on whose behalf this case is brought. In the alternative, Plaintiff proposes several limitations on J.H.'s deposition to ensure J.H.'s safety. Defendants oppose Plaintiff's request to prevent J.H.'s deposition and also oppose most of Plaintiff's proposed restrictions on J.H.'s deposition.

**BACKGROUND**

In this lawsuit, Plaintiff alleges the Defendants violated J.H.'s constitutional and state law rights by removing J.H., then a six-year-old child, from his school and transporting him to another location, where he was questioned about his father for approximately one hour in an attempt "to solicit information to either file criminal charges against [J.H.'s father], or to break apart his family." (Doc. No. 48, ¶¶ 20, 26). Plaintiff alleges J.H.'s removal and interrogation stemmed from a failed criminal prosecution against J.H.'s father. (*Id.* ¶ 23). After Defendants failed to obtain the desired information, J.H. was taken back to his school. (*Id.* ¶ 27). As a result of the seizure and interrogation, J.H. has allegedly suffered stress and trauma requiring professional counseling. (*Id.* ¶ 29).

J.H. is now eight years old. The parties now dispute whether Defendants may take J.H.'s deposition. Plaintiff has not listed J.H. as a trial witness, but all remaining Defendants have listed him on their respective witness lists.[1] Plaintiff argues a deposition, particularly one without any restrictions, may traumatize J.H. or destroy any progress his counselors have made since the date of the incident.

**DISCUSSION**

**I. Prevention of J.H.'s Deposition**
This situation is not specifically addressed in the Federal Rules of Civil Procedure. However, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party seeking to quash a deposition has a "heavy burden of demonstrating good cause" that the deposition should not be taken. *Bucher v. Richardson*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) (citations omitted). The party seeking to prevent a deposition must show "extraordinary circumstances that present a particular and compelling need for such relief." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (citing *Bucher*, 160 F.R.D. at 92). "Conclusory assertions of injury" do not suffice to prevent a deposition. *Bucher*, 160 F.R.D. at 92.

Case 2:23-cv-00118-KHR   Document 64-8   Filed 03/22/24   Page 3 of 4

Halley v. State of Oklahoma, Not Reported in Fed. Supp. (2016)
2016 WL 4995393

Plaintiff argues the Court should prevent the deposition of J.H., because (1) J.H. needs protection from any mental or emotional trauma that may result from a deposition, (2) the Defendants may depose any of J.H.'s care givers and medical professionals who can describe how the subject incident affected J.H, and (3) the probative value of J.H.'s testimony is minimal compared to the assessment of a child psychologist. The only supportive evidence Plaintiff offers is an email from Dana L. McCall, J.H.'s counselor (Doc. No. 204-1). In the email, Dr. McCall expresses her concern that the deposition could re-traumatize J.H. unless the questions are structured specifically for a child and the deposition is constructed "extremely well." (*Id.*). Dr. McCall also states her fear that "certain settings" would re-trigger nightmares and anxieties left by the first "interrogation." (*Id.*).

**\*2** The Court appreciates Plaintiff's concerns and has a strong interest in preserving J.H.'s mental and emotional health. However, the Court has located no precedent for preventing a deposition in these circumstances, and Plaintiff points to none. In each of the decisions Plaintiff cites in his brief, the proposed testimony of a traumatized child was not prevented, but rather reasonable restrictions were put in place to protect the well-being of the child during testimony. *See, e.g., Bucher*, 160 F.R.D. at 94; *United States v. Carrier*, 9 F.3d 867, 869 (10th Cir. 1993); *Thomas v. Gunter*, 962 F.2d 1477, 1480 (10th Cir. 1992). *See also Kuyper v. Bd. of Cty. Comm'rs of Weld Cty.*, 2010 WL 4038831 (D. Colo. Oct. 14, 2010) (denying motion for protective order to prevent deposition of minor child); *Graham v. City of New York*, 2010 WL 3034618 (E.D.N.Y. Aug. 3, 2010) (same). J.H. is at the center of this case, and Defendants are entitled to discovery regarding his memory and understanding of the events of this case, in the absence of a showing of good cause to prevent it.

