# EXHIBIT H

Case 2:23-cv-00118-KHR   Document 64-9   Filed 03/22/24   Page 2 of 6

Edgin on behalf of I.E. v. Blue Valley USD 220, Not Reported in Fed. Supp. (2021)
2021 WL 1750861

2021 WL 1750861
Only the Westlaw citation is currently available.
United States District Court, D. Kansas.

Spencer EDGIN, ON BEHALF OF his minor daughter, I.E., Plaintiff,
v.
BLUE VALLEY USD 220, et al., Defendants.

Case No. 20-2547-EFM
|
Signed 05/04/2021

**Attorneys and Law Firms**

Christopher S. Dove, Daniel R. Zmijewski, DRZ Law, Kansas City, MO, for Plaintiff.

Madison A. Perry, Stephanie Lovett-Bowman, Katherine Anne Davis, W. Joseph Hatley, Spencer Fane, LLP, Kansas City, MO, Melissa D. Hillman, Overland Park, KS, for Defendant Blue Valley USD 229.

Madison A. Perry, Stephanie Lovett-Bowman, Katherine Anne Davis, W. Joseph Hatley, Spencer Fane, LLP, Kansas City, MO, for Defendant Lydia Messenger.

**ORDER**

James P. O'Hara, U.S. Magistrate Judge

**\*1** The parties dispute whether defendants, Blue Valley USD 220 and Lydia Messenger, may depose the minor daughter, I.E., in this action brought by her father, the plaintiff Spencer Edgin. Plaintiff has filed this motion (ECF No. 51) to preclude I.E.'s deposition – he argues it isn't necessary and will only serve to re-traumatize and harass the eight-year-old. Defendants oppose the motion, arguing the deposition is both appropriate and necessary. Both parties propose restrictions for the deposition, which the court adopts in part. For the reasons discussed below, the court grants the motion in part and denies it in part.

Analysis

The Federal Rules of Civil Procedure do not explicitly address depositions of minor children. Under Rule 26(c), upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause.[1] Discovery may be proscribed or limited to prevent abuse.[2] The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[3] Rule 26(c) grants a court "substantial latitude to fashion protective orders" upon weighing the competing needs and interests of parties affected by discovery.[4] The court considers all factors to determine whether the totality of the circumstances justifies the entry of a protective order.[5] Depositions are ordinarily allowed, unless it's clear the information sought has no possible bearing on the matter at hand.[6]

Plaintiff doesn't want his daughter to be deposed. He argues: (1) it's oppressive; (2) it may elicit invalid data; (3) it's unduly burdensome; and (4) it constitutes intimidation. These arguments bleed into each other; essentially, plaintiff's position is that deposing I.E. will re-traumatize her and isn't necessary to elicit evidence in this case, given her prior statements at the time of the alleged incident and through her Rule 35 examination.

Defendants dispute these points. They contend plaintiff has merely offered speculative arguments about what could potentially happen to I.E. if she has to testify.[7] For example, they point to I.E.'s treating therapist's deposition testimony that she hasn't directly discussed with I.E. the alleged assault and can't speak on her alleged trauma; instead, the therapist has relied on the parents' recounting of the events.[8] Similarly, the undated opinions from Dr. Lassen suggesting I.E. shouldn't be deposed in this case are based on generic principles, not an individualized opinion from a review of this case.[9] Defendants take the position that, based on their own expert's testimony, questioning regarding the alleged incident won't be re-traumatizing to I.E.[10]

**\*2** The court recognizes the delicacy of this emotional issue and certainly understands plaintiff's desire to keep his child out of court proceedings to the extent possible. But the "great weight of decisions permit a deposition in this circumstance, with reasonable restrictions."[11] Indeed, plaintiff concedes it's highly unusual to entirely preclude a deposition, particularly of a named party in the case.

**Edgin on behalf of I.E. v. Blue Valley USD 220, Not Reported in Fed. Supp. (2021)**
2021 WL 1750861

The court doesn't question the credentials of plaintiff's experts. But a professional opinion that questioning *could* cause harm isn't sufficient to justify precluding a deposition. More likely, any risk to a child's mental health warrants the placement of reasonable restrictions.[12] Courts in this district have followed that approach.[13] Similarly, as to the argument that the deposition won't elicit reliable testimony, the case law weighs in favor of taking the deposition.[14] Finally, the court agrees with defendants that it's not harassing to depose a key witness; nothing in the record suggests harassment has been an issue thus far in the case. In reviewing the parties' briefing and case law on similar situations, the court concludes defendants are entitled to depose I.E.

