

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC. and JETSON ELECTRIC, LLC,<br><br>Defendants. | Case No.  2:23-cv-118-R |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

This matter is before the Court on a Motion for Protective Order as to the Depositions of Plaintiffs' Minor Children filed by Plaintiffs. (ECF No. 61). Having considered the briefing, the Court grants the Motion in part and denies the Motion in part.

### BACKGROUND

Plaintiffs, Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children and Matthew Wadsworth, have filed this lawsuit arising out of a claim relating to a fire at the Wadsworth residence. Plaintiffs allege the fire was caused by a hoverboard manufactured and distributed by Defendants. Defendants have requested the deposition of the four minor children. In response, the

Plaintiffs have filed the instant motion requesting a protective order precluding the depositions, or alternatively, placing various restrictions on the depositions.

## RELEVANT LAW

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c). Whether to issue such a protective order lies within the discretion of the court. *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999). "The party seeking to prevent a deposition must show extraordinary circumstances that present a particular and compelling need for such relief." *Halley v. State of Oklahoma*, No. 14-CV-562-JHP, 2016 WL 4995393, at *1 (E.D. Okla. Sept. 19, 2016) (citing *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003)). "Protective orders prohibiting depositions are rarely granted." *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994). Conclusory assertions of injury are not sufficient to prohibit a deposition. *Halley*, 2016 WL 4995393, at *1.

## RULING OF THE COURT

Here, Plaintiffs argue that deposing the children would traumatize them. Since the incident, the children have attended therapy from the suffering they experienced from the fire and from seeing their mother severely injured. Plaintiffs argue the depositions will cause the minor children irreparable material harm. In support of this argument Plaintiffs have attached a letter from Mindy Tollefson, a therapist who has treated the children. (ECF No. 63). Ms. Tollefson states that deposing the children would impede their healing and could potentially trigger a regression of Post Traumatic Stress Disorder. *Id.* Plaintiffs also

argue the children's testimony will be unreliable given their ages now[1] and their ages at the time of the incident. Plaintiffs state the children are too young and immature to sit through hours of questioning on sensitive and emotional topics.

The Court appreciates Plaintiffs' concerns and interest regarding the mental health of their children. However, those concerns and the voluntary nature of the Plaintiffs' involvement in this case must be balanced against the significant potential prejudice to Defendants if they are precluded from highly relevant discovery. *Graham v. City of New York*, No. 08-CV-3518, 2010 WL 3034618, at *5 (E.D.N.Y. Aug. 3, 2010). Plaintiffs have not cited to any precedent for preventing a deposition in these circumstances, nor has the Court found any on its own research. Rather, in similar cases, reasonable restrictions were placed on the testimony of a traumatized child to ensure the child's well-being. *See Halley*, 2016 WL 4995393, at *2 (citing cases); *see also Kuyper v. Bd. of Cnty. Comm'rs of Weld Cnty.*, No. 09-CV-00342-PAB-MEH, 2010 WL 4038831, at *1 (D. Colo. Oct. 14, 2010) (same); *see also Edgin on behalf of I.E. v. Blue Valley USD 220*, No. 20-2547-EFM, 2021 WL 1750861, at *2 (D. Kan. May 4, 2021) (same).

Plaintiffs have provided some medical support for limiting the children's depositions. Yet, it is insufficient to demonstrate the "extraordinary circumstances" necessary to entirely prevent a deposition. *See Gray v. Howlett Lumber Co.*, No. 051645A, 2007 WL 2705748, at *1 (Mass. Super. Aug. 9, 2007) (depositions are generally prevented only when the deposition would pose a direct threat to the deponent's life). Instead, the

---

[1] At the time of the incident, two years ago, the children ranged in age from 4 to 12 years old. ECF 61.

risks to the children's mental health warrants the placement of reasonable restrictions. Therefore, the Court will not issue a protective order precluding the children's deposition, and instead the Court will grant a protective order including restrictions only as narrow as is necessary. *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993).

The Court permits the presence of one parent in the deposition with the child. The time shall be limited to two hours per child. The children may take breaks as needed, but that time shall not count toward the deposition time limit. The Court denies Plaintiffs' various requests to limit the scope of the deposition, preclude difficult and leading questions, or preclude showing media coverage to the children from the day of the fire. Such requests are too vague and would unduly limit Defendants' right to ask their own questions. Notwithstanding that denial, the Court expects defense counsel to appreciate the circumstances and age of the deponents. Counsel shall act with respect, understanding, and patience towards the minor children. Should there be any issues at the deposition resulting in delays, the Court will consider granting additional time to finish the deposition given the proper circumstances.

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion for Protective Order. ECF 61.

NOW THEREFORE, IT IS ORDERED the Parties shall proceed as outlined in this Order.

Dated this 5th day of April, 2024.

KELLY H. RANKIN,
UNITED STATES DISTRICT JUDGE