Taly Goody, Esq.
Wyoming Bar No.: 8-6737
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
*Attorneys for Plaintiffs*

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
       rayala@forthepeople.com
**\*** *Pro Hac Vice Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

**NOTICE OF TAKING DEPOSITION**

## PLAINTIFFS' NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF DEFENDANT JETSON ELECTRIC BIKES, LLC.

To: Counsel for Defendant:

Plaintiffs, STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, by and through undersigned counsel and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, hereby serve this Notice of Taking Video Deposition of Defendant JETSON ELECTRIC BIKES, LLC., ("JETSON'), and whose named deponent is to be provided by Defendant and to take an audio/visually recorded *duces tecum* deposition **on May 17, 2024**, **at 9:30 am EST, at the Hyatt Regency Long Islang located at 1717 Motor Parkway, Hauppauge, NY, 11788 - Trustees Boardroom** before Veritext Legal Solutions, Notary Public, or before some other officer authorized by law to administer oaths.

NOTICE IS FURTHER GIVEN that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext Reporting, video teleconferencing (VTC) services offered by Veritext Reporting, ("Web Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

The deposition is for use at trial, Daubert hearings, and evidentiary hearings, so make complete and prompt objections. See Henderson v. B&B Precast & Pipe, LLC, 2014 WL 4063673, at *1 (N.D. Ga. Aug. 14, 2014); Moyer v. Reynolds, 780 So. 2d 205 (Fla. 5th DCA

2001); United States v. White, 846 F.2d 678, 690 n.16 (11th Cir. 1988); Camden v. Doremus, 44 U.S. 515, 530 (1845). The deposition is being taken for use as summary judgment evidence and Plaintiff will use the deposition and its exhibits as summary judgment evidence in any summary judgment proceeding. See Fla. R. Civ. P. 1.510(c); State Farm Mut. Auto. Ins. Co. v. Figler Family Chiro., P.A., 189 So. 3d 970, 974 (Fla. 4th DCA 2016).

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an agent or agents who will testify on behalf of Defendant JETSON, and who shall be authorized to bind Defendant JETSON, thereby with its answers regarding the following issues in this litigation, for which examination is requested below. The undersigned attorneys will spend considerable time and money preparing for the deposition. The entity and attorneys to whom this notice is sent are encouraged to familiarize themselves with their obligation to present and prepare as many persons as necessary to testify about the things in this notice. See Fed. R. Civ. P. 30(b)(6); Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc., 2013 WL 1867555, at *1 (D. Minn. May 3, 2013) (sanctioning defendant for improperly prepped b6 witness); QBE Ins. Corp. v. Jorda Enters., Inc., 277 F.R.D. 676, 698 (S.D. Fla. 2012) (preventing defendant from presenting evidence at trial on topics not properly prepared for at b6 deposition).

Enclosed with this Notice are the Definitions for Matters of Examination, and the Deposition Subject Matter.

Date: April 9, 2024     Respectfully Submitted,

    /s/ Taly Goody
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983

Email: taly@GoodyLawGroup.com
*Attorney for Plaintiff*

 /s/ T. Michael Morgan
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email: mmorgan@forthepeople.com
Secondary Email: akelseyflowers@forthepeople.com

 /s/ Rudwin Ayala
**RUDWIN AYALA, Esq**.*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Facsimile: (561) 764-2270
Primary Email: rayala@forthepeople.com
Secondary Email: sleroy@forthepeople.com
**Pro Hac Vice Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record; and was emailed to Counsels for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com
Jared B. Giroux - jgiroux@mlllaw.com
Jillian L Lukens - jlukens@mlllaw.com
Timothy Michael Stubson - tstubson@crowleyfleck.com
Brandon E. Pryde - bpryde@crowleyfleck.com
Holly L. Tysse – htysse@crowleyfleck.com

 /s/ Rudwin Ayala
**RUDWIN AYALA, Esq.**

## DEFINITIONS FOR MATTERS OF EXAMINATION

1. The terms "**you,**" "**your,**" and "**Defendant,**" refer to Defendant JETSON ELECTRIC BIKES, LLC., as well as all of its partners, directors, officers, proxies, assigns, employees, servants, agents, attorneys, joint venturers, third-party contractors, or other representatives, including all corporations and entities affiliated with Defendant.

2. The term "**JETSON ELECTRIC BIKES, LLC**." or "**JETSON**" refers to any JETSON ELECTRIC BIKES, LLC., entity including YOU, Co-Defendant or any other entity that uses your trade name.

3. The term "**similar**" shall mean resembling though not completely identical but having the essential elements of such that any data related to a similar product would be relevant, material, or of considerable importance. When determining whether one product is similar to another product, various factors should be examined such as but not limited to size, intended use, method of construction, similarity of component parts, and similarity of design specifications.

4. The term "**communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information, including meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between YOU or between YOU and any other person or entity.

5. The term "document" or "documents" means and includes written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody or control of the Defendant to a given interrogatory or request, including any and all written

letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, work papers, tapes, charts, sketches, blueprints, plans, diaries journals, reports, books, ledgers, telegrams, sound recordings, books of account, customer account statements, financial statements, catalogs, checks, check stubs, magnetic tapes, computer readable material, business records, reports, summaries of investigations, drawings, corporate records, desk calendars, appointment books, and written statements of witnesses or other persons and includes every document or other tangible thing whether printed, typed, recorded, photographed, filmed or reproduced by any process. The term "**document**" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.

