# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH<br>Plaintiff,<br><br>v.<br><br>WALMART, INC. and<br>JETSON ELECTRIC BIKES, LLC<br><br>Defendants. | Case No. 2:23-cv-00118-NDF<br><br>**JOINT PROPOSED MOTION FOR PROTECTIVE ORDER** |

THIS MATTER came before the Court on the parties' Stipulated Motion for Protective Order. In order to protect the confidentiality of and the rights to information and documents developed and disclosed in connection with this litigation and facilitate discovery by and among the parties and from non-parties, and by mutual agreement of all parties, the Court finds that the parties' Proposed Stipulated Motion for Protective Order is well taken and should be granted.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the following provisions are binding upon the parties:

1. Any party or non-party to this litigation shall have the right to designate as "Confidential" any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third-parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c) (collectively referred to hereafter as "Confidential Material"). Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, request for production

response, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" ("Confidential").

2. Specifically, Jetson Electric Bikes, LLC and Walmart Inc. seek a protective order for the documents it considers to be trade secrets, competitively sensitive technical, marketing, financial, sales, and/or other confidential business information.

3. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, including appeals. It shall not be used by the receiving party for any other purpose.

4. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

(a) Counsel for the parties, their staff members, and their professional and para-professional employees;

(b) The parties (in the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit) and their in-house counsel;

(c) Outside experts, individuals with technical expertise, or consultants retained by a party or by the parties' counsel for purposes of this action, provided that (i) counsel believes in good faith that disclosure is necessary for adequate preparation, examination, or presentation of the case and (ii) prior to any such disclosure, counsel furnishes the outside experts, individuals with technical expertise, or

consultants with a copy of this Order and informs them that the Order is binding on them;

(d) Non-expert witnesses and potential witnesses to the extent counsel believes in good faith that such disclosure is necessary, provided that (i) such persons may not be allowed at any time to retain copies of Confidential Material and (ii) prior to any such disclosure, counsel furnishes such persons with a copy of this Order and advises them that this Order is binding on them;

(e) Insurance carriers for the parties, including adjusters for those carriers;

(f) The Court and court personnel; and

(g) Vendors retained by or for the parties to assist in preparing for pre-trial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

5. Confidential Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until 30 days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated

Confidential. To the extent depositions are videotaped, such party shall also have until 30 days after receipt of the deposition transcript within which to inform all other parties that portions of the video are to be designated Confidential. These time periods may be extended by agreement of the parties. The use of such Confidential Material and/or information from Confidential Material during depositions in this action does not waive the terms of this Order. No deposition transcripts or deposition videos shall be disclosed to any individual other than the individuals described in Paragraph 3(a) – (g) above and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a) – (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition or deposition video are to be designated as Confidential, all parties shall immediately cause each copy of the transcript and deposition video in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

7. This Order shall not be construed as an admission or agreement that any document designated as Confidential is in fact Confidential Material, or otherwise is entitled to any protective relief whatsoever. Accordingly, if counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for

asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the party asserting the Confidentiality designation shall present the dispute to the Court by filing a formal motion for an order regarding the challenged designation. Any response opposing the motion is due 14 days after filing. Any reply supporting the motion is due 14 days after filing of the response. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8. If the need arises during trial, motion practice, or at any hearing before the Court for any party to disclose confidential information, such document or information shall be requested to be filed under seal with the Court.

9. The provisions herein shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in the Court, except as directed by separate order entered for good cause shown.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information

concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Order.

11.     When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12.     Nothing herein shall be construed to apply or in any way restrict the use of materials, information, documents, and things, acquired or obtained from a source other than the parties or those in privity with them.

13.     This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written agreement of the parties hereto.

14.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and either to destroy or to return to the originating source all originals and unmarked copies of documents and things containing Confidential Material within 30 days of the termination of this case. Each party or other individual subject to the terms hereof shall also be under an obligation to destroy, should such

source so request, all copies of Confidential Material that contain and/or constitute attorney work-product as well as excerpts, summaries, and digests revealing Confidential Material; provided, however, that counsel and the parties' insurance carriers may retain complete copies of all transcripts and pleadings including any exhibits attached thereto, and attorney reports or analyses for archival purposes, subject to the provisions of this Order within 30 days of the termination of the case. To the extent a party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

_____

**APPROVED BY:**

Respectfully submitted:

| | |
|---|---|
| By: */s/ Holly L. Tysse*_____ | By: */s/ Rudwin Ayala*_____ |
| Eugene M. LaFlamme, Esq. | Rudwin Ayala, Esq. |
| McCoy Leavitt Laskey LLC | Morgan & Morgan |
| N19 W24200 Riverwood Drive | 1700 Palm Beach Lakes Blvd. |
| Suite 125 | Suite 500 |
| Waukesha, WI 53188 | West Palm Beach, FL 33401 |
| (262) 522-7000 | (561) 764-2220 |
| elaflamme@MLLlaw.com | rayala@forthepeople.com |
| | |
| and | and |
| | |
| Holly L. Tysse, Esq. | Greyson Goody, Esq. |
| Crowley Fleck, PLLP | Goody Law Group, LLP |
| 111 West 2nd Street, Suite 220 | 8605 Santa Monica Blvd., #90793 |
| Casper, WY 82601 | West Hollywood, CA 90069-4109 |
| (307) 232-6901 | (310) 893-1983 |
| htysse@crowleyfleck.com | greyson@goodylawgroup.com |