Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
   greyson@GoodyLawGroup.com
*Attorneys for Plaintiffs*

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
   rayala@forthepeople.com
**\*** *Pro Hac Vice Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br>        Plaintiffs, <br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br>        Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

# PLAINTIFFS' MOTION TO AMEND EXPERT DISCLOSURES

Plaintiffs, Stephanie Wadsworth, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, by and through the undersigned counsel, hereby file this Motion to Amend Plaintiffs' Expert Disclosures as follows:

1. Pursuant to Fed. R. Civ. P 26(a)(2) and U.S.D.C.L.R. 26.1(e), the parties shall designate expert witnesses, providing a complete summary of the expected testimony from each expert. As outlined in the Order on Initial Pretrial Conference served on November 1st, 2023, Plaintiffs were given a Designation deadline of June 14, 2024, and Defendants, July 31, 2024.

2. An extension of these deadlines of 30 days was granted due to conflicts involving trial settings in other matters that prevented Plaintiffs' expert from having the time and ability to prepare, conference, and otherwise be available to consult on this matter.

3. Pursuant to the extension granted, Plaintiff disclosed expert witnesses on July 14, 2024, and Defendants are set to disclose on September 13, 2024.

4. Since disclosure of Plaintiff's expert witnesses, depositions of medical treaters have taken place, specifically of Dr. Scott Sulentich of Rock Springs Plastic Surgery Center, and Dr. Giovanni Lewis of University of Utah. Additionally,

Defense counsel took the deposition of Plaintiff's expert life care planner, Dr. Ronald Snyder.

5. During the deposition of Dr. Snyder, he testified that he attempted to communicate with Plaintiff's, Stephanie Wadsworth, main plastic surgeon at the University of Utah, Dr. LaChapelle, to discuss Mrs. Wadsworth's future plastic surgery needs in the future. Dr. LaChapelle did not respond to Dr. Snyder.

6. Additionally, Dr. Snyder did not have the benefit of the deposition transcripts of Dr. Sulentich or Dr. Lewis.

7. Due to the inability of Dr. Lewis to testify knowledgeably during her deposition of the specific care rendered to Mrs. Wadsworth or discuss future care needs, and Dr. LaChapelle's refusal to discuss the topic with Plaintiff's Life Care Planner, Plaintiff needed to retain a plastic surgery expert to discuss this very important component of Plaintiff's future care.

8. Said expert would also discuss the future care needs of Weston Wadsworth, another burn victim of the hoverboard fire.

9. Furthermore, in their initial expert disclosure, Plaintiffs accidentally omitted listing their forensic economist, who would be pricing out the life care plan and offering opinions as to the loss of services for Plaintiffs.

10. Plaintiffs request permission to amend their Expert Witness Disclosure to include a plastic surgery expert, as well as their forensic economist, Nik Volkov, Ph.D,.

11. Allowing a modification to a scheduling order is allowed upon showing of good cause…. Fed. R. Civ. P. 16(b).

12. The decision to exclude evidence is a drastic sanction. <u>Summers v. Missouri Pac. R.R. Sys.</u>, 132 F.3d 599, 604 (10th Cir. 1997); See also <u>Coleco Indus., Inc. v. Berman</u>, 567 F.2d 569, 576 n. 14 (3d Cir.1977).

13. There are four factors the Court is to consider when determining whether allowing amendment to add a new expert on a case:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.
>
> See <u>Burks v. Oklahoma Pub. Co.</u>, 81 F.3d 975, 979 (10th Cir. 1996)

14. In this case, there would be no prejudice to the Defendant, as either the treating doctors or an expert would be expected to testify in the field of plastic surgery. Additionally, Defendant learned from Dr. Snyder, Plaintiffs' Life Care Planner, in his deposition taken on August 14, 2024, of his failed attempts to speak

with Stephanie's treaters and the need to have a plastic surgery expert discuss her condition and future prognosis in that field.

15. Furthermore, Defendants have not yet disclosed their expert witnesses, as they are not required to do so until September 13, 2024. As such, they are not prejudiced in any manner from disclosing an expert in the same specialty. Defendants would have the ability to cure any purported prejudice by taking the deposition of the experts well in anticipation of trial.

16. Allowing the addition of these necessary experts would not affect, impact or disrupt the orderly and efficient trial of this case, as the current trial setting is for January 27, 2025.

17. Furthermore, on September 3, 2024, the parties will attend a hearing in which it is anticipated that counsel for Defendants will discuss with the Court conflicts with the January 2025 trial setting, due in part to some confusion with a temporary rescheduling of the trial to March 2025. Defendants apparently never received notice from the Court that the trial setting reverted back to January 2025, and as such has voiced conflicts with that setting requiring rescheduling the trial to April or May 2025.

18. Rescheduling the trial to April or May 2025, which Plaintiffs have communicated they do not oppose given the confusion or miscommunication, would

allow ample time for the parties to finalize any and all expert discovery, as well as sufficient time to finalize all remaining medical treater depositions. See <u>National Distillers and Chem. Corp. v. Brad's Mach. Prods., Inc.</u>, 666 F.2d 492, 497 (11th Cir.1982) (finding twenty-one days notice of new witness prior to commencement of trial sufficient); <u>Davis v. Duplantis</u>, 448 F.2d 918, 921 (5th Cir.1971) (finding eight days notice of testimony of witness not listed in pretrial order sufficient).

20. This request is made in good faith and with no intent to delay the process.

WHEREFORE, Plaintiffs respectfully request entry of an Order granting this Motion to Amend Expert Disclosures as stated herein, thereby allowing Plaintiffs until September 13, 2024 to file their Amended Expert Disclosure, and all other relief deemed just and appropriate.

Date: September 3, 2024      Respectfully Submitted,

<u>/s/ Rudwin Ayala</u>
**RUDWIN AYALA, Esq.**\*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Facsimile: (561) 764-2270
Primary Email: rayala@forthepeople.com
Secondary Email: sleroy@forthepeople.com

*Pro Hac Vice Attorney for Plaintiffs*

And,

/s/ Taly Goody
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY, ESQ.**
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
*Attorney for Plaintiffs*

/s/ T. Michael Morgan
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email: mmorgan@forthepeople.com
Secondary Email: akelseyflowers@forthepeople.com
*Pro Hac Vice Attorney for Plaintiffs*

## **CERTIFICATION OF CONFERRAL**
## **PURSUANT TO LOCAL RULE 7.1 (b)(1)(A)**

Pursuant to Local Rule 7.1 (b)(1)(A), the undersigned counsel certifies that he has attempted to reach out to confer with opposing counsel, but no response was received prior to filing.

*/s/ Rudwin Ayala*
**RUDWIN AYALA, Esq.**
Florida Bar No. 84005
*Pro Hac Vice Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2024, a true and correct copy of the foregoing Plaintiffs' Motion to Amend Expert Disclosures was electronically served upon all Counsel of record with the Clerk of Court using the CM/ECF system and via email.

Counsel for Defendants, Walmart Inc., and Jetson Electric Bikes LLC.:

Eugene M. LaFlamme – elaflamme@MLLlaw.com
Jared B. Giroux – jguiroux@MLLlaw.com
Jillian L. Lukens – jlukens@MLLlaw.com

                                              */s/ Rudwin Ayala*
                                              **RUDWIN AYALA, Esq.**
                                              Florida Bar No.: 84005
                                              *Pro Hac Vice Attorney for Plaintiffs*