

| FEE SCHEDULE | | Hourly | Testimony | HAZMAT |
|---|---|---|---|---|
| **STAFF** | John L. Schumacher, MChE, PE, CFI, CFPS | $330 | $380 | $380/hour |
| | Dennis E. Shelp, MS, PE, CFI, CFEI, CVFI | $330 | $380 | $380/hour |
| | Zachary J. Jason, PE, CFI, CFEI | $330 | $380 | $380/hour |
| | John (Jay) M. Freeman, MS, PE | $330 | $380 | $380/hour |
| | Scott A. Sollars, PE, IAAI-CFI, ASGE-CGE | $300 | $350 | $350/hour |
| | Scott D. Raszeja, MS, PE, IRPE, CFEI, CID+ | $300 | $350 | |
| | Brian N. Strandjord, PE, CFI, CFEI | $300 | $350 | |
| | Shawn A. Sapp, Ph.D. | $300 | $350 | |
| | Frank A. Croshal, PE | $300 | $350 | |
| | Charles B. Sullivan, ASCR2, CKH2 | $270 | $320 | |
| | Charles R. Brown, CFEI, CVFI, CETP, IAAI-FIT | $250 | $300 | $300/hour |
| | Megan E. Seeback, BS | $250 | $300 | |
| | Steven R. Foltz, M. Arch | | | |
| |    Consulting | $250 | $300 | |
| |    Forensic Imaging | $185 | $235 | |
| | Jeffrey A. Berino, BS, AAS, ANVF, CCFI, CFEI | | | |
| |    Wildland Fires | $250 | $300 | $300/hour |
| |    Structure Fires | $190 | $240 | $240/hour |
| | Anthony W. Ulaszek, CFEI, CVFI, CFII | $190 | $240 | $240/hour |
| | Matthew G. Strader, BS, CFEI, FIT | $190 | $240 | $240/hour |
| | Technician | $175 | | |
| | Support Staff | $50 | | |

| **WEEKEND/ HOLIDAY & HAZMAT RATES** | Deposition time, fees and expense to be paid by opposing counsel shall be paid in advance or at the time of the deposition. |
|---|---|
| | Weekend and/or holiday time schedule by client on weekends and holidays will be billed at the above listed Testimony |
| | HAZMAT rates will be charged at sites requiring A, B, or C level of protection. |

8197 West Brandon Drive | Littleton, CO 80125 | Main: 303-756-2900 | Toll Free: 877-937-2900 | Fax: 303-756-2911

**EXHIBIT L**



| **EXPENSES** | Photography | Digital Photography | $.40/photograph - $200 max per day |
| --- | --- | --- | --- |
| | Videography | | $200 per day |
| | Flash Drive | | $30.00/each |
| | Mileage | | $.87/mile |
| | Transportation, Meals, Lodging, Materials, Supplies, Equipment Rental, Laboratory Services, and other Expenses | | Cost plus 10% |

| **EQUIPMENT CHARGES** | 3D Laser Scanning & Site Mapping/Imaging | $900/day |
| --- | --- | --- |
| | 3D Optical Scanning & Site Mapping/Imaging | $250/day |
| | 3D Site Mapping/Imaging | $100/day |
| | Multi-Channel Wireless Carbon Monoxide Monitor | $250/day |
| | Multi-Channel Carbon Monoxide Sensors | $200/day |
| | Multi-Channel Infrared Gas Sensors | $200/day |
| | FTIR (infrared spectroscopy) | $200/day |
| | Scanning Electron Microscope | $350/day plus Expert time |
| | Keyence Digital Microscope | $150/day |
| | FLIR (Infrared camera) | $120/day |
| | Laboratory Test Hood/Burn Cell | $100/day |
| | Computerized Data Acquisition System | $100/day |
| | Portable Combustion Analyzer | $100/day |
| | Air Data Multimeter | $100/day |
| | Combustible Gas Indicator | $50/day |
| | Stereo Microscope with Digital Photo and Video | $50/day |
| | Universal Test Machine | $50/day |
| | Digital Video Camera | $50/day |
| | X-ray Equipment | $40/image |
| | Lab Rental Fee | $500/day plus Technician time |

This fee schedule is not complete unless accompanied by the Standard Terms & Conditions. Fee Schedule effective 01/01/2022.



# Artifact (Evidence) Storage Fees and Billing Policy

On some jobs, AEI Corporation will be asked to retain artifacts (evidence) associated with an incident and to store those or exemplar products. It is the policy of AEI Corporation to bill for storage of these items and only dispose of them when written authorization is obtained from the client.

- Evidence/Artifact storage is available at a quoted rate. Storage is billed annually, payable in advance. The minimum annual storage fee is $200.

- AEI Corporation will send a combined invoice/Disposition Form that includes an invoice for Evidence Storage and an Authorization for Evidence Disposition following collection or receipt of artifacts.

