Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | **Case No. 2:23-cv-00118-NDF** |
| v. | ) ) | **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS'** |
| WALMART INC. and JETSON ELECTRIC BIKES, LLC, | ) ) ) | **MOTION TO AMEND EXPERT DISCLOSURES** |
| Defendants. | ) ) | **JURY TRIAL DEMANDED** |

**NOW COME** the Defendants, Jetson Electric Bikes, LLC ("Jetson") and Walmart Inc. ("Walmart"), collectively "Defendants", by their attorneys, and respectfully submit the following brief in opposition to Plaintiffs' Motion to Amend Expert Disclosures:

## INTRODUCTION

Plaintiffs' Motion to Amend Expert Disclosures is basically a request from Plaintiffs to have a "do over" on their damage expert disclosures. Plaintiffs seek leave to name two additional damage experts – a plastic surgeon and an economist – and further seek to amend Dr. Ronald Snyder's life care plan opinions. Such requests are unduly prejudicial to Defendants and Plaintiffs fail to show good cause as to why they were unable to finalize their expert disclosures in accordance with the July 15, 2024 deadline as set forth in the Order on Initial Pretrial Conference (Doc. 48) and amended by the Court's May 13, 2024 Text Order. (Doc. 70). Further, Plaintiffs failed to substantively confer with defense counsel prior to filing the subject motion as required by U.S.D.C.L.R. 7.1(b)(1)(A).

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders may be modified only for good cause and with the judge's consent. In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotations omitted).

"'[T]rial courts have considerable discretion in determining what kind of showing satisfies this ... good cause standard.'" *Tesone*, 942 F.3d at 988 (quoting 3 James Wm. Moore, Moore's

Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). "In making this determination, the factor on which courts are most likely to focus ... is the relative diligence of the lawyer ... who seek[s] the change." *Id*. (citation omitted, alterations in original). "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id*. (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation also should not be considered good cause." *Id.* at 989 (citations and internal quotations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* at 988 (citation omitted). However, "[t]he lack of prejudice to the nonmovant does not show 'good cause.'" *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 301 (D. Kan. 1996) (citation omitted).

Expert disclosures are necessary for the parties to learn the identity of their opponent's expert witnesses, to identify rebuttal experts, and to properly prepare for trial. Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, a party must make its expert disclosures on or before the dates set by the Court's orders. F.R.C.P. 26(a)(2)(c). The Local Rules, which dovetail with the Federal Rules, state the Court will "establish deadlines by which any party ***shall*** designate ***all*** of their expert witnesses …" at the initial pretrial conference or amended scheduling order(s) entered thereafter. (emphasis added). U.S.D.C.L.R. 26(1)(g)(3).

## RELEVANT PROCEDURAL HISTORY

Here, the Court's Order on Initial Pretrial specifically states:

> In accordance with U.S.D.C.L.R. 26.1(g), the plaintiff shall designate expert witnesses and provide the defendant with a complete summary of the testimony of each expert by June 14, 2024... These summaries **shall** include a comprehensive statement of the expert's opinions and the basis for the

>    opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980)
>    … .

(Doc. 48). The Court entered a "text only" Order on May 13, 2024, extending the Plaintiffs' and Defendants' designation deadlines by 30 days to July 15, 2024 and September 13, 2024, respectively. (Doc. 70).

Plaintiffs filed their expert disclosures consistent with the text only order on July 15, 2024. (Doc. 73). Plaintiffs identified three experts, Ronald Snyder, MD – Pediatric and Adult Physiatrist (life care planner), Michael Schulz – Forensic Investigator (fire origin), and Derek King – Mechanical and Electrical Engineer (fire cause). *Id.* Plaintiffs further identified six non-retained medical experts, Scott Sulentich, MD, Kris Sherwin, PA-C, Giovanni Lewis, MD, Michael Nelson, Mindy Tollefson, MSW, LCSW, and Joel Robertson, MD, along with generically identifying the "treaters" at the various medical facilities that Plaintiffs received care. *Id.* Plaintiffs did not specifically identify one of Stephanie Wadsworth's treating physicians, Dr. LaChappelle, despite having access to information about Dr. LaChappelle's care directly from Stephanie Wadsworth along with her medical records.

Defendants subsequently noticed and took the depositions of Plaintiffs' retained experts. The expert depositions were taken on the following dates:

- Dr. Ronald Snyder – August 14, 2024;
- Derek King – August 19, 2024;
- Michael Schulz – September 10, 2024 (rescheduled from an original August 21, 2024 deposition date)

(LaFlamme Dec. ¶3). Defendants have also deposed non-retained medical experts Dr. Scott Sulentich, Dr. Giavanni Lewis, Michael Nelson (physical therapist), and Mindy Tollefson, LCSW.

