Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, <br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No. 2:23-cv-00118-KHR**<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DEADLINE FOR DISPOSITIVE MOTIONS OR ALTERNATIVELY, MOTION TO CONTINUE TRIAL**<br><br>**JURY TRIAL DEMANDED** |

1

**NOW COME** the Defendants, Jetson Electric Bikes, LLC ("Jetson") and Walmart Inc. ("Walmart"), collectively "Defendants", by their attorneys, and respectfully submit the following brief in opposition to Plaintiffs' Motion to Extend the Deadline for Dispositive Motions or Alternatively, Motion to Continue Trial:

## INTRODUCTION

Plaintiffs' Motion to Extend the Deadline for Dispositive Motions or Alternatively, Motion to Continue Trial is unduly prejudicial to Defendants, and Plaintiffs fail to show good cause as to why they are unable to finalize dispositive motions in accordance with the November 7, 2024 deadline as set forth in the Amended Scheduling Order (Doc. 78).

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders may be modified only for good cause and with the judge's consent. In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotations omitted).

"'[T]rial courts have considerable discretion in determining what kind of showing satisfies this ... good cause standard.'" *Tesone*, 942 F.3d at 988 (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). "In making this determination, the factor on which courts are most likely to focus ... is the relative diligence of the lawyer ... who seek[s] the change." *Id*. (citation omitted, alterations in original). "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor

its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id*. (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation also should not be considered good cause." *Id.* at 989 (citations and internal quotations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* at 988 (citation omitted). However, "[t]he lack of prejudice to the non-movant does not show 'good cause.'" *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 301 (D. Kan. 1996) (citation omitted).

## RELEVANT PROCEDURAL HISTORY

The Court entered an Order on Initial Pretrial Conference (Doc. 48) on November 1, 2023 which set the Dispositive Motion Deadline for October 15, 2024. (Doc. 48). The Order specifically states that "[p]arties may depose an opposing party's experts after the discovery cutoff date but must complete the depositions at least fourteen (14) days prior to the final pretrial conference" (Doc. 48) meaning that dispositive motions are not dependent upon a party's ability to depose identified expert(s).

On September 3, 2024, the Court held a scheduling conference with all parties to discuss the trial setting issues and revised scheduling dates. At no point during this conference did Plaintiffs' counsel address his November 18, 2024 trial or any perceived conflicts that may arise out of it for scheduling purposes. As a result, the Court issued an Amended Scheduling Order (Doc. 78) which re-set the dispositive motions and Daubert challenges deadline to November 7, 2024.

Defendants designated their expert witnesses on September 13, 2024, in accordance with the Court's Order. (Doc. 70). Plaintiffs' counsel first reached out about scheduling depositions of

3

Defendants' experts on September 23, 2024. Defense counsel immediately responded and coordinated over the next several weeks to find dates of availability that would fit the deponents and counsels' schedules. The primary hurdle, however, has proven to be Attorney Ayala's November trial.

Plaintiffs contend that they will not have adequate opportunity to take the depositions of Plaintiffs' own treating providers or Defendants' disclosed witnesses by the November 7, 2024 deadline. However, depositions of the same are not required pursuant to the Order on Initial Pretrial Conference to file dispositive motions and Daubert challenges. Again, Plaintiffs already have access to the knowledge and information they seek to learn from Plaintiffs' own treating physicians. Further, Defendants' experts will stand on the opinions as stated in their expert reports that were provided to Plaintiffs on September 13, 2024. Plaintiffs will not be disadvantaged by proceeding with the deadlines as set forth by the Court; however, Defendants will as they have diligently worked to schedule the necessary depositions and comply with the Court's Order and Amended Scheduling Order deadlines.

Plaintiffs filed this motion on October 16, 2024, 93 days after their disclosures, 33 days after Defendants' disclosures and only 22 days *before* the dispositive motions and Daubert challenges deadline. Inexplicably, Plaintiffs did not bring up any scheduling concerns or conflicts at the September 3, 2024 scheduling conference.[1] Plaintiffs once again seek an "end-run" around the discovery deadlines set forth by this Court in an attempt to re-open expert discovery to amend their prior expert disclosures wherein they failed to name several experts pursuant to the June 15, 2024 deadline set forth by this Court.

---

[1] Plaintiffs' counsel contends that he has a trial beginning November 18, 2024 which will prevent him from taking the remaining expert depositions he desires. Plaintiffs' counsel makes no mention of any efforts taken to utilize additional attorneys at his firm to assist him.

4

Defendants made every effort to accommodate Plaintiffs' experts' scheduling constraints including utilizing co-counsel to attend and participate in the deposition(s) to ensure they had the necessary information to proceed with the deadlines set forth by this Court. Plaintiffs have at least three attorneys of record in this case: Ms. Goody, Mr. Ayala, and Mr. Morgan. Morgan & Morgan is the largest plaintiffs' firm in the country. Attorney Ayala's inability, or failure, to manage his calendar or utilize co-counsel should not be rewarded with new discovery deadlines.

## ARGUMENT

**A. Plaintiffs have failed to demonstrate that they exercised "diligence" in attempting to schedule expert depositions.**

Plaintiffs' excuses and explanations as to why they are unable to schedule the depositions of Plaintiffs' own treating physicians and Defendants' identified experts do not constitute "good cause". They attempt to blame scheduling as a reason they are unable to proceed with the dispositive motion and Daubert challenge deadlines set forth by this Court on September 3, 2024. Plaintiffs' counsel attempts to deflect their own inability to manage their calendar on the availability of the experts, physicians, and counsel. However, Defendants have made every effort to provide a multitude of dates for their experts, have made multiple attorneys at their firm available to attend the depositions, and are prepared to proceed with the deadlines set forth in the Amended Scheduling Order.

Plaintiffs' failure to adequately plan or manage their own scheduling does not demonstrate "diligence". Plaintiffs had the opportunity at the September 3, 2024 scheduling conference to alert the Court of perceived deadline conflicts, had the opportunity to enlist the assistance of other co-counsel, and to date have had the opportunity to subpoena or notice the depositions of Plaintiffs' treating physicians, but have chosen not to do so.

Rather, Plaintiffs seek an extension of deadlines as another effort to re-open expert discovery by disrupting the Court's calendar such that trial would be impossible on the dates set by the Court. Moreover, Plaintiffs make no explanation why they cannot meet the dispositive motion and Daubert challenge deadline based upon the written reports, information, and knowledge available to them to date.

While the Court should consider possible prejudice to an opposing party when evaluating a motion to amend the scheduling order, lack of prejudice does not show "good cause." *Pulsecard, Inc.,* 168 F.R.D. at 301. Defendants have already expended time and effort to ensure they have the necessary information to meet the deadline set forth by the Court, including scheduling and accommodating Plaintiffs' experts' availability for deposition.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Extend the Deadline for Dispositive Motions or Alternatively, Motion to Continue Trial should be denied because Plaintiffs have not shown good cause as to why they cannot meet the dispositive motion deadline.

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: October 18, 2024      By: _____
Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2024, a true and correct copy of the foregoing was electronically served to all counsel of record.

**EUGENE M. LaFLAMME, Esq.**