| | |
|---|---|
| Taly Goody, Esq.<br>Wyoming Bar No.: 8-6737<br>Greyson M. Goody, Esq.<br>GOODY LAW GROUP<br>58 Malaga Cove Plaza<br>Palos Verdes Estates, CA 90274<br>Telephone: (310) 893-1983<br>Email: taly@GoodyLawGroup.com<br>         greyson@GoodyLawGroup.com | T. Michael Morgan, Esq*<br>Florida Bar No.: 062229<br>Rudwin Ayala, Esq*<br>Florida Bar No.: 84005<br>MORGAN & MORGAN, P.A<br>20 N. Orange Ave, Suite 1600<br>Orlando, FL 32801<br>Telephone: (407) 420-1414<br>Email: mmorgan@forthepeople.com<br>         rayala@forthepeople.com<br>*\* Pro Hac Vice*<br>*Attorneys for*<br>*Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF GREGORY GORBETT, PH.D.

**COMES NOW,** the Plaintiffs, Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, (hereinafter "Plaintiffs") by and through their counsel of record Rudwin Ayala, Esquire and Morgan & Morgan, and pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 702, submit this Motion to Exclude

the Purported Expert Testimony of Gregory Gorbett, Ph.D., showing this Honorable Court as follows:

1. This is a product liability action in which Plaintiffs allege that Defendants are liable for their injuries sustained on February 1, 2022, when the Jetson hoverboard they purchased from Walmart exploded and caught fire in the Plaintiffs' home, causing severe injuries to the Plaintiffs.

2. Plaintiffs have alleged that Defendant Jetson Electric Bikes, LLC (hereinafter "Jetson") defectively designed and manufactured the subject hoverboard, and that Jetson is hereby liable to Plaintiffs for said defects based upon negligence and strict liability, as well as for breaches of warranties of merchantability and fitness for a particular purpose.

3. Plaintiffs have alleged that Defendant Walmart, as retailer/distributor is also liable to Plaintiffs for said defects based upon negligence and strict liability, as well as for breaches of warranties of merchantability and fitness for a particular purpose.

4. Specifically, Plaintiffs have alleged that the defective design and manufacture of the subject hoverboard resulted from the internal failures of the subject hoverboard components, namely the lithium-ion battery.

5. The battery within the subject hoverboard suffered an internal short circuit or malfunction, causing cells within the battery pack to "vent", or explode, resulting in a fire event within the Wadsworth home which spread throughout the entire home.

6. Plaintiff, Stephanie Wadsworth and Weston Wadsworth suffered permanent, life-altering injuries as a result of the significant burns sustained by both.

7. Defendants have denied Plaintiffs' claims and allege that the fire started in a shed outside of the home. More specifically, Defendants allege that the fire began in a shed outside of the boys' bedroom ("Bedroom 4") and then spread to the home.

8.  In support of this defense, Defendants have offered the purported expert testimony of Gregory Gorbett, Ph.D. ("Gorbett"), who offered opinions concerning the fire patterns and fire modeling, and origin of the fire.

9.  Specifically, Gorbett testified that the only possible origin of this fire, upon analyzing the fire models, is the outside shed.

10. Fed. R. Evid. 702 governs the admissibility of expert testimony, tasking the Court with acting as gatekeeper to only allow reliable testimony from a qualified expert in order to assist the jury with technical aspects of a case.

11. As demonstrated below, however, Gorbett's opinions fail to meet the reliability requirements prescribed by Fed. R. Evid. 702 and must be excluded.

12. Furthermore, Gorbett's opinions are merely a back-door attempt at stacking yet another expert to conclude on origin of the fire, masked with the veil of his fire models.

13. The rules of this jurisdiction specifically forbid duplicative, overlapping expert testimony.

14. For the reasons set forth herein and in the accompanying Brief, Plaintiffs respectfully request this Court enter an Order excluding Gorbett's opinions and otherwise striking him as an expert witness.

Date: December 2, 2024

Respectfully submitted,

*/s/ Rudwin Ayala*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A.**
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Facsimile: (561) 764-2270
Primary Email: rayala@forthepeople.com
Secondary Email: sleroy@forthepeople.com
\* *Pro Hac Vice Attorney for Plaintiffs*

                */s/ Taly Goody*
                **TALY GOODY, ESQ.**
                Wyoming Bar No.: 8-6737
                **GREYSON M. GOOD, ESQ.**
                **GOODY LAW GROUP**
                58 Malaga Cove Plaza
                Palos Verdes Estates, CA 90274
                Telephone: (310) 893-1983
                Email: taly@goodylawgroup.com
                *Attorney for Plaintiffs*

                */s/ T. Michael Morgan*
                **T. MICHAEL MORGAN, ESQ.**
                Florida Bar No.: 062229
                Kentucky Bar No.: 94856
                **MORGAN & MORGAN, P.A.**
                20 N. Orange Ave., Suite 1600
                Telephone: (407) 420-1414
                Primary Email:
                mmorgan@forthepeople.com
                Secondary Email:
                akelseyflowers@forthepeople.com
                \* *Pro Hac Vice Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2024, a true and correct copy of the foregoing Motion was electronically served to all counsel of record by using the CM/ECF system:

Counsel for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com

Jared B. Giroux – jguiroux@MLLlaw.com

Jillian L. Lukens – jlukens@MLLlaw.com

*/s/ Rudwin Ayala*
Florida Bar No.: 84005
Admitted Pro Hac Vice