| | |
|---|---|
| Taly Goody, Esq.<br>Wyoming Bar No.: 8-6737<br>Greyson M. Goody, Esq.<br>GOODY LAW GROUP<br>58 Malaga Cove Plaza<br>Palos Verdes Estates, CA 90274<br>Telephone: (310) 893-1983<br>Email: taly@GoodyLawGroup.com<br>         greyson@GoodyLawGroup.com | T. Michael Morgan, Esq*<br>Florida Bar No.: 062229<br>Rudwin Ayala, Esq*<br>Florida Bar No.: 84005<br>MORGAN & MORGAN, P.A<br>20 N. Orange Ave, Suite 1600<br>Orlando, FL 32801<br>Telephone: (407) 420-1414<br>Email: mmorgan@forthepeople.com<br>         rayala@forthepeople.com<br>*\* Pro Hac Vice*<br>*Attorneys for*<br>*Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS IN RESPONSE TO DEFENDANTS' WALMART, INC., AND JETSON ELECTRIC BIKES LLC., MOTION FOR SUMMARY OF JUDGMENT AND STATEMENT OF MATERIAL FACTS**

**COME NOW,** the Plaintiffs, Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, (hereinafter "Plaintiffs") by and through their counsel of record Rudwin Ayala, Esquire and Morgan & Morgan, and submit their Statement of Disputed Material Facts for which a genuine issue of

material fact exists, and Plaintiffs' Response to Defendants' Motion for Summary Judgment filed on December 2, 2024. For the reasons set for the below, Defendants' Motion should be denied.

I. INTRODUCTION

The following Statement of Disputed Material Facts shall be considered together with Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, filed on December 16, 2024. Pursuant to L.R 7.2 (D), the disputed material facts herein shall be identified by paragraph number as it appears on Defendants' Motion for Summary Judgment, followed by reference with particularity either to (1) those portions of the record upon which the Plaintiffs' rely or (2) the portion of the Plaintiffs' argument showing that the materials the Defendants cited do not establish the absence of a genuine dispute. Plaintiffs respond to Defendants' Statement of Material Facts as follows:

II. STATEMENT OF DISPUTED MATERIAL FACTS

**Defendants' Statement #4**:  When G.W. and L.W. woke up, there was already fire at their bedroom window (which is directly adjacent to their bunk bed), and the window had broken. (LaFlamme Dec. ¶4, Ex. 2: G.W. Dep. 17:3-19; ¶6, Ex. 4: L.W. Dep. 11:22-12:18).

**Plaintiffs Response to #4**:  (Exhibit 2 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: Sheaman Dep. Pg. 306:12-308:9)


**Defendants' Statement #6:** Mrs. Wadsworth smoked in the smoking shed a couple of hours before the fire was identified. (LaFlamme Dec. ¶7, Ex. 5: S. Wadsworth Dep. 89:17-90:8)

**Plaintiffs Response to #6**:  (Exhibit 10 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: S. Wadsworth Dep. Pg. 89:4-90:8)

**Defendants' Statement #7:** Mrs. Wadsworth also consumed about ten alcoholic drinks the evening/morning before the fire. (LaFlamme Dec. ¶7, Ex. 5: S. Wadsworth Dep. 62:24-64:7, 90:9-91:24)

**Plaintiffs Response to #7**: (Exhibit 10 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: S. Wadsworth Dep. Pg. 90:12-14)

**Defendants' Statement #14:** Derek King is Plaintiffs' only fire cause expert. His opinion is that the fire was caused by the alleged failure of two of the ten total lithium-ion battery cells in the subject hoverboard. (LaFlamme Dec. ¶12, Ex. 10: King Report, pg. 10; ¶13, Ex. 11: King Dep. 190:20-191:9)

**Plaintiffs Response to #14**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.B.)

**Defendants' Statement #25:** King did not know that UL 2580 was the standard that applied to lithium-ion battery cells and therefore did not consult UL 2580 at all in his analysis. (LaFlamme Dec. ¶13, Ex. 11: King Dep. 50:23-51:1; 69:5-16)

**Plaintiffs Response to #25**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.C.i.(a) and (c))

**Defendants' Statement #26:** King only attended the hoverboard inspection on February 29, 2023, reviewed CT scans of the hoverboard and visually inspected an exemplar Jetson Plasma hoverboard. (LaFlamme Dec.¶13, Ex. 11: King Dep. 9:22-25, 65:4-16, 37:6-7)

**Plaintiffs Response to #26**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.A and II.1.C.i.(a))

**Defendants' Statement #28:** King did not review any of Jetson's or Walmart's discovery documents, which included certifications and test records for the Jetson Plasma hoverboard and its components – including the lithium-ion batteries. (LaFlamme Dec. ¶13, Ex. 11: King Dep. 65:25-66:5)

**Plaintiffs Response to #28**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.A and II.1.C.i.(a))

**Defendants' Statement #31:** King did not do anything to assess whether the fire could have started at the smoking shed. (LaFlamme Dec. ¶13, Ex. 11: King Dep. 189:25-190:3)

**Plaintiffs Response to #31**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.A)

**Defendants' Statement #32:** King acknowledged that there was arcing on wires in the smoking shed, and no arcing in G.W. and L.W.'s bedroom or in the hoverboard. (LaFlamme Dec. ¶13, Ex. 11: King Dep. 90:23- 92:3; 195:24-196:2)

**Plaintiffs Response to #32**: (Exhibit 1 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: King Dep. Pg. 90:23-91:12)

**Defendants' Statement #33:** The identification of electrical arcing (i.e. arc mapping) can be used to help determine a fire's origin and spread. See NFPA 921 (2021 ed.) § 3.3.9. (LaFlamme Dec. ¶15, Ex. 13: NFPA 921 (2021 ed.), pg. 14)

**Plaintiffs Response to #33**:  (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.A)(Doc. #95- BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF BRIAN STRANDJORD, PE AND BRIEF IN SUPPORT; Exhibits B, E, and F thereto)

**Defendants' Statement #34:** King did not know where the electrical service came into the house (it came in directly above the smoking shed). (LaFlamme Dec. ¶13, Ex. 11: King Dep. 92:15-17).

