EXHIBIT 9

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
*Attorneys for Defendant Jetson Electric Bikes, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

STEPHANIE WADSWORTH                               )
Individually and as Parent and Legal Guardian     )
of W.W., K.W., G.W., and L.W., minor children     )
and MATTHEW WADSWORTH                             )
Plaintiff,                                        )       Case No. 2:23-cv-00118-NDF
                                                  )
v.                                                )       **JURY TRIAL DEMANDED**
                                                  )
WALMART, INC. and                                 )
JETSON ELECTRIC BIKES, LLC                        )
                                                  )
Defendants.                                       )

## ANSWER AND AFFIRMATIVE DEFENSES OF
## JETSON ELECTRIC BIKES, LLC

**NOW COMES** the above-named defendant, Jetson Electric Bikes, LLC, by and through its

attorneys, Crowley Fleck, PLLP, by Timothy Stubson, and as and for an Answer and Affirmative

Defenses to Plaintiffs' Complaint, states as follows:

## SUMMARY OF THE ACTION

1.      Answering paragraph 1, this answering defendant denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

the same and puts plaintiffs to their proof thereof.

2.      Answering paragraph 2, this answering defendant denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

## **THE PARTIES**

  3.  Answering paragraph 3, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

  4.  Answering paragraph 4, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

  5.  Answering paragraph 5, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

  6.  Answering paragraph 6, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

  7.  Answering paragraph 7, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

  8.  Answering paragraph 8, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

  9.  Answering paragraph 9, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

the same and puts plaintiffs to their proof thereof.

10.    Answering paragraph 10, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

11.    Answering paragraph 11, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

12.    Answering paragraph 12, this answering defendant admits.

13.    Answering paragraph 13, this answering defendant admits that Jetson Electric Bikes, LLC designs certain aspects of, markets, distributes and sells hoverboards. As to the remaining allegations, this answering defendant denies.

14.    Answering paragraph 14, this answering defendant admits that Jetson Electric Bikes, LLC has marketed, distributed and/or sold hoverboard products through retail stores, including Walmart. As to the remaining allegations, this answering defendant denies.

15.    Answering paragraph 15, this answering defendant admits that Jetson Electric Bikes, LLC has designed certain aspects of, distributed and/or sold hoverboard products through retail stores, including Walmart. As to the remaining allegations, this answering defendant denies.

## JURISDICTION AND VENUE

16.    Answering paragraph 16, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

17.    Answering paragraph 17, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

the same and puts plaintiffs to their proof thereof.

18.     Answering paragraph 18, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

19.     Answering paragraph 19, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

20.     Answering paragraph 20, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

21.     Answering paragraph 21, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

22.     Answering paragraph 22, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

23.     Answering paragraph 23, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

24.     Answering paragraph 24, this answering defendant admits that it has sold products through Wyoming retail stores including Walmart. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

25.     Answering paragraph 25, this answering defendant admits that it has sold products through Wyoming retail stores including Walmart. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

26.     Answering paragraph 26, this answering defendant admits that it has sold products through Wyoming retail stores including the Walmart store located at 201 Gateway Blvd, Rock Springs, Wyoming 82901.  As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

27.     Answering paragraph 27, these answering defendants admit that Jetson Electric Bikes, LLC has marketed, distributed, and/or sold products through retail stores, including Walmart. As to the remaining allegations, these answering defendants deny.

28.     Answering paragraph 28, this answering defendant admits that it has sold products through Wyoming retail stores including Walmart. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

29.     Answering paragraph 29, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

30.     Answering paragraph 30, this answering defendant admits that it has sold products through Wyoming retail stores including Walmart. As to the remaining allegations, this answering

defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

## FACTS

31.    Answering paragraph 31, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

32.    Answering paragraph 32, this answering defendant admits that the description provided of a hoverboard is generally accurate. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

33.    Answering paragraph 33, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

34.    Answering paragraph 34, this answering defendant denies.

35.    Answering paragraph 35, this answering defendant denies any defects in the subject hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

36.    Answering paragraph 36, this answering defendant denies any defects in the subject hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

37.    Answering paragraph 37, this answering defendant denies any defects in the subject

hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

38.     Answering paragraph 38, this answering defendant denies any defects in the subject hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

