Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH ) <br> Individually and as Parent and Legal Guardian ) <br> of W.W., K.W., G.W., and L.W., minor children ) <br> and MATTHEW WADSWORTH, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> WALMART INC. and ) <br> JETSON ELECTRIC BIKES, LLC, ) <br>   ) <br>   Defendants. ) | Case No. 2:23-cv-00118-NDF <br><br> **DEFENDANTS JETSON ELECTRIC BIKES, LLC AND WALMART INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF RONALD SNYDER** |

WALMART INC. ("Walmart") and JETSON ELECTRIC BIKES, LLC ("Jetson"), (collectively "Defendants"), by and through their attorneys, Crowley Fleck PLLP and McCoy Leavitt Laskey LLC, hereby submit their reply in support of their Motion to Exclude Testimony of Ronald Snyder.

## ARGUMENT

**I.  SNYDER'S OPINIONS DO NOT COMPLY WITH RULE 702 REQUIREMENTS FOR EXPERT TESTIMONY.**

    **A.  Snyder's opinions are unreliable and inadmissible.**

Plaintiffs do not dispute that Dr. Snyder is not qualified to calculate future life care plan costs, that Dr. Snyder is not an economist, and that Dr. Snyder requires an economist to perform calculations related to the validity of his proposed future care costs for Mrs. Wadsworth. (*See generally,* Doc. 121). Further, Plaintiffs do not dispute that Dr. Snyder failed to speak with Mrs. Wadsworth's treating physicians, that Dr. Snyder's life care plan includes accommodations for Mrs. Wadsworth that are unsupported by her medical records and testimony, and that Dr. Snyder allocated costs for medications Mrs. Wadsworth is not, and has not been, prescribed. (*See generally,* Doc. 121). In an effort to survive Defendants' Rule 702 Motion, Plaintiffs simply offer conclusory statements about the reliability of Snyder's opinions without explaining *how* his methodology was scientifically reliable. They also rely on non-binding authority from other jurisdictions and fail to cite to Snyder's testimony or report in support of their arguments.

While we are unable to find the case "*Magoffe"* and are unsure if it was cited correctly (* 16), Plaintiffs claim that *Magoffe* held that the facts or data upon which an expert bases his or her opinion must only be "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." (Doc. 121, pg. 3). Plaintiffs never provide a full citation in support of this contention. Further, Plaintiffs cite to *Cook v. Rockwell Intern. Corp.*,580

2

F.Supp.2d 1071, 1123 (D. Colo. 2006) for the proposition that an expert need not "be able to 'verify' the correctness of an expert's work" to be admissible. (Doc. 121, pg. 3). However, neither case overrules *Goebel v. Denver & Rio Grande W. R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003), which reiterated the four *Daubert* factors to be considered in evaluating the reliability of a purported expert's opinions:

> (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community.

*Goebel*, 346 at 991-92 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)).

In their response, Plaintiffs argue "Dr. Snyder conducted an examination of Mrs. Wadsworth at her residence, reviewed available medical records, and interviewed Mrs. Wadsworth" … and that "all of his methods were verifiable as provided in his report and through the recommendations of Mrs. Wadsworth's providers, and as voiced by Mrs. Wadsworth according to her limitations." (Doc. 121, pg. 3). However, Plaintiffs are plainly incorrect. While Dr. Snyder did meet with Mrs. Wadsworth at her home on April 13, 2023, he admitted that he did not consult with or speak with any of Mrs. Wadsworth's treating physicians. (Giroux Dec. ¶3, Ex. 1: Snyder Dep. 27:11-16, 39:2-22). Further, a review of Mrs. Wadsworth's medical records clearly contradict the future care and services Dr. Snyder included in his life care plan. (Id. at 149:1-14, 145:9-14, 142:17-25, 146:23-147:5). Additionally, Mrs. Wadsworth's own testimony contradicts Dr. Snyder's life care plan. Mrs. Wadsworth testified that she has no physical limitations as a result of the incident. (Giroux Dec. ¶¶3-4, Ex. 2: S. Wadsworth Dep. 47:18-23; Ex. 1: Snyder Dep. 105:11-106:1).

In addition, Dr. Snyder offers opinions as to the future state of Stephanie and Matthew Wadsworth's marriage when he opined that she would require future "home maintenance costs" despite no indication that the Wadsworths' marriage is in trouble. (Giroux Dec. ¶3, Ex. 1: Snyder Dep. 152:14-153:5, 153:20-23). Finally, Dr. Snyder opined that Mrs. Wadsworth would require numerous future medications despite her own testimony that she was not taking any medications, let alone the medications opined by Dr. Snyder. (Giroux Dec. ¶¶3-4, Ex. 2: S. Wadsworth Dep. 59:12-13; Ex. 1: Snyder Dep. 138:22-139:7; Doc. 73-1, pg. 185-186).

Despite Plaintiffs' contention that Dr. Snyder's life care plan is allegedly based upon his "background, training, and experience treating other burn victims like Mrs. Wadsworth … as a physiatrist, he was able to make determinations as to her future care needs" (Doc. 121, pg. 3), Dr. Snyder repeatedly stated that evaluations and treatment for Mrs. Wadsworth's burn injuries were beyond his education, training, and experience and that he would require assistance from other physicians, including a plastic surgeon, and an economist to verify his life care plan. (Giroux Dec. ¶3, Ex. 1: Snyder Dep. 39:2-22, 62:3-17, 85:18-86:25, 91:1-92:6, 101:19-102:12, 133:3-8, 134:22-136:13). Further, Dr. Snyder may have reviewed Mrs. Wadsworth's medical records and conducted an in-person interview and examination, but he plainly disregarded those records and her own testimony in generating his life care opinions.

Because Dr. Snyder's opinions are not based on medical records or the testimony of Mrs. Wadsworth or her treating physicians, his opinions are nothing more than unsupported conjecture and must be excluded. *Becerra v. Schultz,* 499 F. Supp. 3d 1142, 1147 (D. Wyo. 2020) (unsupported conjecture is inadmissible); *Dodge v Cotter Corp.,* 328 F.2d 1212, 1221-22 (an expert cannot offer an opinion that does not rely on proper methodologies and is speculative); *Abraham v. Graebel Van Lines, Inc.,* 2016 WL 1304853 at *3 (D. Wyo. Feb. 3, 2016) (without

4

exploration of the underlying facts and rationale showing the path from the facts to the opinion, the expert's opinion is valueless). When there is simply too great an analytical gap between the facts and the opinion proffered, as here, the Court should not allow an expert to offer the opinion. *Goebel v. Denver & Rio Grande W. R. Co.,* 346 F.3d 987, 992 (10th Cir. 2003) (*quoting General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)). Because Dr. Snyder's opinion does not rest upon a reliable medical foundation, his testimony should be excluded. *In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation,* 2014 WL. 186972, at *13 (S.D. W. Va. 2014).

Plaintiffs make no effort to show where or how Dr. Snyder's methods were verifiable or how they intended to verify Dr. Snyder's opinion without an economist, as Dr. Snyder testified would be necessary.[1]

## CONCLUSION

This Court should GRANT Defendants' Motion to Exclude Testimony of Ronald Snyder for the reasons described above.

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: December 23, 2024     By: _____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

---

[1] This Court ruled that Plaintiffs would not be permitted to supplement their expert disclosures to identify an economist. (Doc. 93, pg. 9-10).

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com