Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, | Case No. 2:23-cv-00118-NDF |
| Plaintiffs, | **DEFENDANTS JETSON ELECTRIC BIKES, LLC AND WALMART INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DEREK KING** |
| v. | |
| WALMART INC. and JETSON ELECTRIC BIKES, LLC, | |
| Defendants. | |

WALMART INC. ("Walmart") and JETSON ELECTRIC BIKES, LLC ("Jetson"), (collectively "Defendants"), by and through their attorneys, Crowley Fleck PLLP and McCoy Leavitt Laskey LLC, hereby submit their reply in support of their Motion to Exclude Testimony of Derek King.

## ARGUMENT

### I. KING'S OPINIONS DO NOT COMPLY WITH RULE 702 REQUIREMENTS FOR EXPERT TESTIMONY.

#### A. King's opinions are unreliable and inadmissible.

Plaintiffs do not dispute that there is no reliable scientific methodology to determine when a lithium-ion battery cell is the cause of a fire as opposed to when it is merely a victim. (*See generally* Doc. 120). Similarly, Plaintiffs, in failing to dispute Defendants' proposed statement of fact number 19 in support of its summary judgment motion (Doc. 119 and 123), admit by omission that the appearance of lithium-ion battery cell failures are similar when a cell is the cause of the fire or attacked by fire. (*See generally* Doc. 120). In an effort to survive Defendants' Rule 702 Motion, they offer conclusory statements about the reliability of King's opinions without explaining *how* his methodology was scientifically reliable. They also rely on non-binding authority from other jurisdictions and often fail to cite to King's testimony or report in support of their arguments.

Plaintiffs cite *People v. Perkins*, 533 P.3d 971, 978 (Col. App. 2023) for the proposition that an expert's "reliance on training, experience, deductive reasoning, and observations to reach their conclusions is acceptable under Rule 702." (Doc. 120, pg. 4). *Perkins* is a Colorado Court of Appeals decision and is not binding. Further, *Perkins* does not overrule *Goebel v. Denver & Rio Grande W. R. Co.*, 346 F.3d 987, 991-92 (10th Cir. 2003) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)), which reiterated the four *Daubert* factors to be considered in evaluating the reliability of a purported expert's opinions:

> (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community.

In their response, Plaintiffs argue "[a]s stated by King, if the hoverboard explosion was due to an external heating origin, he would have expected all battery cells would have exploded, not just two isolated cells." (Doc. 120, pg. 4). Conclusory statements such as this are not scientifically reliable and are inadmissible. *See Becerra v. Schultz*, 499 F. Supp. 3d 1142, 1147 (D. Wyo. 2020) (holding that an expert opinion must be based on facts which enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation). As the Wyoming Supreme Court stated in *Hoy v. DRM, Inc.*, 114 P.3d 1268, 1280 (Wyo. 2005), an expert's "bald assurance of validity" is not enough to satisfy the reliability inquiry. *Id.* (if admissibility could be established merely by the *ipse dixit* of an admittedly qualified expert, the reliability prong would be subsumed by the qualification prong).

Plaintiffs' argument that King "would have expected all battery cells would have exploded, not just two isolated cells" if the hoverboard had been attacked by fire is based on speculation and only supported by Plaintiffs' "bald assurance of validity." (Doc. 120, pg. 4); *see Becerra*, 499 F. Supp. 3d at 1147; *Hoy*, 114 P.3d at 1280. King did not do any testing to support his theory. Plaintiffs take issue with the fact that Defendants "don't define what testing they believe he was required to complete." (Id.). King could have conducted a burn test of an exemplar Plasma hoverboard to see if all the battery cells exploded when attacked by fire. He did not. Neither King nor Plaintiffs cite any peer reviewed literature in support of the proposition that all battery cells would have exploded if the hoverboard had been attacked by fire. (*See generally* Id.). Neither King nor Plaintiffs explain whether there is a known rate or potential rate of error with King's purported methodology in reaching that conclusion. (*See generally* Id.). Finally, King's theory has not been accepted in the

scientific community. Accordingly, King's opinion is not scientifically reliable. *See Goebel*, 346 at 991-92.

Defendants' battery expert, Samuel Sudler, offered a scientifically reliable explanation based on testing and physical evidence as to why only two cells vented due to the external fire attack. Mr. Sudler explained that the hoverboard is protected by an aluminum encasement. (Giroux Dec. ¶3, Ex. 1: Sudler Dep. 182:5-21). The battery pack has a plastic cover over it. (Id.) There is a plastic cover over the stainless steel canisters for the battery cells. (Id.) Sudler concluded that in this case cells 4 and 10 were exposed to enough heat from the fire to cause them to vent, whereas the remaining cells were not. (Id.) He further explained that Underwriter's Laboratories conducted forced discharge and short-circuit tests on the design of the battery pack and individual cells for the Plasma, which revealed that there was no physical evidence of other cells venting in those scenarios. (Id. at 183:1-13). Sudler's conclusions and methodology are scientifically reliable whereas King's opinions are at best unsupported speculation, which is not admissible.

### B. King's reliance on Sheaman and Robinson's flawed investigation further supports that his opinions are unreliable and inadmissible.

