EXHIBIT 10

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

USAA GENERAL INDEMNITY COMPANY )
*as subrogee of Edgar and Hannah Donwell,* )
                                  )

      *Plaintiff,* )
                                    )     Case No. **CJ - 2022 - 6273**

*vs.* )

JETSON ELECTRIC BIKES LLC; *and* )
WALMART INC., )
*vs.* )           **JURY TRIAL DEMANDED**
      *Defendants.* )      **ATTORNEY LIEN CLAIMED**

---

### SUMMONS IN A CIVIL CASE

---

Summons

To JETSON ELECTRIC BIKES LLC.:

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

               **RICK WARREN, Court Clerk**

               _____, Court Clerk

               By_____*PB*_____, Deputy Court Clerk

                                 (Seal)

ATTORNEY FOR PLAINTIFF:

David H. Fisk (OBA #31904)
2121 N. Pearl Street, Suite 300
Dallas, Texas 75201
Telephone: (312) 551-0200
Facsimile: (312) 601-2402

JETSON 0645

Email: dfisk@ghlaw-llp.com

This summons was served on _____

(date of service)

_____

(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED
WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED
IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT
STATED IN THE SUMMONS.

JETSON 0646

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 2 8 2022

RICK WARREN
COURT CLERK
50

USAA GENERAL INDEMNITY COMPANY )
*as subrogee of Edgar and Hannah Donwell,* )
                                    )
     *Plaintiff,* )
                                    )
                                    )    Case No.
*vs.* )
                                    )    **CJ - 2022 - 6273**
JETSON ELECTRIC BIKES LLC; *and* )
WALMART INC., )
                                    )    **JURY TRIAL DEMANDED**
     *Defendants.* )    **ATTORNEY LIEN CLAIMED**

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff USAA General Indemnity Company ("USAA GIC") as subrogee of Edgar and

Hannah Donwell, for its causes of action against Defendants Jetson Electric Bikes LLC and

Walmart Inc., alleges and states:

### THE PARTIES

1.     USAA GIC is a property and casualty insurance company domiciled in Texas and

authorized to engage in the insurance business in Oklahoma, with its principal place of business at

9800 Fredericksburg Road, D-3-W, San Antonio, Texas 78288. Plaintiff's subrogors, Edgar and

Hannah Donwell, are individuals who, at all times relevant hereto, resided in Oklahoma County,

Oklahoma at 420 NW 115th Street, Oklahoma City, Oklahoma 73114.

2.     Defendant, Jetson Electric Bikes LLC, is a foreign limited liability company,

organized and existing under the laws of the State of New York, having its principal place of

business in Kings County, New York at 86 34th Street, 4th Floor, Brooklyn, New York 11232.

Defendant engages in business in Oklahoma but does not maintain a regular place of business in

Oklahoma or a designated agent for service of process in Oklahoma. Defendant has sufficient

JETSON 0647

contacts with Oklahoma so that, under the Oklahoma Long-Arm Statute, it can be served with process by serving its Chief Executive Officer in New York as follows:

Jetson Electric Bikes LLC
c/o Josh Sultan
86 34th Street, 4th Floor
Brooklyn, New York 11232

3.    Defendant, Walmart Inc., is a foreign for profit business corporation, registered and authorized to conduct business in the State of Oklahoma and organized and existing under the laws of the State of Delaware, having its principal place of business located in Benton County, Arkansas at 702 S.W. 8th Street, Bentonville, Arkansas 72716.  Defendant may be served with process in this action by serving its Registered Agent as follows:

Walmart Inc.
c/o C T Corporation System
1833 South Morgan Road
Oklahoma City, Oklahoma 73128

### JURISDICTION AND VENUE

4.    Defendants purposefully availed themselves of the privilege of conducting activities within Oklahoma.

5.    The acts and omissions of Defendants, as alleged below, caused substantial destruction and damage to real and personal property located in Oklahoma County, Oklahoma at 420 NW 115th Street, Oklahoma City, Oklahoma 73114and were the proximate cause of Plaintiff's damages.

