Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
        greyson@GoodyLawGroup.com

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
        rayala@forthepeople.com
*  *Pro Hac Vice*
*Attorneys for*
*Plaintiffs*

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF BRIAN STRANDJORD, P.E.**

**COME NOW,** the Plaintiffs, Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, (hereinafter "Plaintiffs") by and through their counsel of record Rudwin Ayala, Esquire and Morgan & Morgan, and submit this Reply to Defendants' Response Memorandum in Opposition to Plaintiffs'

Motion to Exclude the Purported Expert Testimony of Brian Strandjord, P.E. (hereinafter "Motion"), as grounds thereof state the following:

## ARGUMENT

### I. Meet and Confer was complied with.

The meet and confer requirement of U.S.D.C.L.R. 7.1(b)(1) was complied with by Plaintiffs, and to argue it was not is disingenuous and quite misleading. The meet and confer conference was complied with on the same date as stated by Defendants in their Daubert Motions against the Plaintiffs. On November 22, 2024, following the deposition of Defendants' expert Samuel Sudler, counsel for Plaintiffs and Defendants met and conferred briefly by Zoom wherein Plaintiffs communicated that it intended to file Daubert motions against Defendants liability experts, but that at that moment could not verify if any motions would be filed against any other expert. At the same time, Defendants' counsel announce that he was filing motions against Plaintiffs' Experts King, Snyder, as well as Detective Sheaman and Fire Chief Robinson. As noted by Defense counsel at the time we began our conference, " I assume we're not going to agree on any of these but…." Certainly, he was correct that neither party was willing to agree to withdraw or exclude any of their expert witnesses' testimony. As such, both parties have complied with the meet and confer requirement.

### II. Strandjord is still not qualified to render opinions as to arc mapping given his lack of specific education and training in this area, as well as his lack of education, training and experience in metallurgy, a necessary area of expertise to render the opinions he has.

Defendants have attempted to talk up Strandjord's education and training specific to arc mapping, but the reality is that the courses that he purportedly attended from the International Association of Arson Investigators and National Association of Fire Investigators were mostly related to total fire investigation as opposed to specific to arc mapping. Exhibit A: Deposition of

2

Strandjord at page 13. Though a proffered expert possesses knowledge as to a general field, the expert who lacks specific knowledge does not necessarily assist the jury." City of Hobbs v. Hartford Fire Ins. Co., 162 F.3d 576, 587 (10th Cir. 1998) (citation omitted). Strandjord offers opinions relating to failure of metals as a result of the fire, yet he only received education in the field of metallurgy from basic materials science classes during his undergraduate education. Exhibit A: Deposition of Strandjord at page 25 and 26. Although some general scientific principles apply to both electrical engineering and metallurgy, "…most fire investigators and/or electrical engineers do not possess professionally based, specialized scientific knowledge about metallurgy and are therefore not qualified to give an opinion involving forensic metallurgy, phase transformations in metal and alloys, or to conduct a high magnification examination of electrical conductor artifacts." Thomas R. May, Esq. and David J. Cove, Ph.D., P.E., *Arc Mapping Methodologies & The Pursuit of Magical Globules, Notches, & Beads: A Bridge Too Far to Establish Fire Origin?*, 7 Lincoln L. Rev. 37 (2020), attached as Exhibit B to Plaintiffs' Motion. "At present, field-based arc mapping is besieged by limited non-peer reviewed scientific literary support; 2, insubstantial research; and, 3, idiosyncratic visual and tactile testing techniques. The addition of ill-equipped non-metallurgic practitioners into the mix assures a resulting consequence of stacked and tenuous inferences along with unsupported and unreliable speculation." Exhibit B to Plaintiffs' Motion at pg. 54.

