Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
        greyson@GoodyLawGroup.com

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
        rayala@forthepeople.com
*  *Pro Hac Vice*
*Attorneys for*
*Plaintiffs*

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING**

|  |  |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF JOSEPH FILAS.**

**COME NOW,** the Plaintiffs, Stephanie Wadsworth, individually and as parent and legal

guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, (hereinafter

"Plaintiffs") by and through their counsel of record Rudwin Ayala, Esquire and Morgan &

Morgan, and submit this Reply to Defendants' Response Memorandum in Opposition to Plaintiffs'

Motion to Exclude the Purported Expert Testimony of Joseph Filas (hereinafter "Motion"), as grounds thereof state the following:

**ARGUMENT**

**I.      Meet and Confer was complied with.**

The meet and confer requirement of U.S.D.C.L.R. 7.1(b)(1) was complied with by Plaintiffs, and to argue it was not is disingenuous and quite misleading. The meet and confer conference was complied with on the same date as stated by Defendants in their Daubert Motions against the Plaintiffs. On November 22, 2024, following the deposition of Defendants' expert Samuel Sudler, counsel for Plaintiffs and Defendants met and conferred briefly by Zoom wherein Plaintiffs communicated that it intended to file Daubert motions against Defendants liability experts, but that at that moment could not verify if any motions would be filed against any other expert. At the same time, Defendants' counsel announced that he was filing motions against Plaintiffs' Experts King, Snyder, as well as Detective Sheaman and Fire Chief Robinson. As noted by Defense counsel at the time we began our conference, " I assume we're not going to agree on any of these but…." Certainly, he was correct that neither party was willing to agree to withdraw or exclude any of their expert witnesses' testimony. As such, both parties have complied with the meet and confer requirement.

**II.     Filas is still not qualified to render opinions as to arc mapping, fire modeling, and origin and cause analysis relating to personal mobility devices such as hoverboards.**

Since the filing of Plaintiffs' Motion, Mr. Filas' deposition has been taken. Mr. Filas is not a mechanical or electrical engineer. Exhibt A: Deposition of Filas at pg. 10. He lacks specialized education and experience in the cause of lithium-ion battery failures. Exhibt A: Deposition of Filas

2

at pg. 11. He's only investigated two hoverboard fires in his career, this case included, and both on behalf of Defendants' counsel in this action. Exhibt A: Deposition of Filas at pg. 21. Furthermore, Mr. Filas acknowledged that he relied upon Gorbett's analysis and opinions as it relates to fire testing and fire modeling, and Strandjord's analysis and opinions as it relates to arc mapping for purposes of rendering his opinions on the origin and cause of the underlying fire. Exhibt A: Deposition of Filas at pg. 41, 42, 46, 47 and 48.  Specifically, Filas stated that he deferred to Strandjord with regards to any opinions in the field of arc mapping because "he's a little bit more knowledgeable than I am." Exhibt A: Deposition of Filas at pg. 41 and 42. Filas relied on unreliable conclusions by Strandjord and Gorbett (as further discussed below), thus rendering him incapable and unqualified to offer his own opinions on origin since he did not conduct his own complete analysis on fire testing, fire modeling and arc mapping.

III.     **Filas still fails to meet the requirements of Fed. R. Evid. 702 as his opinions are unreliable and based upon the impermissible stacking of inferences.**

1.   **Filas' reliance on Strandjord and Gorbett's opinions is misplaced, and renders his opinions unreliable and thereby inadmissible**.

Filas testified that he followed NFPA 921 for his forensic investigation, and that it is authoritative and required. Exhibt A: Deposition of Filas at pg. 49. He acknowledged that it requires a complete analysis of all available evidence. Exhibt A: Deposition of Filas at pg. 49. He believes that Strandjord and Gorbett conducted a complete analysis of all available evidence. Exhibt A: Deposition of Filas at pg. 50. Filas went on to state the following:

> Q:     Do you agree that failing to conduct a complete analysis of all available evidence in this fire investigation is a failure to comply with NFPA 921?
>
> A:     Yes.

