Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
       greyson@GoodyLawGroup.com

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
       rayala@forthepeople.com
*  *Pro Hac Vice*
*Attorneys for*
*Plaintiffs*

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF GREGORY GORBETT, PH.D.**

**COME NOW,** the Plaintiffs, Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, (hereinafter "Plaintiffs") by and through their counsel of record Rudwin Ayala, Esquire and Morgan & Morgan, and submit this Reply to Defendants' Response Memorandum in Opposition to Plaintiffs'

1

Motion to Exclude the Purported Expert Testimony of Gregory Gorbett, Ph.D. (hereinafter "Motion"), as grounds thereof state the following:

## ARGUMENT

### I.   Meet and Confer was complied with.

The meet and confer requirement of U.S.D.C.L.R. 7.1(b)(1) was complied with by Plaintiffs, and to argue it was not is disingenuous and quite misleading. The meet and confer conference was complied with on the same date as stated by Defendants in their Daubert Motions against the Plaintiffs. On November 22, 2024, following the deposition of Defendants' expert Samuel Sudler, counsel for Plaintiffs and Defendants met and conferred briefly by Zoom wherein Plaintiffs communicated that it intended to file Daubert motions against Defendants liability experts, but that at that moment could not verify if any motions would be filed against any other expert. At the same time, Defendants' counsel announced that he was filing motions against Plaintiffs' Experts King, Snyder, as well as Detective Sheaman and Fire Chief Robinson. As noted by Defense counsel at the time we began our conference, " I assume we're not going to agree on any of these but…." Certainly, he was correct that neither party was willing to agree to withdraw or exclude any of their expert witnesses' testimony. As such, both parties have complied with the meet and confer requirement.

### II.   Gorbett still fails to meet the requirements of Fed. R. Evid. 702.

Despite their twelve-page response to Plaintiffs' Motion, Defendants have failed to address the relevant evidence that Gorbett failed to consider, or in some instances just flat out rejected. Gorbett never went to the scene of the fire. Exhibit A; Deposition of Gorbett at pg. 10 and 15. Gorbett never looked at any of the actual physical evidence involved in the fire. Id. Fire modeling is not required by NFPA 921 to determine fire origin. Exhibit A; Deposition of Gorbett at pg. 10

and 11. However, Gorbett acknowledged that he followed NFPA 921. Exhibit A; Deposition of Gorbett at page 48.

As stated by Defendants' own expert, Joseph Filas, the failure by Gorbett to conduct a complete analysis of all available evidence would amount to a failure to comply with NFPA 921 and would render his opinions unreliable.

> Q: Do you agree that failing to conduct a complete analysis of all available evidence in this fire investigation is a failure to comply with NFPA 921?
>
> A: Yes.
>
> Q: And if either Dr. Gorbett or Mr. Strandjord failed to conduct a complete analysis of all available evidence within their field of specialty, if you will, then that would amount to a failure to comply with NFPA [921][1]?
>
> A: Correct.
>
> Q: And if that occurred in this hypothetical, then their failure to conduct a complete analysis of all available evidence would render their ultimate opinion unreliable at least pursuant to NFPA [921]?
>
> A: Correct.

Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 50-51.

As such, Gorbett's failure to comply with all of NFPA 921's requirements as it relates to his fire investigation and analysis, in particular that he consider all available evidence, warrants exclusion of his opinions as unreliable.

1. **Burn Shed- Plaintiffs rely upon their arguments in their Motion regarding the shortcomings of Gorbett's Shed Burn and his failure to simulate the fire using substantially similar components and factors.**

2. **Weather - Plaintiffs rely upon their arguments in their Motion regarding how Gorbett failed to properly consider weather in his analysis and simulate the same or substantially similar weather conditions during his shed burn experiment.**

---

[1] The court reporter's typographical error states 291, instead of the deponent's reference to 921.

