Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, <br><br>  Plaintiffs, <br><br> v. <br><br> WALMART INC. and JETSON ELECTRIC BIKES, LLC, <br><br>  Defendants. | Case No. 2:23-cv-00118-NDF <br><br> **DEFENDANTS JETSON ELECTRIC BIKES, LLC AND WALMART INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE NOTICE OF ERRATA** |

WALMART INC. ("Walmart") and JETSON ELECTRIC BIKES, LLC ("Jetson"), (collectively "Defendants"), by and through their attorneys, Crowley Fleck PLLP and McCoy Leavitt Laskey LLC, hereby submit their response in opposition of Plaintiffs' Motion to Strike Defendants' Notice of Errata.

## ARGUMENT

### I. PLAINTIFFS CONTINUE TO VIOLATE LOCAL RULES FOR NON-DISPOSITIVE MOTIONS.

Pursuant to U.S.D.C.L.R. 7.1(b)(1), Plaintiffs are required to meet and confer with Defendants regarding all non-dispositive motions. Specifically, Rule 7.1(b)(1)(A) states "[t]he moving party shall state in the motion the specific efforts to comply with this rule and the position of the opposing party. A motion may be summarily denied for failure to certify conferral …" In an ongoing disregard for the Local Rules of this Court, Plaintiffs once again failed to meet and confer on this motion and did not include the required meet and confer statement in the motion. As such, Plaintiffs' Motion can be summarily denied due to this procedural defect.

### II. DEFENDANTS' NOTICE OF ERRATA DOES NOT MAKE ANY NEW OR ADDITIONAL ARGUMENTS OR MATERIALLY CHANGE DEFENDANTS' SUMMARY JUDGMENT MOTION.

Defendants Notice of Errata ("Errata") was filed as soon as Defendants realized that the correct exhibits were not attached to the Declaration in Support of Defendants' Motion for Summary Judgment. To be sure, the proper documents *were* referenced and identified in Defendants' Summary Judgment Brief (Doc. 99). Some of the specific and corresponding portions of the documents that were intended to be attached to the Declaration, however, were inadvertently left out due to a minor clerical error. In fact, the clerical error was so innocuous that Plaintiffs did not even raise the issue in their Summary Judgment Response Brief (Doc. 119).

Further, the Errata does not materially change Defendants' Summary Judgment Motion in the least. The Errata only corrected the following four clerical issues from the initial filing:

| Initial Declaration contained: | Error: | Corrected Declaration filed with Errata contained: |
|---|---|---|
| Exhibit 3: Schulz Report, Page 77. | Schulz's full expert report should have been attached. | Amended Exhibit 3: The full Schulz Report. |
| Exhibit 8: Strandjord Report, Page 26. | Page 25, not page 26, should have been attached. | Amended Exhibit 8: Strandjord Report, Page 25. |
| Exhibit 10: King Report, Pages 10 and 13. | King's full expert report should have been attached. | Amended Exhibit 10: The full King Report. |
| Exhibit 11: Cited portions of King's Deposition Transcript, but two cited pages were inadvertently omitted. | Two cited pages from King's deposition transcript were inadvertently omitted. | Amended Exhibit 11: King Deposition Transcript with missing pages added:<br>• 27:9-13 (referenced in Defendants' Summary Judgment Brief at page 16); and<br>• 198:1-199:24 (referenced in Defendants' Summary Judgment Brief at page 17). |

Plaintiffs, nonetheless, contend that Defendants' Errata constitutes a "material change" to Defendants' previously filed Motion and Brief in Support of Summary Judgment (Docs. 96 and 99). Plaintiffs, however, only make this blanket statement without showing what elements of the Errata are material such that it results in undue prejudice. Plaintiffs do not make such a showing because they cannot as all of the documents in the Errata were part of the discovery and/or court record well before Defendants' Summary Judgment Motion was filed and were referenced in Defendants' Summary Judgment Brief (Doc. 99).

It is also unclear as to what Plaintiffs mean when they argue that Defendants "have failed to provide any explanation for what prevented them from submitting these documents in the months prior to the December 2, 2024 deadline." (Doc. 125, Pg. 3). All of the documents in the corrected Declaration *were* part of the discovery and court record, they just were not correctly attached to the initial Declaration – although they were cited in Defendants' Summary Judgment Brief.

