Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No. 2:23-cv-00118-NDF<br><br>**PLAINTIFFS AND DEFENDANTS PROPOSED STIPULATIONS OF FACTS**<br><br>**PACKET 1: UNDISPUTED FACTS** |

Plaintiffs and Defendants, by and through their respective attorneys, hereby submit their joint proposed stipulation of undisputed facts:

| No. | Undisputed Fact | Source / Citation |
|---|---|---|
| 1 | This case involves a February 1, 2022 residential fire at the Wadsworth residence in Sweetwater County, Wyoming. | Doc. No. 1, ¶3-8, 33 |
| 2 | Plaintiffs, Stephanie and Matthew Wadsworth, are the natural parents of minor Plaintiffs, K.W., G.W., W.W. and L.W. | Doc No. 1, ¶¶5-8 |
| 3 | Defendant, Walmart Inc. ("Walmart") is a Delaware corporation. | Doc. No. 1, ¶9 <br> Doc. No. 23, ¶9 |
| 4 | Walmart has a retail location at 201 Gateway Blvd, Rock Springs, Wyoming. | Doc. No. 1, ¶26 <br> Doc. No. 23, ¶26 |
| 5 | Plaintiffs purchased a Jetson Plasma hoverboard from Walmart's Rock Spring retail store in December 2021. | Doc. No. 1, ¶31 |
| 6 | Defendant, Jetson Electric Bikes, LLC ("Jetson") is a New York limited liability company. | Doc. No. 1, ¶12 <br> Doc. No. 18, ¶12 |
| 7 | Jetson's principal place of business is 86 34th Street, 4th Floor, Brooklyn, New York 11232. | Doc. No. 1, ¶12 <br> Doc. No. 18, ¶12 |
| 8 | Jetson is a non-manufacturing distributor of personal e-mobility devices, including hoverboards. | Doc. No. 18, ¶13 |
| 9 | Jetson sold or distributed the subject Plasma hoverboard to Walmart. | Doc. No. 18, ¶¶14-15 |
| 10 | Plaintiffs contend that the fire started at a Jetson Plasma hoverboard located near the bedroom door for G.W. and L.W.'s bedroom. | Doc. No. 1, ¶33-34 |
| 11 | Plaintiffs' expert, Michael Schulz, provided an accurate diagram of G.W. and L.W.'s bedroom in his report dated July 15, 2024. The diagram is depicted below. <br><br> *[Diagram of Bedroom #04 showing Rocking Horse, Hover Board, RC Truck, Potable Tablet, Night Stand, Toy Chest, and Bunk Bed]* | Doc. No. 73-2, Schulz Report, pg. 77 |
| 12 | G.W. and L.W. were in their bunk bed sleeping when the fire occurred. | G.W. Deposition 17:3-10 |
| 13 | A shed was located just outside G.W. and L.W.'s bedroom window. | S. Wadsworth Deposition 68:20-22, 71:7-9 |

|    |                                                                                                                                                                                                                                                                   |                                                                                    |
|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------|
|    |                                                                                                                                                                                                                                                                   | M. Wadsworth Deposition 114:11-17                                                  |
| 14 | Mr. and Mrs. Wadsworth used the shed during the winter months to provide protection from the cold and wind while smoking.                                                                                                                                         | S. Wadsworth Deposition 68:20-22, 71:7-9<br>M. Wadsworth Deposition 114:11-17      |
| 15 | Defense experts concluded that the fire originated at the shed.                                                                                                                                                                                                   | Doc. No. 80-1, Filas Report, pg. 3<br>Doc. No. 80-10, Strandjord Report, pg. 25    |
| 16 | Defense experts concluded that the fire spread from the shed to the Wadsworth home.                                                                                                                                                                               | Doc. No. 80-1, Filas Report, pg. 3<br>Doc. No. 80-10, Strandjord Report, pg. 25    |
| 17 | Plaintiffs allege negligence, strict liability and breach of warranty claims against Defendants.                                                                                                                                                                  | Doc. No. 1, ¶¶11-65                                                                |
| 18 | Plaintiffs generally allege that the Plasma hoverboard was "unreasonably dangerous", that Defendants breached their "duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute, and/or sell the subject hoverboard." | Doc. No. 1, ¶¶2-54, 82-84                                                          |
| 19 | Defendants deny the hoverboard was dangerous.                                                                                                                                                                                                                     | Doc. No. 18, ¶¶52-54, 82-84 (generally pages 8-72)                                 |
| 20 | Defendants deny they breached any alleged duty.                                                                                                                                                                                                                   | Doc. No. 18, ¶¶52-54, 82-84 (generally pages 8-72)                                 |
| 21 | Plaintiffs allege the Plasma hoverboard "was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings" and, therefore, are strictly liable.                                          | Doc. No 1, ¶¶62, 93, 123, 154, 184, 215, 245, 276, 306, 337                        |
| 22 | Defendants deny they are strictly liable for the injuries alleged by Plaintiffs.                                                                                                                                                                                  | Doc. No. 18, ¶¶62, 93, 123, 154, 184, 215, 245, 276, 306, 337                      |
| 23 | Plaintiffs' expert, Derek King, opined that two battery cells failed at substantially the same time due to an internal short circuit within both cells.                                                                                                           | Doc. No. 73-3, King Report, pg. 13<br>King Deposition 190:12-191:9                 |
| 24 | King opined that the failure that occurred at substantially the same time was the cause of the fire.                                                                                                                                                              | Doc. No. 73-3, King Report, pg. 13<br>King Deposition 190:12-191:9                 |
| 25 | Schulz opined that the fire originated inside Bedroom #4, in an area that included the location of the hoverboard.                                                                                                                                                | Doc. No. 73-2, Schulz Report, pgs. 74-78<br>Schulz Deposition 179:19-181:25; 183:8-12 |
| 26 | Sweetwater County Sheriff's Office, Detective Jeff Sheaman, and Green River Fire Department Assistant Chief, Bill Robinson, also investigated the fire.                                                                                                           | Sheaman Deposition 36:5-10<br>Robinson Deposition 60:25-61:20                      |
| 27 | Sheaman obtained college degrees in fire science and suppression; served as a firefighter for 6 or 7 years; served in law enforcement for 19 years; and, is an Origin and Cause                                                                                   | Sheaman Deposition 10:25-14:17                                                     |

| | | |
|---|---|---|
| | investigator, certified and recertified as such by the State of Wyoming, since 2010. | |
| 28 | Sheaman and Robinson are not professional engineers, electrical engineers, or battery experts. | Sheaman Deposition 7:7-9:6; 18:21-19:7<br>Robinson Deposition 6:9-12; 8:20-23 |

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: January 22, 2025          By: _____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com