Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No. 2:23-cv-00118-NDF<br><br>**DEFENDANTS JETSON ELECTRIC BIKES, LLC AND WALMART INC.'S PROPOSED STIPULATIONS OF FACTS**<br><br>**PACKET 3: DEFENDANTS DISPUTED FACTS** |

WALMART INC. ("Walmart") and JETSON ELECTRIC BIKES, LLC ("Jetson"), (collectively "Defendants"), by and through their attorneys, Crowley Fleck PLLP and McCoy Leavitt Laskey LLC, hereby submit their proposed stipulation of disputed facts:

| No. | Disputed Fact | Source / Citation |
|---|---|---|
| 1 | The subject fire did not originate at the Plasma hoverboard. | Doc. 80; Doc. 80-1; Doc. 80-4; Doc. 80-7; Doc. 80-10 |
| 2 | The subject fire originated at a plastic smoking shed located outside the bedroom window of G.W. and L.W. that Stephanie and Matthew Wadsworth regularly smoked inside of. | Doc. 80; Doc. 80-1; Doc. 80-4; Doc. 80-7; Doc. 80-10 |
| 3 | The sole purpose of the smoking shed is for Stephanie and Matthew Wadsworth to smoke in. | M. Wadsworth Deposition 49:1-8, 110:3-14<br>S. Wadsworth Deposition 71:10-12 |
| 4 | The subject fire was the result of carelessly discarded smoking materials by Stephanie and/or Matthew Wadsworth inside the smoking shed. | Doc. 80; Doc. 80-1; Doc. 80-4; Doc. 80-7; Doc. 80-10 |
| 5 | When G.W. and L.W. woke up on February 1, 2022, there was already fire at their bedroom window. | G.W. Deposition 17:3-19<br>L.W. Deposition 11:22-12:18 |
| 6 | The window is directly adjacent to G.W. and L.W.'s bunkbed. | G.W. Deposition 17:3-19<br>L.W. Deposition 11:22-12:18 |
| 7 | When G.W. and L.W. woke up on February 1, 2022, the window had already broken. | G.W. Deposition 17:3-19<br>L.W. Deposition 11:22-12:18 |
| 8 | Stephanie Wadsworth smoked in the smoking shed a couple hours before the fire was identified. | S. Wadsworth Deposition 89:17-90:8 |
| 9 | Stephanie Wadsworth consumed about 10 alcoholic drinks the evening of January 31, 2022 or morning of February 1, 2022 before the fire was identified. | S. Wadsworth Deposition 62:24-64:7<br>S. Wadsworth Deposition 90:9-91:24 |
| 10 | King opined that the fire was caused by the alleged failure of 2 of the 10 lithium ion battery cells in the Plasma hoverboard. | King Report, pg. 10<br>King Deposition 190:20-191:9 |
| 11 | King did not know that UL 2580 was the standard for lithium ion battery cells. | King Deposition 50:23-51:1<br>King Deposition 69:5-16 |
| 12 | King did not consult UL 2580 in his analysis and report. | King Deposition 50:23-51:1<br>King Deposition 69:5-16 |
| 13 | King only attended the February 29, 2023 hoverboard inspection, reviewed CT scans of the hoverboard, and visually inspected an exemplar Plasma hoverboard. | King Deposition 9:22-25<br>King Deposition 65:4-16<br>King Deposition 37:6-7 |
| 14 | King did not review any of Defendants' discovery documents which included certifications and test records for the Plasma hoverboard and its components, including the lithium ion batteries. | King Deposition 65:25-66:5 |

| 15 | King did not assess whether the fire could have started at the smoking shed. | King Deposition 189:25-190:3 |
|---|---|---|
| 16 | King admits there was arcing on the wires in the smoking shed. | King Deposition 90:23-92:3<br>King Deposition 195:24-196:2 |
| 17 | King admits there was no arcing found in G.W. and L.W.'s bedroom. | King Deposition 90:23-92:3<br>King Deposition 195:24-196:2 |
| 18 | King admits there was no arcing found in the Plasma hoverboard. | King Deposition 90:23-92:3<br>King Deposition 195:24-196:2 |
| 19 | The identification of electrical arcing (arc mapping) can be used to help determine a fire's origin and spread. | NFPA 921 (2021 ed.) |
| 20 | King did not know where the Wadsworth residence's electrical service entered the home. | King Deposition 92:15-17 |
| 21 | The electrical service entered the Wadsworth residence directly above the smoking shed. | King Deposition 92:15-17 |
| 22 | King did not know Stephanie Wadsworth smoked in the smoking shed 2 hours prior to the fire. | King Deposition 197:10-25 |
| 23 | King did not know Stephanie Wadsworth had approximately 10 alcoholic drinks the evening of the fire before going to bed at 2:00 a.m. | King Deposition 197:10-25 |
| 24 | King admits that as an expert conducting investigations, it is important to have all the information about the fire loss prior to rendering an opinion. | King Deposition 196:7-20 |
| 25 | King has not performed any research to determine the percentage of chance of two cells simultaneously failing. | King Deposition 191:10-12 |
| 26 | King admits that his dual failure theory was "unusual" and "a coincidence". | King Deposition 191:10-12 |
| 27 | Sheaman and Robinson both initially concluded the fire started in G.W. and L.W.'s bedroom and originated at the Plasma hoverboard but acknowledged their conclusions were only based on information known at the time. | Sheaman Deposition 117:17-21<br>Sheaman Deposition 255:6-16<br>Robinson Deposition 156:7-157:4<br>Robinson Deposition 184:12-23 |
| 28 | Sheaman was not provided any additional information related to the Wadsworth fire since March 4, 2022. | Sheaman Deposition 164:24-165:2 |
| 29 | Sheaman admitted that "if additional information comes to light, he would need to consider that evidence under NFPA 921". | Sheaman Deposition 252:11-14 |
| 30 | Sheaman and Robinson were not privy to any information identified during the four additional inspections or discovery conducted. | Sheaman Deposition 203:13-22<br>Robinson Deposition 144:14-20 |
| 31 | To have an internal short circuit, the anode (negative side) and cathode (positive side) need to communicate with each other. | King Deposition 75:18-22 |
| 32 | Each lithium ion battery cell is manufactured with a polymer-based separator that prevents the anode and cathode from communicating. | King Deposition 87:25-88:14 |
| 33 | To have a short circuit, the separator must fail in each of the two cells. | King Deposition 87:25-88:14 |

