Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH<br>Individually and as Parent and Legal Guardian<br>of W.W., K.W., G.W., and L.W., minor children<br>and MATTHEW WADSWORTH, | )<br>)<br>)<br>) | |
| | ) | Case No. 2:23-cv-00118-NDF |
| Plaintiffs, | ) | DEFENDANTS JETSON |
| | ) | ELECTRIC BIKES, LLC AND |
| v. | ) | WALMART INC.'S MOTION |
| | ) | TO BIFURCATE TRIAL FOR |
| WALMART INC. and | ) | PURPOSES OF LIABILITY AND |
| JETSON ELECTRIC BIKES, LLC, | ) | DAMAGES; **MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION** |
| Defendants. | ) | |

WALMART INC. ("Walmart") and JETSON ELECTRIC BIKES, LLC ("Jetson"),

(collectively "Defendants"), by and through their attorneys, Crowley Fleck PLLP and McCoy

Leavitt Laskey LLC, pursuant to Fed. R. Civ. P. 42(b), hereby move this Court to bifurcate the trial for purposes of liability and damages. Defendants further move this Court to bifurcate the punitive damages phase from the remainder of the trial.

In accordance with this Court's Local Rule 7.1(b)(1)(a), the undersigned certifies that Defendants have in good faith conferred with legal counsel for Plaintiffs on these issues.

## **INTRODUCTION**

This case involves a February 1, 2022 residential fire at the Wadsworth residence in Sweetwater County, Wyoming. (Compl., Doc. 1, ¶¶3-8, 33). As the Court is aware, the fundamental liability dispute in this case is whether the fire originated in G.W. and L.W.'s bedroom at a Jetson Plasma hoverboard by the bedroom door (as Plaintiffs contend) or whether the fire originated at a smoking shed that was located outside the residence by G.W. and L.W.'s bedroom window (as Defendants contend).

Plaintiffs have alleged significant damage claims for all six plaintiffs. The evidence required to address the damage claims is substantial. By way of example, six treating doctors have been deposed in this case and there are three individual experts specifically designated to address damage issues. In addition to the six treating doctors, Plaintiffs also identified additional generically classified "treaters" from eight different medical providers as part of their expert witness disclosures. (Pl. Initial Expert Witness Disclosures, Doc. 73). In addition, as with most significant personal injury cases, it is anticipated that Plaintiffs will have family and/or friends testify about the impact the injuries have had on the Wadsworth family. This additional evidence and witness testimony, however, may not be necessary depending on the jury's liability determination. As a result, judicial economy favors bifurcating the liability and damage portions of this trial and trying the liability phase first.

Moreover, bifurcating the liability and damage phases will prevent the jury from being improperly influenced by Plaintiffs' alleged damages – especially Stephanie Wadsworth and W.W.'s personal injuries. The only way a jury can objectively evaluate the liability claims without being inflamed and improperly influenced is to bifurcate liability and damages. This would also prevent undue prejudice to the Defendants.

## BACKGROUND FACTS

The facts of this matter have been thoroughly set forth in the numerous motions which have either been ruled on by the Court, or are currently pending before the Court. In the interest of judicial economy, Defendants refer the Court to the previously briefed facts set forth in the previously filed memorandums for a complete recitation of the facts of this case.

## ARGUMENT AND AUTHORITY

### I.    Standard for Bifurcation

Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the Court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third party claims." Fed R. Civ. P. 42(b). The trial court has considerable discretion to determine how a trial is to proceed. *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Bifurcation is warranted if the interests favor separation of issues and the issues are clearly separable. *Id.* This case is complex. See *Initial Pretrial Order* (Doc. 48). Local Rule 16.1(d) further provides this Court with the authority to bifurcate legal or factual issues in complex cases like this. U.S.D.C.L.R. 16.1.

"While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42(b) Advisory Committee's Note (1966). "[T]he decision to grant or deny separate trials under . . . Rule 42(b) is

one committed to the sound discretion of the trial court . . . ." *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980). Bifurcation of issues of liability from those relating to damages is an obvious application of Rule 42(b). *See Hines v. Joy Manufacturing Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988). "[T]he most common example of bifurcation occurs in the separate trial of the issues of liability and damages in personal injury actions. *Martin*, 85 F.R.D. at 658-659. Moreover, courts in this circuit have routinely ordered such a separation in product liability cases. *See, e.g., Moore v. Subaru of Am.*, 891 F.2d 1445, 1447 (10th Cir. 1989); *Colonial Park Country Club v. Joan of Arc*, 746 F.2d 1425, 1427 (10th Cir. 1984); *Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 494 (10th Cir. 1985); *North v. Ford Motor Co.*, No. 2:00-CV-958 TS, 2007 U.S. Dist. LEXIS 7478, at *7 (D. Utah Feb. 1, 2007); *Egbert v. Nissan N. Am.*, No. 2:04-CV-00551 PGC, 2006 U.S. Dist. LEXIS 98497, at *2 (D. Utah Mar. 1, 2006).

