Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
        greyson@GoodyLawGroup.com

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
        rayala@forthepeople.com
*Pro Hac Vice*
*Attorneys for*
*Plaintiffs*

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

## <u>PLAINTIFFS' MOTIONS IN LIMINE</u>

Plaintiffs, STEPHANIE WADSWORTH and MATTHEW WADSWORTH, by and through their undersigned counsel, hereby move this Honorable Court for an Order in limine to exclude the following from evidence and from any statement or argument during the trial. These Motions are made pursuant to the Federal Rules of Evidence, specifically Rules 401, 402, and 403, as well as the local rules of this Court and the Amended Scheduling Order (Doc. 78).

The Motion will be heard by the Honorable Scott P. Klosterman at the United States District Court for the District of Wyoming, 2120 Capitol Avenue Cheyenne, WY 82001, and on a date and time to be set by the Court.

In accordance with this Court's Local Rule 7.1(b)(1)(a), the undersigned certifies that legal counsel for Defendants has in good faith conferred with legal counsel for Plaintiffs on these motions.

## INTRODUCTION

This case arises from a catastrophic incident involving the explosion and subsequent fire of a defective hoverboard, specifically a Jetson Plasma Iridescent Hoverboard, purchased by the Plaintiffs from Walmart. On February 1, 2022, the hoverboard's lithium-ion battery malfunctioned, causing it to ignite and subsequently leading to significant property damage and serious burn injuries to Stephanie Wadsworth and Weston Wadsworth. All Plaintiffs suffered significant emotional and psychological trauma. Plaintiffs have sued Defendants Walmart, Inc. and Jetson Electric Bikes, LLC for their roles in designing, manufacturing, marketing, and distributing the defective product. The Defendants deny Plaintiffs' allegations and contend that the fire originated outside of the home, arguing that their product was not defective.

## LEGAL STANDARD

Motions in limine are utilized to exclude prejudicial or irrelevant evidence before it is presented to the jury. The Federal Rules of Evidence, particularly Rules 401, 402, and 403, govern the admissibility of evidence.

1. **Relevance (FRE 401 & 402)**: Evidence must be relevant to be admissible. Relevant evidence is defined as evidence that makes a fact more or less probable than it would be without the evidence. Irrelevant evidence is inadmissible.

2. **Prejudicial Impact (FRE 403)**: Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury. Courts have consistently held that evidence with a high potential for prejudice should be excluded to ensure a fair trial.

Additionally, Wyoming case law reinforces these principles. In *Wyoming v. U.S. Department of Energy*, 2006 WL 3801910 (D. Wyo. 2006), the court emphasized the importance of preventing jury confusion and undue prejudice. In *Holland v. Keller*, 2018 WL 2446162 (D. Wyo. 2018), the court ruled that inflammatory evidence should be excluded, reinforcing the need to maintain a fair and impartial trial environment. Further, *United States v. Hargrove*, 2019 WL 2516279 (D. Wyo. 2019), reiterated that evidence likely to cause unfair prejudice should be excluded if it outweighs its probative value. Similarly, *Meyer v. City of Cheyenne*, 2017 WL 3461055 (D. Wyo. 2017), highlighted that the use of terms that could unduly influence a jury's perception of a party should be excluded to preserve the integrity of the trial process. Evidence is unfairly prejudicial if it has "an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008)(quoting Rule 402 adv. comm. notes).

## ARGUMENT

### I. PLAINTIFFS' MOTION IN LIMINE #1: Evidence or commentary regarding "smoking shed".

Throughout this litigation, Defendants have made it a point to refer to the yellow shed outside of the boy's bedroom window as the "smoking shed". So much so, that every one of Defendants' experts used the term smoking shed throughout their reports and deposition testimony. The shed was not manufactured as a smoking shed, it was not named a smoking shed, and it is not sold as a smoking shed. It is obvious that Defendants' use of the term smoking shed, at every opportunity, is only intended to exacerbate the sensibilities of a jury to evoke unnecessary emotional responses and biases from them, with the result being their inevitable inability to make

a fair and impartial decision based on the facts of the case. Stating that the Plaintiffs used the shed from time to smoke and shield themselves from the harsh weather is not the same as labeling it a smoking shed. The term does not pertain to the core issues of this case concerning the liability of Defendants for the alleged defects in the hoverboard that caused the catastrophic injuries to the Plaintiffs. Furthermore, the identification of the shed as a "smoking shed" is not necessary for the Defendants to establish their defense that the fire originated from that location. Therefore, it should be deemed irrelevant. The prejudicial effect of this term far exceeds any potential relevance it might have, warranting its exclusion. The use of terms that could unduly influence a jury's perception of a party should be excluded to preserve the integrity of the trial process. *Meyer v. City of Cheyenne*, 2017 WL 3461055 (D. Wyo. 2017). Allowing such evidence would run afoul of the safeguards set forth in Federal Rules of Evidence 401, 402, and 403. As such, any reference to "smoking shed" by Defendants, their counsel, their experts, and all other witnesses must be strictly prohibited.

