| | |
|---|---|
| Taly Goody, Esq. | T. Michael Morgan, Esq* |
| Wyoming Bar No.: 8-6737 | Florida Bar No.: 062229 |
| Greyson M. Goody, Esq. | Rudwin Ayala, Esq* |
| GOODY LAW GROUP | Florida Bar No.: 84005 |
| 58 Malaga Cove Plaza | MORGAN & MORGAN, P.A |
| Palos Verdes Estates, CA 90274 | 20 N. Orange Ave, Suite 1600 |
| Telephone: (310) 893-1983 | Orlando, FL 32801 |
| Email: taly@GoodyLawGroup.com | Telephone: (407) 420-1414 |
| greyson@GoodyLawGroup.com | Email: mmorgan@forthepeople.com |
| | rayala@forthepeople.com |
| | *Pro Hac Vice* |
| | *Attorneys for* |
| | *Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACTS**
**PACKET #2:**

Plaintiffs, by and through their undersigned counsel, hereby submit their proposed stipulation of undisputed facts, to which Defendants have not stipulated:

| No. | Undisputed Fact | Source / Citation |
|---|---|---|
| 1 | Det. Sheaman's origin and cause investigation concluded that the fire originated at the hoverboard within Bedroom #4. | Sheaman Deposition 56:18-59:10; 117:22-118:8; 299:10-22; 301:10-20; |

|    |                                                                                                                                                                              |                                                                                  |
|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------|
|    |                                                                                                                                                                              | 314:5-315:7; 315:25-316:13.                                                      |
| 2  | No physical evidence exists of an improperly discarded cigarette causing the fire.                                                                                           | Filas Deposition 79:4-19; Gorbett Deposition 61:8-62:1 and 126:16-22.            |
| 3  | G.W. and L.W.'s bunk bed was against the window in Bedroom #4.                                                                                                               | Stephanie Wadsworth Deposition 65:21- 66:3                                       |
| 4  | G.W. would sleep on the top bunk, and L.W. would sleep on the bottom bunk, including the day of the fire.                                                                    | Stephanie Wadsworth Deposition 66:11-21                                          |
| 5  | Neither G.W. nor L.W. suffered physical injuries related to the fire.                                                                                                        | Stephanie Wadsworth Deposition 30:19-24                                          |
| 6  | Jetson was aware of two complaints prior to February 2022 involving the Plasma Hoverboard and complaints of overheating or fire risk.                                        | Husain Deposition 117:12-24                                                      |
| 7  | Even with UL testing and certification, Jetson Hoverboards can still pose a fire hazard due to overheating.                                                                  | Husain Deposition 114:1-7                                                        |
| 8  | Following recall of the Rogue Hoverboard, Jetson did nothing to test the battery packs of other Hoverboards, including the Plasma to determine whether they also overheated or created a fire hazard. | Husain Deposition 113:7-114:16                                                   |
| 9  | Gorbett never went to the scene of the fire.                                                                                                                                 | Gorbett Deposition 10:18-19                                                      |
| 10 | Gorbett never inspected physical evidence relating to the fire.                                                                                                              | Gorbett Deposition 10:20-11:4                                                    |
| 11 | Filas relied on Strandjord's conclusions relating to arc mapping.                                                                                                            | Filas Deposition 38:13-39:19; 40:10-17; 45:7-18                                  |
| 12 | Filas relied on Gorbett for the fire modeling analysis and opinions.                                                                                                         | Filas Deposition 52:5-23                                                         |
| 13 | If Dr. Gorbett or Mr. Strandjord failed to conduct a complete analysis of all available evidence within their field of specialty, that would amount to a failure to comply with NFPA 921. | Filas Deposition 54:24-55:5                                                      |
| 14 | Stephanie has a life-changing injury and there is a high likelihood that she will have symptoms related to tightness, itching, and appearance for the rest of her life.      | LaChapelle Deposition 53:16-54:12                                                |
| 15 | W.W. will require reevaluations on a fairly regular basis after he's received the maximal laser treatment due to likely development of scar contractures or issues related to mobility with joints as he grows, including potential scar releases or lasers as he gets closer to age 18. | LaChapelle Deposition 55:1-19                                                    |
| 16 | The arc mapping done for the Wadsworth residence was only as to Bedroom 4, not the rest of the house.                                                                        | Strandjord Deposition 24:4-8; 46:23-47:2                                         |

| 17 | Strandjord never attempted to search for arcing locations at the site before removal of the branch circuit. | Strandjord Deposition 47:17-21 |

Date: January 22, 2025.                    Respectfully Submitted,

/s/ Rudwin Ayala
**RUDWIN AYALA, Esq.**\*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Emails: rayala@forthepeople.com
          sleroy@forthepeople.com
*Admitted Pro Hac Vice*

And,

/s/ Taly Goody
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY,**
**ESQ. GOODY LAW**
**GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Emails: taly@GoodyLawGroup.com
          greyson@GoodyLawGroup.com
*Local Counsel*

/s/ T. Michael Morgan
**T. MICHAEL MORGAN, ESQ.**\*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
          akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*

3