**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-NDF <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANTS', JETSON ELECTRIC BIKES, LLC AND WALMART INC., MOTION TO BIFURCATE TRIAL FOR PURPOSES OF LIABILITY AND DAMAGES**

Plaintiffs Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth (collectively the "Wadsworths"), hereby respond to Defendants Walmart, Inc.'s and Jetson Electric Bikes, LLC's Motion to Bifurcate Trial for Purposes of Liability and Damages.

**I.     INTRODUCTION**

This case concerns significant, life-altering burn injuries suffered by Stephanie Wadsworth after the lithium-ion battery in their Jetson "hoverboard" exploded overnight. Defendants have denied that the fire that consumed the Wadsworth residence and resulted in injuries to the family originated inside the home and was caused by the hoverboard. Instead, Defendants allege that the fire originated outside in a plastic shed, from causes unknown. The issues in the case are simply where the fire originated, what caused the fire, and presentation of the injuries suffered by the Plaintiffs. Defendants

1

now allege that this case is too complicated to try and request this Court's permission to bifurcate the proceedings. Because bifurcation would be unfairly prejudicial to Plaintiffs, and would result in an extreme misuse of judicial resources, Plaintiffs oppose the Defendants' Motion to Bifurcate ("Motion"), and request this case be tried as one.

## II. ARGUMENT

### a. Standard of Review.

The Federal Rules of Civil Procedure disfavor bifurcation as a default rule. Although Fed. R. Civ. P. Rule 42(b) permits bifurcation at the trial court's discretion, the default presumption is that the Plaintiff "should be allowed to present her case in the order she chooses." *Patten v. Lederle Labs.*, 676 F. Supp. 233, 238 (D. Utah 1987). While defendants are allowed to request bifurcation under the rules of civil procedure, the burden of persuasion remains with the defendant to demonstrate that bifurcation is necessary. *Id.* In order to evaluate the appropriateness of bifurcation, federal courts must weigh the interests of judicial economy, whether bifurcation is practical under the circumstances, and whether bifurcation is fair to all parties. *Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1411, 1414 (D. Kan. 1995). **Bifurcation should not be ordered unless it is "clearly necessary."** *Christy v. Travelers Prop. & Causalty Ins. Co.*, 13CV0281 WJ/LFG, 2013 WL 12159449, at *1 (D.N.M. Aug. 29, 2013)(emphasis added). Although no single element is outcome-determinative, the Court's primary concern should be in maximizing judicial economy. *E.E.O.C. v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1171 (D.N.M. 2012).

### b. Judicial Economy Favors Consolodation, Not Bifurcation.

Defendants' request to bifurcate these proceedings would complicate, rather than simplify the proceedings. This litigation only concerns two defendants and one family of plaintiffs. While there is some dispute as to the origin of the fire, personal injury cases routinely deal with competing theories

of causation without resorting to a bifurcated trial. Similarly, the injuries suffered by Plaintiffs here are not unique to similar personal injury cases. In fact, Stephanie Wadsworth and W.W. are the only individuals who received extensive treatment for the burn injuries suffered in the underlying fire. The injuries suffered by the remaining Plaintiffs are noneconomic in nature, relating to the emotional and traumatic impact from the fire. Defendants' conclusion that there are multiple treaters, thereby justifying bifurcation, is unsupported by any of the case law cited and would essentially render every injury case a necessary candidate for bifurcation. Clearly, that is not what is contemplated by the Rule 42(b) or supporting case law. Additionally, as is typical in these types of actions, it is not anticipated that at the time of trial Plaintiffs will be calling every treater that has ever seen or treated Plaintiffs.

As is well established, Federal courts generally reserve bifurcated trial structures for actions that involve numerous sets of plaintiffs and/or defendants, or complicated theories of liability and causation. *See e.g.*, *E.E.O.C. v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1171 (D.N.M. 2012) (sprawling corporate conspiracy to defraud the US government by forging thousands of export certificates issued by the USDA); *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1112 (D. Colo. 2017) (competing theories of liability arising from FLSA and CWCA violations); Ortiz v. Safeco Ins. Co. of Am., 207 F. Supp. 3d 1216, 1219 (D.N.M. 2016) (bifurcating breach of contract/uninsured motorist claims from bad faith denial claims); Scheufler v. Gen. Host Corp., 895 F. Supp. 1411, 1414 (D. Kan. 1995) (environmental pollution tort, spanning multiple actions and three independent theories of liability). The mere fact that a determination of liability may preempt a more complicated determination of damages is not itself sufficient to warrant bifurcation. *Christy v. Travelers Prop. & Causalty Ins. Co.*, 13CV0281 WJ/LFG, 2013 WL 12159449, at *2 (D.N.M. Aug. 29, 2013). The mere possibility of saving time in a damages calculation by front-loading causation is "speculative at best." *Patten v. Lederle Labs.,* 676 F. Supp. 233, 238 (D. Utah 1987).

