```
                                                          Page 1

 1            UNITED STATES DISTRICT COURT

 2           IN AND FOR THE DISTRICT OF WYOMING

 3              CASE NO.: 2:23-CV-00118-NDF

 4

 5   STEPHANIE WADSWORTH, INDIVIDUALLY AND AS PARENT AND

 6   LEGAL GUARDIAN OF W.W., K.W., G.W., AND L.W., MINOR

 7            CHILDREN, AND MATTHEW WADSWORTH,

 8                        Plaintiffs

 9

10                           V.

11

12       WALMART, INC. AND JETSON ELECTRIC BIKES, LLC,

13                        Defendants

14

15

16

17

18

19

20

21

22

23   DEPONENT:  GREGORY E. GORBETT, PH.D.

24   DATE:     OCTOBER 24, 2024

25   REPORTER: OLIVIA M. DOSKER
```

Page 135

1      inside.  That I am sure of.
2   BY MR. AYALA:
3      Q.  So when I exclude the term 100 percent
4   certainty, would it be fair to say you are excluding the
5   possibility of this fire originating in bedroom 4?
6      A.  Yes.
7      Q.  Okay.  You state here, under the approach
8   section, that you conducted more than 45 simulations,
9   correct?
10     A.  Yes.  I -- I actually think the number is 50.
11  I just said over, but yes, it -- it's more like 50.
12     Q.  And I know I saw it somewhere in the report,
13  but was it -- was it 50 or over 50 for each hypothesis?
14     A.  No.  It would've been somewhere in, you know,
15  50 -- 50 on the hypothesis testing.
16     Q.  Okay.  Were there any simulations that were
17  consistent with the possibility of the fire originating
18  in bedroom 4?
19     A.  No.
20     Q.  Have you analyzed any of the remnants of the
21  hover board?
22     A.  No.  I -- you know, I -- I believe I remember
23  seeing some X-rays that were provided, but -- and photos
24  from a lab exam.  But other than that, no.  And
25  Mr. King's report.

1    Q.   Okay.  And based on your work in this case and
2  the computer models that you did, were there any
3  computer models that would have allowed for a -- the
4  area of origin to be within bedroom four?
5    A.   No.
6    Q.   So in all of the computer models and
7  simulations that you ran, it was -- they were all
8  consistent with only a fire starting outside at the
9  smoker shed?
10    A.   That's correct.  That's -- that's why I
11  testified about the governing physics.  The governing
12  physics for an interior fire does not fit.  The
13  governing physics for an exterior fire fits pretty much
14  everything we see and hear from the -- the testimony.
15         MR. LAFLAMME:  All right.  Thank you.  That's
16    all the questions I have.
17         THE VIDEOGRAPHER:  All right.
18         THE WITNESS:  Oh.
19         THE VIDEOGRAPHER:  This concludes the video
20    deposition of Dr. Gorbett.  The time is 3:09 p.m.
21         THE REPORTER:  Okay.  We're still on the
22    written record.  Mr. Ayala, how would you like your
23    copy of the transcript?
24         MR. AYALA:  I'll answer that in a minute, but
25    let me, before I do, if you have an objection, I

1      CERTIFICATE OF REPORTER

2      COMMONWEALTH OF KENTUCKY AT LARGE

3   I do hereby certify that the witness in the foregoing

4   transcript was taken on the date, and at the time and

5   place set out on the Title page hereof by me after first

6   being duly sworn to testify the truth, the whole truth,

7   and nothing but the truth; and that the said matter was

8   recorded digitally by me and then reduced to typewritten

9   form under my direction, and constitutes a true record

10  of the transcript as taken, all to the best of my skills

11  and ability. I certify that I am not a relative or

12  employee of either counsel, and that I am in no way

13  interested financially, directly or indirectly, in this

14  action.

15

16

17

18

19

20  *[Signature: Olivia Marshall Dosker]*

21

22  OLIVIA M. DOSKER,

23  COURT REPORTER / NOTARY

24  COMMISSION EXPIRES ON: 08/18/2027

25  SUBMITTED ON: 11/08/2024