UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' SECOND REQUEST FOR JUDICIAL NOTICE**

The Plaintiffs, Stephanie Wadsworth, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, by and through their undersigned legal counsel, respectfully request that this Honorable Court take Judicial Notice of 16 CFR § 1009.3 and 15 U.S.C. § 2052, and in support states as follows:

1. Under Fed. R. Evid. 201, and Wyo. R. Evid. 201, a court may take judicial notice of adjudicative facts that are "…(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

2. Judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201(d); Wyo. R. Evid. 201(f).

3. Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States. WY Stat § 1-12-302 (2023).

4. The Court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2).

5. It is within this Court's prerogative to take judicial notice of the official reports of governmental agencies. See *Dellapenta v. Dellapenta*, 838 P.2d 1153, 1159 (Wyo.,1992); see *Washakie Cnty. School Dist. No. One v. Herschler*, 606 P.2d 310 (Wyo., 1980)(Court held that it could take judicial notice of official reports of State Department of Education); *Jensen v. Town of Afton*, 59 Wyo. 500 (Wyo. 1943)(taking judicial notice of an official report of the state examiner to the Governor relative to the bonded indebtedness of counties, municipalities, and school districts.); *Colorado Kenworth, Inc. v. Archie Meek Transp. Co.*, 495 P.2d 1183 (Wyo. 1972)(taking judicial notice of intrastate motor freight tariff, published by the Public Service Commission, providing charge for delay not occasioned by carrier.)

6. Fed. R. Evid. 201 and Wyo. R. Evid. 201 further provide that a court <u>shall</u> take judicial notice if requested by a party and supplied with the necessary information.

7. The Consumer Product Safety Commission is an independent regulatory agency formed on May 14, 1973, under the provisions of the Consumer Product Safety Act (Pub. L. 92-573, 86 Stat. 1207, as amended (15 U.S.C. 2051, et seq.)). The purposes of the Commission under the Consumer Product Safety Act are:

 a. To protect the public against unreasonable risks of injury associated with consumer products;

 b. To assist consumers in evaluating the comparative safety of consumer products;

 c. To develop uniform safety standards for consumer products and to minimize conflicting State and local regulations; and

 d. To promote research and investigation into the causes and prevention of product-related deaths, illnesses, and injuries.

16 CFR § 1000.1

8. The Commission recognizes that the importer of a product is, at least, in a strategic position to guarantee the safety of imported products. 16 CFR § 1009.3(g)

9. "The Consumer Product Safety Act recognizes the critical position of importers in protecting American consumers from unreasonably hazardous products made abroad and accordingly, under that Act, importers are made subject to the same responsibilities as domestic manufacturers. This is explicitly stated in the definition of "manufacturer" as any person who manufacturers or imports a consumer product (Section 3(a)(4); 15 U.S.C. 2052(a)(4))." 16 CFR § 1009.3(b).

10. Importers have responsibilities and obligations comparable to those of domestic manufacturers. 16 CFR § 1009.3(f)(1).

11. The Consumer Product Safety Act defines "manufacturer" as any person who manufactures or imports a consumer product. 15 U.S.C. 2052 (a)(11).

12. Accordingly, as public statutory law and resolutions of the Congress of the United States, this Court must take judicial notice of the following:

   a. 16 CFR § 1009.3, Policy on imported products, importers, and foreign manufacturers. A copy of said regulation is attached hereto as **Exhibit "A"**.

   b. 15 U.S.C. § 2052. A copy of said regulation is attached hereto as **Exhibit "B".**

13. This Court may also take judicial notice of 16 CFR § 1009.3 and 15 U.S.C. § 2052, and the interpretation and implementation thereof, as permitted by WY Stat § 1-12-302 (2023).

14. By way of this filing, Plaintiffs give timely written notice of their request to enable Defendants to prepare to meet the request and furnishes the Court with the attached exhibits to enable it to take judicial notice of the matter requested. Fed. R. Evid. 201; Wyo. R. Evid. 201.

Date: February 5, 2025                                    Respectfully Submitted,

*/s/ Rudwin Ayala*
**RUDWIN AYALA, Esq**.*
Florida Bar No.: 84005
**MORGAN & MORGAN, P.A**
1700 Palm Beach Lakes Blvd, Suite 500 West Palm Beach, FL 33401
Telephone: (561) 764-2220
Emails: rayala@forthepeople.com
sleroy@forthepeople.com
*Admitted Pro Hac Vice*

And,

*/s/ Taly Goody*
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY, ESQ.**
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Emails: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Local Counsel*

*/s/ T. Michael Morgan*
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Emails: mmorgan@forthepeople.com
akelseyflowers@forthepeople.com
*Admitted Pro Hac Vice*