IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

*12:05 pm, 2/6/25*

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| STEPHANIE WADSWORTH, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>          Plaintiffs,<br><br>     vs.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>          Defendants. | Case No.  2:23-CV-118-KHR |

### ORDER TO SHOW CAUSE WHY PLAINTIFFS' ATTORNEYS SHOULD NOT BE SANCTIONED OR OTHER DISCIPLINARY ACTION SHOULD NOT ISSUE

This matter is before the Court on its own notice. On January 22, 2025, Plaintiffs filed their Motions in Limine. [ECF No. 141]. Therein, Plaintiffs cited nine total cases:

1. *Wyoming v. U.S. Department of Energy*, 2006 WL 3801910 (D. Wyo. 2006);

2. *Holland v. Keller*, 2018 WL 2446162 (D. Wyo. 2018);

3. *United States v. Hargrove*, 2019 WL 2516279 (D. Wyo. 2019);

4. *Meyer v. City of Cheyenne*, 2017 WL 3461055 (D. Wyo. 2017);

5. *U.S. v. Caraway*, 534 F.3d 1290 (10th Cir. 2008);

6. *Benson v. State of Wyoming*, 2010 WL 4683851 (D. Wyo. 2010);

    7.  *Smith v. United States*, 2011 WL 2160468 (D. Wyo. 2011);

    8.  *Woods v. BNSF Railway Co.*, 2016 WL 165971 (D. Wyo. 2016); and

    9.  *Fitzgerald v. City of New York*, 2018 WL 3037217 (S.D.N.Y. 2018).

*See* [ECF No. 141].

The problem with these cases is that **none exist**, except *United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008).[1] The cases are not identifiable by their Westlaw cite, and the Court cannot locate the District of Wyoming cases by their case name in its local Electronic Court Filing System. Defendants aver through counsel that "at least some of these mis-cited cases can be found on ChatGPT." [ECF No. 150] (providing a picture of ChatGPT locating "*Meyer v. City of Cheyenne*" through the fake Westlaw identifier).[2]

Additionally, some of Plaintiffs' language used for explaining the "Legal Standard" is peculiar. For example, Plaintiffs correctly cite the Federal Rules of Evidence for the standard putting emphasis on Fed. R. Evid. 401, 402, and 403. [ECF No. 141, at 2–3]. However, they state that "Wyoming case law reinforces these principles" and proceed to cite (albeit fake) *federal* district court cases. *Id.* at 3. Notwithstanding this slight

---

[1] Some of the cites lead to cases, but they are under different names. For example, *Smith v. United States*, 2011 WL 2160468 (D. Wyo. 2011) leads to a Supreme Court of the Australian Capital Territory case. Another example is *Benson v. State of Wyoming*, 2010 WL 4683851 (D. Wyo. 2010) refers to *Quilter v. Holder*, 401 Fed. App'x 985 (5th Cir. 2010). Some of the cites do not refer to cases at all. For example, a real estate secondary source appears for *United States v. Hargrove*, 2019 WL 2516279 (D. Wyo. 2019). An apparent United States Securities and Exchange Commission filing matches with *Woods v. BNSF Railway Co.*, 2016 WL 165971 (D. Wyo. 2016).

[2] ChatGPT is a popular artificial intelligence website. ChatGPT apparently provided the case number, "No. 16-cv-246-SWS." [ECF No. 150, at 3]. On first glance, this looks legitimate, as "SWS" is the abbreviation to signify one of District Judge Scott W. Skavdahl's cases. However, when the case is searched through the Electronic Court Filing System, the case is actually *American Wild Horse Preservation Campaign et al. v. United States Department of the Interior Secretary et al.* with the Honorable Nancy D. Freudenthal presiding. Further, that case was dismissed on October 28, 2016, so the 2017 date in Plaintiffs' citation is irregular.

inconsistency, experienced litigators like Plaintiffs' counsel should know that this Court is a federal court, and therefore federal procedural law governs evidentiary issues.

The three undersigned counsel to [ECF No. 141] are:

- Mr. Rudwin Ayala;
- Ms. Taly Goody; and
- Mr. Timothy Michael Morgan.

When confronted with similar situations, courts have ordered the filing attorneys to show cause why sanctions or discipline should not issue. *Mata v. Avianca, Inc.*, No. 22-CV-1461 (PKC), 2023 WL 3696209 (S.D.N.Y. May 4, 2023); *United States v. Hayes*, No. 2:24-CR-0280-DJC, 2024 WL 5125812 (E.D. Cal. Dec. 16, 2024); *United States v. Cohen*, No. 18-CR-602 (JMF), 2023 WL 8635521 (S.D.N.Y. Dec. 12, 2023). Accordingly, the Court orders as follows:

IT IS ORDERED that at least one of the three attorneys shall provide a true and accurate copy of all cases used in support of [ECF No. 141], except for *United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008), no later than 12:00 PM, Mountain Standard Time, on **February 10, 2025**.

IT IS FURTHER ORDERED that, if none are able to do so, then Mr. Ayala, Ms. Goody, and Mr. Morgan by **February 13, 2025** shall separately show cause in writing why he or she should not be sanctioned pursuant to: (1) Fed. R. Civ. P. 11(b), (c); (2) 28 U.S.C. § 1927; and (3) the inherent power of the Court to order sanctions for citing non-existent cases to the Court. *See Mata*, 2023 WL 3696209, at *2; *Cohen*, 2023 WL 8635521, at *1.

IT IS FURTHER ORDERED that the written submission due on February 13, 2025, shall take the form of a sworn declaration. Mr. Ayala, Ms. Goody, and Mr. Morgan must each provide a *thorough* explanation for how the motion and fake cases were generated. Each attorney must also explain their role in drafting or supervising the motion.

IT IS FURTHER ORDERED that, should the parties have witnesses, their statements shall also be submitted in the form of a sworn declaration and filed by **February 13, 2025**.

IT IS FURTHER ORDERED that the Court reserves the right to call a hearing for this matter based on the evidence received.

Dated this 6th day of February, 2025.

*[signature]*

Kelly H. Rankin
United States District Judge