**FILED**

9:04 am, 2/12/25

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

STEPHANIE WADSWORTH,
individually and as parent and legal
guardian of W.W., K.W., G.W., and L.W.,
minor children, and MATTHEW
WADSWORTH,

       Plaintiffs,

    vs.

WALMART INC. and JETSON
ELECTRIC BIKES, LLC,

      Defendants.

Case No. 2:23-CV-118-KHR

---

### FINAL PRETRIAL ORDER—JURY TRIAL

---

This matter having come before the Court on February 11, 2025, at the final pretrial conference held before Kelly H. Rankin, United States District Judge, pursuant to Fed. R. Civ. P. 16; and T. Michael Morgan and Andrew Knopf, having appeared as counsel for Plaintiff(s) and Eugene LaFlamme, Jared Giroux, and Holly Tysse, having appeared as counsel for Defendant(s); the following action was taken:

    (a) *JURISDICTION AND PARTIES*: This is an action for damages that exceed Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and attorneys' fees. The Court has jurisdiction under 28 U.S.C. § 1332. Jurisdiction and venue are not disputed.

(b)  *GENERAL NATURE OF THE CLAIMS OF THE PARTIES*:

1.  **Plaintiff claims**:

Plaintiffs have sued Defendants Walmart, Inc. and Jetson Electric Bikes, LLC for their roles in designing, manufacturing, marketing, and distributing a defective hoverboard that caught fire on February 1, 2022, as a result of the hoverboard's lithium-ion battery malfunction, resulting in significant property damage, serious burn injuries to Stephanie Wadsworth and minor child, W.W., and Plaintiffs suffering significant emotional and psychological trauma. Plaintiffs' claims against Walmart, Inc. include (1) negligence; (2) strict liability, and (3) breach of warranty. Plaintiffs' claims against Jetson Electric Bikes, LLC include (1) negligence; (2) strict liability, and (3) breach of warranty. Plaintiffs seek all past and future economic damages and non-economic damages, including actual damages, consequential damages, mental anguish, emotional distress, pain and suffering, loss of services, loss of consortium, and all other damages as set forth by Plaintiffs experts.

2.  **Defendants' claims**:

Defendants deny that the subject Jetson Plasma model hoverboard caused or contributed to the fire. Rather, the fire started at a yellow polymer storage shed that was repurposed by Mr. and Mrs. Wadsworth to be used as a "smoking shed" to smoke cigarettes. The shed was located just outside G.W. and L.W.'s bedroom window and Mrs. Wadsworth smoked in the shed the evening and early morning hours before the fire. Mrs. Wadsworth smoked her last cigarette in the shed about two hours before the fire was discovered. The fire was identified sometime between 4:00-4:30 a.m. on February 1, 2022. The fire that started in the shed then spread to the house where Mrs. Wadsworth, K.W., G.W., L.W. and W.W. were sleeping. The subject Jetson Plasma hoverboard was located in G.W. and L.W. bedroom and was attacked by the fire as it spread

through the house.

(c)  *UNCONTROVERTED FACTS*: The following facts are established by admissions in the pleadings or by stipulation of counsel prior to the pretrial conference: (Set out uncontroverted facts, including admitted jurisdictional facts and all other significant facts to which there is no genuine issue.)

1. This case involves a February 1, 2022 residential fire at the Wadsworth residence in Sweetwater County, Wyoming.

2. Plaintiffs, Stephanie and Matthew Wadsworth, are the natural parents of minor Plaintiffs, K.W., G.W., W.W. and L.W.

3. Defendant, Walmart Inc. ("Walmart") is a Delaware corporation.

4. Walmart has a retail location at 201 Gateway Blvd, Rock Springs, Wyoming.

5. Plaintiffs purchased a Jetson Plasma hoverboard from Walmart's Rock Spring retail store in December 2021.

6. Defendant, Jetson Electric Bikes, LLC ("Jetson") is a New York limited liability company.

7. Jetson's principal place of business is 86 34th Street, 4th Floor, Brooklyn, New York 11232.

8. Jetson sold or distributed the subject Plasma hoverboard to Walmart.

9. Walmart sold the subject Plasma hoverboard to the Plaintiffs.

10. G.W. and L.W. were in their bunk bed sleeping when the fire occurred.

11. A shed was located just outside G.W. and L.W.'s bedroom window.

12. Sweetwater County Sheriff's Office, Detective Jeff Sheaman, and Green River Fire Department Assistant Chief, Bill Robinson, investigated the fire.

