# EXHIBIT D

Case 2:23-cv-00118-KHR    Document 170-4    Filed 02/14/25    Page 2 of 32
Case Number: PC-2024-02715    Case 1:24-cv-00246-WES-LDA    Document 1-2    Filed 06/24/24    Page 1 of 17 PageID #:
7
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | ) |
| as subrogee of Harold T. Hottenstein, Jr. and | ) |
| Maryann Hottenstein, | ) |
| Plaintiff, | )    C.A. No.: |
| | ) |
| v. | ) |
| | ) |
| JETSON ELECTRIC BIKES, LLC, and | ) |
| AMAZON.COM SERVICES LLC, | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.      Plaintiff, Amica Mutual Insurance Company ("Amica"), as subrogee of Harold T.

Hottenstein, Jr. and Maryann Hottenstein (the "Plaintiff"), is an insurance company organized

under the laws of Rhode Island with a principal place of business at 100 Amica Way, Lincoln, RI

02865.

2.      Defendant, Jetson Electric Bikes LLC, is a limited liability company organized

under the laws of the State of New York with a principal place of business at 86 34th Street, 4th

Floor, Brooklyn, NY 11232.

3.      Defendant, Amazon.com Services LLC, is a corporation doing business in the state

of California, with a principal place of business at 410 Terry Avenue, North Seattle, WA 98109,

and a registered agent of Corporation Service Company, 222 Jefferson Boulevard, Suite 200,

Warwick, RI 02888.

3275448.v1

ıse Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
ıbmitted: 5/13/2024 2:15 PM
ıvelope: 4623347
ıviewer: Alexandra R.

## FACTUAL ALLEGATIONS

4.    At all relevant times, Harold T. Hottenstein, Jr. and Maryann Hottenstein owned a property and improvements on the property, including a single-family dwelling (the "Dwelling"), located at 29 Remington Farm Drive, Coventry, RI 02186 (the "Property").

5.    At all relevant times, Amica Mutual Insurance Company insured the Dwelling and personal property located inside of the Dwelling under an insurance policy (the "Policy"). The Policy also provided coverage for additional living expenses because of a covered loss.

6.    At all relevant times and all times hereinafter mentioned, the Defendant, Jetson Electric Bikes LLC, was in the business of designing, manufacturing, and/or distributing electric hoverboards to consumers located throughout the United States, including consumers located in Rhode Island.

7.    At all relevant times and all times hereinafter mentioned, the Defendant, Jetson Electric Bikes LLC, solicited business, engaged in persistent conduct, and derived revenue from goods sold and used in Rhode Island.

8.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, was in the business of marketing, selling, distributing, shipping, and delivering consumer products, including electric bicycles, to consumers in Rhode Island.

9.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, operated, maintained, and controlled a website at Amazon.com, which was an online marketplace where the Defendant, Amazon.com Services LLC, and third-party sellers listed products for sale.

10.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, controlled the website at Amazon.com and listings on the website.

2

3275448.v1

**Case23CV118 PL EX. 244-002**

Case Number: PC-2024-02745
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

11. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, had the right to refuse to process or cancel any transactions made on its website at Amazon.com.

12. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, accepted payments for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

13. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, managed and controlled exchanges and refunds for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

14. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC's refund policy controlled the amount of refunds due to purchasers of products ordered from Amazon.com Services LLC and third-party sellers on Amazon.com Services LLC's website at Amazon.com.

15. At all times and all times hereinafter mentioned, if a consumer wanted to return a product purchased on the Defendant, Amazon.com Services LLC's website at Amazon.com, the customer returned the product through the Defendant, Amazon.com Services LLC.

16. On or about December 14, 2015, Maryann Hottenstein visited the Defendant, Amazon.com Services LLC's website at Amazon.com and ordered and purchased a Jetson Glyro flashing LED electric scooter and component parts, including a battery charger and lithium-ion rechargeable batteries (the "Product"), from the Defendant, Amazon.com Services LLC.

