# EXHIBIT F

Case 2:23-cv-00118-KHR   Document 170-6   Filed 02/14/25   Page 2 of 46
Case 2:23-cv-03557-MAK   Document 4-1   Filed 09/18/23   Page 2 of 21
Case 2:23-cv-03557   Document 1-1   Filed 09/13/23   Page 1 of 20

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2023**

E-Filing Number: 2308031085

**01523**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL J.. REICHLEY | JETSON ELECTRIC BIKES LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 408 CARMICHAEL DRIVE<br>NORTH WALES PA 19454 | 86 34TH STREET, 4TH FLOOR<br>BROOKLYN NY 11232 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DEBRA G.. REICHLEY | TARGET CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 408 CARMICHAEL DRIVE<br>NORTH WALES PA 19454 | 1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

1G - SUBROGATION ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

AUG 15 2023

**G. IMPERATO**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES        NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHAEL J. REICHLEY , DEBRA G.</u>
<u>REICHLEY</u>
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PATRICK A. HUGHES | 301 E. GERMANTOWN PIKE, 3RD FL<br>EAST NORRITON PA 19401 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)383-0081 | (215)383-0082 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 91415 | phughes@delucalevine.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| PATRICK HUGHES | Tuesday, August 15, 2023, 11:35 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 230801523

**Case23CV118 PL EX. 246-001**

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 3 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 3 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 2 of 20

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

*Attested by the Office of Judicial Records 15 AUG 2023 11:35 am G. IMPERATO*

| | |
|---|---|
| **MICHAEL J. REICHLEY and DEBRA G. REICHLEY**<br><br>**408 CARMICHAEL DRIVE**<br>**NORTH WALES, PA 19454-2667**<br><br>**Plaintiffs**<br>**v.**<br><br>**JETSON ELECTRIC BIKES LLC**<br><br>**86 34TH STREET, FOURTH FLOOR**<br>**BROOKLYN, NY 11232**<br><br>and<br><br>**TARGET CORPORATION**<br><br>**1000 NICOLLET MALL**<br>**MINNEAPOLIS, MN 55403**<br><br>**Defendants** | **AUGUST TERM 2023**<br><br>**CASE NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### AVISO

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en

Case ID: 230801523
Case ID: 230801523

**Case23CV118 PL EX. 246-002**

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 4 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 4 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 3 of 20

contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333; TTY (215) 451-6197**

Case ID: 230801523
Case ID: 230801523

**Case23CV118 PL EX. 246-003**

Case 2:23-cv-00118-KHR   Document 170-6   Filed 02/14/25   Page 5 of 46
Case 2:23-cv-03557-MAK   Document 4-1   Filed 09/18/23   Page 5 of 21

Case 2:23-cv-03557   Document 1-1   Filed 09/13/23   Page 4 of 20

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **MICHAEL J. REICHLEY and DEBRA G. REICHLEY**<br><br>**408 CARMICHAEL DRIVE**<br>**NORTH WALES, PA 19454-2667**<br><br>**Plaintiffs**<br>**v.**<br><br>**JETSON ELECTRIC BIKES LLC**<br><br>**86 34TH STREET, FOURTH FLOOR**<br>**BROOKLYN, NY 11232**<br><br>**and**<br><br>**TARGET CORPORATION**<br><br>**1000 NICOLLET MALL**<br>**MINNEAPOLIS, MN 55403**<br><br>**Defendants** | **AUGUST TERM 2023**<br><br>**CASE NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Nominal Plaintiffs, Michael J. Reichley and Debra G. Reichley (hereinafter collectively referred to as "Plaintiffs" or "the Reichleys"), by and through their undersigned counsel, DE LUCA LEVINE LLC, hereby demand judgment against Defendants, and in support thereof complain against them as follows:

**PARTIES**

1.      Plaintiffs are adult individuals, who at all times relevant hereto, owned and resided at 408 Carmichael Drive, North Wales, Pennsylvania 19454-2667 (hereinafter referred to as "the subject property").

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 6 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 6 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 5 of 20

2.      Defendant Jetson Electric Bikes, LLC ("Jetson") is, upon belief and information and at all times relevant hereto, a New York domestic limited liability company with its principal place of business at the above-captioned address and was authorized to do business within the Commonwealth of Pennsylvania.    Upon information and belief, Jetson regularly conducts business in Pennsylvania and in Philadelphia County.

3.      Jetson is in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce Self-Balancing Scooters / Hoverboards such as the Strike branded Self-Balancing Scooter / Hoverboard at issue in this case, which was sold by Jetson prior to the fire more fully described below.

4.      Defendant Target Corporation ("Target") is, upon belief and information and at all times relevant hereto, a Minnesota corporation with its principal place of business at the above-captioned address and was authorized to do business within the Commonwealth of Pennsylvania. Upon information and belief, Target regularly conducts business in Pennsylvania and in Philadelphia County.

5.      Target is in the business of, *inter alia*, marketing, distributing, selling and placing into the stream of commerce products, including Self-Balancing Scooters / Hoverboards such as the Strike branded Self-Balancing Scooter / Hoverboard at issue in this case.

## FACTS

6.      Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

7.      Plaintiffs and / or a family member of Plaintiffs purchased two Jetson Strike Self-Balancing Scooters / Hoverboards from Target in February 2020 and March 2020.

Case23CV118 PL EX. 246-005

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 7 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 7 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 6 of 20

8.      Jetson designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce Self-Balancing Scooters / Hoverboards – including the subject Self-Balancing Scooters / Hoverboard and its component parts at issue in this case – being intended for use by consumers for the ordinary purpose associated with Self-Balancing Scooters / Hoverboards.

9.      Target sold, distributed, marketed, delivered and placed into the stream of commerce products, including the subject Self-Balancing Scooter / Hoverboard at issue in this case.

10.     At all times material hereto, Plaintiffs, used the subject Self-Balancing Scooter / Hoverboard in an ordinary, reasonable and foreseeable manner.

11.     At all times material hereto, the subject Self-Balancing Scooter / Hoverboard, which was designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce by Defendants was not modified, changed altered or abused by Plaintiffs or other users at their property prior to or during its use.

