Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No. 2:23-cv-00118-NDF<br><br>**DEFENDANTS JETSON ELECTRIC BIKES, LLC AND WALMART INC.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE NUMBER 1** |

1

Defendants, Jetson Electric Bikes, LLC and Walmart Inc., respectfully request that this Court deny Plaintiffs' Request for Judicial Notice Number 1 pursuant to Federal Rules of Evidence 201 Exhibits A through C of their Request relate to disputed adjudicative facts rendering judicial notice improper.

## BACKGROUND

This case involves a February 1, 2022 residential fire at the Wadsworth residence in Green River, Wyoming. The first report of fire was between 4:00 a.m. – 4:30 a.m. The primary liability dispute is whether the fire originated in G.W. and L.W.'s bedroom at a Jetson Plasma hoverboard by the bedroom door (as Plaintiffs contend) or whether the fire originated at a smoking shed that was located outside the residence by G.W. and L.W.'s bedroom window (as Defendants contend). (Doc. 3). If the fire started at the hoverboard as Plaintiffs allege, then the fire would have had to travel from the hoverboard to the bedroom window. Between the hoverboard and the window, however, was the bunk bed where G.W. and L.W. were sleeping. G.W. and L.W. were not injured in the fire and exited their bedroom through their bedroom door – right next to the hoverboard.

The smoking shed was used by Mr. and Mrs. Wadsworth during the winter months to provide cold and wind protection while they smoked cigarettes. Mrs. Wadsworth smoked in the smoking shed just prior to 2:00 a.m. on February 1, 2022, before she went to bed. (Ex 1: S. Wadsworth Dep. 89:17-90:8).

The fire scene was fully processed at the August 2-3, 2022 site inspection. This included marking search grids for the areas of interest, which included all of G.W. and L.W.'s bedroom and the outside smoking shed area. (Ex 2: Schulz Dep. 34:9-35:17). The fire debris from each of these search grids, along with other items of interest, were put into plastic bins to be sifted and evaluated

at the evidence inspection. (Ex.3: Evidence Logs). In total, 71 different items or individual fire debris bins were retained for further investigation. (Id).

Plaintiffs' origin and cause expert, Michael Schulz, did not attend the August 2-3, 2022 site inspection. (Ex.2: Schulz Dep. 29:16-20). Nonetheless, Schulz acknowledged that a fire initiating from the careless disposal of cigarettes can be a "smoldering type fire". (Id. at 136:9-14). A "smoldering type fire" is a fire that could initiate a lengthy period of time after the actual careless disposal of smoking materials (*i.e.* cigarettes). (Id. at 136:16-21). Schulz further acknowledged that a lapse of two to three hours between the careless discard of a cigarette and the fire ignition is not unusual. (Id. at 136:22-137:5). Specifically, Schulz stated that the evidence of a cigarette butt or carelessly discarded smoking materials would be subsumed within the fire damage material resulting in a failure to identify the specific cigarette that was carelessly disposed of. (Id. at 204:16-205:16).

## LEGAL STANDARD

Judicial Notice is the court's recognition of the existence of a fact without the necessity of formal proof. The Federal Rules of Evidence only govern judicial notice of an adjudicative fact, and not a legislative fact. Fed. R. Evid. 201(a). Adjudicative facts are the facts of the particular case that would go to the trier of fact. Whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *See* Advisory Comm. Note (a) to Fed. R. Evid. 201(a).

Under the Federal Rules of Evidence, the court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned. Fed. R. Evid. 201(b); *see also United States v. Boyd,* 289 F.3d 1254, 1258 (10th Cir. 2002). A fact is within the common knowledge when most people in the jurisdiction would be aware of such a fact. *See Brown v. Piper,* 91 U.S. 37, 42 (1895). Rule 201 authorizes a court to take judicial notice solely of adjudicative facts, as opposed to legislative facts.

Whether evidence is an adjudicative or legislative fact depends on the manner in which it is used. For example, a legal rule may be a proper adjudicative fact for judicial notice if offered to establish the factual context of the case, but not to state the governing law, i.e. a legislative fact. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

Here, Plaintiffs are asking the Court take judicial notice of three broad documents, not facts, for the sole purpose of proving the truth of the matter asserted (that a smoldering cigarette allegedly could not be the origin and cause of the Wadsworth's fire):

1. Wyoming Statutes §§ 35-9-801 through 35-9-811: Wyoming Reduced Cigarette Ignition Propensity Act;

2. Wyoming Statute §35-9-803: American Society of Testing and Materials (ASTM) Standard E2187-04 (2004) "Standard Test Method for Measuring the Ignition Strength of Cigarettes"; and

3. New York State Fire Safety Standards for Cigarettes, New York Executive Law, Section 156-C and Part 429 of Title 19 New York Codes, Rules, and Regulations as of March 1, 2008.