Here, Plaintiff has provided some medical support for limiting J.H.'s deposition. J.H.'s counselor has suggested that, depending on the circumstances of the questioning, the deposition could re-traumatize J.H. and undo his trauma work. However, Dr. McCall's statements, which are vague and conclusory, do not satisfy the Court that J.H.'s deposition should be prevented. Plaintiff's arguments in favor of preventing the deposition are speculative and unsupported. Plaintiff has not met his burden to demonstrate "extraordinary circumstances" that would warrant preventing the deposition. Accordingly, Plaintiff's request to prohibit the deposition of J.H. is denied.

**II. Limitations on J.H.'s Deposition**
Plaintiff proposes several limitations on J.H.'s deposition in the event the Court is inclined to permit the deposition. Specifically, Plaintiff requests (1) that the deposition occur near J.H.'s home in Texas; (2) that the deposition time be limited to a total of no more than two hours; (3) that J.H. be accompanied by a care giver who can sit near him; (4) that defense counsel coordinate and combine their questions to a single person; (5) that individual Defendants be excluded from the deposition; and (6) that defense counsel limit their questioning to the incident. Defendants are not opposed to permitting a care giver in the room while J.H. is being deposed, but they vigorously object to Plaintiff's other proposed limitations.[2]

Dr. McCall's concerns do raise the possibility that deposing J.H. without any restriction could risk J.H.'s mental and emotional health. However, Plaintiff provides no evidence from Dr. McCall or any other medical provider specifically addressing his six proposed limitations. For example, Dr. McCall's email states "certain settings" would re-trigger J.H.'s nightmares and anxieties" (Doc. No. 204-1), but she does not state whether J.H. would be traumatized by appearing for deposition in the Eastern District of Oklahoma. Dr. McCall also states it is important that "Doug" not attend the deposition, but she offers no opinion on how it would affect J.H. if the individual Defendants attend. Without medical evidence supporting Plaintiff's proposed limitations, the Court is not in a position to grant them.

Nonetheless, the Court remains concerned for J.H.'s well-being and is not prepared to deny Plaintiff's requested limitations at this time. Accordingly, Plaintiff is granted leave to submit additional evidence in support of placing the proposed restrictions on J.H.'s deposition. Specifically, Plaintiff is instructed to provide medical evidence in support of Plaintiff's six proposed limitations on J.H.'s deposition. Defendants may submit their own medical evidence if they so choose. At a minimum, the Court will consider holding J.H.'s deposition at the U.S. Courthouse in Muskogee, Oklahoma, under the supervision of a Magistrate Judge, to ensure the protection of J.H. All evidence must be submitted within seven (7) days of the service of this Opinion and Order.

**CONCLUSION**

**\*3** For the reasons detailed above, Plaintiff's request to

**Halley v. State of Oklahoma, Not Reported in Fed. Supp. (2016)**
2016 WL 4995393

prevent the deposition of J.H. is **DENIED.** In accordance with this Order, the parties are directed to submit any medical evidence regarding Plaintiff's proposed restrictions on the deposition within seven (7) days of the service of this Opinion and Order.

**IT IS SO ORDERED** this 19th day of September, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 4995393

Footnotes

1   Defendants Ken Golden, Nathan Callaway, Oklahoma Department of Human Services, and Sara Huckaby assert they have listed J.H. as a witness by incorporation. (*See* Doc. Nos. 192, 194).

2   Defendants state they do not object to conducting the deposition near J.H.'s home, provided the remaining limitations requested by Plaintiff are not granted. Because the Court has not yet ruled on Plaintiff's remaining proposed limitations, the Court will assume for the time being that Defendants object to holding the deposition in Texas.

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.