Plaintiff also argues defendants don't need to depose I.E. because she's been questioned by school officials, she's undergone a Rule 35 examination, and her parents have been deposed. But the court agrees with defendants that these are not substitutions for I.E.'s deposition. The questioning at the time of the event isn't equivalent to the deposition defendants are entitled to now that plaintiff has brought a lawsuit. And the tools that have already been employed – the Rule 35 examination, plus plaintiff and his wife's depositions – do not negate the availability of the deposition of a named minor plaintiff. All of these are separate tools contemplated by the federal rules.

Conditions
The court agrees a deposition should go forward, but reasonable restrictions can be made. Both parties make proposals. The court isn't pleased by the representation that the parties didn't confer over the proposed restrictions before filing this motion.[15] Perhaps the parties would have considerably resolved their disputes on their own. But, as the deposition is fast-approaching, the court finds it most efficient to rule now.

First, plaintiff requests the deposition be conducted over Zoom, rather than at defense counsel's office.[16] Plaintiff argues mandating appearance at a law office would create a hostile environment.[17] Defendants do not want to take the deposition via Zoom and argue previous ones were taken remotely because fewer people were vaccinated against COVID-19 then. They also assert Zoom depositions don't impair questioning of adults in the same way they may for a child. But defendants concede a law office may not be the most appropriate location and propose I.E.'s elementary school for the location.[18] Plaintiff vigorously opposes that location, citing in part the ongoing COVID-19 pandemic, and moreover asserting "a worse venue probably could not be identified."[19] I.E. transferred schools as a result of the alleged assault. Her new school is an environment where plaintiff doesn't want I.E. discussing past traumatic experiences.[20] Because of the circumstances of the case and the fact that all depositions taken to date have been on Zoom, the court agrees with plaintiff the deposition may be taken remotely via Zoom at I.E.'s home.

**\*3** Next, plaintiff requests both parents be allowed to attend the deposition. The court allowed the presence of one parent, not both, at the Rule 35 examination.[21] Defendants similarly argue the presence of plaintiff, I.E.'s father and the only parent named as a party in this case, is sufficient here. The court believes the most reasonable and appropriate middle ground is to allow plaintiff, I.E.'s father, to attend, not both parents.

Third, plaintiff requests a time limit of one hour for the deposition. Defendants oppose the time limit as arbitrary. Defendants themselves represent the deposition shouldn't last longer than a couple of hours. But they do note that length is dependent on I.E.'s participation and need for breaks. The court will not impose a hard limit on the questioning because it's unknown the pace at which I.E. will be able to answer questions. Defendants are advised to aim in good faith to keep the deposition under three hours.[22] The court is confident defendants will adhere to their commitment to be "efficient and targeted,"[23] as well as "mindful of [I.E.'s] young age and purported trauma."[24]

Finally, plaintiff requests a forensic expert to conduct the questioning. Plaintiff doesn't cite any case law mandating this.[25] Alternatively, plaintiff requests defense counsel ask only open-ended questions. But plaintiff's expert himself advised focused questions may be allowed later in the interview, if needed.[26] Defendants point to their right to ask their own deposition questions and assert plaintiff hasn't shown that right should be restricted here. The court agrees. It isn't inclined to essentially disqualify counsel and restrict their right to ask deposition questions in this case with no evidence that's warranted. Further, the court isn't going to impose a complete bar on questioning based only on plaintiff's speculative concerns. The court denies this proposed condition.

Again, the court is sympathetic to the heightened sensitivity of the issues in the case and I.E.'s young age. But plaintiff is reminded, as the party who chose to bring a lawsuit in this court, he – and I.E., to a reasonable extent – are subject to the rules and tools of discovery in this court. Defendants are entitled to the appropriate use of those tools, including depositions, to defend their case.