6. The term "**Subject Incident**" shall refer to the facts and circumstances set forth in the Complaint giving rise to this action. More specifically, it refers to the February 1, 2022, incident involving the fire that burned down Plaintiffs' house caused by the malfunction of the subject hoverboard.

7. The term "**Subject Product**" shall mean the hoverboard bought by Matthew Wadsworth in December 2021 at the JETSON, located at 201 Gateway Blvd, Rock Springs, WY 82901.

8. The term "**Other Similar Products**" shall mean any other products related to the subject hoverboard manufactured, designed, marketed and sold by Jetson.

9. The term "**Other Similar Incidents**" shall mean any other incidents involving the Subject Product and/or Other Similar Products.

10. The term "**relate(s) to,**" "**related to,**" or "**relating to**" shall mean containing, constituting, considering, comprising, concerning, discussing, regarding, referencing, describing, reflecting, studying, commenting, or reporting on, mentioning, analyzing, referring, alluding, or pertaining to, whether in whole or in part.

11. The term "**or**" shall mean "**and**" and vice-versa, as necessary to bring within the scope of the following discovery all information or documents that would be excluded absent this definition.

The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

Unless otherwise specified, the relevant time period for the information requested is limited to the time period from January 1, 2017 (five years prior to the subject incident) to and including the date of service of this Notice.

## DEPOSITION SUBJECT MATTER

DEFENDANT shall designate and produce for deposition one of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matter:

1. Your responses to Plaintiffs' Interrogatories in this matter.

2. The process of gathering information, individuals involved, and completeness of the interrogatory responses produced in response to Plaintiffs' Interrogatories propounded on Defendant.

3. Your Responses to Plaintiffs' Requests for Production in this Matter.

4. The process of gathering information, individuals involved, and completeness of the documents and/or electronically stored information in response to Plaintiffs' Request for Production of Documents.

5. Facts and evidence in support of your Answer and Affirmative Defenses in this action.

6. The Organization and Corporate Structure of JETSON, including the role of your related companies in the marketing, distribution, and sale of the Subject Hoverboard. This includes:

   a. Any and all communications between YOU and employees or agents of JETSON, regarding this 2022 incident and/or safety.

   b. Any and all documentations related to the sale of the subject product.

   c. Relationships with suppliers and vendors providing the subject product.

   d. Quality assurance measures for products sourced from suppliers.

   e. Maintenance and inspection records for relevant equipment.

   f. Reporting procedures for safety-related incidents.

   g. Any internal investigations conducted after the incident.

   h. Insurance coverage relevant to the incident.

   i. History of insurance claims related to similar incidents.

   j. Any settlements or legal actions previously taken by or against the company.

   k. Relevant company policies on safety and product quality.

   l. Procedures for handling and investigating customer complaints.

   m. Any changes made to policies or procedures following the incident.

7. Any and all measures taken by the company to prevent this subject incident. This includes:

   a. Employee or contractor training and awareness programs.

   b. Any testing or analysis conducted on the product in question, including any and all of its components.

   c. Knowledge and details about the product involved in the case, including any and all of its components.

   d. Manufacturing specifications and safety features.

   e. JETSON's document and record keeping and/or retention including but not limited to how records are maintained and stored; this includes but is not limited to emails, test documents, warranty claims, supply orders, serial numbers, invoices, receipts, testing results, and research (if any).

   f. JETSON's document and record retention policies including but not limited to how the records are destroyed; this includes but is not limited to emails, purchase orders, invoices, warranty claims, receipts, supply orders, serial numbers, testing

results, and research (if any).

g. JETSON's knowledge of prior claims, lawsuits, notices, warranty claims, incident, accident or injuries caused by the same or similar type of hoverboard, sold in any market worldwide regardless of name, and any similar products that resulted in toxic fumes/gases and fire exposing users/owners to said fire within the ten (10) year period prior to the Subject Incident.

h. Any information, including communications reflecting decision making, regarding recall(s) of JETSON hoverboards or their components, including the one in question and involved in the subject incident.

i. Safety procedures and/or protocols in place at JETSON, to prevent similar incidents to the subject incident.

j. Any form of communications between JETSON, and any of the Plaintiffs to this action.

k. Any form of communications between JETSON and the manufacturers of the subject Hoverboard.

l. Any form of communications between JETSON, and Co-defendant WALMART, INC.

m. Any form of communications between JETSON, and any other individual, entity, agency, or business relating to the subject incident.

n. Internal communications within JETSON, in any form, relating to the subject incident.

o. Persons, person, or entity whose negligent acts or omissions JETSON contends caused Plaintiffs injuries and damages, and the factual bases for such contentions.

    p.  Facts supporting any assertion that Plaintiffs were negligent and caused their own injuries.

ALL TOPICS IN THIS NOTICE ARE STRICTLY LIMITED TO THE INCIDENT OCCURRED ON FEBRUARY 1, 2022, THE TOPICS AT ISSUE IN THIS LITIGATION AND NOT DIRECTED AT THEFT PREVENTION.

**<u>THIS DEPOSITION SHALL ALSO COVER RELEVANT FACTUAL KNOWLEDGE OF THE WITNESS WITHIN HIS OR HER PERSONAL CAPACITY REGARDLESS OF WHETHER SUCH FACTUAL KNOWLEDGE IS WITHIN THE SCOPE OF THE TOPICS LISTED HEREIN.</u>**