- The Invoice/Disposition Form will be sent via email, or other requested method, within 30 days of receipt of the evidence. The clients will have approximately 15 days in which to request disposition of the artifact(s) or remit payment for the storage of the artifacts.

- Storage fees are billed on an annual basis.

- The invoice must be paid, or AEI Corporation must be notified within the time allotted of the client's desire to dispose of the evidence. Lack of communication from the client will be considered a request to store the artifacts and acknowledgment of responsibility to pay the invoice for storage.

- Fees paid for storage not utilized will be refunded to the client upon disposition of the artifacts (minus any disposal costs). The client will continue to incur storage charges until the authorization for evidence disposal is received or actual pickup of the artifacts occurs.

In the event the client wishes to dispose of the artifacts, the Authorization for Disposition section of the Invoice/Disposition Form must be completed, signed, dated, and returned. The client is responsible for contacting other involved parties to ensure all parties authorize disposal of the evidence.

*\*\*NOTE: The disposition of evidence may have important implications in any subrogation or litigation efforts. By signing the Authorization for Evidence Disposition form you are agreeing to indemnify and defend AEI Corporation for any and all claims that are brought in connection with the disposition of the evidence in question.*

The client will continue to be responsible for the disposition of the evidence until it is picked up, the Invoice/Disposition Form is received authorizing disposal, or such time as another party accepts responsibility in writing for future storage fees and such acceptance is provided to AEI Corporation.

The client will also be charged any fees associated with the evidence disposal, because of its size or hazardous nature of the evidence.



# Standard Terms and Conditions

These Terms and Conditions, along with the Retention Agreement Letter and Artifact (Evidence) Storage and Billing Policy, form the Agreement as if they were part of one and the same document. Unless otherwise specified, the laws of the State of Colorado shall govern this Agreement.

1. The Retention Agreement Letter may modify the applicability of these Terms & Conditions. To the extent of any conflict, the Retention Agreement Letter shall control.
2. The Client is responsible for paying all fees and expenses of the consultant or expert related to the engagement in accordance with the accompanying Fee Schedule. This shall include activities in response to discovery efforts by other parties.
3. Deposition charges, fees and expenses to be paid by opposing counsel shall be paid in advance.
4. Time and mileage fees are charged portal to portal.
5. Retainer or deposit will be credited against the final invoice for the work.
6. Unless otherwise agreed to in writing, the "Client" is the person to whom the cover letter is addressed, along with their employer if it is included as part of the Client's address. The client warrants his or her authority to contract with AEI Corporation.
7. Fees and expenses will be billed monthly or as time and expenses accrue unless other arrangements are made with AEI Corporation.
8. Payment is due from the Client within 30 days of the invoice unless other arrangements are made with AEI Corporation.  **AEI Corporation charges a late fee of 2% per month on all invoices not paid within 30 days of the invoice date.** The Client agrees to pay all collection costs, including any legal fees incurred in connection with the collection of a past due account.
9. In the event that any portion of an account remains unpaid 30 days after billing, AEI Corporation may, without waiving any claim or right against the Client, and without liability whatsoever to the client, suspend or terminate the performance of all services in accordance with the applicable laws of Colorado.
10. Unless expressly agreed by AEI Corporation in writing, any cost estimates for services stated are for the Client's budgeting purposes only and are not quotes binding on AEI Corporation.
11. In an effort to resolve any conflicts that arise related to the services provided by AEI Corporation, the client and AEI Corporation agree that all disputes between them arising out of or relating to the services provided by AEI Corporation shall be submitted to nonbinding mediation unless the parties mutually agree otherwise. Nonbinding mediation shall be completed within 90 days from the date the dispute arises.
12. Attempts to exclude expert testimony are becoming common practice and are referred to as Daubert Motions.  Daubert Motions if successful, not only impact an expert's ability to testify in the subject case, but also stand to have long-term negative effects on the expert's credibility and their ability to provide testimony on future matters and economic interests.  AEI Corporation requires any such attempt to discredit its experts be reported to them as soon as the client receives notification and that AEI Corporation be an integral part in responding to such actions.   This involvement will not only protect the interests of AEI

8197 West Brandon Drive   |   Littleton, CO 80125   |   Main: 303-756-2900   |   Toll Free: 877-937-2900   |   Fax: 303-756-2911



**Standard Terms and Conditions – Continued**

Corporation, but will also help to ensure consistent results in litigation. As part of this Agreement, AEI Corporation requires immediate advisement of the filing of any motion to exclude, or any Daubert-style motion, challenging an AEI Corporation expert and/or expert's testimony, as well as a copy of all motion papers. All data related to deadlines to the motion or any hearing related to the challenge must be provided to AEI Corporation in a timely manner. In order to defend its employees AEI Corporation will be allowed to provide input and assist in the preparation of any written opposition of such motion. AEI Corporation retains the right to hire independent counsel to advise them with respect to such motion, to prepare written opposition to such motion, and/or to attend any hearing related to the challenge to ensure the interests of the AEI Corporation expert are adequately represented. Reasonable and appropriate actions to obtain pro hoc vice admission of counsel selected by AEI Corporation should be considered. AEI Corporation will be advised of judicial decisions on any such motion and will receive a copy of any order issued by the court.