4

Plaintiffs filed this motion on September 3, 2024, 50 days after their disclosure and just 10 days before Defendants' designation deadline. (Doc. 76). Inexplicably, Plaintiffs also filed an untimely and unauthorized supplemental brief in support of the motion on September 13, 2024 – the same date that Defendants' expert disclosures were due. (Doc. 79).

To try and justify their request to amend, Plaintiffs contend that the depositions of Plaintiffs own treating medical providers and non-retained experts, Dr. Scott Sulentich and Dr. Giavanni Lewis, and their retained life care planner, Dr. Ronald Snyder, revealed new information that they were not privy to prior to the depositions that necessitated the need to retain a plastic surgery expert to address Plaintiffs' future plastic surgery needs. Plaintiffs further contend that "early attempts at setting treating provider depositions proved challenging" was the root of their inability to provide Drs. Sulentich, Lewis, and Snyder the necessary information to provide informed testimony. (Doc. 79 at 2-3).

Plaintiffs allege that they were unable to name a plastic surgery expert because Plaintiffs' named life care planning expert, Dr. Ronald Snyder, was unable to communicate with Stephanie Wadsworth's own plastic surgeon, Dr. LaChappelle, about future plastic surgery needs. (Doc. 76 at ¶5). At Dr. Snyder's deposition, he testified that he sent a letter to Dr. LaChappelle on June 6, 2024, but he did not receive a response. (LaFlamme Dec. ¶6, Ex. 1: Snyder Dep. 37:7-21). Significantly, Dr. Snyder's report is dated June 4, 2024 – two days prior to the date that he sent the letter to Dr. LaChappelle. Dr. Snyder made no further efforts to follow up with Dr. LaChappelle's office until August 13, 2024 when he reached out saying "Hey, where is this." (LaFlamme Dec. ¶6, Ex. 1: Snyder Dep. 38:3-11).[1] Dr. Snyder testified he "had some discussions

---

[1] Plaintiffs allege that Dr. Snyder engaged in "multiple attempts to communicate with Dr. LaChappelle to no avail." However, at his deposition, Dr. Snyder testified he sent a questionnaire on June 6, 2024, via certified mail and followed up with a phone call on August 13, 2024. There were not "multiple attempts" made prior to Plaintiffs' July 15, 2024 expert disclosure deadline.

5

with Plaintiffs' counsel [ ] needing [ ] additional clarification, because [he's] not a plastic surgeon. (LaFlamme Dec. ¶6, Ex. 1: Snyder Dep. 39:5-11). Plaintiffs' counsel did not provide Dr. Snyder with any additional information and Dr. Snyder made no further efforts to obtain additional information on his own. Rather, Plaintiffs stood on Dr. Snyder's June 4, 2024 expert report.

Plaintiffs claim Dr. LaChappelle's office refused to participate in a conference call with Attorney Ayala and, therefore, Plaintiffs could not provide Dr. Snyder with sufficient information to complete his life care plan. (Doc. 79, Ex. D). However, this email exchange occurred 43 days *after* Plaintiffs' expert disclosure deadline, 82 days after Dr. Snyder requested the information from Plaintiffs' counsel, and 84 days after Dr. Snyder authored his report.

Plaintiffs allege for the first time in their supplemental brief (filed 10 days after their motion and on the same day that Defendants' expert disclosures were due) that a plastic surgery expert and a life care plan and resultant care costs, including that of an economist, will *also* be necessary for Weston Wadsworth. (Doc. 79 at 3-4). Plaintiffs, however, did not ask Dr. Snyder to complete a life care plan for Weston and did not provide Dr. Snyder any information from Weston's treaters. (LaFlamme Dec. ¶4, Ex. 1: Snyder Dep. 7:1-9).

Plaintiffs further contend that they mistakenly failed to identify their economist expert at the July 15, 2024 disclosure deadline.

## ARGUMENT

### A. Plaintiffs have failed to demonstrate that they exercised "diligence" in attempting to obtain the information necessary for these newly proposed experts.

Plaintiffs' excuses and explanations as to why they did not designate a plastic surgery expert for Stephanie Wadsworth do not constitute "good cause." They attempt to blame lack of cooperation from treating physicians, namely Dr. LaChappelle and his refusal to respond to Plaintiffs' retained life care planning expert or Attorney Ayala. Plaintiffs had access to formal

6

discovery tools (*e.g.* subpoenas) to compel cooperation, or at least, obtain the purportedly necessary information from their own treating physicians within the timeframes and deadlines established by the Court. Yet Plaintiffs never subpoenaed or noticed any treating physician depositions. (LaFlamme Dec. ¶5). Only Defendants have issued subpoenas and deposition notices for Plaintiffs' treating physicians. (LaFlamme Dec. ¶4). The Tenth Circuit has clearly indicated "diligence" requires "counsel to proceed promptly with the **normal** process of discovery[.]" *Tesone*, 942 F.3d at 989 (emphasis added). Inability to obtain cooperation is not "good cause" when formal discovery tools were available.