**Plaintiffs Response to #34**:  (Plaintiffs' have provided no reliable, corroborative evidence that the electrical service came in directly above the smoking shed)

**Defendants' Statement #35:** King did not know where the electrical service came into the house (it came in directly above the smoking shed). (LaFlamme Dec. ¶13, Ex. 11: King Dep. 92:15-17).

**Plaintiffs Response to #35**:  (Exhibit 10 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: S. Wadsworth Dep. Pg. 89:4-90:8)(Exhibit 10 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: S. Wadsworth Dep. Pg. 90:12-14)

**Defendants' Statement #36:** King acknowledged that, as an expert conducting an investigation, it is important to have all the information about the fire loss to render an opinion. (LaFlamme Dec. ¶13, Ex. 11: King Dep. 196:7-20)

**Plaintiffs Response to #36**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.A and II.1.C.i.(a))

**Defendants' Statement #38:** King has not done any research to determine the percentage of chance of two cells failing at the same time, noting that the circumstances of his dual failure theory was "unusual" and "a coincidence". (LaFlamme Dec. ¶13, Ex. 11: King Dep. 191:10-192:6)

**Plaintiffs Response to #38**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.A and II.1.C.i.(a))

**Defendants' Statement #42:** Both Sheaman and Robinson initially concluded that the fire started in G.W. and L.W.'s bedroom and originated at the hoverboard, but they both acknowledged that their conclusions were only based on the information they had at the time (LaFlamme Dec. ¶16, Ex. 14: Sheaman Dep. 117:17-21, 255:6-16; ¶17, Ex. 15: Robinson Dep. 156:7-157:4, 184:12-23)

**Plaintiffs Response to #42**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.B.i.)

**Defendants' Statement #44:** Sheaman has not been provided with any additional information related to this fire since March 4, 2022. (LaFlamme Dec. ¶16, Ex. 14: Sheaman Dep. 164:24-165:2).

**Plaintiffs Response to #44**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.B.i.)

**Defendants' Statement #45:** Sheaman agreed that to complete a "full and thorough origin and cause investigation under NFPA 921 – Guide for Fire and Explosion Investigations, [he] would need to consider all evidence that's been uncovered." (LaFlamme Dec. ¶16, Ex. 14: Sheaman Dep. 203:8-22

**Plaintiffs Response to #45**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.B.i.) (Exhibit 2 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: Sheaman Dep. Pg. 251:19-252:10; 314:4-316:13)

**Defendants' Statement #46:** Sheaman agreed that if "additional information comes to light, he would need to consider that evidence under NFPA 921." (LaFlamme Dec. ¶16, Ex. 14: Sheaman Dep. 252:11-14)

**Plaintiffs Response to #46**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.B.i.) (Exhibit 2 to Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: Sheaman Dep. Pg. 251:19-252:10; 314:4-316:13)

**Defendants' Statement #56:** Sheaman and Robinson were not privy to any of the information identified during the four additional inspections or any of the discovery conducted in this case. (LaFlamme Dec. ¶16, Ex. 14: Sheaman Dep. 203:13-22; ¶17, Ex. 15: Robinson Dep. 144:14-20

**Plaintiffs Response to #56**: (Plaintiffs' Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at II.1.B.i.) (Exhibit 2 to Plaintiffs' Brief/Memorandum of Law in

Opposition to Defendants' Motion for Summary Judgment: Sheaman Dep. Pg. 251:19-252:10; 314:4-316:13)

### III. RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants have failed to prove the absence of a genuine issue of material fact related to all issues raised in their Motion for Summary Judgment, as required pursuant to Rule 56 Fed. R. Evid. As such, pursuant to the above referenced Statement of Disputed Material Facts, as well as the accompanying Brief/Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, Plaintiffs respectfully request that this Court enter an Order denying said Motion for Summary Judgment in its entirety.

Date: December 17, 2024             Respectfully Submitted,

                                                       */s/ Rudwin Ayala*
                                                      **RUDWIN AYALA, Esq.**\*
                                                      Florida Bar No.: 84005
                                                      **MORGAN & MORGAN, P.A**
                                                      1700 Palm Beach Lakes Blvd, Suite 500
                                                      West Palm Beach, FL 33401
                                                      Telephone: (561) 764-2220
                                                      Emails: rayala@forthepeople.com
                                                                       sleroy@forthepeople.com
                                                      *Admitted Pro Hac Vice*

                                                      And,
                                                      */s/ Taly Goody*
                                                      **TALY GOODY, ESQ**.
                                                      Wyoming Bar No.: 8-6737
                                                      **GREYSON M. GOODY, ESQ.**
                                                      **GOODY LAW GROUP**
                                                      58 Malaga Cove Plaza
                                                      Palos Verdes Estates, CA 90274
                                                      Telephone: (310) 893-1983
                                                      Emails: taly@GoodyLawGroup.com
                                                                       greyson@GoodyLawGroup.com
                                                      *Local Counsel*

*/s/ T. Michael Morgan*
**T. MICHAEL MORGAN, ESQ.**\*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*