39.     Answering paragraph 39, this answering defendant denies any defects in the subject hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

40.     Answering paragraph 40, this answering defendant denies.

41.     Answering paragraph 41, this answering defendant denies.

42.     Answering paragraph 42, this answering defendant denies.

43.     Answering paragraph 43, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies that it designed the internal components or manufactured the subject Hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

44.     Answering paragraph 44, this answering defendant denies.

45.     Answering paragraph 45, this answering defendant denies.

46.     Answering paragraph 46, this answering defendant denies.

47.     Answering paragraph 47, this answering defendant denies that the subject Hoverboard failed. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

<u>COUNT I – STEPHANIE WADSWORTH NEGLIGENCE<br>AGAINST WALMART, INC.</u>

48.     Answering paragraph 48, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

49.     Answering paragraph 49, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

50.     Answering paragraph 50, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

51.     Answering paragraph 51, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

52.     Answering paragraph 52, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

53.     Answering paragraph 53, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

54.     Answering paragraph 54, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

55.     Answering paragraph 55, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

56.     Answering paragraph 56, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

57.     Answering paragraph 57, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count I on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

## COUNT II – STEPHANIE WADSWORTH
## STRICT LIABILITY AGAINST WALMART, INC.

58.     Answering paragraph 58, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

59.     Answering paragraph 59, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

60.     Answering paragraph 60, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this

−10−

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

61.     Answering paragraph 61, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

62.     Answering paragraph 62, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

63.     Answering paragraph 63, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

64.     Answering paragraph 64, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

65.     Answering paragraph 65, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

66.     Answering paragraph 66, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.   Dismissing the Plaintiffs Complaint – Count II on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.   For such other and further relief as the Court might deem just and equitable.

## COUNT III – STEPHANIE WADSWORTH
## BREACH OF WARRANTY AGAINST WALMART, INC.

67.     Answering paragraph 67, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

68.     Answering paragraph 68, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

69. Answering paragraph 69, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

70. Answering paragraph 70, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

71. Answering paragraph 71, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

72. Answering paragraph 72, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

73. Answering paragraph 73, this answering defendant avers that these allegations are

directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

74. Answering paragraph 74, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

75. Answering paragraph 75, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

76. Answering paragraph 76, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

77. Answering paragraph 77, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof

thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count III on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT IV – STEPHANIE WADSWORTH
## NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC

78. Answering paragraph 78, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

79. Answering paragraph 79, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

80. Answering paragraph 80, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

81. Answering paragraph 81, this answering defendant denies knowledge or information

–15–

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

82. Answering paragraph 82, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

83. Answering paragraph 83, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and denies that it designed the internal components and/or manufactured the Jetson Plasma hoverboard, and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

84. Answering paragraph 84, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and,

–16–

therefore, denies the same and puts plaintiffs to their proof thereof.

85.     Answering paragraph 85, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that Jetson Plasma hoverboard is distributed and/or sold with a manual containing all warnings, instructions, and information. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

86.     Answering paragraph 86, this answering defendant denies.

87.     Answering paragraph 87, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count IV on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

## COUNT V – STEPHANIE WADSWORTH
## STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC

88.     Answering paragraph 88, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

89.     Answering paragraph 89, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

90.     Answering paragraph 90, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

91.     Answering paragraph 91, this answering defendant admits that it has sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

92.     Answering paragraph 92, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies that the Jetson Plasma hoverboard was unreasonably dangerous and further denies this defendant was a cause of the subject accident. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

93.     Answering paragraph 93, this answering defendant denies.

94.     Answering paragraph 94, this answering defendant denies.

95.     Answering paragraph 95, this answering defendant denies.

96. Answering paragraph 96, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

97. Answering paragraph 97, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

   A. Dismissing the Plaintiffs Complaint – Count V on the merits, with prejudice, together with taxable costs and disbursements herein; and