Plaintiffs do not dispute that King failed to review critical evidence. (*See generally* Doc. 120). Rather, they argue that he was entitled to rely on Sheaman and Robinson's opinions as to the origin and cause of the fire. Sheaman and Robinson's opinions, however, are unreliable and can only be classified as preliminary opinions at best. Both of their investigations were exceedingly limited, and their opinions are only based on the information that was available when they completed their investigations.

Sheaman and Robinson's investigation and conclusions were not based on sufficient facts or data, were not the product of reliable principles and methods, and do not reflect a reliable application of the principles and methods to facts of the case. Sheaman's investigation only included a short site

4

visit on the date of the fire and interviews of Ryan Pasborg on February 1, 2022, Mr. Wadsworth on February 2, 2022, and K.W., G.W. and L.W. on March 4, 2022. (Giroux Dec. ¶4, Ex. 2: Sheaman Report). Robinson's investigation was even more limited and included an approximate two-hour site inspection on the date of the fire. (Giroux Dec. ¶5, Ex. 3: Robinson Dep. 61:18-20, 126:2-14, 130:14-16). Neither Sheaman nor Robinson participated in the numerous site and evidence inspections, and they have not been privy to any discovery, written or otherwise, in this case. As a result[1], their opinions are not based on sufficient facts or data and, therefore, there cannot be a reliable application of whatever principle or method they followed to the facts of this case.

Since Sheaman and Robinson's methodology and opinions are not reliable under Fed. R. Evid. 702, it logically follows that King's reliance on their investigation and analysis was improper and his opinions are unreliable. As such, the Court should preclude King from testifying.

### C. King is not qualified to offer opinions related to the alleged failure of battery cells within the hoverboard.

Plaintiffs mischaracterize King's experience in an effort to argue that he is qualified to offer causation opinions in this case. Plaintiffs claim that King has "specialized knowledge of lithium-ion batteries and their components, and has experience investigating other fire incidents involving a hoverboard, electric bikes, e-cigarettes, and other devices." (Doc. 120, pg. 7). However, King was only an assistant investigator in the e-cigarette cases. (Giroux Dec. ¶6, Ex. 4: King Dep. 186:4-15). He worked on only one or two e-bike cases, but only as an assistant and never as a lead investigator. (Id. at 187:18-188:15). This was King's first hoverboard case. (Id. at 90:7-11). Plaintiffs claim that King has reviewed "literature related to lithium-ion battery failures," but do not cite what literature he allegedly reviewed. (Doc. 120, pg. 7).

---

[1] Defendants also refer the Court to their Briefs in Support of the Motions to Exclude the Testimony of Jeff Sheaman (Doc. 101) and Bill Robinson (Doc. 103), which further explain how their investigations were flawed and not reliable under Fed. R. Evid. 702.

Moreover, Plaintiffs highlight King's 14-year experience as a mechanical engineer. King's opinions in this case, however, have nothing to do with mechanical engineering – his opinions relate to electrical engineering and lithium-ion batteries. Further, King only obtained his Professional Engineer license one year ago. Simply, King does not have the necessary knowledge, skill, experience, training or education to be qualified as an expert in this case and the Court should preclude him from testifying.

## II.   KING SHOULD BE PRECLUDED FROM OFFERING TESTIMONY REGARDING FMEAS FOR THE SUBJECT HOVERBOARD.

Plaintiffs do not dispute that King cites no evidence that Jetson failed to conduct an adequate risk assessment or FMEA. (*See generally* Doc. 120). They do not dispute that King was not aware the battery cells in the subject hoverboard were UL certified and would have gone through a test process to get that UL 2580 certification. (*See generally* Id.). Plaintiffs admit by omissions that King's FMEA and risk assessment opinions amount to "rank speculation" and contained deficiencies similar to his opinions in *Bettencourt* and *Moore*, where the courts excluded his risk assessment and FMEA opinions because they were deficient and unreliable. (*See generally* Id.); *Bettencourt v. Sharkninja Operating LLC.*, No. 22-cv-09091, 2024 LEXIS 111877 at *19-21; *Moore v. National Presto Industries, Inc.*, 603 F. Supp. 3d 676 (W.D. Wisc. 2022). As such, the Court should preclude King from testifying regarding FMEAs or risk assessments for the subject hoverboard.

## CONCLUSION

This Court should GRANT Defendants' Motion to Exclude Testimony of Derek King for the reasons described above.

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: December 23, 2024                    By: _____
                                                Eugene M. LaFlamme *(pro hac vice)*
                                                Jared B. Giroux *(pro hac vice)*
                                                Jillian L. Lukens *(pro hac vice)*
                                                McCoy Leavitt Laskey, LLC
                                                N19 W24200 Riverwood Drive, Suite 125
                                                Waukesha, WI 53188
                                                (P) 262-522-7000
                                                elaflamme@MLLlaw.com
                                                jgiroux@MLLlaw.com
                                                jlukens@MLLlaw.com

                                                and

                                                Timothy M. Stubson, Wyo. Bar No. 6-3144
                                                Brandon E. Pryde, Wyo. Bar No. 8-6883
                                                Holly L. Tysse, Wyo. Bar No. 7-5553
                                                Crowley Fleck, PLLP
                                                111 West 2nd Street, Suite 220
                                                Casper, WY 82601
                                                (P) 307-232-6901
                                                tstubson@crowleyfleck.com
                                                bpryde@crowleyfleck.com
                                                htysse@crowleyfleck.com