6.    Venue is proper in this Court because this cause of action is for damages to improvements, namely, the home of Plaintiff's subrogor located at 420 NW 115th Street, Oklahoma City, Oklahoma 73114 in Oklahoma County, Oklahoma.

JETSON 0648

7.    Plaintiff seeks damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code. Therefore, both venue and jurisdiction are proper in Oklahoma County, Oklahoma.

## FACTS

8.    Since August 2020, Plaintiff's subrogors, Edgar and Hannah Donwell, have owned and resided at certain real property located in Oklahoma County, Oklahoma at 420 NW 115th Street, Oklahoma City, Oklahoma 73114.

9.    On January 4, 2021, the Oklahoma City Fire Department responded to and extinguished a fire at the Donwells' home involving a hoverboard that ignited the dresser next to it and melted a plastic water pipe in an adjacent wall.

10.    The incident caused significant damage to the Donwells' home and personal property, including household goods, clothing, and personal effects.

11.    In addition, the Donwells lost the use and enjoyment of his home while the damages were being repaired and incurred additional expenses that he would not have incurred but for the fire.

12.    At all relevant times, the Donwells were insured by Plaintiff under a homeowners insurance policy bearing policy number 26785498 with effective dates of August 28, 2020 to August 28, 2021.

13.    Pursuant to the terms and conditions of the insurance policy, Plaintiff has paid $211,583.18 to date for the damages caused by the fire, while the Donwells were responsible for a $2,000 deductible.

14.    The investigation into the origin and cause of the fire conducted on behalf of Plaintiff determined that the hoverboard involved in the fire was a black Jetson model JPLSM-

JETSON 0649

BLK Plasma Hoverboard that the Donwells purchased on November 27, 2020 from a Walmart Supercenter store in Oklahoma City, Oklahoma.

15.    Upon information and belief, Defendant Jetson designed, manufactured, and/or marketed the hoverboard in question.

16.    The hoverboard was being charged at the time of the fire with the charger and charging cable supplied with the hoverboard when it was purchased.

17.    While the hoverboard was charging, one of the rechargeable lithium-ion batteries failed and caused the fire.

### CAUSES OF ACTION

### Strict Products Liability

18.    Defendants designed, manufactured, marketed, distributed, and/or sold the product in question, the Jetson model JPLSM-BLK Plasma Hoverboard.  Defendants designed and manufactured the hoverboard in a manner that made them defective and unreasonably dangerous because the batteries for the hoverboard failed and caused a fire that resulted in fire and smoke damage to the Donwells' home and their belongings.  Defendants also marketed and distributed the hoverboard in a manner that made them defective and unreasonably dangerous because Defendants did not adequately warn of the risks that the batteries for the hoverboard may overheat, explode, and cause a fire.  The risk that the hoverboard would overheat and explode before the end of its useful life, a little over one month after its purchase, was not one that the Donwells or any ordinary user would expect.  The hoverboard was defective and unreasonably dangerous at the time it left the possession and control of Defendants.  Defendants knew or had reason to know that the hoverboard was defective, unreasonably dangerous, and unfit for its ordinary purpose.  Defendants failed to properly design, manufacture, and/or market the hoverboard, which resulted

JETSON 0650

in an internal failure of one of the battery cells in the battery pack and caused the fire at the Donwells' home.   While the hoverboard was being charged as intended, the hoverboard malfunctioned and caused a fire, which should not ordinarily occur absent a product defect that existed at the time the hoverboard left Defendants' possession and control.  The failure of the batteries for the hoverboard was the producing cause of Plaintiff's damages, which are within the jurisdictional limits of this Court.