Strandjord's opinion that "the physical evidence presented by the electrical system at the Residence was consistent with: A, Fire being present at or within the polymer Smoking Shed prior to the time that the fire severed the overhead service triplext to the Residence" is based on arcing found on metal fragments within the shed, yet Strandjord has no specialized scientific knowledge about metallurgy. Exhibit A: Deposition of Strandjord at page 71. He couldn't identify what

specifically the conductors, on which he "found evidence of arcing" in the shed was made of, other that it was copper. Exhibit A: Deposition of Strandjord at page 59 and 60. For these reasons, and those illustrated in Plaintiffs' Motion, Strandjord does not meet the qualifications required under Fed. R. Evid. 702 to serve as an expert witness in this litigation.

### III.     Strandjord still fails to meet the requirements of Fed. R. Evid. 702.

In Defendants' long-winded response memorandum, they focus their argument on the position that Strandjord followed NFPA 921 and that courts "readily accept" NFPA 921 to determine reliability of methods used by fire investigation experts. This argument completely ignores the fact that even if NFPA is followed, that does not certify the reliability of the arm mapping performed by Strandjord. Without needlessly wasting the Court's time with re-arguing the points made in Plaintiffs' Motion, the overwhelming research and literature cited to by Plaintiffs are from reputable and peer-reviewed sources.[1] Interestingly, now Defendants criticize the citation of Dr. Babrauskas' peer-reviewed findings when their own experts have acknowledged the validity of Dr. Babrauskas' findings and contributions to the field. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Gorbett: Deposition of Gorbett at pg. 57; Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg.82-84. Even Strandjord acknowledges Babrauskas' as a knowledgeable individual in the field of fire investigation. Exhibit A: Deposition of Strandjord at page 62.

Instead, Defense wants to re-focus this Court on articles written by another engineer who is frequently retained by defense counsels to offer opinions on fire investigation, including and especially on the efficacy of arc mapping. Dr. Mark Svare's advertisement of his expert witness

---

[1] Defendants' argument that the resources cited by Plaintiffs are outdated is another Hail Mary attempt, especially in light of the 2020 contributions by David J. Cove, Ph.D., P.E. in the law review article *Arc Mapping Methodologies & The Pursuit of Magical Globules, Notches, & Beads: A Bridge Too Far to Establish Fire Origin?,* 7 Lincoln L. Rev. 37 (**2020**).

4

services is abundantly found with just a simple google search of his name. Dr. Svare's articles do nothing to alter or diminish the validity of the opinions set forth in the various materials cited and accompanying Plaintiffs' Motion to Exclude Strandjord's testimony. In fact, if anything, it further demonstrates that the field of arc mapping is not as "widely accepted" as Defendants want this Court to believe.

Furthermore, even assuming arguendo that Strandjord relied upon NFPA 921, which as they state has been an accepted, reliable methodology, then the Court must further exclude his testimony as a result of his failure to comply with NFPA 921's requirement that the investigator consider all available evidence. As stated by Defendants' own expert, Joseph Filas, the failure by Strandjord to conduct a complete analysis of all available evidence would amount to a failure to comply with NFPA 921 and would render his opinions unreliable.

> Q: Do you agree that failing to conduct a complete analysis of all available evidence in this fire investigation is a failure to comply with NFPA 921?
>
> A: Yes.
>
> Q: And if either Dr. Gorbett or Mr. Strandjord failed to conduct a complete analysis of all available evidence within their field of specialty, if you will, then that would amount to a failure to comply with NFPA [921][2]?
>
> A: Correct.
>
> Q: And if that occurred in this hypothetical, then their failure to conduct a complete analysis of all available evidence would render their ultimate opinion unreliable at least pursuant to NFPA [921]?
>
> A: Correct.

Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 50-51.

---

[2] The court reporter's typographical error states 291, instead of the deponent's reference to 921.