Q:      And if either Dr. Gorbett or Mr. Strandjord failed to conduct a complete analysis of all available evidence within their field of specialty, if you will, then that would amount to a failure to comply with NFPA [921][1]?

A:      Correct.

Q:      And if that occurred in this hypothetical, then their failure to conduct a complete analysis of all available evidence would render their ultimate opinion unreliable at least pursuant to NFPA [921]?

A:      Correct.

Exhibt A: Deposition of Filas at pages 50-51.

As described in Plaintiffs' Daubert Motions related to Strandjord and Gorbett, both failed to analyze all available evidence. For these reasons, Filas agrees that such failure by Strandjord and Gorbett would result in their failing to comply with NFPA 921, thus rendering their opinions in the fields of fire testing and fire modeling (Gorbett) and arc mapping (Strandjord) unreliable.

Although an expert may rely upon another expert's opinions, he must ensure that the facts or data relied upon by the other expert are of the kind that "experts in the particular field would reasonably rely on ... in forming an opinion on the subject." Vox Marketing Group, LLC v. Prodigy Promos L.C., 521 F.Supp.3d 1135, 1144–45 (D.Utah, 2021); citing Gopalratnam v. Hewlett-Packard Co., 877 F.3d 771, 789 (7th Cir. 2017). Gorbett never went to the scene of the fire. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Gorbett: Deposition of Gorbett at pg. 10 and 15. Gorbett never looked at any of the actual physical evidence involved in the fire. Id. Strandjord acknowledged that he did not review all available evidence relevant to this case, as he chose not to search for arcing locations at the site before the removal of the branch circuit. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Strandjord: Deposition of Strandjord at page 47. Strandjord did not inspect any circuits within the Wadsworth

---

[1] The court reporter's typographical error states 291, instead of the deponent's reference to 921.

home outside of the Bedroom 4 circuit, and thus did not verify that the remainder of the home was de-energized. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Strandjord: Deposition of Strandjord at page 24 and 25. Strandjord collected no evidence to determine if there was electrical arcing in the kitchen, in the master bedroom, or in the living room. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Strandjord: Deposition of Strandjord at pg. 57 and 58. Strandjord's conclusion, that the remainder of the house was deenergized, is necessary in order for his theory that the fire originated outside to be valid. However, he made no attempt to verify/test that conclusion. Thus, Filas' reliance on Strandjord's and Gorbett's conclusions is improper, violates the mandate of Fed. R. Evid. 703, 702, and is misleading and highly prejudicial to the Plaintiffs. For these reasons, Filas' opinions as to fire origin and cause must be excluded.

2. **Filas' SMOLDERING CIGARETTE THEORY is not supported by any actual evidence and amounts to nothing more than an impermissible stacking of inferences and reliance on nonexistent facts.**

Filas' opinion that the underlying fire was caused by an improperly discarded smoking cigarette is nothing more than made up theory attempting to pull something out of thin air that might get a jury's attention, while still being based on absolutely nothing. Furthermore, Gorbett agreed that there was no evidence that a cigarette was improperly discarded, yet he includes the analysis in his report and opinions. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Gorbett: Deposition of Gorbett at pg. 36, 61, 123, 124.

There is nothing about Filas' opinion regarding the smoldering cigarette theory that is reliable or based on actual evidence in the case. In fact, it is all based on complete speculation. Filas conducted no physical tests to verify his smoldering cigarette theory. Exhibit A: Deposition of Filas at pg. 75. Filas conducted no testing relating to the combustible materials within the shed