3. **Exemplar Residence** - Plaintiffs rely upon their arguments in their Motion regarding Gorbett's failure to simulate the fire using a substantially similar structure, but would add that his additional failure to ever visit, inspect, and analyze the actual scene of the fire renders his analysis unreliable and deficient pursuant to NFPA 921 and Defendants' expert Filas.

4. **Gorbett improperly relies upon an untested and unreliable conclusion of Defendants' expert Filas** regarding the cause of the fire being an "improperly discarded, smoldering cigarette", which renders Gorbett's analysis unreliable.

For starters, Defendants attempt to convince this Court that Gorbett is not rendering any opinions relating to cause of the underlying fire. Yet, he includes in his analysis discussion regarding a smoldering cigarette, not just as a reliance on Filas' conclusion, but specifically describing the timing it purportedly takes for a cigarette to go from smoldering to flame, Exhibit A; Deposition of Gorbett at page 60. Gorbett agreed that there was no evidence that a cigarette was improperly discarded, yet he includes the analysis in his report and opinions. Exhibit A; Deposition of Gorbett at pg. 36, 61, 123, 124. Gorbett claims that the only reason he included analysis in his report regarding a smoldering cigarette was to "make sure that somebody would know that if this was a smoldering fire, this heat release rate curve…the fuel isn't just going to be consumed in a smoldering fire in ten minutes, 15 minutes. So if it's a smoldering fire, I just was trying to clarify that this could have lasted longer, because our test was just a flame…." Exhibit A; Deposition of Gorbett at pg. 123. Gorbett's rational is nonsensical. If he wanted to explain that the heat release rate curve may differ if there is a delay in ignition, that is all he needed to say. Instead, Gorbett endorses Filas' opinion on this issue, and relies upon it to further bolster his opinions.

Although an expert may rely upon another expert's opinions, he must ensure that the facts or data relied upon by the other expert are of the kind that "experts in the particular field would reasonably rely on ... in forming an opinion on the subject." Vox Marketing Group, LLC v. Prodigy

4

Promos L.C., 521 F.Supp.3d 1135, 1144–45 (D.Utah, 2021); citing Gopalratnam v. Hewlett-Packard Co., 877 F.3d 771, 789 (7th Cir. 2017). There is nothing about Filas' opinion regarding the smoldering cigarette theory that is reliable or based on actual evidence in the case. In fact, it is all based on complete speculation. Filas conducted no physical tests to verify his smoldering cigarette theory. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 75. Filas conducted no testing relating to the combustible materials within the shed on the date of the incident. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 76. Filas only conducted "thought experiments" regarding this smoldering cigarette causation theory – which amounts to him just "thinking about it". Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 76. Filas agreed (as he had to) that there was no actual evidence that Mrs. Wadsworth improperly discarded a cigarette the night/morning of the fire. Filas agreed there is no evidence of where Mrs. Wadsworth was sitting or standing inside of the shed. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 72. Filas agreed there is no evidence for how long Mrs. Wadsworth was smoking a cigarette approximately two hours before the fire. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 73. Filas agreed there is no evidence as to how much was left of any cigarette she was smoking before the fire. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 73. Filas agreed there is no evidence of which ashtray Mrs. Wadsworth used to discard the cigarette. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 74. Filas agreed there is no evidence that Mrs. Wadsworth did not attempt to put out whatever remained of her cigarette. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion

As To Filas: Deposition of Filas at pg. 74. Filas went even further. He testified that it would not be relevant to known how much of the cigarette was left when Mrs. Wadsworth finished smoking, or the rate at which the cigarette was burning after she left the shed. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 86. Yet, amazingly, Filas reaches the conclusion that the only probable ignition source that caused this fire was a improperly discarded smoldering cigarette. Exhibit A of Plaintiffs' Reply Memorandum Regarding Daubert Motion As To Filas: Deposition of Filas at pg. 85. THIS is what Gorbett relies upon- why he even includes the smoldering cigarette theory in his report and as part of his opinions. There is not one thing about Filas' opinion that complies with Fed. R. Evid. 702, thereby requiring exclusion of that baseless theory due to its unreliability. As such, Gorbett cannot rely upon the improperly discarded smoldering cigarette theory pursuant to Fed. R. Evid. 703.