As noted in the above table, the four documents subject to the clerical error were three expert reports which were already in the court record – two of which were Plaintiffs' own expert reports. (Docs. 73-2 and 73-3). These reports were cited in Defendants' Summary Judgment Brief. The other document was the cited portions of Plaintiffs' expert Derek King's deposition testimony. King's deposition was taken on August 19, 2024 and Defendants specifically cited to the page and line numbers of his deposition in their Summary Judgment Brief.[1] Defendants' Errata merely seeks to provide this Court with the sections of the record that are directly cited and referenced in their Brief that were inadvertently omitted from the subject Declaration at Exhibits 3, 8, 10, and 11, respectively.

Defendants do not introduce any new or additional information that would constitute a material change to their previously filed documents (Doc. 96 and 99) with the Errata. Moreover, Plaintiffs are not prejudiced as they already had the three expert reports and King's full deposition transcript. The Errata is nothing more than the correction of a clerical error pursuant to F.R.C.P. 60(a) for *the Court's* benefit. As such, Plaintiffs' Motion to Strike should be denied.

### III. DEFENDANTS' NOTICE OF ERRATA IS NOT SIMILAR TO PLAINTIFFS' PRIOR ATTEMPT TO REDO THEIR EXPERT DISCLOSURES.

Plaintiffs unjustifiably attempt to correlate Defendants' Errata to their own Motion to Amend Expert Disclosures. (Doc. 76). Defendants' Errata, however, was filed to fix four innocuous mistakes in the exhibits they filed contemporaneously with their Summary Judgment Motion, whereas Plaintiffs' prior Motion to Amend Expert Disclosures was an attempt to re-do their expert disclosures ten days prior to Defendants' expert disclosure deadline.

---

[1] Plaintiffs also filed a full copy of Derek King's deposition transcript with the Court as Exhibit 1 to Plaintiffs' Resp. in Opp. To Defendants' Mot. To Exclude the Testimony of Derek King (Doc. 120).

Specifically, Plaintiffs' Motion to Amend Expert Disclosures sought to add two unnamed expert witnesses – an economist and plastic surgeon. Plaintiffs also sought to have their life care expert offer additional life care plan opinions for other members of the Wadsworth family that were not included in his initial assessment. This Court properly held that Plaintiffs made no attempt to rectify or correct their errors for nearly two months, calling it a "glaring lack of diligence", that Plaintiffs did not make a showing of good cause, and that Plaintiffs proposed amendment is neither substantially justified nor harmless. (Doc. 93, Pg. 14-15).

Here, Defendants' Errata seeks to timely correct four minor errors discovered in their summary judgment exhibits. Unlike Plaintiffs' Motion to Amend Expert Disclosures, Defendants' Errata does not attempt to add any additional unknown material witnesses, testimony, exhibits, or information that would result in surprise or undue prejudice. Further, the purpose of Defendants' Errata is to provide *the Court* with the correct exhibits as Plaintiffs already had the three expert reports and Mr. King's full deposition transcript.

Therefore, unlike the prejudicial effects of Plaintiffs' Motion to Amend Expert Disclosures, which would have re-opened expert discovery and required Defendants to retain additional expert(s) to address Plaintiffs' new expert opinions, Defendants' Errata was filed to correct four harmless errors in the Declaration filed contemporaneously with Defendants' Summary Judgment Brief. These two situations are far from analogous and the Court should disregard Plaintiffs' attempts to tie the two situations together.

### IV. PLAINTIFFS HAVE NOT SHOWN ANY PREJUDICE AND SHOULD NOT BE ALLOWED TO AMEND THEIR SUMMARY JUDGMENT RESPONSE OR ANY OTHER PREVIOUSLY FILED MOTIONS.

Plaintiffs request, in the alternative, that if Defendants' Errata is permitted, they should be granted "an extension of time to file any additional materials to support their previously filed motions, and responses, thereto from December 2nd and December 16th, 2024." (Doc. 125, Pg. 4).

In making such a request, it appears that Plaintiffs also seek to re-open other motions beyond the summary judgment motion – such as the pending Rule 702 *Daubert* motions. It is unclear as to how an Errata filed to correct minor clerical errors for a specific declaration would justify such a result.

Therefore, Plaintiffs' request for alternative relief should also be denied.

## CONCLUSION

Based on the aforementioned reasons, Plaintiffs' Motion to Strike Defendants' Notice of Errata should be DENIED.

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: December 31, 2024

By: */s/ Holly L. Tysse*
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

and

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com