| 34 | A lithium ion battery cell failure from an external fire attack looks similar to cells that have allegedly failed from internal rupture. | King Deposition 192:9-19 |
|---|---|---|
| 35 | King only reviewed two deposition transcripts prior to issuing his Report (Kremers and Husain). | King Deposition 33:8-13 |
| 36 | King did not review any of the other 18 fact witness depositions taken prior to issuing his Report. | King Deposition 33:8-16 |
| 37 | King "skimmed" Sweetwater County Sheriff Detective Sheaman's deposition but did not read it. | King Deposition 33:12-34:6 |
| 38 | King did not review any body camera footage. | King Deposition 49:1-24 |
| 39 | King was unaware of statements made by the Wadsworth children captured on the body camera footage. | King Deposition 49:1-24 |
| 40 | King was unware of statements made by Ryan Pasborg captured on the body camera footage. | King Deposition 49:1-24 |
| 41 | King received his Professional Engineer license in 2023. | King Deposition 21:4-10 |
| 42 | King did not participate in the May 18, 2022 site inspection. | King Deposition 31:22-24 |
| 43 | King did not participate in the August 2-3, 2022 site inspection. | King Deposition 31:22-24 |
| 44 | King did not participate in the October 30, 2023 evidence inspection. | King Deposition 31:22-24; 10/30/2023 Lab Exam Sign In Sheet |
| 45 | King did not review any photographs from the October 30, 2023 evidence inspection where electrical arcing in the smoking shed was identified. | King Deposition 197:6-9 |
| 46 | King's sole focus was on the hoverboard and whether it had a failure. | King Deposition 145:3-6; 183:4-12 |
| 47 | King never had another case where two individual cells short-circuited and failed simultaneously. | King Deposition 191:10-12 |
| 48 | Sheaman's investigation closed on March 4, 2022. | Sheaman Deposition 203:8-12; 254:10-13 |
| 49 | Robinson's investigation was closed on February 9, 2022. | Robinson Deposition 51:18-52:3 |
| 50 | Sheaman's opinion is only based on information he learned through March 4, 2022. | Sheaman Deposition 254:10-13 |
| 51 | Robinson assisted Sheaman with the fire investigation. | Robinson Deposition 62:15-63:11 |
| 52 | Robinson's total investigation was limited to a 2 hour site visit on February 1, 2022. | Robinson Deposition 130:10-16 |
| 53 | Robinson agreed that origin and cause investigators should continue to evaluate additional fire evidence as it is discovered. | Robinson Deposition 129:24-130:9 |
| 54 | Robinson agreed that origin and cause investigators need to consider all the evidence. | Robinson Deposition 129:24-130:9 |
| 55 | Robinson was unaware that additional evidence was identified after his investigation closed on February 9, 2022. | Robinson Deposition 181:22-182:4 |
| 56 | Robinson did not review any body camera footage. | Robinson Deposition 122:20-22 |
| 57 | Robinson did not interview any witnesses. | Robinson Deposition 122:15-16 |
| 58 | Robinson was not aware of statements made by the Wadsworth children that the fire started outside at the smoking shed. | Robinson Deposition 133:14-18; 180:1-4 |

| 59 | Robinson would have classified the fire origin as "undetermined" pursuant to NFPA 921 based on the new information learned. | Robinson Deposition 156:7-157:4; 179:3-15 |
|---|---|---|
| 60 | Neither Sheaman nor Robinson attended or participated in the May 18, 2022 site inspection. | Sheaman Deposition 164:24-165:25; 203:8-22<br>Robinson Deposition 144:14-24; 181:22-182:4 |
| 61 | Neither Sheaman nor Robinson attended or participated in the August 2-3, 2022 site inspection. | Sheaman Deposition 164:24-165:25; 203:8-22<br>Robinson Deposition 144:14-24; 181:22-182:4 |
| 62 | Neither Sheaman nor Robinson attended or participated in the October 30, 2023 evidence inspection. | Sheaman Deposition 164:24-165:25; 203:8-22<br>Robinson Deposition 144:14-24; 181:22-182:4 |
| 63 | Neither Sheaman nor Robinson attended or participated in the February 29, 2024 hoverboard inspection. | Sheaman Deposition 164:24-165:25; 203:8-22<br>Robinson Deposition 144:14-24; 181:22-182:4 |
| 64 | The only location at the property where electrical arcing occurred was in the smoking shed. | Doc. 80-10, pgs. 11, 15, 24, 25 |
| 65 | There was no electrical arcing found in G.W. and L.W.'s bedroom (bedroom #4). | Doc. 80-10, pgs. 12, 21, 24, 25 |
| 66 | The computer fire modeling performed by Defendants' expert Greg Gorbett showed that the circumstances of this fire are inconsistent with an area of origin inside G.W. and L.W.'s bedroom, but the circumstances of this fire are consistent with an area of origin at the smoking shed. | Doc. 80-4, pgs. 43-45. |

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: January 22, 2025       By: _____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

6