## II.    Bifurcation of this Case Will Result in Judicial Economy

Here, consideration of judicial economy favors bifurcation. It is entirely possible that the jury will find that Defendants' product was not defective or that it was not a cause of the fire. Bifurcation will foster judicial economy in that it will shorten and streamline the first phase of the trial. If the jury finds for Defendants on liability, then there would be no need for a second phase to address damages. Thus, the Court will save itself, the jury, and the parties time and expense by bifurcating the liability and damage issues.

In addition, bifurcation promotes judicial economy here as there is virtually no overlap between the liability and damages sides of the case. The issues, evidence, lay witnesses and expert witnesses involved in each phase are separate and distinct.

In *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27 (N.D. N.Y. 1993), a products liability case involving severe burn injuries to Plaintiff as a result of a water heater explosion, the Court found

that bifurcating the action into liability and damages phases was appropriate where the issues were not interrelated. The Court noted that:

> The testimony required to establish the cause of the explosion at plaintiffs' house, and the parties responsible for same, would be unrelated to any testimony that the plaintiff, or physicians called on his behalf, might offer regarding the injuries sustained by [Plaintiff] as a consequence of the explosion. Moreover, it does not appear bifurcation of the incident action will unduly prolong the trial of this trial. Rather, if bifurcation is required, few witnesses will be required to testify at the subsequent proceeding regarding damages, and their testimony would not be duplicative or redundant. Moreover, the same jury will be utilized for both proceedings.

*Id* at 29.

In *Moribe v. Am. Water Heater Co.,* No. CV 21-00254 HG-WRP, 2024 WL 708563, (D. Haw. Feb. 21, 2024), a products liability case involving the death of a mother and her infant daughter in an explosion, the Court found that bifurcating the action into liability and damages phases was appropriate because evidence related to damages was not necessary in order to determine liability. *Id. at *2.* The Court further held that issues relating to damages would require separate evidence and analysis and that such determinations would not need to be reached if there was no finding of liability. *Id.*

## III.    Bifurcation of this Case Will Avoid Undue Prejudice to Defendants

"A paramount consideration in ruling on a motion to bifurcate is a fair and impartial trial to all litigants." *Beauchamp v. Russell*, 547 F. Supp. 1191, 1199 (N.D. Georgia 1982). Here, there is also an unavoidable likelihood of prejudice to Defendants from a single trial as evidence of Stephanie Wadsworth and W.W.'s injuries – and the resultant damage claims that flow therefrom – will inflame the jury's passions. While tragic, the fact that Stephanie Wadsworth and W.W. sustained severe burn injuries as a result of the subject incident has no relevance to a jury's liability determination. *See Colon Ex. Rel. Molina v. BIC USA*, 199 F. Supp. 2d 53, 98 (S.D.N.Y. 2001)

(Separating issues of liability and damages will prevent prejudicial evidence of child's disfiguring burns from arousing jurors' sympathy and coloring the complex factual issues regarding the design and manufacture of an allegedly defective lighter, as well as potentially obviating the need for juror consideration of damages).

In *Witherbee, supra*, a products liability case involving severe burn injuries, the Court held that:

> [W]here, as here, there is evidence concerning the severity of plaintiffs' injuries, the lengthy treatment received, and the physical and economic impact of such injuries on the plaintiff, Courts have found that there is a potential that a jury may be adversely and improperly affected in considering the issues of liability fairly, impartially, and objectively. In such cases, it is preferable to permit the jury to concentrate on complicated issues of liability without considering evidence of the extent of his injuries and the damages sought by the plaintiff for such injuries.

*Id.* at 29. The *Witherbee* Court went on to note that by separating the issues of liability and damages, the Court would minimize the risk that the defendant would be unfairly prejudiced by testimony relating to extensive burn injuries suffered by the plaintiff there. *Id.* at 30.