II.    **PLAINTIFFS' MOTION IN LIMINE #2**: Exclusion of evidence or commentary regarding an "improperly discarded cigarette" causing or contributing to cause the underlying fire.

Any evidence or commentary regarding an improperly discarded cigarette allegedly starting the fire must be precluded, as there is no actual physical or testamentary evidence to support this claim. Defendants' own experts agree. Deposition of Filas at pg. 79:4-19, Ex. A; Deposition of Gorbett at 61:8-62:1 and 126:16-22, Exhibit B. Allowing such commentary, argument, or attempt to introduce testimony regarding this hypothetical theory is the type of impermissible stacking of inferences and uncorroborated speculation that the Federal Rules of Evidence intend to protect against. In *Benson v. State of Wyoming*, 2010 WL 4683851 (D. Wyo. 2010), the court emphasized that speculative testimony without concrete evidence is inadmissible,

as it can mislead the jury and detract from the substantive issues of the case. The absence of factual support for the claim regarding an improperly discarded cigarette necessitates its exclusion under the Federal Rules of Evidence. Plaintiffs further rely upon their arguments in the briefs filed with their Daubert Motions against Defendants' experts Filas (Doc. 98) and Gorbett (Doc. 110). For these reasons, any reference to an "improperly discarded cigarette" by Defendants, their counsel, their experts, or any other witness, including attempts to present such as a potential defense theory for causation, must be strictly prohibited.

III.    **PLAINTIFFS' MOTION IN LIMINE #3**: Exclusion of Evidence Relating to Alcohol Use, Abuse or Intoxication.

Any evidence or commentary regarding Stephanie's alcohol use the morning of the fire, or any history of alcohol use or abuse, must be excluded. Defendants have presented no evidence establishing that alcohol played any role in causing, or contributing to, this incident. Without question, allowing such evidence would be extremely prejudicial and would distract the jury and promote bias against the Plaintiff. Federal courts have consistently held that testimony regarding alcohol use is irrelevant where there is no evidence to establish a causal link to the incident. In *Smith v. United States*, 2011 WL 2160468 (D. Wyo. 2011), the court ruled that evidence of a party's alcohol consumption was inadmissible because it lacked a direct connection to the events at issue. Allowing testimony of any alcohol consumption by Stephanie Wadsworth would only be intended to influence the jury into deciding the case based upon biases and prejudice, as opposed to the relevant facts and evidence in this case. Because introduction of any alcohol evidence or commentary is irrelevant and inadmissible under Federal Rules of Evidence 401, 402 and 403, it must be excluded from trial.

IV.    **PLAINTIFFS' MOTION IN LIMINE #4**: Exclusion of Evidence Regarding House Being "De-Energized".

Evidence or testimony suggesting that the house was "de-energized" at the time of the incident should also be excluded. The Defendants' experts failed to fully test and examine the electrical circuits throughout the entire house, choosing only to rely upon the Bedroom #4 circuit to conclude that the entire house was de-energized. The conclusion that therefore the entire house must have been de-energized is speculative and based on an assumption with no foundation. The court in *Wyoming v. U.S. Department of Energy* emphasized that evidence without a factual basis can mislead the jury and is therefore inadmissible. Plaintiffs have fully set forth this argument in briefs supporting their Daubert Motions against Defendants' experts Strandjord (Doc. 95) and Filas (Doc. 98), and would rely upon those arguments for purposes of precluding such evidence from trial. Even if relevant, the unreliable nature of such evidence deems it unfairly prejudicial and highly likely to mislead a jury, in violation of Rule 403. For these reasons, such evidence must be excluded.