Here, Defendants have failed to carry their burden of persuasion as to why bifurcation would improve judicial economy. Rather than present their case in full, Defendants demand that the Wadsworths excise all testimony related to the damages they suffered, hamstringing the flow of the narrative and leaving jurors to speculate as to why they were empaneled at all. This neuters the Wadsworths' right to tell their story in the way they believe is most effective. *See Patten,* 676 F. Supp. at 238. Rather than demonstrate a substantial savings of judicial economy, Defendants merely argue that bifurcation is technically feasible due to the lack of perceived overlap in causation and damages. (Defs.' Mot. to Bifurcate, Section II, p. 4-5.) In fact, only one of the cases cited at the end of section I of Defendants' Motion, purportedly as support for bifurcating the instant action, gives an analysis of why the case was bifurcated, factors taken into account by the court when deciding to bifurcate, or any detail at all relating to the bifurcation, to wit: *North v. Ford Motor Co.*, No. 2:00-CV-958 TS, 2007 U.S. Dist. LEXIS 7478, at *7 (D. Utah Feb. 1, 2007). Even still, the *North* court specifically found that because of "the sheer number of those exhibits and witnesses, it now appears the trial time requested by Plaintiffs may not be sufficient to accommodate the number of witnesses and exhibits set forth in their latest designations." *Id.* The *North* case involved a designation by Plaintiff of a significant amount of new witnesses and exhibits, a fact that does not exist here and that has not been established by Defendants.

Defendants' argument that the issues of liability and damages in this case are not interrelated clearly overlooks the obvious reality of this burn injury case. The extent of Stephanie Wadsworth's burns is directly related to the amount of time she was in the home and the fire spread throughout the home. Testimony by key witnesses, such as the children and the Good Samaritan who saved her life, Ryan Pasborg, discuss the interrelation between the start of the fire, its spread, and the injuries suffered

by Mrs. Wadsworth. Still, even assuming that the two issues can be separated, Defendants have come woefully short of meeting their burden of establishing that the trial <u>should</u> be bifurcated.

Finally, the Defendants' assertions that judicial resources will be saved if the jury returns a finding of no liability borders on tautology. "It is entirely possible that the jury will find that Defendants' product was not defective or that it was not a cause of the fire." Such is possible in any case. However, a possibility such as that posed by Defendants is simply not sufficient to warrant bifurcation. Nearly every case could separate the questions of causation and damages, and without more, bifurcation is not warranted. *Patten,* 676 F. Supp. 238. Because Defendants cannot demonstrate why bifurcation is clearly necessary, the motion should be denied. *Christy*, 13CV0281 WJ/LFG, 2013 WL 12159449, at *1.

### c. Bifurcation Prejudices the Wadsworths.

Additionally, bifurcation robs the Wadsworths of the ability to present their case in the way that they believe is the most effective to present their evidence. Bifurcation prejudices the Wadsworth family, and instead, allows the Defendants to remove the most important element of any personal injury case from consideration, the person!   The hope of having a jury decide this case by only analyzing technical evidence, without ever hearing from Stephanie Wadsworth, or the children who were terrorized throughout this tragedy, or the husband who lives with the reality of caring for a woman who's life has completely changed – that is a complete disregard for why our system of justice even exists and individuals are afforded their right to be heard when tragedies such as this occur. No justification for bifurcation, other than to remove the human reality from the case to the detriment of the Plaintiffs, exists. As such, Defendants' Motion must be denied.

### d. Bifurcation Only Benefits the Defendants.

Finally, the Defendants have failed to articulate how bifurcation would substantially prejudice the Defendants. According to their Motion to Bifurcate, holding a combined trial on causation and damages would "unduly enflame" the jurors passions. (Doc. 137, Sec. III, p. 5-7.) Defendants believe that if the jury were able to hear the extent of the Wadsworths' injuries, they would disregard the Court's instructions and be unable to apply the law fairly. Yet, Defendants have provided no evidence that this will, in fact, happen. This not only casts aspersion on the jury's impartiality, but ignores the fact that the nature of the Wadsworths' injuries is directly related to the reasonableness of the Defendants' actions. As argued in their Response to the Defendants' Motions in Limine, the Wadsworths intend to show that the Defendants had specific notice of the types of injuries the hoverboards' batteries were likely to cause. Here, causation is directly tied to whether the Defendants were on notice of the types of injuries that the Wadsworths were likely to suffer, and whether the Defendants took reasonable actions to mitigate the risk of those injuries. Bifurcation in this case would make it significantly more difficult to determine the reasonableness of the Defendants' actions—at best muddying the Defendants' arguments, and at worst, robbing the jury of essential context. Because bifurcation is just as likely to impermissibly harm the Wadsworths' case as it is to reduce juror confusion, the Motion for Bifurcation should be denied.

  **e. Given the Court's recent ruling on punitive damages, Section V of Defendants' Motion is Moot.**

### III. CONCLUSION

In light of fact that Federal Rule of Civil Procedure 42(b) bifurcation is the exception, rather than the rule, and Defendants have failed to meet their burden setting forth a reasonable argument supported by facts, and law, as to why bifurcation is required, Plaintiffs respectfully request entry of an Order denying Defendants' Motion to Bifurcate.

 Date: January 29, 2025

Respectfully submitted,

*/s/ Taly Goody*_____
**TALY GOODY, ESQ.**
Wyoming Bar No.: 8-6737
**Goody Law Group**
8605 Santa Monica Blvd., #90793
W. Hollywood, CA 90069
Telephone: (310) 893-1983
Primary Email:
Taly@GoodyLawGroup.com

**T. MICHAEL MORGAN, Esq.\***
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email:
mmorgan@forthepeople.com
Secondary Email:
akelseyflowers@forthepeople.com
Tertiary Email: phillip@forthepeople.com

*Counsel for Plaintiffs*
*\*Wyoming Pro Hac Vice Pending*