13. The parties agree as to the authenticity of medical records and stipulate to forgo the need to call records custodians at trial.

(d)    *CONTESTED ISSUES OF FACT*: The contested issues of fact remaining for decisions are:

1.    Whether the subject hoverboard was properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings.

2.    That the product was defective when sold.

3.    That the product was unreasonably dangerous to the Wadsworth family.

4.    That the product caused physical harm to the Plaintiffs.

5.    That the fire started at a Jetson Plasma hoverboard located near the bedroom door for G.W. and L.W.'s bedroom.

6.    Whether the subject hoverboard caused the fire at the Wadsworth residence on February 1, 2022.

7.    No warnings could adequately warn of the inherent danger involving the subject hoverboard lithium-ion battery.

8.    Duty and breach of warranty of merchantability.

(e)    *CONTESTED ISSUES OF LAW*:

Defendants contest that Plaintiffs are entitled to an inference of defect. In its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Ruling on Defendants' Motions to Exclude Three Witnesses ("Order"), the Court held that "even if [it] excluded Mr. King's testimony," the Plaintiffs would be entitled to "an inference of defect." ECF

4

No. 143, at 19.

Strict products liability in Wyoming is governed by five elements:

(1) that the sellers were engaged in the business of selling the product that caused the harm;

(2) that the product was defective when sold;

(3) that the product was unreasonably dangerous to the user or consumer;

(4) that the product was intended to and did reach the consumer without substantial change in the condition in which it was sold; and

(5) that the product caused physical harm to the plaintiff/consumer.

*Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 344 (Wyo.1986). Element number two requires that the plaintiff show the product was defective by either presenting evidence of a specific defect or by inference. *Rohde v. Smiths Med.*, 165 P.3d 433, 437 (Wyo. 2007). It is not enough merely to show that an injury occurred. *Id*. In *Sims v. Gen. Motors Corp.*, 751 P.2d 357, 360 (Wyo. 1988), the Wyoming Supreme Court recognize the inference of defect rule:

[t]here is, however, an inference that a product was defective at the time it left the seller's hands if a prima facie case can be presented that there was no abnormal use of the product or that there were no reasonable secondary causes for the defect.

*Sims*, 751 P.2d at 360.

A *prima facie* case is established by "proof that in the absence of abnormal use or reasonable secondary causes the product failed to perform in the manner reasonably to be expected in light of its nature and intended function." *Rohde*, 165 P.3d at 438. It is not enough for the plaintiff to merely provide proof that the product failed, but they must also take on the "additional burden to present evidence that there was no abnormal use and no reasonable secondary causes for the malfunction." *Id.*

Defendants acknowledge that there is no evidence of abnormal use. However, this

does not excuse Plaintiffs' burden of proving that the hoverboard "failed to perform in the manner reasonably to be expected." Defendants contend that there is no evidence that the hoverboard failed whatsoever. Instead, they contend the hoverboard did not cause the fire and instead was attacked by the fire, which stemmed from another source. Therefore, under Wyoming law, Defendants contend Plaintiffs have not presented a *prima facie* case of a defect and is not entitled to any sort of inference.