17. The Defendant, Jetson Electric Bikes LLC, designed, manufactured and/or distributed the Product.

3

3275448.v1

se Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
ibmitted: 5/13/2024 2:15 PM
nvelope: 4623347
eviewer: Alexandra R.

18.    At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, marketed and advertised the Product on the Defendant, Amazon.com Services LLC's website at Amazon.com.

19.    The Defendant, Amazon.com Services LLC, processed the order of the Product by Maryann Hottenstein and collected payment for the order of the Product.

20.    The Defendant, Amazon.com Services LLC, collected a fee, which was a percentage of the sale price, for the sale of the Product.

21.    The Defendant, Amazon.com Services LLC, was responsible for the marketing, sale, and distribution of the Product to the Plaintiff, Maryann Hottenstein.

22.    The Defendant, Amazon.com Services LLC, attracted the purchaser of the Product to the Defendant, Amazon.com Services LLC's website at Amazon.com.

23.    At all relevant times and all times hereinafter mentioned, the Defendants, Jetson Electric Bikes LLC, and Amazon.com Services LLC (collectively the "Defendants"), represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

24.    The users of the Product used the Product for its intended purpose.

25.    Maryann Hottenstein and the users of the Product maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

26.    On or about November 25, 2019, the Product malfunctioned, caught fire and caused a fire inside of the Dwelling and caused damage to the Dwelling (the "Loss").

27.    The Product malfunctioned because of defects in its design and manufacture.

28.    Defects in the design and manufacture of the Product made the Product unsafe for its intended use.

4

Case23CV118 PL EX. 244-004

Case Number: PC-2024-
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

29.    Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

30.    The Defendants' negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Loss, which caused damage to the Dwelling and personal property contained in the Dwelling and additional living expenses incurred by Harold T. Hottenstein, Jr., and Maryann Hottenstein.

31.    As a result of the Loss and the Defendants' negligence and breach of implied warranty of merchantability, and pursuant to the Policy, Amica Mutual Insurance Company made payments in satisfaction of its obligation to and/or on behalf of its insureds, Harold T. Hottenstein, Jr., and Maryann Hottenstein.

32.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and Maryann Hottenstein's rights and causes of action to the extent of payments made to Harold T. Hottenstein, Jr., and Maryann Hottenstein and/or on their behalf and asserts its subrogation rights through this Complaint.

## COUNT I
### (Negligence v. Jetson Electric Bikes LLC)

33.    The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as if expressly re-written and set forth herein.

34.    The Loss and resulting damages to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein were proximately caused by the negligence and breaches of duties owed by the Defendant, Jetson Electric Bikes LLC, including, but not limited to, the following:

3275448.v1

**Case23CV118 PL EX. 244-005**

se Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
bmitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

a.  Failing to properly design the Product and its component parts, including, but not limited to the charger and lithium-ion rechargeable batteries associated with the Product;

b.  Failing to properly manufacture the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product;

c.  Failing to properly test the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product, to assess, determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

d.  Placing in the channels of trade a product that the Defendant, Jetson Electric Bikes LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

e.  Designing, manufacturing and distributing a product that posed a risk of fire during normal use;

f.  Marketing an inherently unsafe and/or dangerous product;

g.  Misrepresenting that the Product was safe when the Defendant, Jetson Electric Bikes LLC, knew or should have known that the Product was dangerous and unsafe;

h.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

i.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

3275448.v1

Case23CV118 PL EX. 244-006

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

   j.  Failing to warn users that the Product was susceptible to malfunction and fire;

   k.  Failing to warn users that the Product could cause or contribute to property
       damage as a result of malfunction and fire;

   l.  Failing to warn users of the existence of a dangerous condition associated with
       the Product;

   m.  Failing to withdraw or recall the Product from the marketplace; and

   n.  Otherwise failing to exercise reasonable care under the circumstances which
       then and there existed.

35.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law,
Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr., and
Maryann Hottenstein's cause of action of negligence against the Defendant, Jetson Electric Bikes
LLC, to the extent of payments made to Harold T. Hottenstein, Jr., and Maryann Hottenstein and/or
on their behalf as a result of the Loss and the Defendant, Jetson Electric Bikes LLC's negligence.

       WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and
against the Defendant, Jetson Electric Bikes LLC, in the maximum amount allowed by law, plus
interest, costs and attorney's fees, and all other amounts which are recoverable by law.
Furthermore, the Plaintiff demands judgment against the Defendant, Jetson Electric Bikes LLC, in
an amount that will adequately compensate the Plaintiffs for its injuries, damages and/or losses,
together with interest and costs.

## COUNT II
### (Breach of Implied Warranty of Merchantability v.
### Jetson Electric Bikes LLC)

36.    The Plaintiff repeats, re-alleges, and incorporates by reference the allegations
contained in paragraphs 1 through 35 above, as if expressly re-written and set forth herein.

3275448.v1

Case23CV118 PL EX. 244-007

se Number: PC-2024-02715
:d in Providence/Bristol County Superior Court
omitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

37.    The Defendant, Jetson Electric Bikes LLC, designed, manufactured, and distributed the Product.

38.    The Defendant, Jetson Electric Bikes LLC, as the distributor and manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

39.    The Defendant, Jetson Electric Bikes LLC, was a merchant with respect to goods of the kind involved in the Loss.

40.    The Defendant, Jetson Electric Bikes LLC, knew or had reason to know that the Plaintiff, Maryann Hottenstein, and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Jetson Electric Bikes LLC.

41.    The users of the Product used it for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

42.    The Defendant, Jetson Electric Bikes LLC, breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

43.    The Loss and resulting damage to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Jetson Electric Bikes LLC.

44.    Due notice has been given to the Defendant, Jetson Electric Bikes LLC, of its breach of said implied warranty of merchantability.

45.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and

3275448.v1

Case23CV118 PL EX. 244-008

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

Maryann Hottenstein's cause of action of breach of the implied warranty of merchantability against

the Defendant, Jetson Electric Bikes LLC, to the extent of payments made to Harold T. Hottenstein,

Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Jetson

Electric Bikes LLC's breach of implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and

against the Defendant, Jetson Electric Bikes LLC, in the maximum amount allowed by law, plus

interest, costs and attorney's fees, and all other amounts which are recoverable by law.

Furthermore, the Plaintiff demands judgment against the Defendant, Jetson Electric Bikes LLC, in

an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses,

together with interest and costs.

### COUNT III
**(Strict Liability v. Jetson Electric Bikes LLC)**

46.    The Plaintiff repeats, re-alleges, and incorporates by reference the allegations

contained in paragraphs 1 through 45 above, as if expressly re-written and set forth herein.

47.    The Defendant, Jetson Electric Bikes LLC, designed, manufactured, packaged,

labeled, sold, supplied, and distributed the Product with inadequate warnings and in a defective

and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts,

in each of the following ways:

        a.  Failing to properly design the Product and its component parts, including, but

           not limited to the rechargeable batteries associated with the Product;

        b.  Failing to properly manufacture the Product and its component parts, including,

           but not limited to the rechargeable batteries associated with the Product;

        c.  Failing to properly test the Product and its component parts, including, but not

           limited to the rechargeable batteries associated with the Product, to assess,

3275448.v1

Case23CV118 PL EX. 244-009

Case 2:23-cv-00118-KHR   Document 170-4   Filed 02/14/25   Page 11 of 32
Case 1:24-cv-00246-WES-LDA   Document 1-2   Filed 06/24/24   Page 10 of 17 PageID
#: 16

se Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
bmitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

d.  Placing in the channels of trade a product that the Defendant, Jetson Electric Bikes LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

e.  Designing, manufacturing and distributing a product that posed a risk of fire during normal use;

f.  Marketing an inherently unsafe and/or dangerous product;

g.  Misrepresenting that the Product was safe when the Defendant, Jetson Electric Bikes LLC, knew or should have known that the Product was dangerous and unsafe;

h.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

i.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

j.  Failing to warn users that the Product was susceptible to malfunction and fire;

k.  Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

l.  Failing to warn users of the existence of a dangerous condition associated with the Product;

m.  Failing to withdraw or recall the Product from the marketplace.