12.     At all times material hereto, Plaintiffs kept the subject Self-Balancing Scooter / Hoverboard in their home when not in use.

13.     On September 15, 2021, the subject Self-Balancing Scooter / Hoverboard was being stored in the living room closet of Plaintiffs home when it suddenly and unexpectedly ignited, which quickly spread to nearby combustible materials, causing the home to be engulfed with flames and smoke.

14.     Plaintiffs' home located at 408 Charmichael Drive, North Wales, Pennsylvania and their personal belongings therein sustained significant damage.

Case 2:23-cv-00118-KHR   Document 170-6   Filed 02/14/25   Page 8 of 46
Case 2:23-cv-03557-MAK   Document 4-1   Filed 09/18/23   Page 8 of 21
Case 2:23-cv-03557   Document 1-1   Filed 09/13/23   Page 7 of 20

15.     At all times material hereto, the Defendants knew and intended that the subject Self-Balancing Scooter / Hoverboard would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said product would be utilized.

16.     Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard, including its component parts, in a dangerous defective condition, which catastrophically failed due to a defect and/or malfunction.

17.     The sudden and catastrophic fire resulted from a defect and/or malfunction of the subject Self-Balancing Scooter / Hoverboard caused by design, manufacturing and/or warning defects that existed since the appliance left Defendants' control.

18.     As a direct and proximate result of the defects and/or malfunction of the subject Self-Balancing Scooter / Hoverboard, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, temporary housing and other associated expenses.  Further, the fire damage forced Plaintiffs to vacate their property for an extended period of time while their home was restored to its pre-fire condition.

19.     As a result of the fire described above, Plaintiffs sustained damage to their real property, personal property and caused other consequential and incidental damages including clean-up costs, repair, temporary living expenses and other associated expenses while their home was being restored to its pre-fire condition.

## COUNT I – STRICT LIABILITY
### Plaintiffs v. Defendants

20.     Plaintiffs incorporate by reference the preceding averments as though set forth at

Case23CV118 PL EX. 246-007

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 9 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 9 of 9
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 8 of 20

length herein.

21.     At all times material hereto, Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce Self-Balancing Scooters / Hoverboards incorporated with rechargeable lithium ion batteries, chargers and other component parts, and specifically designed, tested, inspected, assembled, manufactured, marketed, branded, distributed and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard at issue in this case.

22.     The subject Self-Balancing Scooter / Hoverboard was used in a foreseeable, normal, ordinary and intended manner by Plaintiffs or other users at their property at all times material hereto.

23.     The subject Self-Balancing Scooter / Hoverboard was not modified, changed, altered or abused by Plaintiffs or other users at said property prior to the fire.

24.     The subject Self-Balancing Scooter / Hoverboard was in the same, or substantially similar condition, as when the product left the possession of Defendants.

25.     The subject Self-Balancing Scooter / Hoverboard was not altered in any manner that caused or contributed to the fire after the product originally left the possession of Defendants.

26.     Defendants knew, or should have known, that the subject Self-Balancing Scooter / Hoverboard would, and did, reach users without substantial change in the condition in which originally selected and sold.

27.     Defendants knew and intended that its Self-Balancing Scooters / Hoverboards would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said Self-Balancing Scooters / Hoverboards would be utilized.

28.     Defendants designed, manufactured, assembled, tested, inspected, marketed,

Case ID: 230801523
Case ID: 230801523

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 10 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 10 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 9 of 20

branded, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a dangerous defective condition, which catastrophically failed due to a defect and/or malfunction.

29.    Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a defective condition, unreasonably dangerous to Plaintiffs and their property.

30.    At all times material hereto, Defendants knew or should have known of the foreseeable risk of fire related injuries inherent in the design of its Self-Balancing Scooters / Hoverboards.

31.    The subject Self-Balancing Scooter / Hoverboard did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

32.    Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the subject Self-Balancing Scooter / Hoverboard safe.

33.    The subject Self-Balancing Scooter / Hoverboard was defective, subjecting Defendants to strict liability, in one or more of the following respects:

a.    failing to design, manufacture, inspect, assemble, distribute, test and/or market a properly functioning and defect-free Self-Balancing Scooter / Hoverboard, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

b.    failing to properly design, manufacture, inspect, assemble, distribute, test and/or market the subject Self-Balancing Scooter / Hoverboard free from defect;

c.    failing to properly determine that the subject Self-Balancing Scooter / Hoverboard was not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

Case ID: 230801523
Case ID: 230801523

Case23CV118 PL EX. 246-009

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 11 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 11 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 10 of 20

d.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when it knew or should have known that it was unsafe and unfit for its intended use;

e.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when it knew or should have known that it would be inadequate for the reasons for which it was purchased;

f.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard which was unreasonably dangerous, causing it to catastrophically fail and/or malfunction;

g.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product;

h.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce an unreasonably dangerous and defective Self-Balancing Scooter / Hoverboard that Defendants knew or reasonably should have known exposed users to an unreasonable risk of harm;

i.    failing to properly and adequately design, manufacture, assemble, test, inspect, market, brand, distribute and sell the subject Self-Balancing Scooter / Hoverboard prior to introducing it into the stream of commerce;

j.    failing to provide adequate and sufficient warnings and instructions with respect to the subject Self-Balancing Scooter / Hoverboard, which rendered it defective and unreasonably dangerous;

k.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a defective condition because it catastrophically failed and/or malfunctioned rendering it hazardous and dangerous for its contemplated and intended use;

l.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a defective condition because its component parts, including, but not limited to, its lithium ion battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections failed or malfunctioned in a catastrophic fire condition;