Doc. 151, pg. 3. Plaintiffs' request for judicial notice is improper because it seeks to admit into evidence documents in support of its claims that are disputed, irrelevant, and time-barred.

**ARGUMENT**

**I.       Judicial Notice is Improper When Adjudicative Facts Are Disputed.**

Judicial notice is only proper when adjudicative facts are undisputed. Fed. R. Evid. 201; 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5104 at 485 (1977 &

4

Supp.1994). To be undisputed, the fact must be a piece of information that all parties accept as true. Here, Plaintiffs submit three documents in an attempt to discredit Defendants' defense that the subject fire was caused by smoking material (*i.e.* a cigarette). In doing so, Plaintiffs seek to use the Court to introduce reasonably disputed evidence rather than utilizing the trial-type procedure of taking evidence subject to cross examination and rebuttal to resolve controversies or disputes. Fed. R. Evid. 201, Adv. Comm. Notes.

Additionally, Plaintiffs' own fire origin expert, Michael Schulz, contradicts the contents of Exhibits A and B to Plaintiffs' Motion for Judicial Notice (Doc. 151), as well as the truth of the matters asserted. Schulz conceded at his deposition on September 10, 2024 that a smoldering cigarette could have caused the fire. (Ex. 2: Schulz Dep. 136:9-137:5). He further acknowledged that there is a high likelihood of a smoldering type fire from the careless disposal of smoking material (*i.e.* a cigarette) (Id. at 136:9-14), and that a fire could result from a smoldering cigarette event after a lengthy period of time between the actual careless disposal of the cigarette – similar to the approximate two to three hours that occurred between the time Stephanie Wadsworth had her last cigarette and the identification of the fire in this case. (Id. at 136:16-21).

If Exhibits A and B were to be taken as true and admissible, which Defendants deny, Plaintiffs would require an expert to opine as to the contents of the documents and the application of the contents to the present case. Plaintiffs do not have an expert on this issue, and in fact, have an expert who directly contradicts the theory Plaintiffs' attempt to introduce through these materials. Whether a carelessly discarded cigarette, regardless of whether or not it met Wyoming Statutes §§ 35-9-803 and 35-9-801 through 35-9-811, would influence the possibility of a smoldering fire calls for expert testimony as it is outside the common knowledge of a lay person. Plaintiffs did not retain any expert to evaluate the proffered exhibits and how they may, or may

5

not, be relevant to whether a carelessly discarded cigarette could have smoldered and caused this fire.

Further, the time to identify experts on this issue has long passed.[1][2] If this Court were to grant Plaintiffs' Request for Judicial Notice it would be permitting Plaintiffs' counsel to step into the shoes of an undisclosed expert and provide testimony, without evidentiary support, as to the truth of the matter asserted (*i.e.* the document contents). To do so would create indisputable harm and prejudice to Defendants in violation of Federal Rules of Evidence 402 and 702.

As such, because Plaintiffs cannot meet their burden for judicial notice as to Exhibits A and B, their request should be denied.

## II.     Judicial Notice is Improper for Legislative Facts or Secondary Sources.

Even if the Exhibits Plaintiffs submit for judicial notice were undisputed adjudicative facts, which these Defendants deny, Plaintiffs' request is still improper because it asks this Court to take judicial notice of legislative facts.[3] Legislative facts are those documents relevant to the lawmaking process and legal reasoning process. Just as Rule 201 does not permit the Court to take judicial notice of disputed facts, the Court is also not permitted to take judicial notice of legislative facts. Fed. R. Evid. 201, Adv. Comm. Notes.

Further, Exhibit C to Plaintiffs' Request for Judicial Notice relates to New York State Fire Safety Standards for Cigarettes, not Wyoming, which is both irrelevant and non-persuasive.

---

[1] The deadline for Plaintiffs to name expert witnesses was July 15, 2024.

[2] Plaintiffs' motion to amend expert disclosures was denied by this Court on November 18, 2024. (Doc. 93)

[3] Wyoming Statutes §§ 35-9-801 through 35-9-811 (Wyoming Reduced Cigarette Ignition Propensity Act), Wyoming Statute § 35-9-803 (American Society of Testing and Materials Standard E2187-04 (2004)), and New York State's Fire Safety Standards for Cigarettes, New York Executive Law, Section 156-C and Part 429 of Title 19 New York Codes, Rules, and Regulations

Further, if Plaintiffs intended to introduce evidence of New York State's Cigarette Standards, it would require expert testimony, which has not been produced or identified to date.

As such, because Plaintiffs cannot meet their burden for judicial notice as to Exhibits A through C their Request should be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Request for Judicial Notice (Doc 151).

**McCOY LEAVITT LASKEY LLC**

Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc.

Dated: February 19, 2025        By: _____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 19, 2025, a true and correct copy of the foregoing was electronically served to all counsel of record.

      **EUGENE M. LaFLAMME, Esq.**