**Edgin on behalf of I.E. v. Blue Valley USD 220, Not Reported in Fed. Supp. (2021)**
2021 WL 1750861

IT IS THEREFORE ORDERED that plaintiff's motion for protective order (ECF No. 51) is granted in part and denied in part. The deposition shall be held via Zoom in I.E.'s home, and I.E.'s father may attend, but not her mother. The court doesn't impose a time limit or restrictions on the questioning during the deposition.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 1750861

**\*4** IT IS SO ORDERED.

Footnotes

| | |
|---|---|
| 1 | *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)). |
| 2 | *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010). |
| 3 | See *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court."); *see also Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007)) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). |
| 4 | *United States v. Malik*, No. 15-CV-9092-CM-TJJ, 2016 WL 3077355, at *1–2 (D. Kan. June 1, 2016) (quoting *Kear v. Kohl's Dep't Stores, Inc.*, No. 12-1235-JAR-KGG, 2013 WL 5304052, at *2 (D. Kan. Sept. 20, 2013)). |
| 5 | *Kear*, 2013 WL 5304052, at *2. |
| 6 | *Id.* |
| 7 | ECF No. 60 at 6. |
| 8 | *Id.* at 9 (citing ECF No. 59-2 at 3). |
| 9 | ECF No. 60 at 10. |
| 10 | *Id.* at 11. |
| 11 | *Kuyper v. Bd. of Cty. Comm'rs of Weld Cty.*, No. 09-CV-00342-PAB-MEH, 2010 WL 4038831, at *1–2 (D. Colo. Oct. 14, 2010); *Graham v. City of New York*, No. 08–cv–3518, 2010 WL 3034618 (E.D.N.Y. Aug. 3, 2010) (a seven-year-old was allowed to be deposed after he witnessed the police forcibly arrest his father, so long as the questioning proceeded "cautiously and |

**Edgin on behalf of I.E. v. Blue Valley USD 220, Not Reported in Fed. Supp. (2021)**
2021 WL 1750861

sensitively").

| | |
|---|---|
| 12 | *Gray v. Howlett Lumber Co.*, No. 051645A, 2007 WL 2705748 (Mass. Super. Aug. 9, 2007) (inviting the parties to create a set of rules on how a minor's deposition would be taken). |
| 13 | *Halley v. State of Oklahoma*, 2016 WL 4995393, at *2 (E.D. Okla. Sept. 19, 2016) ("The court has located no precedent for preventing a deposition in these circumstances. [...] [T]he proposed testimony of a traumatized child was not prevented, but rather reasonable restrictions were put in place to protect the well-being of the child during testimony."); *Kuyper*, 2010 WL 4038831, at *1–2. |
| 14 | *Bryant by & Through Bryant v. Milhorat*, No. 09-CV-1751 (AKT), 2011 WL 13305291, at *2 (E.D.N.Y. Aug. 22, 2011) (allowing deposition of an eight-year-old because "hypothetical concerns about the weight of evidence do not warrant the preclusion of such evidence at this stage nor do such concerns render the information undiscoverable"). |
| 15 | ECF No. 60 at 12. |
| 16 | ECF No. 52 at 6. Plaintiff points to defendants' use of video depositions in this matter but asks the court to preclude a videographer from attending, instead relying only on the Zoom technology. But defendants assert they never noticed the deposition to be videotaped. ECF No. 60 at 13. |
| 17 | ECF No. 52 at 6. |
| 18 | ECF No. 60 at 14. |
| 19 | ECF No. 62 at 6. |
| 20 | *Id.* |
| 21 | ECF No. 34. |
| 22 | The opinions cited by the parties didn't restrict the depositions to one hour. In *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 95 (N.D. Tex. 1994), the court limited direct questioning to two hours, which didn't include time for objections, attorney dialogue, breaks, or other interruptions. That court also permitted 30 minutes for cross-examination and similar time, not to exceed 30 minutes, for re-direct examination. In *Kuyper*, the parties proposed a three-hour time limit. 2010 WL 4038831, at *2. |

**Edgin on behalf of I.E. v. Blue Valley USD 220, Not Reported in Fed. Supp. (2021)**
2021 WL 1750861

| | |
|---|---|
| 23 | ECF No. 60 at 15. |
| 24 | *Id.* |
| 25 | Plaintiff cites one case where the court asked the parties to consider, among other factors, previewing the questions to be asked at the deposition. *Gray v. Howlett Lumber Co.*, No. 051645A, 2007 WL 2705748, at *1 (Mass. Super. Aug. 9, 2007). |
| 26 | ECF No. 52-2 at 2. |

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.