13. To the fullest extent permitted by law, and not withstanding any other provision of this agreed to, the total liability, in the aggregate, of AEI Corporation, its officers, directors, partners, employees and sub-consultants, and any of them, to the Client, for any and all claims, losses, costs or damages, including attorney's fees costs and expert-witness fees and costs of any nature whatsoever or claims expenses resulting from or in any way related to the Project or Agreement from any cause or causes shall not exceed the total compensation received by the AEI Corporation, or the total amount of $50,000, whichever is greater. It is intended that this limitation apply to any and all liability or cause of action however alleged or arising, unless otherwise prohibited by law.

14. A fee will be charged for storage of evidence commencing when AEI Corporation acquires the evidence.

15. Normal storage will be provided for any items or legal evidence in the possession of, or stored by, AEI Corporation, with the understanding that the Client shall fully and unconditionally indemnify, defend and hold harmless AEI Corporation, and its successors and assigns, from any loss, liability, claim, action or suit arising from or incurred in connection with possessing, storing, examining, testing or any other services in connection with possessing such items.

16. Evidence shipped at the request or direction of the Client or on behalf of the Client will be shipped via method and carrier selected by AEI Corporation, unless other arrangements are made. Shipment must be prepaid, or it will be shipped C.O.D. The Client will pay packaging expenses. Regardless of shipping method or carrier used, Client agrees to defend, indemnify, protect, and hold harmless AEI Corporation, its past, present, and subsequent officers, directors, attorneys, agents, shareholders, servants, employees, and affiliates [collectively "AEI"] from any and all claims, cross-claims, third-party claims, counterclaims, liabilities, judgments, verdicts, awards, settlements, actions, lawsuits, costs, fees, expenses, damages, attorney fees, legal expenses, and/or cause of action for the same made or to be made by others against AEI arising out of or in connection with any damage or loss of the evidence during or as a result of shipping. Client further covenants not to sue AEI in any court or to prosecute any action of any nature against AEI seeking recovery of damages, expenses or costs of any nature related directly or indirectly to any damage or loss of the evidence during or as a result of shipping.

 

**Standard Terms and Conditions – Continued**

17. The Client is responsible for all disposal fees related to the disposition of any evidence held by AEI Corporation, including any costs associated with the handling of hazardous materials.
18. All documents including but not limited to photographs, notes, audio recordings, video recordings, drawings produced by AEI Corporation are instruments of professional service and remain the property of AEI Corporation. Any reuse of these documents or the information contained therein is prohibited without the express written consent of AEI Corporation.
19. The Client shall provide AEI Corporation with all pertinent information, to the extent available, including any technical materials, expert reports, depositions, pleadings, to understand the nature of the claims.
20. The Client understands and acknowledges that forensic work, particularly that which is related to or results in litigation, may span a significant period of time. AEI will endeavor to maintain consistency in the AEI consultant or expert working for the Client. However, the Client understands and acknowledges that there may be circumstances outside of the control of AEI where the AEI consultant or expert working for the Client is no longer available, including but not limited to death, disability, or termination of employment of the consultant or expert. In those circumstances, AEI reserves the right to substitute another AEI consultant or expert to work for the Client and AEI will bear the cost of the time for that substitute consultant or expert to become familiar with the matter up to the date of substitution. The Client agrees to defend, indemnify, protect, and hold harmless AEI Corporation, its past, present, and subsequent officers, directors, attorneys, agents, shareholders, servants, employees and affiliates (collectively "AEI") from any and all claims, cross-claims, third-party claims, counterclaims, liabilities, judgments, verdicts, awards, settlements, actions, lawsuits, costs, fees, expenses, damages, attorney fees, legal expenses and/or cause of action for the same made to be made by others against AEI arising out of or in connection with the consultant or expert unavailability or substitution. Client further covenants not to sue AEI in any court or to prosecute any action of any nature against AEI seeking recovery of damages, expenses or costs of any nature related directly or indirectly to the constant or expert unavailability or substitution.
21. Severability. It is understood and agreed by the parties hereto that, if any part, term, or provision of this agreement is held by the courts to be illegal or in conflict with any law or statute of the State of Colorado, the validity of the remaining portions or provisions shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if the agreement did not contain the particular part, term or provision held to be invalid.
22. Rates and fees are subject to change on a calendar year basis without other notice.
23. This Retention Agreement and the rights and obligations created by this Retention Agreement are not assignable or transferable by either party without the advanced written consent of the other party.