Not only did Plaintiffs rely upon informal discovery efforts at their own risk, the timing of such efforts also does not demonstrate "diligence." Plaintiffs' life care planner, Dr. Snyder, did not attempt to contact Dr. LaChappelle until June 6, 2024 - 2 days after Dr. Snyder apparently completed his expert report. (LaFlamme Dec. ¶6, Ex. 1: Snyder Dep. 37:7-21). Dr. Snyder did nothing to follow up with Dr. LaChappelle until August 13, 2024—nearly a month after Plaintiffs' expert designation deadline. (LaFlamme Dec. ¶6, Ex. 1: Snyder Dep. 38:3-8). Attorney Ayala did not attempt to obtain the purportedly necessary information from Dr. LaChappelle until 43 days *after* Plaintiffs' expert disclosure deadline, 82 days after Dr. Snyder requested the information from Dr. LaChappelle, and 84 days after Dr. Snyder authored his report. This timeline does not demonstrate diligence.

Moreover, Plaintiffs offer no explanation as to why they waited until September 3, 2024 to raise these issues with the Court. They knew on July 15, 2024 the information Dr. Snyder had and the information he did not. For non-retained experts, including treating physicians, parties are required to provide "a complete summary of the testimony expected from each expert[.]" (Doc. 48 at 3); *see also Wapiti Corp. v. Thorcon Shotcrete & Shoring, LLC*, No. 22-CV-175-F, 2023 WL

7

4893544, at *3 (D. Wyo. Apr. 11, 2023) ("Each expert, even a non-retained expert, must provide the subject matter and a summary of the facts and opinions to which the expert will testify."). Anything Plaintiffs learned after July 15, 2024 regarding the need for expert testimony demonstrates that their initial designations were either deficient or that Plaintiffs were not diligent in evaluating their expert needs. Neither constitutes "good cause" warranting a "do over" on Plaintiffs' expert disclosures.

Plaintiffs allege for the first time on September 13, 2024 (Defendants' expert designation deadline) that they also now need to designate a plastic surgery expert, life care plan and an economist for Weston Wadsworth. (Doc. 79 at 3-4). Plaintiffs offer no explanation as to why they could not have designated these experts on July 15, 2024. Plaintiffs did not ask Dr. Snyder to complete a life care plan for Weston and did not provide Dr. Snyder any information from Weston's treaters. (LaFlamme Dec. ¶6, Ex. 1: Snyder Dep. 171:14-24). Plaintiffs' request to amend their expert disclosures now to include additional experts and new damage claims constitutes "gamesmanship" by creating "new and improved" expert reports to bolster their own existing expert opinions, inapposite of the scheduling order deadlines. *State Farm Mut. Auto. Ins. Co. v. Newmar Corporation,* 543 F.Supp.3d 1079, 1084 (D.N.M. 2021).

Plaintiffs contend they "accidentally omitted listing their forensic economist". (Doc. 76, at ¶ 9; Doc 79 at 4). "[C]arelessness is not compatible with a finding of diligence[.]" *Tesone*, 942 F.3d. at 989. Not only was the initial omission the result of carelessness, but Plaintiffs offer no explanation as to why this "accidental omission" was not discovered until 50 days *after* Plaintiffs' designations. Notably, the "good cause" standard is more stringent than "excusable neglect." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) ("good cause" requires a greater showing than

8

"excusable neglect."). Even under the more lenient "excusable neglect" standard, "simple inadvertence or mistake of counsel or ignorance of the rules" does not suffice. *Id.*

**B. Defendants will be prejudiced if Plaintiffs are permitted to designate new experts at the eleventh hour.**

While the Court should consider possible prejudice to an opposing party when evaluating a motion to amend the scheduling order, lack of prejudice does not show "good cause." *Pulsecard, Inc.,* 168 F.R.D. at 301. Even so, Defendants would be unreasonably prejudiced by the addition of newly disclosed experts by Plaintiffs for newly divulged topics (*i.e.*, economist, plastic surgery and life care plans for Stephanie and Weston Wadsworth). Such new disclosures would require additional time, expense, and use of resources by Defendants to source and retain additional rebuttal experts, provide newly developed reports to its existing retained experts, and incur the expense of new and/or supplemental reports due to Plaintiffs' failures.