   B. For such other and further relief as the Court might deem just and equitable.

## COUNT VI – STEPHANIE WADSWORTH
## BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC

98. Answering paragraph 98, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

99. Answering paragraph 99, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

100. Answering paragraph 100, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

101.    Answering paragraph 101, this answering defendant denies.

102.    Answering paragraph 102, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

103.    Answering paragraph 103, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

104.    Answering paragraph 104, this answering defendant denies.

105.    Answering paragraph 105, this answering defendant denies.

106.    Answering paragraph 106, this answering defendant alleges that the allegations contained herein are directed to another party and, therefore, no response is necessary. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

107.    Answering paragraph 107, this answering defendant denies.

108.    Answering paragraph 108, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

  A. Dismissing the Plaintiffs Complaint – Count VI on the merits, with prejudice,
     together  with taxable costs and disbursements herein; and

  B. For such other and further relief as the Court might deem just and equitable.

**COUNT VII – STEPHANIE WADSWORTH, as Parent and Legal Guardian**

**of W.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.**

109.    Answering paragraph 109, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

110.    Answering paragraph 110, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

111.    Answering paragraph 111, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

112.    Answering paragraph 112, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

113.    Answering paragraph 113, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof

thereof.

114. Answering paragraph 114, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

115. Answering paragraph 115, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

116. Answering paragraph 116, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

117. Answering paragraph 117, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

118. Answering paragraph 118, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count VII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT VIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor, STRICT LIABILITY AGAINST WALMART, INC.

119.    Answering paragraph 119, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

120.    Answering paragraph 120, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

121.    Answering paragraph 121, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

122.    Answering paragraph 122, this answering defendant avers that these allegations are

directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

123.     Answering paragraph 123, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

124.     Answering paragraph 124, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

125.     Answering paragraph 125, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

126.     Answering paragraph 126, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof

thereof.

127.     Answering paragraph 127, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count VIII on the merits, with prejudice, together  with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

### COUNT IX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

128.     Answering paragraph 128, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

129.     Answering paragraph 129, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

130.     Answering paragraph 130, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

131.     Answering paragraph 131, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

132.     Answering paragraph 132, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

133.     Answering paragraph 133, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

134.     Answering paragraph 134, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

135.     Answering paragraph 135, this answering defendant avers that these allegations are

directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

136.     Answering paragraph 136, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

137.     Answering paragraph 137, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

138.     Answering paragraph 138, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count IX on the merits, with prejudice, together  with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable

**COUNT X – STEPHANIE WADSWORTH, as Parent and Legal Guardian of
W.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC**

139.    Answering paragraph 139, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

140.    Answering paragraph 140, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

141.    Answering paragraph 141 this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

142.    Answering paragraph 142, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

143.    Answering paragraph 143, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies and affirmatively alleges that the Jetson Plasma

hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

144.   Answering paragraph 144, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, answering defendant avers that it met all applicable duties and denies it designed the internal components and/or manufactured the Jetson Plasma hoverboard, and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

145.   Answering paragraph 145, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

146.   Answering paragraph 146, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that Jetson Plasma hoverboard is distributed and/or sold with a manual containing all warnings,

instructions, and information. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

147. Answering paragraph 147, this answering defendant denies.

148. Answering paragraph 148, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count X on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC

149. Answering paragraph 149, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

150. Answering paragraph 150, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

151. Answering paragraph 151, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

152.     Answering paragraph 152, this answering defendant admits that it has sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

153.     Answering paragraph 153, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies that the Jetson Plasma hoverboard was unreasonably dangerous and further denies this defendant was a cause of the subject accident. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

154.     Answering paragraph 154, this answering defendant denies.

155.     Answering paragraph 155, this answering defendant denies.

156.     Answering paragraph 156, this answering defendant denies.

157.     Answering paragraph 157, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

158.     Answering paragraph 158, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XI on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

**COUNT XII – STEPHANIE WADSWORTH,**
**as Parent and Legal Guardian of W.W., a minor child,**
**BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC**

159.    Answering paragraph 159, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

160.    Answering paragraph 160, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

161.    Answering paragraph 161, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

162.    Answering paragraph 162, this answering defendant denies.

163.    Answering paragraph 163, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies

–32–

the same and puts plaintiffs to their proof thereof.