Negligence

19.    In addition, Defendants owed a duty to exercise reasonable care to avoid a foreseeable risk of injury to the Donwells, to exercise ordinary care in the design, production, and sale of the hoverboard in question, to prevent the hoverboard, which was unreasonably dangerous, from reaching the Donwells and causing injury, to exercise care to discover the dangerous propensities of its hoverboards, to inform and issue a warning to the Donwells of the potential fire hazard associated with the use of the hoverboard.  On the occasion in question, Defendants breached these duties in one or more of the following ways:

(a)    by designing, manufacturing, marketing, testing, selling and distributing the hoverboard with a latent dangerous defect in the battery pack;

(b)    by failing to adequately warn, if at all, the Donwells about the risk of potentially dangerous and devastating fires resulting from the defective battery pack;

(c)    by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design for the hoverboard that could have then been reasonably adopted to prevent or substantially reduce the risk of harm without substantially impairing the usefulness, practicality, or desirability of the hoverboard;

(d)    by failing to notify the Donwells of the potential fire hazard concerning the hoverboard even though Defendants were aware of other fires involving Jetson brand hoverboards;

(e)    by designing, manufacturing, and/or marketing the hoverboard in a manner that Defendants knew or should have known subjected the Donwells' property to an unreasonable risk of harm;

JETSON 0651

(f)   by failing to act as a reasonably prudent person would have under the same or similar circumstances.

Each of these acts and omissions, separately or in combination with others, constitutes negligence on the part of Defendants and is a direct and proximate cause of the damages suffered by Plaintiff, which are within the jurisdictional limits of this Court.

### Res Ipsa Loquitur

20.    At this time, Plaintiff cannot more specifically allege the acts of negligent design or manufacture on the part of Defendants because facts in that regard are peculiarly within the knowledge of Defendants. In the alternative, if Plaintiff is unable to prove specific acts of negligent design or manufacture, Plaintiff relies on the doctrine of *res ipsa loquitur*. In this regard, Plaintiff will show that the character of the occurrence in question, the January 4, 2021 fire, is such that it would not have happened in the absence of negligence, and that the design and manufacture of the hoverboard in question was within the exclusive control of Defendants at the time the negligence probably occurred. Plaintiff has limited means of ascertaining the method or manner in which the hoverboard was designed and manufactured, and it came into the possession of Plaintiff's subrogors in the condition it was in when it left the control of Defendants. Therefore, Defendants were negligent in the design and/or manufacture of the hoverboard, which was a direct and proximate cause of the damages suffered by Plaintiff.

### JURY DEMAND

21.    Plaintiff respectfully requests that this Court empanel a lawful jury to try this cause.

### RESERVATION OF RIGHTS

22.    Plaintiff specifically reserves the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

PLAINTIFF'S ORIGINAL PETITION                                        Page 6 of 7

JETSON 0652

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants Jetson Electric Bikes LLC and Walmart Inc. in excess of $75,000 and award Plaintiff actual damages and all costs incurred in this action, including reasonable attorney's fees, court costs, prejudgment interest at the highest legal rate, and post-judgment interest at the highest legal



rate, and any and all other legal or equitable relief to which Plaintiff is entitled.

JETSON 0653

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants Jetson Electric Bikes LLC and Walmart Inc. in excess of $75,000 and award Plaintiff actual damages and all costs incurred in this action, including reasonable attorney's fees, court costs, prejudgment interest at the highest legal rate, and post-judgment interest at the highest legal rate, and any and all other legal or equitable relief to which Plaintiff is entitled.

**DATED:** December 22, 2022

Respectfully submitted,

**GROTEFELD HOFFMAN, LLP**

BY: _____

David H. Fisk (OBA #31904)
2121 N. Pearl Street, Suite 300
Dallas, Texas 75201
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
Email: dfisk@ghlaw-llp.com

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

JETSON 0654

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants Jetson Electric Bikes LLC and Walmart Inc. in excess of $75,000 and award Plaintiff actual damages and all costs incurred in this action, including reasonable attorney's fees, court costs, prejudgment interest at the highest legal rate, and post-judgment interest at the highest legal rate, and any and all other legal or equitable relief to which Plaintiff is entitled.

DATED: December 22, 2022

Respectfully submitted,

GROTEFELD HOFFMAN, LLP

BY:

David H. Fisk (OBA #31904)
2121 N. Pearl Street, Suite 300
Dallas, Texas 75201
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
Email: dfisk@ghlaw-llp.com

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

JETSON 0655