5

Strandjord acknowledged that he followed NFPA 921. Exhibit A: Deposition of Strandjord at page 46. He acknowledged that he did not review all available evidence relevant to this case, as he chose not to search for arcing locations at the site before the removal of the branch circuit. Exhibit A: Deposition of Strandjord at page 47. Strandjord did not inspect any circuits within the Wadsworth home outside of the Bedroom 4 circuit, and thus did not verify that the remainder of the home was de-energized. Exhibit A: Deposition of Strandjord at page 24 and 25. Strandjord collected no evidence to determine if there was electrical arcing in the kitchen, in the master bedroom, or in the living room. Exhibit A: Deposition of Strandjord at page 57 and 58. Strandjord's conclusion, that the remainder of the house was deenergized, is necessary in order for his theory that the fire originated outside to be valid.  However, he made no attempt to verify/test that conclusion. Stating that the absence of any tripped circuit breakers in the electrical panel for the Residence is consistent with those circuits inside

the Residence being de-energized at the time they were attacked by the fire is a hypothesis that, if Strandjord was truly following NFPA 921 as he stated he was, required testing in order to confirm or disprove. This was not done. Instead, Defendants criticize Plaintiffs for what they consider to be a misunderstanding of the home's electrical service and system. Yet, the timing of when the service triplex melted and was severed has not been verified, only hypothesized. What Strandjord, and none of Defendants' other experts have done, is truly exclude the possibility of the fire beginning inside through evidence, only assumptions and conclusions based upon incomplete inspections and analysis. In fact, Strandjord never stated that electrical arcing was absolutely necessary in order to establish fire origin. He couldn't, because NFPA 921 provides that arc mapping alone is not a sufficient basis for establishing origin.

Simply put, Strandjord **failed** to rule out the presence of electrical arcing throughout the entire house in order to prove that the house was deenergized. Without this necessary component, his opinion that the house was deenergized, which was caused by the melted service triplex, which was caused by the outside fire…is just a stacking of inferences and the type of biased, unreliable and misleading testimony that cannot be presented to a jury. Without question, Strandjord failed to comply with NFPA 921, which he stated guided his investigation, thus rendering his opinions unreliable under Rule 702 and therefore inadmissible.

### IV.     Strandjord's testimony will not assist the trier of fact.

Given the deficiencies in Strandjord's qualifications, methodologies, and overall failure to meet the requirements of Fed. R. Evid. 702, any testimony by Strandjord would only operate to mislead the jury and cause confusion of issues in this action. Without question, allowing a jury to hear and entertain Strandjord's uncorroborated and faulty opinions would be unfairly prejudicial to the Plaintiffs, rendering Fed. R. Evid. 702 useless. This is the type of testimony for which said rule was created, and why the Daubert decision exists as the rule of law.

### CONCLUSION

For the foregoing reasons, and those expressed in Plaintiffs' Motion to Exclude the Purported Expert Testimony of Brian Strandjord, P.E. and all exhibits thereto, Plaintiffs respectfully request entry of an Order Granting said Motion, thereby excluding Brian Strandjord's opinions and testimony from admission at trial. Any request by Defendants for an evidentiary hearing should likewise be denied, as such a hearing would only act as an opportunity for Defendants to change what has already been established through deposition testimony.

Date: December 24, 2024                    Respectfully Submitted,

                                           /s/ Rudwin Ayala
                                           **RUDWIN AYALA, Esq.**\*

Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Emails: rayala@forthepeople.com
      sleroy@forthepeople.com
*Admitted Pro Hac Vice*

And,

/s/ Taly Goody
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY, ESQ.**
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Emails: taly@GoodyLawGroup.com
      greyson@GoodyLawGroup.com
*Local Counsel*

/s/ T. Michael Morgan
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
      akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2024, a true and correct copy of the foregoing was electronically served to all counsel of record.

Counsel for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com
Jared B. Giroux – jguiroux@MLLlaw.com
Jillian L. Lukens – jlukens@MLLlaw.com

                                               */s/ Rudwin Ayala*
                                               **RUDWIN AYALA, Esq.**
                                               Fla Bar No.: 84005
                                               *Admitted Pro Hac Vice*