on the date of the incident. Exhibit A: Deposition of Filas at pg. 76. Filas only conducted "thought experiments" regarding this smoldering cigarette causation theory – which amounts to him just "thinking about it". Exhibit A: Deposition of Filas at pg. 76. Filas agreed (as he had to) that there was no actual evidence that Mrs. Wadsworth improperly discarded a cigarette the night/morning of the fire. Filas agreed there is no evidence of where Mrs. Wadsworth was sitting or standing inside of the shed. Exhibit A: Deposition of Filas at pg. 72. Filas agreed there is no evidence for how long Mrs. Wadsworth was smoking a cigarette approximately two hours before the fire. Exhibit A: Deposition of Filas at pg. 73. Filas agreed there is no evidence as to how much was left of any cigarette she was smoking before the fire. Exhibit A: Deposition of Filas at pg. 73. Filas agreed there is no evidence of which ashtray Mrs. Wadsworth used to discard the cigarette. Exhibit A: Deposition of Filas at pg. 74. Filas agreed there is no evidence that Mrs. Wadsworth did not attempt to put out whatever remained of her cigarette. Exhibit A: Deposition of Filas at pg. 74. Filas went even further. He testified that it would not be relevant to known how much of the cigarette was left when Mrs. Wadsworth finished smoking, or the rate at which the cigarette was burning after she left the shed. Exhibit A: Deposition of Filas at pg. 86. Yet, amazingly, Filas reaches the conclusion that the only probable ignition source that caused this fire was an improperly discarded smoldering cigarette. Exhibit A: Deposition of Filas at pg. 85. There is not one thing about Filas' opinion that complies with Fed. R. Evid. 702, thereby requiring exclusion of this baseless theory due to its unreliability. Filas cannot be allowed to come up with a random theory and introduce it to a jury as an "expert opinion", concluding that it is the most probable cause of this fire, and have no actual evidence to support it. The fact that Mrs. Wadsworth smoked hours before this fire does not directly correlate to her having improperly discarded a cigarette. To analogize this in a similar context, this would be equivalent to Plaintiffs arguing that because the

6

Jetson Hoverboard was in the Wadsworth home at the time of the fire and the children had ridden it the night before, that fact alone is enough to conclude that the hoverboard caused the fire! This Court surely would not allow such a quantum leap to be inferred by the Plaintiffs, and likewise should not allow such prejudicial, fabricated theory to be introduced by the Defendants. Filas testified that nothing else within the shed was a viable ignition source amounting to it being a

## IV.    Filas' testimony will not assist the trier of fact.

Given the deficiencies in Filas' qualifications, methodologies, and overall failure to meet the requirements of Fed. R. Evid. 702, any testimony by Filas would only operate to mislead the jury and cause confusion of issues in this action. Without question, allowing a jury to hear and entertain Filas' uncorroborated and faulty opinions would be unfairly prejudicial to the Plaintiffs, rendering Fed. R. Evid. 702 useless. This is the type of testimony for which said rule was created, and why the Daubert decision exists as the rule of law.

## CONCLUSION

For the foregoing reasons, and those expressed in Plaintiffs' Motion to Exclude the Purported Expert Testimony of Joseph Filas and all exhibits thereto, Plaintiffs respectfully request entry of an Order Granting said Motion, thereby excluding Filas's opinions and testimony from admission at trial. Any request by Defendants for an evidentiary hearing should likewise be denied, as such a hearing would only act as an opportunity for Defendants to change what has already been established through deposition testimony.

Date: December 24, 2024                    Respectfully Submitted,

*/s/ Rudwin Ayala*
**RUDWIN AYALA, Esq**.*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401

Telephone: (561) 764-2220
Emails: rayala@forthepeople.com
       sleroy@forthepeople.com
*Admitted Pro Hac Vice*

 And,
 */s/ Taly Goody*
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY, ESQ.**
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Emails: taly@GoodyLawGroup.com
       greyson@GoodyLawGroup.com
*Local Counsel*

 */s/ T. Michael Morgan*
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
       akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 24, 2024, a true and correct copy of the foregoing was electronically served to all counsel of record.

Counsel for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com
Jared B. Giroux – jguiroux@MLLlaw.com
Jillian L. Lukens – jlukens@MLLlaw.com

/s/ Rudwin Ayala
**RUDWIN AYALA, Esq.**
Fla Bar No.: 84005
*Admitted Pro Hac Vice*