5. **Bedsheets and smoke in G.W. and L.W.'s bedroom - Plaintiffs rely upon their arguments in their Motion regarding how Gorbett failed to properly analyze how a fire entering the home through Bedroom 4's window would have consumed the whole room without first consuming the boys bed and bed sheets which rested against said window, given the fact that the evidence in the case is that the window was already broken when the boys woke up (as relied on by all of Defendants' experts) and neither G.W. and L.W. had any burns or injuries.**

6. **Model inputs - Plaintiffs rely upon their arguments in their Motion regarding Gorbett's unreliable data entry for purposes of modeling.**

### III. Defendants must be precluded from introducing duplicative testimony from Gorbett on origin and causation.

Gorbett testified in deposition that he was "obviously helping with the analysis and hypothesis testing for origin. And as cause is—is inherently within the area of origin, that would be the only connection to cause." Exhibit A; Deposition of Gorbett at pg. 44. In fact, he testified that as it relates to origin, his opinion is that the hypothesis that the fire began at the shed is the most likely point of origin, and that he excluded the possibility that the fire began in Bedroom 4,

6

thereby leaving the shed as the only possible point of origin. Exhibit A; Deposition of Gorbett at pg. 45 and 46. That is an origin opinion, which is duplicative of the scope of Filas' involvement and opinions in this case. Defendants can dress it up how they'd like, but the net result of his testimony is to establish the point of origin as the shed, something Filas and Strandjord are also attempting to offer. Defendants cannot be given the opportunity to tell a jury on three separate occasions, by three different "experts", that the origin of this fire was the shed given how highly prejudicial that would be. This is true especially because Gorbett is and has been a fire origin and cause expert on numerous other fire cases on behalf of experts. Rule 403 of the Federal Rules of Evidence allows a court to exclude evidence, including expert witnesses, where there is a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Murray v. Am. Colloid Co., No. 20-CV-3-J, 2022 WL 1132145, at *5 (D. Wyo. Mar. 11, 2022); Fed. R. Evid. 403. The Tenth Circuit went on to hold the Local Rule is intended to "preclude overlapping or duplicative testimony by experts." Id. The Court may exclude otherwise relevant evidence when such evidence appears cumulative or otherwise prejudicial. Id.

## CONCLUSION

For the foregoing reasons, and those expressed in Plaintiffs' Motion to Exclude the Purported Expert Testimony of Gregory Gorbett, Ph.D. and all exhibits thereto, Plaintiffs respectfully request entry of an Order Granting said Motion, thereby excluding Gregory Gorbett's opinions and testimony from admission at trial. Any request by Defendants for an evidentiary hearing should likewise be denied, as such a hearing would only act as an opportunity for Defendants to change what has already been established through deposition testimony.

Date: December 24, 2024                           Respectfully Submitted,

*/s/ Rudwin Ayala*
**RUDWIN AYALA, Esq**.*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Emails: rayala@forthepeople.com
sleroy@forthepeople.com
*Admitted Pro Hac Vice*

And,
*/s/ Taly Goody*
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY, ESQ.**
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Emails: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Local Counsel*

*/s/ T. Michael Morgan*
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2024, a true and correct copy of the foregoing was electronically served to all counsel of record.

Counsel for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com
Jared B. Giroux – jguiroux@MLLlaw.com
Jillian L. Lukens – jlukens@MLLlaw.com

                                             */s/ Rudwin Ayala*
                                             **RUDWIN AYALA, Esq.**
                                             Fla Bar No.: 84005
                                             *Admitted Pro Hac Vice*