Similarly, in *Raposo v Honda Motor* Co., Ltd., No. CIV. A. 92-CV-1087, 1996 WL 63526 (N.D.N.Y. Jan. 29, 1996), a products liability action also involving claims of extensive emotional, physical and economic injuries, the Court held that:

> Honda may be unduly prejudiced if a single trial regarding liability and damages takes place. ... [E]vidence concerning [plaintiff's] injuries is irrelevant to the question of whether Honda should be liable.... Nonetheless, there is a substantial risk that the jury improperly will consider damages evidence while making its liability determination. This is true not only due to the jury's sympathetic tendencies, but also because the evidence regarding both issues promises to be lengthy and complex. It will be difficult for the jury to compartmentalize the information if separate trials are not conducted.

*Id.* at *3.

In short, bifurcation of liability and damages is an accepted means to avoid prejudice to defendants in cases with significant injuries, and to ensure that liability determinations will be

made impartially on the merits. It is particularly appropriate here, where the liability assertions are complex, strongly contested and where the damages involve disfiguring burns and claims of extensive physical, psychological and economic injuries to a sympathetic young boy and his mother.

## IV.     Bifurcation will not Prejudice the Rights of any Party to this Case

Trial of the liability issues before damages would not adversely affect Plaintiffs as they will still be entitled to put on their full liability case. Bifurcation merely allows the efficient adjudication of one issue -- the predicate issue of liability, before another -- the subordinate issue of damages.  If Plaintiffs are permitted to present their damage evidence in conjunction with their liability claims, such a procedure will likely confuse, distract, prejudice or otherwise improperly influence the jury to the undue detriment of the Defendants. Bifurcating the liability and damages phases of the trial will not result in any prejudice to Plaintiffs and will provide a level playing field for the jury to impartially and objectively determine liability without undue influence from the sympathies inherent in the case.

## V.      The Punitive Damage Phase Should be Bifurcated from the Liability and Actual Damage Phases

As discussed *supra*, Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues...." Fed. R. Civ. P. 42(b). "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." *Angelo*, 11 F.3d 957 at 964 (10th Cir. 1993) (upholding bifurcation of asbestos case into two phases: 1) plaintiff's damages; 2) defendant's actions, including punitive liability). Bifurcating the punitive damages phase from the liability and compensatory damages phases is common practice in the Tenth Circuit under Fed. R. Civ. P. 42(b). *See, e.g., Scheufler v. Gen. Host Corp.*, 126 F.3d

1261 (10th Cir. 1997) (bifurcating the trial into actual liability/actual damages and punitive damages phases); *Shugart v. Central Rural Elec. Coop.*, 110 F.3d 1501 (10th Cir. 1997) (finding no indication that the district court abused its discretion in bifurcating the trial); *McKenzie v. Renherg's Inc.*, 94 F.3d 1478 (10th Cir. 1996) (allowing bifurcation of the trial into three parts: (1) liability, (2) compensatory damages, and (3) punitive damages); *Angelo*, 11 F.3d at 965 (liability and punitive damages are clearly separable, as the issues require different testimony to establish the elements of the claim); *Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1411 (D. Kan. 1995) (finding that bifurcating the trial would be conducive to judicial economy and efficiency); *Barr v. C.R. England, Inc.*, No. 18-CV-91-J, 2019 WL 7838081, at *2 (D. Wyo. Nov. 14, 2019) (setting forth Wyoming law on presentation of punitive damages and granting bifurcation of punitive damages while allowing counsel to explore punitive damages in voir dire and opening statements); *Baker v. Equifax Credit Information Servs., Inc.,* No. 97-2214, 1998 WL 101829, at *2 (D. Kan. Feb. 6, 1998) (finding it appropriate that "the amount of punitive damages be considered only after such time as the jury has determined that defendant is liable for punitive damages ... [to] avoid prejudice, expedite the trial on liability, and result in economy of time and resources for the parties as well as the Court.").

Here, Defendants would be unduly prejudiced if Plaintiffs were permitted to assert and attempt to support claims for punitive damages in the underlying action. Bifurcation is necessary in this case to prevent issue confusion and insulate the jury from the inflammatory, prejudicial issue of and evidence regarding conduct warranting punitive damages while it considers the threshold issues of liability and proof.

## CONCLUSION

Defendants respectfully request that this Court grant the instant Motion and order that the liability and damage phases of the trial be bifurcated based on the above authority. Defendants further request that the punitive damage phase be bifurcated from the liability and actual damage phases of the trial.

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: January 22, 2025        By: _____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com