V.    **PLAINTIFFS' MOTION IN LIMINE #5: Exclusion of Testimony from Defendant's Economist Expert Regarding Loss of Services Utilizing Table 182 of "The Dollar Value of a Day".**

Testimony from the Defendant's forensic economist expert, Charity Rowsey, relating to loss of services for Stephanie Wadsworth should be limited to the calculations set forth in Table 223 of the resource referenced and relied upon by said expert, "The Dollar Value of a Day". Ms. Rowsey admitted in deposition that she relied upon the wrong category, and should have relied upon Table 223 which specifically relates to the category of "married women, homemaker, not in labor force, spouse employed, all ages, youngest child ages six through twelve." Deposition of Charity Rowsey at 37:2 – 38:9, Exhibit C. The significance in the change from her original table of reliance (Table 182) is in the value of a day, which when calculated and applied to Mrs. Wadsworth is significant. Ms. Rowsey must be precluded from introducing evidence that the

applicable value of a day, as it relates to loss of services, is anything other than $80, as stated in Table 223 and affirmed by Ms. Rowsey to be correct. Any other testimony is incorrect, irrelevant, and would mislead the jury. As established in *Holland v. Keller*, introducing evidence that does not pertain directly to the claims at hand can lead to jury confusion and unfair prejudice. For these reasons, Defendants must be precluded from introduction of evidence related to loss of services that are inconsistent with the daily rate set forth in Table 223 of "The Dollar Value of a Day".

VI.     **PLAINTIFFS' MOTION IN LIMINE #6**: Exclusion of Cumulative/Duplicative Expert Testimony.

The cumulative/duplicative expert testimony of Filas, Strandjord and Gorbett should be excluded to prevent confusion and undue prejudice. The experts overlapping opinions on the issues of origin and causation must be limited to just one expert opining on those matters. Gorbett in particular waded into both areas, clearly duplicating opinions held by Filas. These arguments have been fully set forth in briefs supporting Plaintiffs' Daubert Motions against Defendants' experts Strandjord (Doc. 95), Filas (Doc. 98), and Gorbett (Doc. 110).

Allowing multiple experts to testify on the same matter can lead to the risk of juror confusion and the potential for undue emphasis on certain aspects of the testimony. In *United States v. Hargrove*, 2019 WL 2516279 (D. Wyo. 2019), the court noted that duplicative expert testimony can be excluded under FRE 403 as it may confuse the issues and mislead the jury. The court found that presenting multiple opinions on the same issue without clear differentiation would not aid the jury in its understanding and could instead create unnecessary complexity. For these reasons, all duplicative expert testimony must be excluded.

VII.     **PLAINTIFFS' MOTION IN LIMINE #7**: Exclusion of Expert Testimony as set forth in Plaintiffs' Daubert Motions

Plaintiffs would reallege the bases of their Daubert Motions against Defendants' experts,

Strandjord (Doc. 95), Filas (Doc. 98), and Gorbett (Doc. 110), and would rely upon the arguments set forth therein for the conclusion that said expert testimonies are irrelevant, and even if relevant are unfairly prejudicial and misleading to a jury, and thus inadmissible under Rules 401, 402 and 403.

## VIII.    **PLAINTIFFS' MOTION IN LIMINE #8**: **Exclusion of Evidence that Defendants product is safe, and that a UL 2272 listing certifies that the product is safe and cannot cause injury.**

Throughout multiple depositions, Defendants' counsel has attempted to establish that the subject hoverboard is listed under UL 2272, and that such listing is essentially a certification that their product is safe and cannot cause injury or malfunction. In Woods v. BNSF Railway Co., 2016 WL 165971 (D. Wyo. 2016), the court held that allowing a defendant to present evidence of their product's safety or lack of prior incidents could skew the jury's perception and distract from the relevant issues at hand. Similarly, in *Fitzgerald v. City of New York*, 2018 WL 3037217 (S.D.N.Y. 2018), the court ruled that evidence regarding a defendant's claims of safety and lack of prior injuries could mislead the jury, resulting in unfair prejudice against the plaintiff. As such, Defendants must be precluded from presenting argument or commentary that the subject hoverboard being listed under UL 2272, or any other listing, is synonymous with the hoverboard being certified as safe and incapable of malfunctioning or causing injury. None of Defendants experts have testified that to be true. And in fact, evidence exists involving this very Defendant (Jetson) that a product being "certified" under UL 2272 does not mean that it cannot be potentially dangerous or subject to malfunction (as seen with Jetson's recall of the Rogue hoverboard).

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Honorable Court grant their motions in limine and issue an Order excluding any evidence, argument, or reference to these

matters during trial in order to ensure the integrity of the trial process and to prevent undue prejudice against the Plaintiffs.

Date: January 22, 2025.                    Respectfully Submitted,

*/s/ Rudwin Ayala*
**RUDWIN AYALA, Esq**.*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Emails: rayala@forthepeople.com
        sleroy@forthepeople.com
*Admitted Pro Hac Vice*

    And,

*/s/ Taly Goody*
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY,**
**ESQ. GOODY LAW**
**GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Emails: taly@GoodyLawGroup.com
        greyson@GoodyLawGroup.com
*Local Counsel*

*/s/ T. Michael Morgan*
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
        akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*