    (f)   *EXHIBITS*:

There are identified and offered into evidence the parties' respective exhibits as set forth in the following format and **attached as appendices (Attachment A and Attachment B)** hereto.

| PLAINTIFF(S) EX. NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
|  |  | (e.g. *****.pdf) |  |  |  |  |
|  |  | (e.g. *****.jpeg) |  |  |  |  |
|  |  |  |  |  |  |  |

| DEFENDANT(S) EX. NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
|  |  | (e.g. *****.pdf) |  |  |  |  |
|  |  | (e.g. *****.jpeg) |  |  |  |  |
|  |  |  |  |  |  |  |

\* This column is for use by the trial judge at trial.    Nothing should be entered in this column by the parties.

    1.   The following categories are the objections to exhibits:

    **Category A**. These exhibits are admissible on motion by any party and will be available for use by any party at any stage of the proceedings without further proof or objection.

    **Category  B**.    These  exhibits  are  objected  to  on  grounds  *other  than*

foundation, identification, or authenticity.    This category should be used for objections such as hearsay or relevance.

**Category C**.    These exhibits are objected to on grounds of foundation, identification, or authenticity.    This category should not be used for other grounds, such as hearsay or relevance.    Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits.    Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

2.    The parties reserve the right to submit any exhibits listed by the opposing party, and any exhibits necessary for rebuttal.

3.    **Three (3) business days** before trial, each party must supply the Court with one (1) hard copy and one (1) electronic/digital copy of all exhibits to be used at trial.    The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

4.    **Fourteen (14) days** prior to trial, each party shall furnish to the court reporter at jan_davis@wyd.uscourts.gov, any requests for real-time transcription, daily copy, or any other needed services.    Following each trial day, counsel shall inform the court reporter of anticipated witnesses for the next trial day.

(g)    *JURY EVIDENCE RECORDING SYSTEM (JERS):*    To aid the jurors during their deliberations, the Court has implemented a system for electronic submission of exhibits to the Court.    Attorneys should provide their trial exhibits in the proper electronic format a minimum of **seven (7) days** prior to the start of trial.    For detailed instructions on how counsel should format

7

and submit the electronic evidence to the Court, please refer to the Jury Evidence Recording System Information (JERS) at https://www.wyd.uscourts.gov/attorneys. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

(h)    *DEPOSITIONS*:    Any party proposing to offer all or any portion of a deposition shall notify opposing counsel at least **ten (10) business days** before trial of the offers to be made (unless the necessity for using the deposition develops unavoidably thereafter).    If objection is to be made, or if additional portions of a deposition are to be requested, opposing counsel will notify offering counsel at least **five (5) business days** before trial of such objections or requests.    If any differences cannot be resolved, the Court must be notified in writing of such differences at least **three (3) business days** before trial.

(i)    *DISCOVERY*: Discovery has been completed.

(j)    *WITNESSES*: The parties intend to call the following witnesses at trial:

1.    Plaintiffs witnesses, **attached as appendices (Attachment C)** hereto, are listed based upon whether Plaintiffs <u>will call</u>, will have available at the trial, or <u>may call</u> the witnesses.

2.    Defendants witnesses, **attached as appendices (Attachment D)** hereto, are listed based upon whether Plaintiffs <u>will call</u>, will have available at the trial, or <u>may call</u> the witnesses.

3.    The parties reserve the right to call any witness listed by the opposing party, and any witnesses required for rebuttal.    A party listing a will call witness guarantees his or her presence at trial.

8

4.    No later than **seven (7) days** before trial, counsel shall submit via email directly to Judge Rankin's Chambers, wyojudgekhr@wyd.uscourts.gov an <u>estimate of time</u> on the stand for each witness to be called.    During trial, counsel shall provide opposing counsel and the court reporter with a list of witnesses the party intends to call the following day.