10

3275448.v1

**Case23CV118 PL EX. 244-010**

Case 2:23-cv-00118-KHR    Document 170-4    Filed 02/14/25    Page 12 of 32
Case 1:24-cv-00246-WES-LDA    Document 1-2    Filed 06/24/24    Page 11 of 17 PageID
#: 17

48.     The Defendant, Jetson Electric Bikes LLC, by its failure to adequately warn customers, including Maryann Hottenstein, and by virtue of the unreasonably dangerous conditions of the Product caused by its design and manufacture, is strictly liable for the Fire, Loss and resulting damages to the Plaintiffs.

49.     Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr., and Maryann Hottenstein's cause of action of strict liability against the Defendant, Jetson Electric Bikes LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Jetson Electric Bikes LLC's strict liability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Jetson Electric Bikes LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Jetson Electric Bikes LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT IV
### (Negligence v. Amazon.com Services LLC)

50.     The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 49 above, as if expressly re-written and set forth herein.

51.     The Loss and resulting damage to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein and were proximately caused by the negligence and breaches of duties owed by the Defendant, Amazon.com Services LLC, including, but not limited to, the following:

3275448.v1

Case23CV118 PL EX. 244-011

se Number: PC-2024-02715
d in Providence/Bristol County Superior Court
omitted: 5/13/2024 2:15 PM
elope: 4623347
viewer: Alexandra R.

a. Placing in the channels of trade a product that the Defendant, Amazon.com Services LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

b. Distributing a product that posed a risk of fire during normal use;

c. Marketing an inherently unsafe and/or dangerous product;

d. Misrepresenting that the Product was safe when the Defendant, Amazon.com Services LLC, knew or should have known that the product was dangerous and unsafe;

e. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

f. Failing to warn users that the Product was susceptible to malfunction and fire;

g. Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

h. Failing to warn users of the existence of a dangerous condition associated with the Product; and

i. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

52.   Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr., and Maryann Hottenstein's cause of action of negligence against the Defendant, Amazon.com Services LLC, to the extent of payments made to Harold T. Hottenstein, Jr., and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's negligence.

3275448.v1

Case23CV118 PL EX. 244-012

Case 2:23-cv-00118-KHR    Document 170-4    Filed 02/14/25    Page 14 of 32
Case 1:24-cv-00246-WES-LDA    Document 1-2    Filed 06/24/24    Page 13 of 17 PageID
#: 19

Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

### COUNT IV
### (Breach of Implied Warranty of Merchantability v. Amazon.com Services LLC)

53.    The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 52 above, as if expressly re-written and set forth herein.

54.    The Defendant, Amazon.com Services LLC, sold, and distributed the Product.

55.    The Defendant, Amazon.com Services LLC, as the distributor of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

56.    The Defendant, Amazon.com Services LLC, was a merchant with respect to goods of the kind involved in the Loss.

57.    The Defendant, Amazon.com Services LLC, knew or had reason to know that Maryann Hottenstein and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Amazon.com Services LLC.

58.    The Plaintiff, Maryann Hottenstein, and those utilizing the Product used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

13

Case23CV118 PL EX. 244-013

Case 2:23-cv-00118-KHR   Document 170-4   Filed 02/14/25   Page 15 of 32
Case 1:24-cv-00246-WES-LDA   Document 1-2   Filed 06/24/24   Page 14 of 17 PageID
#: 20

se Number: PC-2024-02715
:d in Providence/Bristol County Superior Court
:omitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

59.   The Defendant, Amazon.com Services LLC, breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

60.   The Loss and resulting damage to the Plaintiff and Harold T. Hottenstein, Jr. and Maryann Hottenstein occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Amazon.com Services LLC.

61.   Due notice has been given to the Defendant, Amazon.com Services LLC, of its breach of said implied warranty of merchantability.