Case 2:23-cv-00118-KHR   Document 170-6   Filed 02/14/25   Page 12 of 46
Case 2:23-cv-03557-MAK   Document 4-1   Filed 09/18/23   Page 12 of 21
Case 2:23-cv-03557   Document 1-1   Filed 09/13/23   Page 11 of 20

m.    the subject Self-Balancing Scooter / Hoverboard is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

n.    the subject Self-Balancing Scooter / Hoverboard is unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

o.    common experience teaches that the fire would not have occurred in the subject Self-Balancing Scooter / Hoverboard in the absence of a defect;

p.    the foreseeable risks associated with the design of the subject Self-Balancing Scooter / Hoverboard exceed all benefits;

q     the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that it could ignite under normal and foreseeable operation causing heat and fire to property and person;

r.    the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery and/or battery management system was subject to degradation through self-discharge;

s.    the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery and/or battery management system was subject to short circuits;

t.    the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery was subject to electrical short or circuit failure at the location of electrical activity;

u.    the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery was subject to thermal runaway;

v.    the subject Hoverboard was designed, manufactured and sold such that it could not recognize the weak battery and trigger a shutdown of the Self-Balancing Scooter / Hoverboard before thermal runaway could occur;

w.    failing to adequately inform and warn purchasers and ultimate users of the Self-Balancing Scooter's / Hoverboard's high propensity for instability to produce heat, ignite, explode and/or cause fires;

x.    designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard with dangerous design defects in its lithium ion

Case ID: 230801523
Case ID: 230801523

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 13 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 13 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 12 of 20

battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections and/or other components of the Self-Balancing Scooter / Hoverboard; and

y.    malfunction of the lithium ion battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections and/or other components of the Self-Balancing Scooter / Hoverboard.

34.    The aforementioned defective conditions or material and/or latent defects existed at the time the subject Self-Balancing Scooter / Hoverboard left the possession and/or control of Defendants.

35.    Defendants are strictly liable to Plaintiffs for designing, manufacturing and failing to warn of the dangers of a defective and unreasonably dangerous Self-Balancing Scooter / Hoverboard. The inherent risks associated with the subject Self-Balancing Scooter / Hoverboard outweighed the benefits of its use, as a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants.

36.    For these reasons, Defendants are strictly liable to Plaintiff.

37.    Alternatively, the subject Self-Balancing Scooter / Hoverboard "malfunctioned" as that term is used in *Ducko v. Chrysler Motors Co.*, 639 A.2d 1204 (Pa. Super 1994) (*citing Rogers v. Johnson & Johnson Products, Inc.*, 565 A.2d 751, 754 (Pa. 1989)).

38.    As a direct and proximate result of the aforementioned defects and/or defective condition, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses. Further, the fire damage forced Plaintiffs to vacate their property for an extended period of time while their home was restored to its pre-fire condition.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages in a

Case ID: 230801523
Case ID: 230801523

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 14 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 14 of 21

Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 13 of 20

sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE
### Plaintiffs v. Defendants

39.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

40.    At all times material hereto, Defendants owed a duty to consumers, like Plaintiffs, to use reasonable care in the way it designed, manufactured, assembled, tested, marketed, branded, distributed and sold Self-Balancing Scooters / Hoverboards, including the subject Self-Balancing Scooter / Hoverboard.

41.    At all times material hereto, Defendants knew or should have known of the foreseeable risk of fire injuries inherent in its Self-Balancing Scooters / Hoverboards, including the subject Self-Balancing Scooter / Hoverboard.

42.    Defendants breached the duty of care it assumed to consumers and were negligent and careless in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in one or more of the following respects:

   a.    carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute and/or place into the stream of commerce a properly functioning and defect-free Self-Balancing Scooter / Hoverboard, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

   b.    carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute and place into the stream of commerce the subject Self-Balancing Scooter / Hoverboard free from defects, capable of functioning in a sale and appropriate manner;

   c.    carelessly and negligently failing to properly determine that the Self-Balancing

Case ID: 230801523
Case ID: 230801523

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 15 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 15 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 14 of 20

Scooter / Hoverboard was not in a safe condition, and free of all material defects, capable of functioning in a safe and appropriate manner;

d.  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when Defendants knew, or should have known, that the product was unsafe and unfit for its intended use;

e.  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when Defendants knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f.  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard that had unreasonably dangerous components that caused the product to catastrophically fail and/or malfunction;

g.  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce a dangerous and defective Self-Balancing Scooter / Hoverboard that Defendants knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

h.  carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, distribute the subject Self-Balancing Scooter / Hoverboard prior to introducing the product into the stream of commerce;

i.  carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

j.  carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce an unreasonably dangerous and defective Self-Balancing Scooter / Hoverboard that Defendants knew or reasonably should have known exposed users to an unreasonable risk of harm;

k.  carelessly and negligently failing to properly and adequately design, manufacture, assemble, test, inspect, market, brand, distribute and sell the subject Self-Balancing Scooter / Hoverboard prior to introducing it into the stream of commerce;

Case23CV118 PL EX. 246-014

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 16 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 16 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 15 of 20

l.      carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the subject Self-Balancing Scooter / Hoverboard;

m.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard because it failed rendering it hazardous and dangerous for its contemplated and intended use;

n.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard because it failed or malfunctioned in a catastrophic fire condition;

o.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard because it could ignite under normal and foreseeable operation causing heat and fire to property and person;

p.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery was subject to degradation through self-discharge;

q.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery was subject to short circuits;

r.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery and/or battery management system was subject to electrical short or circuit failure;

s.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery and/or battery management system was subject to thermal runaway;

t.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that it could not recognize the weak battery and trigger a shutdown of the Self-Balancing Scooter / Hoverboard before thermal runaway could occur;

Case23CV118 PL EX. 246-015

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 17 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 17 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 16 of 20

u.    carelessly and negligently failing to adequately inform and warn purchasers and ultimate users of the Self-Balancing Scooter's / Hoverboard's high propensity for instability to produce heat, ignite, explode and/or cause fires;

v.    carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product;

w.    carelessly and negligently failing to issue any post-sale modifications or additional warnings in an effort to eliminate the unreasonably dangerous nature of the Self-Balancing Scooter / Hoverboard; and

x.    carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard with dangerous and hazardous defects in its lithium ion battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections and/or other components of the Self-Balancing Scooter / Hoverboard.