Plaintiffs contend that Defendants will sustain no prejudice, as they will have ample time "to disclose an expert in the same specialty" as Defendants' expert disclosures were not due until September 13, 2024. (Doc. 76 at ¶15). However, Defendants' expert disclosures were due within 10 days of Plaintiffs' instant motion. If the motion is granted, Defendants will need to retain additional experts, amend its prior expert disclosures to address the new opinions, re-depose Plaintiffs' experts that supplement their opinions and/or depose Plaintiffs' new experts. This will cause a substantial delay in the current litigation schedule, cause undue costs to Defendants and basically require a "do over" of expert discovery. Based on these reasons, Defendants are unduly prejudiced by Plaintiffs' request.

While the Court recently rescheduled the trial, the new trial date does not provide sufficient time to accommodate Plaintiffs' delayed request. Originally, trial was to begin January 27, 2025. Now, trial is set for March 3, 2025, which is just a 35-day extension. The delays resulting from

Plaintiffs' proposed extensions would risk losing this trial date. The Defendants have diligently worked on this case and made arrangements for their witnesses and experts. Any changes will undoubtedly be prejudicial.

Further, at the status conference on September 3, 2024, the Court issued an Amended Scheduling Order which stated "Expert Witness Designation - Plaintiff's Designation Deadline – Completed" and further read "Plaintiff has already designated expert witnesses and provided Defendant with a complete summary of the testimony of each expert. As previously ordered, Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by September 13, 2024." (Doc. 78). Plaintiffs have not made a showing of good cause as to why they were unable to timely identify a plastic surgeon, economist or complete life care plans, and have made no showing of due diligence in curing this failure in the approximate 2 months following their July 15, 2024 disclosures.

Failure to adequately prepare their experts and/or name all the necessary experts lacks the necessary diligence to support Plaintiffs' request for leave to amend their expert disclosures.

### C. Plaintiffs Motion to Amend Expert Disclosures is procedurally defective and should be denied.

Plaintiffs are required, pursuant to U.S.D.C.L.R. 7.1(b)(1)(A), to confer with Defendants regarding all non-dispositive motions prior to filing. Specifically, Rule 7.1(b)(1)(A) states:

> Duty to Confer. [] [T]he Court will not entertain any non-dispositive motion unless counsel for the moving party has conferred and made reasonable good faith efforts to resolve the dispute with, or obtain the consent of, opposing counsel prior to filing the motion. The moving party **shall state** in the motion the specific efforts to comply with this rule and the position of the opposing party. A motion may be summarily denied for failure to certify conferral…

*U.S.D.C.L.R. 7.1(b)(1)(A).*

Here, Plaintiffs did not make a good faith effort to confer with Defendants. In fact, Defendants' first notice of Plaintiffs' intent to file the motion was via email on September 3, 2024 at 12:21 p.m. CT by Attorney Rudwin Ayala in which he states "… I will be filing a Motion to Amend Expert Disclosures today to add my economist … also a plastic surgery expert … don't know if you will have much of an objection, but wanted to run it by you regardless." (LaFlamme Dec. ¶7, Ex. 2: Ayala Email).  Before Defendants could even respond to Attorney Ayala's email, Plaintiffs' motion was electronically filed by Attorney Ayala at 2:31 p.m. CT. (LaFlamme Dec. ¶8, Ex. 3: E-Filing Notification).  A courtesy copy of the proposed order was emailed to Defendants at 3:43 p.m. CT by Attorney Ayala's paralegal, Samanda Leroy. (LaFlamme Dec. ¶9, Ex. 4: Leroy Email).  No additional efforts to confer with Defendants were made at any time prior to the September 3, 2024 e-mail.

Plaintiffs' failure to confer is not simply a technical hoop they failed to jump; rather, it is a procedural duty that requires counsel, in good faith, to attempt to resolve disputes before they ripen into a formal motion. *Trial Lawyers College v. Gerry Spence's Trial Lawyers College,* 2021 WL 7287674, at *2 (June 11, 2021) (citing *Farris v. Roberts,* No. CV 12-221 Mv/LFG, 2013 WL 12164704, at *1 (D.N.M. May 3, 2013)). While the Court has broad discretion to grant or deny procedural motions, "to disregard the duty-to-confer requirement essentially renders the procedural rules and the district's own local rules meaningless and relegates them to mere suggestions."

Plaintiffs did not make a good faith effort to confer under the meaning and intent of Local Rule 7.1 and, therefore, under the plain language of the Rule, their motion should be summarily denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend Expert Disclosures should be denied because Plaintiffs have not shown good cause as to why they failed to name a plastic surgeon, economist or complete and final life care plans by the July 15, 2024 expert disclosure deadline. Further, Plaintiffs failed to confer with Defendants as required by Local Rule 7.1

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: September 17, 2024       By: _____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2024, a true and correct copy of the foregoing was electronically served to all counsel of record.

**EUGENE M. LaFLAMME, Esq.**