164. Answering paragraph 164, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

165. Answering paragraph 165, this answering defendant denies.

166. Answering paragraph 166, this answering defendant denies.

167. Answering paragraph 167, this answering defendant denies.

168. Answering paragraph 168, this answering defendant denies.

169. Answering paragraph 169, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

### COUNT XIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

170. Answering paragraph 170, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

171. Answering paragraph 171, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

172.     Answering paragraph 172, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

173.     Answering paragraph 173, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

174.     Answering paragraph 174, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

175.     Answering paragraph 175, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

176.     Answering paragraph 176, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

177.    Answering paragraph 177, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

178.    Answering paragraph 178, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

179.    Answering paragraph 179, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count XIII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

## COUNT XIV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

180.    Answering paragraph 180, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

181.    Answering paragraph 181, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

182.    Answering paragraph 182, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

183.    Answering paragraph 183, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

184.    Answering paragraph 184, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

185. Answering paragraph 185, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

186. Answering paragraph 186, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

187. Answering paragraph 187, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

188. Answering paragraph 188, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XIV on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

## COUNT XV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

189.    Answering paragraph 189, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

190.    Answering paragraph 190, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

191.    Answering paragraph 191, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

192.    Answering paragraph 192, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

193.    Answering paragraph 193, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

194.     Answering paragraph 194, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

195.     Answering paragraph 195, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

196.     Answering paragraph 196, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

197.     Answering paragraph 197, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

198.     Answering paragraph 198, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

199.     Answering paragraph 199, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XV on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XVI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC

200.     Answering paragraph 200, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

201.     Answering paragraph 201, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

202.    Answering paragraph 202, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

203.    Answering paragraph 203, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

204.    Answering paragraph 204, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

205.    Answering paragraph 205, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and denies that it designed the internal components and/or manufactured the Jetson Plasma hoverboard, and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an

−41−

assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

206. Answering paragraph 206, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

207. Answering paragraph 207, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that Jetson Plasma hoverboard is distributed and/or sold with a manual containing all warnings, instructions, and information. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

208. Answering paragraph 208, this answering defendant denies.

209. Answering paragraph 209, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XVI on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

### COUNT XVII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC

210.     Answering paragraph 210, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

211.     Answering paragraph 211, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

212.     Answering paragraph 212, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

213.     Answering paragraph 213, this answering defendant admits that it has sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

214.     Answering paragraph 214, this answering defendant avers that the allegations in this

Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies that the Jetson Plasma hoverboard was unreasonably dangerous and further denies this defendant was a cause of the subject accident. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

215. Answering paragraph 215, this answering defendant denies.

216. Answering paragraph 216, this answering defendant denies.

217. Answering paragraph 217, this answering defendant denies.

218. Answering paragraph 218, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

219. Answering paragraph 219, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XVII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

### COUNT XVIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC

220. Answering paragraph 220, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

221. Answering paragraph 221, this answering defendant admits that it has marketed,

distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

222.    Answering paragraph 222, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

223.    Answering paragraph 223, this answering defendant denies.

224.    Answering paragraph 224, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

225.    Answering paragraph 225, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

226.    Answering paragraph 226, this answering defendant denies.

227.    Answering paragraph 227, this answering defendant denies.

228.    Answering paragraph 228, this answering defendant alleges that the allegations contained herein are directed to another party and, therefore, no response is necessary. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form

a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

229.     Answering paragraph 229, this answering defendant denies.

230.     Answering paragraph 230, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XIX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

231.     Answering paragraph 231, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

232.     Answering paragraph 232, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

233.     Answering paragraph 233, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

234. Answering paragraph 234, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

235. Answering paragraph 235, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

236. Answering paragraph 236, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

237. Answering paragraph 237, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

238. Answering paragraph 238, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

239. Answering paragraph 239, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

240. Answering paragraph 240, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XIX on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

241. Answering paragraph 241, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

242. Answering paragraph 242, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

243.     Answering paragraph 243, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

244.     Answering paragraph 244, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

245.     Answering paragraph 245, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

246.     Answering paragraph 246, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

247. Answering paragraph 247, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

248. Answering paragraph 248, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

249. Answering paragraph 249, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XX on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XXI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

250. Answering paragraph 250, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within

the preceding paragraphs of this answer.