(k)    *PROPOSED VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, VERDICT FORM, AND JOINT STATEMENT*:    Proposed voir dire questions, jury instructions, and verdict forms shall be filed with the Court **seven (7) days** before trial, subject to the right of counsel to supplement such requests during trial on matters that cannot be reasonably anticipated.    The Court will provide a set of preliminary instructions the week prior to trial.    All stock jury instructions may be located at https://www.wyd.uscourts.gov/content/chief-magistrate-judge-kelly-h-rankin.    If the parties would like to request instructions that differ from the stock instructions, they may provide them with their substantive instructions.    Requests for instructions are to include **<u>three sets</u>** (each with citations to authority -- no signature block on the bottom of each instruction is necessary).    <u>Set A</u> shall include instructions stipulated to and agreed upon by both parties; <u>Set B</u> shall include Plaintiff's proposed instructions, to which Defendant objects; and <u>Set C</u> shall include Defendant's proposed instructions, to which Plaintiff objects.    Proposed jury instructions and special verdict forms shall be submitted in writing and filed, and also sent as an attachment via email directly to Judge Rankin's Chambers, wyojudgekhr@wyd.uscourts.gov, formatted for Word.    At the same time as the filing of the jury instructions, the parties shall file a <u>joint statement</u> (approximately one (1) page) setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted.    The parties

9

should make every effort to agree upon the language for the statement.    To the extent the parties

cannot agree, they should use the following format:    Plaintiff contends . . . .; Defendant contends

. . . .

    (l)    *JURY PANEL*: The Court shall impanel the jury in the following manner:

        1.    Fourteen (14) jurors shall be called to the jury box for voir dire examination;

        2.    If any juror is excused for cause, another juror will be called;

        3.    After the panel of fourteen (14) jurors is accepted for cause, counsel, starting with the Plaintiff, shall alternately write on a form provided by the Clerk of Court their peremptory challenges.    Each side shall receive and exercise up to three (3) peremptory challenges.    The first eight (8) jurors called and not challenged shall constitute the jury.

    (m)    *AMENDMENTS TO PLEADINGS*: There were no requests to amend the pleadings.

    (n)    *OTHER MATTERS*: The following additional matters were determined to aid in the disposition of the action:

        1.    Each side will be given forty (40) minutes to conduct their own voir dire of the jury panel following voir dire by the Court.

        2.    Each side will be given forty (40) minutes to conduct opening statements.

        3.    Each side will tentatively be given sixty (60) minutes to conduct closing arguments.

        4.    One or more of the parties have requested a sequestration order for all fact witnesses.

        5.    Additionally, Plaintiffs' Request for Judicial Notice of Wyoming Statutes

§§ 35-9-801 through 35-9-811, known as the Wyoming Reduced Cigarette Ignition Propensity Act; ASTM International Standard Test Method for Measuring the Ignition Strength of Cigarettes; McKinney's Executive Law § 150-c, Fire Safety Standards for Cigarettes, and New York State's fire safety performance standard. Plaintiffs' Request for Judicial Notice of 16 CFR § 1009.3 and 15 U.S.C. § 2052. Defendants intend to file an objection to Plaintiffs' Requests for Judicial Notice.

6.      Defendants shall file their trial brief addressing the "inference of defect" theory forthwith. Plaintiffs may file their own responsive brief within seven (7) days thereafter. The parties are limited to fifteen (15) pages for those briefs.

7.      Defendants requested a hearing for Plaintiffs to make a proffer demonstrating substantially similarity for the Rogue recall and *Kaufman* incident. The parties will have an in-person hearing for this matter on February 28, 2025, at 1:30 p.m. in Cheyenne, Wyoming.

(o)      *MODIFICATIONS/INTERPRETATION*:    This pretrial order has been formulated after conference at which counsel for the respective parties have appeared.    Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.    The pleadings will be deemed merged herein.    In the event of ambiguity in any provision of this order, reference may be made to the record of this conference to the extent reported by stenographic notes, and to the pleadings.

(p)      *TRIAL SETTING*:    The case is set for trial with a jury on March 3, 2025, starting

at 9:00 a.m. in Cheyenne, Wyoming.

      (q)    *MEMORANDUM*:   Estimated length of trial is 12 days.   Possibility of settlement

of this case is considered poor.

      Dated this 12th day of February, 2025.

                                     _____

                                      Kelly H. Rankin
                                      United States District Judge