62.   Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and Maryann Hottenstein's cause of action of breach of the implied warranty of merchantability against the Defendant, Amazon.com Services LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's breach of the implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT VI
### (Strict Liability v. Amazon.com Services LLC)

63.   The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 62 above, as if expressly re-written and set forth herein.

3275448.v1

Case23CV118 PL EX. 244-014

Case 2:23-cv-00118-KHR    Document 170-4    Filed 02/14/25    Page 16 of 32
Case 1:24-cv-00246-WES-LDA    Document 1-2    Filed 06/24/24    Page 15 of 17 PageID
#: 21

Case Number: PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

64.     The Defendant, Amazon.com Services LLC, packaged, labeled, sold, supplied, and distributed the Product with inadequate warnings and in a defective and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts, in each of the following ways:

   a.  Failing to properly test the Product and its component parts, including, but not limited to the rechargeable batteries associated with the Product, to assess, determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

   b.  Placing in the channels of trade a product that the Defendant, Amazon.com Services LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

   c.  Distributing a product that posed a risk of fire during normal use;

   d.  Marketing an inherently unsafe and/or dangerous product;

   e.  Misrepresenting that the Product was safe when the Defendant, Amazon.com Services LLC, knew or should have known that the Product was dangerous and unsafe;

   f.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

   g.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

   h.  Failing to warn users that the Product was susceptible to malfunction and fire;

   i.  Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

15

Case23CV118 PL EX. 244-015

Case 2:23-cv-00118-KHR    Document 170-4    Filed 02/14/25    Page 17 of 32
Case 1:24-cv-00246-WES-LDA    Document 1-2    Filed 06/24/24    Page 16 of 17 PageID
#: 22

se Number: PC-2024-02715
ed in Providence/Bristol County Superior Court
omitted: 5/13/2024 2:15 PM
velope: 4623347
viewer: Alexandra R.

j.  Failing to warn users of the existence of a dangerous condition associated with the Product;

k.  Failing to withdraw or recall the Product from the marketplace.

65.    The Defendant, Amazon.com Services LLC, by its failure to adequately warn customers, including Maryann Hottenstein, and by virtue of the unreasonably dangerous conditions of the Product caused by its design and manufacture, is strictly liable for the Fire, Loss and resulting damages to the Plaintiff.

66.    Pursuant to the terms and conditions of the Policy and applicable Rhode Island law, Amica Mutual Insurance Company now stands subrogated to Harold T. Hottenstein, Jr. and Maryann Hottenstein's cause of action of strict liability against the Defendant, Amazon.com Services LLC, to the extent of payments made to Harold T. Hottenstein, Jr. and Maryann Hottenstein and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's strict liability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## DEMANDS FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court:

16

3275448.v1

Case23CV118 PL EX. 244-016

Case 2:23-cv-00118-KHR    Document 170-4    Filed 02/14/25    Page 18 of 32
Case 1:24-cv-00246-WES-LDA    Document 1-2    Filed 06/24/24    Page 17 of 17 PageID
#: 23

Case Number. PC-2024-02715
Filed in Providence/Bristol County Superior Court
Submitted: 5/13/2024 2:15 PM
Envelope: 4623347
Reviewer: Alexandra R.

1.    Enter a judgement against the Defendants declaring that the Defendants are legally

and financially responsible for the damages that the Plaintiff and Harold T. Hottenstein, Jr. and

Maryann Hottenstein sustained or incurred;

2.    Award the Plaintiff compensatory damages against the Defendants in an amount

equal to the damages they have incurred or suffered;

3.    Award the Plaintiff costs of suit, including attorneys' and expert witness fees;

4.    Award the Plaintiff interest, including, but not limited to, pre-judgement interest;

and

5.    Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

> Respectfully submitted,
> Plaintiff,
> Amica Mutual Insurance Company, as subrogee of
> Harold T. Hottenstein, Jr. and Maryann Hottenstein,
>
> /s/ John A. Donovan III
>
> _____
> John A. Donovan III, Esq. (5707)
> SLOANE AND WALSH, LLP
> 652 George Washington Highway, Suite 302
> Lincoln, RI 02865
> Phone:  401-495-6796
> jdonovan@sloanewlash.com

Dated:  May 13, 2024

17

Case23CV118 PL EX. 244-017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMICA MUTUAL INSURANCE COMPANY,
As subrogee of Harold T. Hottenstein, Jr. and
Maryann Hottenstein,

          Plaintiff,

v

JETSON ELECTRIC BIKES, LLC and
AMAZON.COM SERVICES LLC,

          Defendants.