43.    Defendants' negligence and carelessness in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard were the direct and proximate cause of the damages to Plaintiffs' real and personal property.

44.    As a direct and proximate result of the aforementioned negligent and careless conduct of Defendants, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses. Further, as a result of the fire, Plaintiffs had to vacate the property for a period of time in order for the property to be restored to its pre-fire condition.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages in a sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 18 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 18 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 17 of 20

deem appropriate under the circumstances.

## COUNT III – BREACH OF EXPRESS WARRANTIES
### Plaintiffs v. Defendants

45.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

46.    Defendants expressly warranted that the subject Self-Balancing Scooter / Hoverboard was safe and effective to members of the consuming public, including Plaintiffs.

47.    More specifically, Defendants expressly warranted that the subject Self-Balancing Scooter / Hoverboard was compliant with the applicable product safety standards.

48.    Defendants breached any and all express warranties made or relating to the subject Self-Balancing Scooter / Hoverboard that became part of the basis of the bargain for sale of the Self-Balancing Scooter / Hoverboard as described in 13 Pa. C.S.A. § 2-313. (Defendants have better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

49.    The subject Self-Balancing Scooter / Hoverboard does not conform to these express representations because it was prone to produce heat, ignite and/or explode causing fire.

50.    Therefore, Defendants breached their express warranties to the consuming public, including, but not limited to, Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages, in a sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Case23CV118 PL EX. 246-017

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 19 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 19 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 18 of 20

### COUNT IV – BREACH OF IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND MERCHANTABILITY
**Plaintiffs v. Defendants**

51.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

52.    Defendants designed, manufactured, assembled, tested, marketed, branded, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard with an implied warranty that it was fit for the particular purpose of operating safely, knowing that consumers would rely on their skill and/or judgment to furnish suitable goods.

53.    At the time of the sale and/or distribution of the subject Self-Balancing Scooter / Hoverboard, Defendants had reason to know the particular purpose to which the subject Self-Balancing Scooter / Hoverboard would be used and they were being relied upon to furnish a suitable product.  Thus, Defendants breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to failure and ignition under normal operation.

54.    Members of the consuming public, including consumers such as Plaintiffs, were the intended third-party beneficiaries of the warranty.

55.    The subject Self-Balancing Scooter / Hoverboard was not fit for the particular purpose as a safe means for normal, ordinary and foreseeable use, due to the unreasonable risks of dangers associated with its use.

56.    Plaintiffs in this case reasonably and justifiably relied on Defendants' representations that the subject Self-Balancing Scooter / Hoverboard was safe to put to normal, ordinary and foreseeable use.

Case ID: 230801523
Case ID: 230801523

Case23CV118 PL EX. 246-018

Case 2:23-cv-00118-KHR   Document 170-6   Filed 02/14/25   Page 20 of 46
Case 2:23-cv-03557-MAK   Document 4-1   Filed 09/18/23   Page 20 of 21
Case 2:23-cv-03557   Document 1-1   Filed 09/13/23   Page 19 of 20

57.     Defendants breached the implied warranty of fitness for a particular purpose, which was the direct and proximate cause of Plaintiffs damages.

58.     In addition, Defendants breached their implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject Self-Balancing Scooter / Hoverboard was used.

59.     Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by Defendants of their implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c).

60.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages in a sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                    **de LUCA LEVINE LLC**

          BY: _____
                    RAYMOND E. MACK, ESQUIRE
                    PA ID No.: 91815
                    E-Mail:  rmack@delucalevine.com
                    PATRICK A. HUGHES, ESQUIRE
                    PA ID No.: 91415
                    E-Mail:  phughes@delucalevine.com
                    301 East Germantown Pike, 3rd Floor
                    East Norriton, PA  19401
                    Telephone:  (215) 383-0081
                    Fax:  (215) 383-0082
                    COUNSEL FOR PLAINTIFF

Dated:  August 15, 2023

Case23CV118 PL EX. 246-019

Case 2:23-cv-00118-KHR    Document 170-6    Filed 02/14/25    Page 21 of 46
Case 2:23-cv-03557-MAK    Document 4-1    Filed 09/18/23    Page 21 of 21
Case 2:23-cv-03557    Document 1-1    Filed 09/13/23    Page 20 of 20

## VERIFICATION

I, Robin Anderson, under the penalty of perjury, hereby state that I am a duly authorized representative of Allstate Vehicle and Property Insurance Company, the real party in interest in this matter, that I have read the foregoing Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the foregoing; that the foregoing was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the foregoing is true and correct to the best of my knowledge after due inquiry. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Robin Anderson*

Robin Anderson
An Authorized Representative of
Allstate Vehicle and Property Insurance
Company

Dated:    8/2/2023

**Case23CV118 PL EX. 246-020**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. REICHLEY and        :
DEBRA G. REICHLEY,            : Case No.:2:23-cv-03557 (MAK)
                            :
      Plaintiffs,               :
                            :
v.                               :
                            :
JETSON ELECTRIC BIKES, LLC   : JURY TRIAL DEMANDED
and TARGET CORPORATION,     :
                            :
      Defendants.            :

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, JETSON ELECTRIC BIKES, LLC TO PLAINTIFFS' COMPLAINT**

---

Defendant, JETSON ELECTRIC BIKES, LLC ("Answering Defendant" or "Jetson") by the undersigned counsel, hereby answers and asserts affirmative defenses to Plaintiffs' Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Denied. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

2.     Admitted.

3.     Admitted in part, denied in part. Answering Defendant admits that Jetson designed certain aspects of the product, marketed, branded, distributed, and/or sold the Jetson Strike hoverboard as alleged. Jetson denies that it designed all aspects of the Jetson Strike hoverboard and further denies that it assembled or manufactured the Jetson Strike hoverboard. As to any remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a

1

Case23CV118 PL EX. 246A-001

belief as to the truth of the allegations contained therein and, therefore, denies the same and puts Plaintiffs to their proof thereof.

4.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore, denies same and puts Plaintiffs to their proof thereof.