251.    Answering paragraph 251, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

252.    Answering paragraph 252, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

253.    Answering paragraph 253, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

254.    Answering paragraph 254, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

255.    Answering paragraph 255, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

256.    Answering paragraph 256, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

257.    Answering paragraph 257, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

258.    Answering paragraph 258, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

259.    Answering paragraph 259, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

260.     Answering paragraph 260, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.   Dismissing the Plaintiffs Complaint – Count XXI on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.   For such other and further relief as the Court might deem just and equitable.

## COUNT XXII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC

261.     Answering paragraph 261, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

262.     Answering paragraph 262, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

263.     Answering paragraph 263, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

264.     Answering paragraph 264, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

265.     Answering paragraph 265, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering Defendant denies and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

266.     Answering paragraph 266, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and denies that it designed the internal components of and/or manufactured the Jetson Plasma hoverboard, and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

267.     Answering paragraph 267, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is

necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

268.    Answering paragraph 268, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that Jetson Plasma hoverboard is distributed and/or sold with a manual containing all warnings, instructions, and information. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

269.    Answering paragraph 269, this answering defendant denies.

270.    Answering paragraph 270, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count XXII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

## COUNT XXIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC

271.    Answering paragraph 271, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

272.    Answering paragraph 272, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

273.    Answering paragraph 273, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

274.    Answering paragraph 274, this answering defendant admits that it has sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

275.    Answering paragraph 275, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies that the Jetson Plasma hoverboard was unreasonably dangerous and further denies this defendant was a cause of the subject accident. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to

their proof thereof.

276.    Answering paragraph 276, this answering defendant denies.

277.    Answering paragraph 277, this answering defendant denies.

278.    Answering paragraph 278, this answering defendant denies.

279.    Answering paragraph 279, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

280.    Answering paragraph 280, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

   A.    Dismissing the Plaintiffs Complaint – Count XXIII on the merits, with prejudice, together  with taxable costs and disbursements herein; and

   B.    For such other and further relief as the Court might deem just and equitable.

### COUNT XXIV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC

281.    Answering paragraph 281, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

282.    Answering paragraph 282, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

−57−

283.    Answering paragraph 283, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

284.    Answering paragraph 284, this answering defendant denies.

285.    Answering paragraph 285, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

286.    Answering paragraph 286, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

287.    Answering paragraph 287, this answering defendant denies.

288.    Answering paragraph 288, this answering defendant denies.

289.    Answering paragraph 289, this answering defendant alleges that the allegations contained herein are directed to another party and, therefore, no response is necessary. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

290.    Answering paragraph 290, this answering defendant denies.

291.    Answering paragraph 291, this answering defendant denies.

WHEREFORE, Defendant, Jetson Electric Bikes, LLC hereby demands judgment as

follows:

    A.   Dismissing the Plaintiffs Complaint – Count XXIV on the merits, with prejudice, together with taxable costs and disbursements herein; and

    B.   For such other and further relief as the Court might deem just and equitable.

## <u>COUNT XXV – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.</u>

292.    Answering paragraph 292, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

293.    Answering paragraph 293, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

294.    Answering paragraph 294, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

295.    Answering paragraph 295, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof

thereof.

296.     Answering paragraph 296, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

297.     Answering paragraph 297, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

298.     Answering paragraph 298, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

299.     Answering paragraph 299, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

300.     Answering paragraph 300, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,   this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

301.     Answering paragraph 301, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A.  Dismissing the Plaintiffs Complaint – Count XXV on the merits, with prejudice, together with taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

## COUNT XXVI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

302.     Answering paragraph 302, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

303.     Answering paragraph 303, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

304.     Answering paragraph 304, this answering defendant avers that these allegations are

directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

305. Answering paragraph 305, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

306. Answering paragraph 306, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

307. Answering paragraph 307, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

308. Answering paragraph 308, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof

thereof.