CASE NO.:1:24-cv-00246

**JETSON ELECTRIC BIKES LLC
ANSWER AND AFFIRMATIVE
DEFENSES**

NOW COMES Defendant, Jetson Electric Bikes, LLC ("Defendant" or "Jetson") by its attorneys, Peabody & Arnold, LLP, by Frederick Connelly, and as and for an answer to Plaintiff's Complaint, states as follows:

**PARTIES**

1.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

2.    Admitted.

3.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

**FACTUAL ALLEGATIONS**

4.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

5.      The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations in this paragraph of the Complaint.

6.      Defendant admits that Jetson is a non-manufacturing distributor of the subject model hoverboard. Jetson denies that is a designer or manufacturer of the subject model hoverboard. As to any remaining allegations contained in this paragraph, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

7.      Defendant denies the allegations in this paragraph.

8.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

9.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

10.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

11.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

12.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

13.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

14.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

Case23CV118 PL EX. 244A-002

15.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

16.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

17.     Defendant admits that Jetson designed certain aspects of the Jetson Glyro product, distributed and/or sold the Jetson Glyro hoverboard at issue in this case. Jetson denies that it designed all aspects of the Jetson Glyro hoverboard and further denies that it manufactured the Jetson Glyro hoverboard. As to any remaining allegations contained in this paragraph, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

18.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

19.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

20.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

21.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

22.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

23.     The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant is without

Case23CV118 PL EX. 244A-003

information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

24.     The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves the Plaintiff to its proof.

25.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

26.     Defendant denies the allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant denies the allegations in this paragraph.

29.     Defendant denies the allegations in this paragraph.

30.     Defendant denies the allegations in this paragraph.

31.     Defendant denies the allegations in this paragraph.

32.     The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the same.

<u>**COUNT I**</u>

**(Negligence v. Jetson Electric Bikes LLC)**

33.     Defendant realleges and reincorporates herein by reference as if fully set forth, the responses contained within the preceding paragraphs of this Answer.

34.     Defendant denies the allegations in this paragraph.

4

35.    The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the same.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff and such other relief as the Court may deem just and proper.

## COUNT II

### (Breach of Implied Warranty of Merchantability v. Jetson Electric Bikes LLC)

36.    Defendant realleges and reincorporates herein by reference as if fully set forth, the responses contained within the preceding paragraphs of this Answer.

37.    Defendant admits that Jetson designed certain aspects of the Jetson Glyro product, distributed and/or sold the Jetson Glyro hoverboard at issue in this case. Jetson denies that it designed all aspects of the Jetson Glyro hoverboard and further denies that it manufactured the Jetson Glyro hoverboard. As to any remaining allegations contained in this paragraph, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

38.    The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant admits it designed certain aspects of the Jetson Glyro product, distributed and/or sold the Jetson Glyro hoverboard at issue in this case. Jetson denies that it designed all aspects of the Jetson Glyro hoverboard and further denies that it manufactured the Jetson Glyro hoverboard. As to any remaining allegations contained in this paragraph, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

39.    The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant is without

Case23CV118 PL EX. 244A-005

information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

40.     The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations in this paragraph of the Complaint.

41.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proof.

42.     Defendant denies the allegations in this paragraph.

43.     Defendant denies the allegations in this paragraph.

44.     The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations in this paragraph of the Complaint.

45.     The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the same.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff and such other relief as the Court may deem just and proper.

## COUNT III

### (Strict Liability v Jetson Electric Bikes LLC)

46.     Defendant realleges and reincorporates herein by reference as if fully set forth, the responses contained within the preceding paragraphs of this Answer.