5.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

## FACTS

6.      Answering Defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

7.      Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

8.      Admitted in part, denied in part. Answering Defendant admits that Jetson designed certain aspects of the product, marketed, branded, distributed, and/or sold the Jetson Strike hoverboard as alleged. Jetson denies that it designed all aspects of the Jetson Strike hoverboard and further denies that it assembled or manufactured the Jetson Strike hoverboard. As to any remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and puts Plaintiffs to their proof thereof.

2

Case23CV118 PL EX. 246A-002

9.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same and puts Plaintiffs to their proof thereof.

10.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same and puts Plaintiffs to their proof thereof.

11.    Admitted in part, denied in part. Answering Defendant admits that Jetson designed certain aspects of the product, marketed, branded, distributed, and/or sold the Jetson Strike hoverboard as alleged. Jetson denies that it designed all aspects of the Jetson Strike hoverboard and further denies that it assembled or manufactured the Jetson Strike hoverboard. As to any remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts Plaintiffs to their proof thereof.

12.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

13.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

14.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

Case23CV118 PL EX. 246A-003

15.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

16.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

17.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

18.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

19.     Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

<u>**COUNT I – STRICT LIABILITY**</u>
**Plaintiffs v. Defendants**

20.     Answering Defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

21.     Admitted in part, denied in part. Answering Defendant admits that Jetson designed certain aspects of the product, marketed, branded, distributed, and/or sold the Jetson Strike hoverboard as alleged. Jetson denies that it designed all aspects of the Jetson Strike hoverboard and further denies that it assembled or manufactured the Jetson Strike hoverboard. As to any

4

Case23CV118 PL EX. 246A-004

remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same and puts Plaintiffs to their proof thereof.

22.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

23.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

24.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

25.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore, denies same and puts Plaintiffs to their proof thereof.

26.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

27.    Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same and puts Plaintiffs to their proof thereof.

Case23CV118 PL EX. 246A-005

28.      Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

29.      Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

30.      Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

31.      Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

32.      Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

33.      a.-y. Denied. To the extent the allegations of this paragraph, including subparts a.-y., state conclusions of law, they are denied. To the extent the allegations of this paragraph, including subparts a.-y., are deemed factual in nature, they are denied.

34.      Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

Case23CV118 PL EX. 246A-006

35.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

36.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

37.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

38.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Plaintiffs and such other relief as the Court may deem just and proper.

## COUNT II – NEGLIGENCE
### Plaintiffs v. Defendants

39.    Answering Defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

40.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant admits only the general duty of care applicable under Pennsylvania law and

7

Case23CV118 PL EX. 246A-007

denies any further duties. As to any remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore, denies same and puts Plaintiffs to their proof thereof.

41.    Denied. Answering Defendant denies that the Jetson Strike hoverboard contained substantial dangers or inherent risks of fire. As to the remaining allegations of this paragraph, they are denied.

42.    a.-x. Denied. To the extent the allegations of this paragraph, including subparts a.-x., state conclusions of law, they are denied. To the extent the allegations of this paragraph, including subparts a.-x., are deemed factual in nature, they are denied.

43.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

44.    Denied. To the extent the allegations of this paragraph state conclusions of law, they are denied. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, denies same.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Plaintiffs and such other relief as the Court may deem just and proper.

### COUNT III – BREACH OF EXPRESS WARRANTIES
**Plaintiffs v. Defendants**

45.    Answering Defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

Case23CV118 PL EX. 246A-008

46.     Denied. Answering Defendant avers that any warranties provided with the product speak for themselves. As to any remaining allegations in this paragraph, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and puts Plaintiffs to their proof thereof.

47.     Admitted in part, denied in part. Answering Defendant admits that Jetson designed certain aspects of the product, marketed, branded, distributed, and/or sold the Jetson Strike hoverboard as alleged. Jetson denies that it designed all aspects of the Jetson Strike hoverboard and further denies that it assembled or manufactured the Jetson Strike hoverboard. As to any remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

48.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

49.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

50.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required.  To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Plaintiffs and such other relief as the Court may deem just and proper.

9

Case23CV118 PL EX. 246A-009

### COUNT IV – BREACH OF IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND MERCHANTABILITY
### Plaintiffs v. Defendants

51.     Answering Defendant realleges and reincorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

52.     Admitted in part, denied in part. Answering Defendant admits that Jetson designed certain aspects of the product, marketed, branded, distributed, and/or sold the Jetson Strike hoverboard as alleged. Jetson denies that it designed all aspects of the Jetson Strike hoverboard and further denies that it assembled or manufactured the Jetson Strike hoverboard. As to any remaining allegations, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph  and, therefore, denies same and puts Plaintiffs to their proof thereof.

53.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

54.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

55.     Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

10

56.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies same and puts Plaintiffs to their proof thereof.

57.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required.  To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

58.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

59.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

60.    Denied. To the extent the allegations of this paragraph state conclusions of law, no response is required. To the extent the allegations of this paragraph are deemed factual in nature, they are denied.

**AFFIRMATIVE DEFENSES**

1.    Answering Defendant incorporates by reference the preceding paragraphs as though fully set forth herein at length.

2.    The Complaint fails to state claims upon which relief may be granted.

3.    Plaintiffs' claims against Answering Defendant in whole or in part may be barred by the applicable statutes of limitations.

11

Case23CV118 PL EX. 246A-011

4. Plaintiffs may have failed to give timely notice of any alleged breach of warranty as required by law and that failure caused Answering Defendant substantial prejudice in its ability to defend against Plaintiffs' claims.

5. Answering Defendant did not breach any duty of care to Plaintiffs, as such duty is defined by law in these circumstances.

6. No act, action, conduct, or omission on the part of Answering Defendant was a proximate, factual, or direct cause of the injuries, losses and/or damages set forth in Plaintiffs' Complaint.

7. Plaintiffs' damages may have been caused by a superseding or intervening cause.

8. Plaintiffs failed to mitigate any applicable damages.

9. Answering Defendant specifically denies that there was any defect in the design or manufacture of the Jetson Strike hoverboard when it left Answering Defendant's possession.