309.     Answering paragraph 309, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,   this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

310.     Answering paragraph 310, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XXVI on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XXVII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

311.     Answering paragraph 311, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

312.     Answering paragraph 312, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

313.    Answering paragraph 313, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

314.    Answering paragraph 314, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

315.    Answering paragraph 315, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

316.    Answering paragraph 316, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required,  this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

317.    Answering paragraph 317, this answering defendant avers that these allegations are

directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

318. Answering paragraph 318, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

319. Answering paragraph 319, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

320. Answering paragraph 320, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

321. Answering paragraph 321, this answering defendant avers that these allegations are directed to another party and no response is required. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof

thereof.

WHEREFORE, Defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XXVII on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XXVIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC

322. Answering paragraph 322, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

323. Answering paragraph 323, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

324. Answering paragraph 324, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

–66–

325. Answering paragraph 325, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

326. Answering paragraph 326, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

327. Answering paragraph 327, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and denies that it designed the internal components and/or manufactured the Jetson Plasma hoverboard, and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

328. Answering paragraph 328, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that the Jetson Plasma hoverboard was tested to UL 2272 standards which includes an assessment of these issues. As to any remaining allegations, this answering defendant denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

329.    Answering paragraph 329, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant avers that it met all applicable duties and affirmatively alleges that Jetson Plasma hoverboard is distributed and/or sold with a manual containing all warnings, instructions, and information. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

330.    Answering paragraph 330, this answering defendant denies.

331.    Answering paragraph 331, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

   A.   Dismissing the Plaintiffs Complaint – Count XXVIII on the merits, with prejudice, together with taxable costs and disbursements herein; and

   B.   For such other and further relief as the Court might deem just and equitable.

## COUNT XXIX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC

332.    Answering paragraph 332, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

333.    Answering paragraph 333, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining

allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

334. Answering paragraph 334, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

335. Answering paragraph 335, this answering defendant admits that it has sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

336. Answering paragraph 336, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies that the Jetson Plasma hoverboard was unreasonably dangerous and further denies this defendant was a cause of the subject accident. As to any remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

337. Answering paragraph 337, this answering defendant denies.

338. Answering paragraph 338, this answering defendant denies.

339. Answering paragraph 339, this answering defendant denies.

340. Answering paragraph 340, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

341. Answering paragraph 341, this answering defendant denies.

WHEREFORE, defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

A. Dismissing the Plaintiffs Complaint – Count XXIX on the merits, with prejudice, together with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

### COUNT XXX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC

342. Answering paragraph 342, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

343. Answering paragraph 343, this answering defendant admits that it has marketed, distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard. This defendant denies it manufactured, repaired, or serviced the Jetson Plasma hoverboard. As to the remaining allegations, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

344. Answering paragraph 344, this answering defendant admits that it has distributed and/or sold hoverboard products, including the Jetson Plasma hoverboard and further admits that the Jetson Plasma hoverboards were sold through Walmart. As to any remaining allegations, this

answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

345.     Answering paragraph 345, this answering defendant denies.

346.     Answering paragraph 346, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

347.     Answering paragraph 347, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

348.     Answering paragraph 348, this answering defendant denies.

349.     Answering paragraph 349, this answering defendant denies.

350.     Answering paragraph 350, this answering defendant alleges that the allegations contained herein are directed to another party and, therefore, no response is necessary. To the extent a response is required, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

351.     Answering paragraph 351, this answering defendant denies.

352.     Answering paragraph 352, this answering defendant denies.

WHEREFORE, Defendant, Jetson Electric Bikes, LLC hereby demands judgment as follows:

    A.  Dismissing the Plaintiffs Complaint – Count XXX on the merits, with prejudice, together  with taxable costs and disbursements herein; and

B. For such other and further relief as the Court might deem just and equitable.

## COUNT XXXI – MATTHEW WADSWORTH LOSS OF CONSORTIUM AGAINST WALMART, INC.

353. Answering paragraph 353, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

354. Answering paragraph 354, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

355. Answering paragraph 355, this answering defendant avers that the allegations in this Paragraph constitute legal conclusions to which no response in necessary. To the extent a response is necessary, this answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts plaintiffs to their proof thereof.