47.     Defendant denies the allegations in this paragraph.

48.     Defendant denies the allegations in this paragraph.

6

Case23CV118 PL EX. 244A-006

49.    The allegations of this paragraph consist of a conclusion of law to which no response is required from this Defendant. To the extent a response is required, Defendant denies the same.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff and such other relief as the Court may deem just and proper.

## COUNT IV

### (Negligence v. Amazon.com Services LLC)

50.    Defendant realleges and reincorporates herein by reference as if fully set forth, the responses contained within the preceding paragraphs of this Answer.

51.    Defendant alleges that this paragraph a. – i. is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

52.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff and such other relief as the Court may deem just and proper.

## COUNT IV

### (Breach of Implied Warranty of Merchantability v. Amazon.com Services LLC)

53.    Defendant realleges and reincorporates herein by reference as if fully set forth, the responses contained within the preceding paragraphs of this Answer.

Case23CV118 PL EX. 244A-007

54.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

55.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

56.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

57.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

58.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

59.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

60.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

Case23CV118 PL EX. 244A-008

61.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

62.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff and such other relief as the Court may deem just and proper.

## <u>COUNT VI</u>

### (Strict Liability v. Amazon.com Services LLC)

63.    Defendant realleges and reincorporates herein by reference as if fully set forth, the responses contained within the preceding paragraphs of this Answer.

64.    Defendant alleges that this paragraph a. – k. is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

65.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

66.    Defendant alleges that this paragraph is directed at a party other than Defendant and, therefore Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and leaves Plaintiff to its proof.

Case23CV118 PL EX. 244A-009

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff and such other relief as the Court may deem just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Defendant hereby affirmatively pleads that the Plaintiff has failed to state a claim upon which relief may be granted pursuant to F.R.C.P. 12(b)(6).

2.    Defendant affirmatively pleads that any injuries and/or damages sustained by Plaintiff, if any, were caused by another for whom this defendant is not legally responsible.

3.    Defendant affirmatively pleads that Plaintiff insured's own conduct caused and/or contributed to its injuries and/or damages, if any.

4.    Defendant affirmatively pleads assumption of risk.

5.    Defendant affirmatively pleads that Plaintiff's claims are barred by the applicable statute of limitations.

6.    Defendant affirmatively pleads that it did not breach any duty of care to Plaintiff, as such duty is defined by law in these circumstances.

7.    Defendant affirmatively pleads that Plaintiff failed to mitigate any applicable damages.

8.    Defendant states that if there were express or implied warranties as alleged in the Complaint (allegations which the Defendant specifically denies), the Plaintiff was not within the scope of any such alleged warranties because it is not a purchaser, and no sale to it ever occurred of any product sold or distributed by Defendant.

9.    Defendant states that if the Defendant, its agents or servants, made any warranties, express or implied (allegations which the Defendant specifically denies) then Defendant denies that it breached any warranties.

Case23CV118 PL EX. 244A-010

10.    Defendant states that the Plaintiff was not a third-party beneficiary with reference to any alleged warranties, either express or implied, and, therefore, Plaintiff cannot recover in this action.

11.    Defendant states that if it were liable, negligent or in breach of any warranty, all of which it expressly denies, Defendant's liability in any or all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct Defendant is not legally responsible.

12.    Defendant states that, if Plaintiff was injured in connection with Defendant's product (allegations which Defendant specifically denies), other persons without Defendant's knowledge and approval redesigned, modified, altered, and used Defendant's products contrary to instructions and contrary to the custom and practice of the industry. Defendant's product was so substantially changed by these activities, that if there was a defect in the product (which Defendant specifically denies) such defect resulted solely from redesign, modification, alteration, or other such treatment or change by third parties and not from any act or omission by Defendant.

13.    The alleged hoverboard was out of Defendant's possession and control for a period of time before the subject incident, and if there was any condition in the subject product at the time of the alleged incident that caused or contributed thereto, such condition developed and existed as a result of misuse, alteration, changes, modification, improper installation or improper repairs made to the subject product after it left Answering Defendant's control and/or possession.