10. The Jetson Strike hoverboard may have been misused or abused by Plaintiffs.

11. At all times material hereto, the Jetson Strike hoverboard was free of defects and hazardous conditions; was without a condition existing that required warning to those lawfully and carefully operating it; was in a manner fit and appropriate for the purposes intended; and was in compliance with all applicable codes, regulations, ordinances and statutes.

12. The Jetson Strike hoverboard was out of Answering Defendant's possession and control for a period of time before the subject incident, and if there was any condition in the subject product at the time of the alleged incident that caused or contributed thereto, such condition developed and existed as a result of misuse, alteration, changes, modification, improper installation or improper repairs made to the subject product after it left Answering Defendant's control and/or possession.

12

Case23CV118 PL EX. 246A-012

13. The Jetson Strike hoverboard met all applicable standards and regulations at the time of sale by Answering Defendant.

14. If the Jetson Strike hoverboard or certain components thereof, distributed by Answering Defendant, was involved as alleged in Plaintiff's Complaint, any warranties, express or implied, between Answering Defendant and the original purchaser are limited to those contained in the written limited warranty which is believed to have been delivered to the original purchaser at the time of purchase.

15. If it is determined that any new warranties existed and were breached, it is denied that said breach was the proximate cause of Plaintiffs' damages.

16. If it is determined that any warranties existed, it is denied that they were breached. If it is determined that any new warranties existed and were breached, it is denied that said breach was the proximate cause of Plaintiffs' damages.

17. Plaintiffs lack standing to bring forth the allegations set forth in their Complaint, as they do not own the Jetson Strike hoverboard at subject within the Complaint.

18. Any liability of Answering Defendant, if any, is mitigated by the provisions of the Pennsylvania Comparative Negligence Statute.

19. Plaintiffs' alleged losses and/or damages were caused by the acts or omissions of third persons over whom Answering Defendant exercised no control and for whose conduct Answering Defendant is not responsible.

20. Plaintiffs are barred from recovery because the alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Answering Defendant is not responsible.

21. Plaintiffs' claims are barred, in whole or in part, to the extent it or others spoliated

13

Case23CV118 PL EX. 246A-013

evidence. Plaintiffs may have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve or otherwise made it impossible for Answering Defendant to gain access to relevant and material evidence. This includes the Jetson Strike hoverboard in its purported defective condition and parts, components, or equipment of the Jetson Strike hoverboard owned by Plaintiffs in its purported defective condition.

22.    Plaintiffs have failed to join necessary parties, being any other persons or entities liable or responsible for the matters alleged in Plaintiffs' Complaint and any other persons or entities liable or responsible as assignees.

23.    Plaintiffs' claims may be barred by the assumption of the risk doctrine.

24.    The Jetson Strike hoverboard was neither defective nor unreasonably dangerous pursuant to Section 402A of the Restatement (Second) of Torts.

25.    The Jetson Strike hoverboard was designed and manufactured using the best available technology and design consistent with the state of the art for similar products at the time of its design, manufacture and sale.

26.    The product was designed in conformity with the applicable state of the art and/or consumer expectations.

27.    The utility of the product outweighs the alleged risk and the product was not in a defective condition unreasonably dangerous to the user.

28.    Answering Defendant hereby reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserve the right to further amend its Answer and Affirmative Defenses to assert those defenses.

**WHEREFORE,** Defendant JETSON ELECTRIC HOVERBOARDS, LLC, hereby demands judgment as follows:

Case23CV118 PL EX. 246A-014

A.    Dismissing the Complaint of the Plaintiffs on the merits, with prejudice, together

with its taxable costs and disbursements herein; and

B.    For such other and further relief as the Court might deem just and equitable.


**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Attorneys for Defendant, Jetson Electric Bikes, LLC

Dated: September 20, 2023          By: _____

Dennis P. Ziemba, SBN 76098
Two Liberty Place
50 South 16th Street-22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
dziemba@eckertseamans.com

15

**Case23CV118 PL EX. 246A-015**

## CERTIFICATE OF SERVICE

I certify that on this 20th day of September, 2023, I caused a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, JETSON ELECTRIC BIKES, LLC TO PLAINTIFFS' COMPLAINT** to be served on the parties indicated below, via the Court's ECF electronic filing system and via First Class mail on those not yet having entered an appearance.

| VIA ECF | VIA FIRST CLASS MAIL |
|---|---|
| Raymond E. Mack, Esq.<br>Patrick A. Hughes, Esq.<br>de Luca Levine<br>301 E. Germantown Pike, 3rd Floor<br>East Norriton, PA 19401<br>Direct  215-383-0227<br>Office  215-383-0081<br>Fax      215-383-0082<br>phughes@delucalevine.com | Target Corporation<br>1000 Nicolett Mall<br>Minneapolis, MN 55403 |

_____

Dennis P. Ziemba, Esquire

16

**Case23CV118 PL EX. 246A-016**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. REICHLEY and<br>DEBRA G. REICHLEY, | :<br>: Case No.:2:23-cv-03557 (MAK)<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| TARGET CORPORATION, | :<br>: |
| Defendant, and | :<br>: |
| JETSON ELECTRIC BIKES, LLC | : JURY TRIAL DEMANDED<br>: |
| Defendant and Third Party Plaintiff, | :<br>: |
| v. | :<br>: |
| YUEYANG AIDAXING INTELLIGENT<br>TECHNOLOGY CO., LTD. | :<br>:<br>: |
| Third Party Defendant. | :<br>: |

## THIRD PARTY COMPLAINT

Defendant and Third Party Plaintiff, JETSON ELECTRIC BIKES, LLC ("Third Party Plaintiff" or "Jetson") by and through its undersigned counsel, hereby demands judgment against Third Party Defendant, and in support thereof complain against it as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Michael and Debra G. Reichley are adult individuals, who at all times relevant hereto, owned and resided at 408 Carmichael Drive, North Wales, Pennsylvania 18454-2667. Therefore, the Reichleys are citizens of the Commonwealth of Pennsylvania.