## COUNT XXXI – MATTHEW WADSWORTH LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC

356. Answering paragraph 356, this answering defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

357. Answering paragraph 357, this answering defendant denies.

358. Answering paragraph 358, this answering defendant denies.

## AFFIRMATIVE DEFENSES

**NOW COMES** the above-named defendant, Jetson Electric Bikes, LLC, by its attorneys, and as and for its Affirmative Defenses to Plaintiffs Complaint, states as follows:

1.      The alleged injuries and damages sustained by plaintiff were caused, in whole or in part, by the negligent acts and/or omissions of a third party or parties over whom Jetson Electric Bikes, LLC had neither control, nor the right to control including but not limited to, the acts and/or omissions of other parties or defendants. To the extent this defendant is found liable for damages allegedly sustained by the plaintiff and any other party is found to have any liability, the liability of all culpable parties shall be apportioned and compared consistent with Wyoming law.

2.      Any recovery by plaintiff must be reduced or barred according to the principles of comparative/contributory fault as provided for by Wyo. Stat. Ann. § 1-1-109, including for the negligence of plaintiffs in failing to take necessary precautions in securing the "smoking shed" outside their residence.

3.      Any negligence by this defendant, which is expressly denied, is not the legal cause of plaintiffs injuries and damages because the fire was caused by an independent, intervening, and superseding cause, including the act of the parties as discussed above, that was a new and independent event and that was not reasonably foreseeable.

4.      Plaintiffs claims, in whole or in part, fail to state a claim upon which relief can be granted.

5.      Upon information and belief, any damages that may have been sustained by plaintiffs were caused directly and proximately by plaintiffs' failure to exercise ordinary care at the time of and prior to the events involved herein.

6.      Upon information and belief plaintiffs may have failed to join certain necessary third-parties indispensable to this action.

7.    Upon information and belief, plaintiffs may have failed to take certain reasonable and practical steps to mitigate any damages that may have been sustained as a result of the events referred to in the complaint.

8.    Upon information and belief, plaintiffs' claims may be barred, in whole or in part, on the grounds of public policy.

9.    Upon information and belief, plaintiffs' claims are barred, in whole or in part, because plaintiff may have knowingly and voluntarily assumed the risks of injury associated with the use of a smoking shed at their residence.

10.    For further answer and affirmative defense, defendant states that in the event that defendant is found liable to the plaintiffs, which defendant denies, then defendant is entitled to have the negligence and fault of those third-parties over whom this defendant had no right or duty to control which caused or contributed to cause plaintiffs' damages considered by the jury, and the liability of this defendant, if any reduced proportionately as provided for by Wyo. Stat. Ann. § 1-1-109.

11.    For further answer and affirmative defense, and pleading in the alternative, defendant states that plaintiffs' claims may be barred to the extent that any product at issue in this lawsuit was altered or modified after leaving the possession of this defendant or any other potential defendant's possession.

12.    Defendant reserves the right to assert additional affirmative defenses as may become known through the course of discovery.

13.    Defendant invokes and incorporates by reference any and all affirmative defenses listed by any other defendant or third-party defendants, whether now named or subsequently brought into this action.

–74–

14.     Defendant herein incorporates by reference all defenses contained in Wyo. R. Civ. P.

8(c)(1).

WHEREFORE, this answering defendant demands judgment as follows:

A.     Dismissing the complaint of the plaintiffs on the merits, together with its taxable

costs and disbursements herein; and

B.     For such other and further relief as the Court might deem just and equitable.

Dated: August 9, 2023

**CROWLEY FLECK, PLLP**


__/s/ Brandon E. Pryde_____
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar N. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com

*Attorneys for Defendant, Jetson Electric Bikes, LLC*

## CERTIFICATE OF SERVICE

I certify the foregoing *Answer and Affirmative Defenses of Jetson Wlectric Bikes, LLC* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 9 August 2023, and that copies were served using the Court's CM/ECF system:

Taly Goody, ESQ.
Goody Law Group
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Primary Email:
Taly@GoodyLawGroup.com

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

T. Michael Morgan, Esq.*
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email:
mmorgan@forthepeople.com
Secondary Email:
akelseyflowers@forthepeople.com
Tertiary Email:
phfllip@forthepeople.com
Counsel for Plaintiffs
*Wyoming Pro Hac Vice Pending

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

By:/s/ Brandon E. Pryde _____
OF CROWLEY FLECK PLLP