14.    Defendant states that the alleged hoverboard met all applicable standards and regulations at the time of sale by Defendant.

15.    Defendant states that if any of Defendant's product(s) were used, other used said product(s) in an unreasonable manner, not reasonably foreseeable to Defendant, and for a purpose

Case23CV118 PL EX. 244A-011

for which the product(s) were not intended, manufactured, or designed, and Plaintiff's injuries and/or damages, if any, were directly and proximately caused by said misuse and abuse.

16.    Defendant states that if the Plaintiff proves that it was injured and/or damaged as alleged (which allegations Defendant specifically denies), said injuries and/or damages were caused by intervening and/or superseding acts of third persons for whom Defendant is not liable.

17.    Defendant states that the Complaint should be dismissed pursuant to F.R.C.P. 12(b)(2) for lack of jurisdiction over the person.

18.    Defendant states that the Complaint should be dismissed pursuant to F.R.C.P. 12(b)(4) for insufficiency of process.

19.    Defendant denies that it omitted or acted negligently, grossly negligently, recklessly, or intentionally in any way and that its actions or omissions did not cause or contribute to the incident at issue in this case in any way.

20.    Defendant specifically denies that there was any defect in the design or manufacture of the alleged hoverboard when it left Defendant's possession.

21.    Defendant affirmatively pleads that at all times material hereto, the alleged hoverboard was free of defects and hazardous conditions; was without a condition existing that required warning to those lawfully and carefully operating it; was in a manner fit and appropriate for the purposes intended; and was in compliance with all applicable codes, regulations, ordinances and statutes.

22.    Defendant states that Plaintiffs have failed to join necessary parties, being any other persons or entities liable or responsible for the matters alleged in Plaintiffs' Complaint and any other persons or entities liable or responsible as assignees.

Case23CV118 PL EX. 244A-012

23.     Defendant affirmatively pleads that the alleged hoverboard was neither defective nor unreasonably dangerous pursuant to Section 402A of the Restatement (Second) of Torts.

24.     Defendant affirmatively pleads that the alleged hoverboard was designed and manufactured using the best available technology and design consistent with the state of the art for similar products at the time of its design, manufacture and sale.

25.     Defendant affirmatively pleads that the alleged hoverboard was designed in conformity with the applicable state of the art and/or consumer expectations.

26.     Defendant affirmatively pleads that the utility of the product outweighs the alleged risk and the product was not in a defective condition unreasonably dangerous to the user.

27.     Defendant hereby reserves its right to rely upon such other New Matter as may become available or apparent during the course of discovery and reserves the right to further amend its Answer and Affirmative Defenses to assert those defenses.

**WHEREFORE,** Defendant, Jetson Electric Bikes, LLC demands judgment in its favor and against Plaintiffs and such other relief as the Court may deem just and proper.

> **JETSON ELECTRIC BIKES LLC**
> By its attorneys,
>
>
> */s/ Frederick E. Connelly, Jr.*
> Frederick E. Connelly, Jr. #6772
> Peabody & Arnold LLP
> 600 Atlantic Avenue, 6th Floor
> Boston, MA 02210
> (617) 951-2100
> fconnelly@peabodyarnold.com

Dated:  July 1, 2024

13

Case23CV118 PL EX. 244A-013

## CERTIFICATE OF SERVICE

  I hereby certify that on July 1, 2024, a copy of the foregoing *Jetson Electric Bikes, LLC's Answers and Defenses* was filed electronically by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access to this filing through the Court's CM/ECF System.  A copy of the foregoing *Jetson Electric Bikes, LLC's Answers and Defenses* was also served via email to the following counsel of record:

  John A. Donavan III, Esq.
  Sloane And Walsh, LLP
  652 George Washington Highway
  Suite 302
  Lincoln, RI 02865

           */s/ Frederick E. Connelly, Jr.*
           Frederick E. Connelly, Jr.

2722002

**Case23CV118 PL EX. 244A-014**