2.      Jetson Electric Bikes, LLC is a New York limited liability company with its principal place of business located at 86 34th Street, Fourth Floor, Brooklyn, New York 11232.

1

Case23CV118 PL EX. 246B-001

Jetson Electric Bikes LLC's membership consists of two members, Josh Sultan and Benji Goldstein, who are both citizens of the State of New York.

3.      Target Corporation is a Minnesota corporation with its principal place of business located at 1000 Nicolet Mall, Minneapolis, Minnesota 55403. Thus, Target Corporation is a citizen of the State of Minnesota.

4.      Yueyang Aidaxing Intelligent Technology Company, Ltd, ("Yueyang") is a foreign corporation with its principal place of business located at 2/F Building 7, Modern Industrial Park, Muligang Avenue, Economy and Development Zone, Yueyang, Hunan, China.

5.      Jiangsu Gopal Intelligent Technology Co., Ltd.  ("Jiangsu Gopal") was a foreign corporation formerly located in Yancheng, Jiangsu, China.

6.      Jiangsu Gopal rebranded and renamed itself Yueyang Aidaxing Intelligent Technology Company, Ltd. at some point after 2019.

7.      The acts and omissions that form the basis of this claim occurred in the Commonwealth of Pennsylvania such that the claim arises from the Pennsylvania-related activities of the parties. Thus, this Court possesses personal jurisdiction over the parties.

8.      The Court has subject matter jurisdiction over this civil action because complete diversity of citizenship exists between all parties and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. 1332.

9.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania. This action arises out of an alleged product defect claim at the home of Debra and Michael Reichley in North Wales, Pennsylvania. The Eastern District of Pennsylvania includes Montgomery County's North Wales, Pennsylvania.

Case23CV118 PL EX. 246B-002

## FACTS

10.    At all relevant times, Third Party Defendant, Yueyang, has been a foreign company, located in Yueyang, Hunan, China, and has regularly caused its products to be sold in the Commonwealth of Pennsylvania.

11.    At all relevant times, Jiangsu Gopal was a foreign company that designed, assembled, fabricated, produced, constructed or otherwise prepared hoverboards, and their component pieces, including Jetson Strike Hoverboards, before its sale to a user or consumer.

12.    Upon information and belief, Jiangsu Gopal rebranded and renamed itself Yueyang at some point after 2019.

13.    At all relevant times, Third Party Defendant, Yueyang, formerly known as Jiangsu Gopal, designed, assembled, fabricated, produced, constructed or otherwise prepared hoverboards, and their component pieces, including Jetson Strike Hoverboards, before its sale to a user or consumer.

14.    At all relevant times, Third Party Defendant, Yueyang, formerly known as Jiangsu Gopal, sold the Jetson Strike Hoverboard to Defendant and Third Party Plaintiff Jetson Electric Bikes LLC for resale, distribution, or use by consumers in the Commonwealth of Pennsylvania.

15.    At all relevant times, Jetson Electric Bikes, LLC had an agreement to purchase Jetson Strike Hoverboards from Third Party Defendant, Yueyang, formerly known as Jiangsu Gopal, that were designed, assembled, fabricated, produced, constructed or otherwise prepared by Third Party Defendant, Yueyang and its component suppliers.

16.    At all relevant times, Defendant and Third Party Plaintiff Jetson Electric Bikes LLC sold the Jetson Strike Hoverboards to its wholesaler, distributors, and/or retailers, including Target Corporation, in the Commonwealth of Pennsylvania.

Case23CV118 PL EX. 246B-003

17.    In approximately February of 2019, Defendant and Third Party Plaintiff Jetson Electric Bikes LLC began purchasing Jetson Strike Hoverboards from Third Party Defendant, Yueyang, formerly known as Jiangsu Gopal, for the purpose of resale, distribution, or use by consumers.

18.    The Jetson Strike Hoverboard was designed, assembled, fabricated, produced, constructed, or otherwise prepared by Third Party Defendant, Yueyang, formerly known as Jiangsu Gopal, and/or its component suppliers, tested by Underwriters Laboratories for safety compliance, and shipped to the United States whereby Defendant and Third Party Plaintiff, Jetson Electric Bikes LLC took ownership of the Jetson Strike Hoverboards for resale, distribution, or use by consumers and/or its retail, distributor, and wholesale partners.

19.    Attached as Exhibit A is a copy of Plaintiffs' Complaint in this action, which is incorporated by reference.

20.    Attached as Exhibit B is a copy of Defendant and Third Party Plaintiff, Jetson Electric Bikes LLC's Notice of Removal and Amended Notice of Removal.

21.    Attached as Exhibit C is a copy of Defendant and Third Party Plaintiff, Jetson Electric Bikes LLC's Answer and Affirmative Defenses to Plaintiffs' Complaint in this action.

22.    The Court issued a Scheduling Order on October 6, 2023. A copy of the Scheduling Order is attached hereto as Exhibit D.

23.    Plaintiffs, Debra and Michael G. Reichley, made claims of strict liability, negligence, breach of express warranties, and breach of implied warranties of fitness for a particular purpose and merchantability against Defendant and Third Party Plaintiff, Jetson Electric Bikes LLC and further alleged that Jetson Electric Bikes LLC is the manufacturer of the subject Jetson Strike Hoverboard; and these allegations have been denied by Jetson Electric Bikes, LLC.

Case23CV118 PL EX. 246B-004

## <u>COUNT I – EQUITABLE CONTRIBUTION AND COMMON LAW INDEMNITY</u>
### Defendant and Third Party Plaintiff v. Third Party Defendant

24.    Defendant and Third Party Plaintiff re-alleges and incorporates by reference all general allegations in paragraphs 1-23., above.

25.    Defendant and Third Party Plaintiff Jetson Electric Bikes LLC entered into an agreement  with Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, to purchase Jetson Strike Hoverboards whereby Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, designed, assembled, fabricated, produced, constructed and otherwise prepared a hoverboard, to be named Jetson Strike Hoverboard, for sale and/or distribution by Jetson Electric Bikes LLC to its retail partners, wholesalers, and/or distributors.

26.    Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, agreed to perform its work in compliance with accepted customs and practices and in conformance with all UL and UN standards, ordinances, and regulations governing such work.

27.    Third Party Defendant Yueyang, formerly known as Jiangsu Gopal is liable over to Plaintiffs for its alleged acts, errors and/or omissions for the injuries and damages allegedly sustained by Plaintiffs as a result of those acts, errors, and/or omissions.

28. Further, Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, caused or contributed to, in whole or in part, through their negligent actions and/or failure to act, the injuries and damages claimed by Plaintiffs.

29.    To the extent that it is established that Defendant and Third Party Plaintiff Jetson Electric Bikes LLC may have any liability for Plaintiffs' claims, which is denied, said liability is the direct result of Third Party Defendant Yueyang, formerly known as Jiangsu Gopal's, actions, omissions and/or deviation from the accepted standard of care.

Case23CV118 PL EX. 246B-005

30.     To the extent that it is established that Jetson Electric Bikes LLC may have any liability for Plaintiffs' claims, which is denied, said liability is the direct result of Third Party Defendant Yueyang, formerly known as Jiangsu Gopal's, negligent research, development, design, manufacture, assembly, testing, inspection, marketing, branding, promotion, and/or sale of the subject Jetson Strike Hoverboard.

31.     If it can be found that Plaintiffs sustained injuries and/or damages as alleged in their Complaint, the liability of Defendant and Third Party Plaintiff Jetson Electric Bikes LLC being specifically denied, then Defendant and Third Party Plaintiff Jetson Electric Bikes LLC asserts that Third Party Defendant Yueyang, formerly known as Jiangsu Gopal may be alone liable to the Plaintiffs and/or may be liable for their fair share of liability, to be apportioned by a jury, pursuant to the provisions of 42 Pa. C.S. §7102.

32.     To the extent that Plaintiffs claim in their Complaint that the Defendant and Third Party Plaintiff Jetson Electric Bikes LLC are liable for the actions of Third Party Defendant Yueyang, formerly known as Jiangsu Gopal then said Defendant hereby cross-claims against Third Party Defendant Yueyang, formerly known as Jiangsu Gopal for contribution and indemnity pursuant to 42 Pa. C.S. §7102 and 42 Pa. C.S. §8324.

**WHEREFORE**, Defendant and Third Party Plaintiff Jetson Electric Bikes LLC prays that Judgment be entered in its favor and against Third Party Defendant as follows: (1) for judgment in its favor and against Third Party Defendant for all sums in which Jetson Electric Bikes LLC may be judged liable to plaintiffs and (2) for such other relief as the Court may deem just and proper.

Case23CV118 PL EX. 246B-006

## COUNT II – BREACH OF CONTRACT AND CONTRACTUAL INDEMNITY
### Defendant and Third Party Plaintiff v. Third Party Defendant

33.     Defendant and Third Party Plaintiff re-allege and incorporate by reference all general allegations in paragraphs 1-32., above.

34.     To the extent that it is established that Defendant and Third Party Plaintiff Jetson Electric Bikes LLC may have any liability for Plaintiffs' claims, which is denied, said liability is the direct result of Third Party Defendant Yueyang, formerly known as Jiangsu Gopal's, breach of its contract with Jetson Electric Bikes LLC.

35.     Defendant and Third Party Plaintiff Jetson Electric Bikes LLC notified Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, in writing by correspondence dated October 11, 2022, and by virtue of the filing of the foregoing Third Party Complaint and herein demands that Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, indemnify and undertake Jetson Electric Bikes LLC's defense against Plaintiffs' claims.

36.     As a direct and proximate result of the breach, Defendant and Third Party Plaintiff Jetson Electric Bikes, LLC has incurred and will incur damages including, but not limited to, attorneys fees, expert fees, and other costs associated with the defense of this action.

37.     In the event that Defendant and Third Party Plaintiff Jetson Electric Bikes LLC is found liable for any of the claims asserted by Plaintiffs in their complaint, Third Party Defendant Yueyang, formerly known as Jiangsu Gopal, is liable to exonerate, defend, and reimburse Jetson Electric Bikes, LLC for any such judgment, in addition to any and all costs incurred in defending this action including without limitation, costs and attorney's fees.

**WHEREFORE**, Defendant and Third Party Plaintiff Jetson Electric Bikes LLC prays that Judgment be entered in its favor and against Third Party Defendant as follows: (1) for judgment in its favor and against Third Party Defendant for all sums in which Jetson Electric Bikes LLC

Case23CV118 PL EX. 246B-007

may be judged liable to plaintiffs and (2) for such other relief as the Court may deem just and proper.

|                              | **ECKERT SEAMANS CHERIN & MELLOTT, LLC**<br>Attorneys for Defendant and Third Party Plaintiff, Jetson Electric Bikes, LLC |
|------------------------------|---------------------------------------------------------------------------|

Dated: November 9, 2023

By: */s/ Dennis P. Ziemba*
Dennis P. Ziemba, SBN 76098
Jacquelyn Ager, SBN 76830
Two Liberty Place
50 South 16th Street-22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
dziemba@eckertseamans.com
jager@eckertseamans.com

and

**McCOY LEAVITT LASKEY LLC**
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
Eugene M. LaFlamme          *Admitted Pro Hac Vice*
Jillian L. Lukens          *Admitted Pro Hac Vice*
Telephone: (262) 522-7000
elaflamme@MLLlaw.com
jlukens@MLLlaw.com

Case23CV118 PL EX. 246B-008

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 9th day of November, 2023, I caused a copy of the foregoing **THIRD PARTY COMPLAINT** to be served on all counsel of record via the Court's electronic filing system and all parties in compliance with the Court's Rules.

Yueyang Aidaxing Intelligent Technology Co., Ltd.
2/F Building 7, Modern Industrial Park,
Muligang Avenue,
Economy and Development Zone, Yueyang, Hunan, China


*s/ Dennis P. Ziemba*
Dennis P. Ziemba, Esquire

9

**Case23CV118 PL EX. 246B-009**