Timothy M. Stubson, Wyo. Bar. No. 6-3144
Holly Tysse Wyo. Bar. No. 7-5553
Brandon E. Pryde Wyo. Bar. No. 8-6883
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-265-2279
tstubson@crowleyfleck.com
htysse@crowleyfleck.com
bpryde@crowleyfleck.com

and

Eugene M. LaFlamme *(admitted pro hac vice)*
Jared B. Giroux *(admitted pro hac vice)*
Jillian L. Lukens *(admitted pro hac vice)*
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH,<br><br>        Plaintiffs,<br><br>v.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>        Defendants. | Case No. 2:23-cv-00118-KHR<br><br>**DEFENDANTS JETSON ELECTRIC BIKES, LLC AND WALMART INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE NUMBER 2** |

1

Defendants, Jetson Electric Bikes, LLC and Walmart Inc., respectfully request that this Court deny Plaintiffs' Request for Judicial Notice Number 2 pursuant to Federal Rule of Evidence 201. Exhibits A and B of their Request relate to disputed adjudicative facts rendering judicial notice improper.

**INTRODUCTION**

In the proposed Request for Judicial Notice Number 2 (Doc. 152), Plaintiffs request this Court take judicial notice of 16 CFR § 1009.3 as to the policy on imported products, importers, and foreign manufacturers, and 15 U.S.C. § 2052 code definitions. Plaintiffs have not provided an explanation of their reasoning for the request and Plaintiffs have never cited, either in their Complaint or any other filing, 16 CFR § 1009.3, 15 U.S.C. § 2052, or any federal consumer safety regulation. The reasoning for Plaintiffs' request for judicial notice of 16 CFR § 1009.3 and 15 U.S.C. § 2052 is, therefore, unknown to Defendants.

Further, these Requests are irrelevant, not probative, and will not advance the Court or jury's understanding of this case. Plaintiffs do not seek judicial notice of a fact, but rather seek judicial notice of a complex legal principle, which is not an appropriate use of judicial notice. Even if judicially noticed, the Consumer Product Safety Commission ("CPSC") policy statement should not be presented to the jury because it is more prejudicial than probative and would likely confuse the jury. Judicial notice of the non-probative policy and code could mislead the jury or create an unfair impression that the Court is admonishing the Defendants for having a foreign or imported product. It could also imply that the Defendants were seeking special treatment compared to other entities selling, manufacturing, or distributing products. Furthermore, introducing the Consumer Product Safety Act could wrongly suggest that the Defendants' product has been specifically regulated due to safety issues. For these reasons, Plaintiffs' request should be denied.

## LEGAL STANDARD

Judicial Notice is the court's recognition of the existence of a fact without the necessity of formal proof. The Federal Rules of Evidence only govern judicial notice of an adjudicative fact, and not a legislative fact. Fed. R. Evid. 201(a). Adjudicative facts are the facts of the particular case that would go to the trier of fact. Whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *See* Advisory Comm. Note (a) to Fed. R. Evid. 201(a).

Under the Federal Rules of Evidence, the court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also United States v. Boyd,* 289 F.3d 1254, 1258 (10th Cir. 2002). A fact is within the common knowledge when most people in the jurisdiction would be aware of such a fact. *See Brown v. Piper,* 91 U.S. 37, 42 (1895). Rule 201 authorizes a court to take judicial notice solely of adjudicative facts, as opposed to legislative facts.

Whether evidence is an adjudicative or legislative fact depends on the manner in which it is used. For example, a legal rule may be a proper adjudicative fact for judicial notice if offered to establish the factual context of the case, but not to state the governing law, *i.e.*, a legislative fact. *See Toth v. Grand Trunk R.R.,* 306 F.3d 335 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

## ARGUMENT

**I.      The CPSC Policy Statement is Irrelevant and Inappropriate for Judicial Notice.**

3

16 CFR § 1009.3 is a policy statement of the CPSC that provides the Commission's view on imported products. The specific policy statement that Plaintiffs request for judicial notice is directly followed by a sentence clarifying that the basis for the Commission's policy to treat importers as manufacturers is found in the federal definition of "manufacturer:" "This is explicitly stated in the definition of 'manufacturer' as any person who manufactures or imports a consumer product (Section 3(a)(4); 15 U.S.C. 2052(a)(4))." 16 C.F.R. § 1009.3(b).

The Defendants have not asserted that their status in the chain of distribution affords it any special protection. Even if Defendants made such assertion, the appropriate response would be the application of Wyoming law, not CPSC policy. Additionally, Plaintiffs have never asserted that the Defendants violated any federal law or agency regulations. A statement of law or a policy decision of a federal agency related to a matter not in dispute is not relevant to any material issue and, therefore, cannot be properly judicially noticed. CPSC's opinion is even less relevant because it does not serve to resolve any material issue.

Plaintiffs' request for judicial notice included a reference to the CPSC's justification for the importer policy being "the critical position of importers in protecting American consumers from unreasonably hazardous products." 16 CFR § 1009.3(b). The Commission's reasoning is irrelevant and not the proper subject of judicial notice. Whether or not Wyoming treats importers the same as any distributor, for the same reason, has no bearing on whether the product was defective, whether the plaintiff was injured, or anything related to applicable Wyoming law. The policy justification of the CPSC is government commentary that is not proper for judicial notice. Strict liability and negligence, as well as the liability within the chain of distribution, are already well-settled areas of law in Wyoming.

**II.     The CPSC Policy Statement is Not Admissible as it Lacks Probative Value and Only Serves to Confuse the Jury and Prejudice the Defendants.**

Judicially noticed matters are still subject to the rules of evidence. In this case, the non-probative policy statement is not admissible because its irrelevant nature prejudices the Defendants and will confuse the jury. *United States v. Wolny,* 133 F.3d 758, 765 (10th Cir. 1998) (citing Fed. R. Evid. 402).

The CPSC's policy statement in 16 CFR § 1009.3(b) emphasizes the "critical importance of American consumer safety," which appeals more to emotional concerns rather than providing any probative value. The Commission's references to American consumer safety, the Consumer Product Safety Act, and foreign importers will raise concerns about whether "American consumers" were at risk without providing probative evidence of whether the hoverboard was actually defective.

The general references to federal consumer protection in the policy statement also gives the false impression that the CPSC is involved in punitive measures related to Defendants' hoverboard, including a possible recall or ban on importation. Judicial notice of this policy statement would serve no purpose other than to confuse the jury and prejudice the Defendants. This policy statement is more prejudicial than probative and is, therefore, inadmissible. Fed. R. Evid. 403. Accordingly, the Plaintiffs' request for judicial notice should be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Request for Judicial Notice (Doc. 152).

|  |  |
|---|---|
|  | **McCOY LEAVITT LASKEY LLC** |
|  | Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc. |
| Dated: February 19, 2025 | By: _____<br>Eugene M. LaFlamme *(pro hac vice)*<br>Jared B. Giroux *(pro hac vice)*<br>Jillian L. Lukens *(pro hac vice)*<br>McCoy Leavitt Laskey, LLC<br>N19 W24200 Riverwood Drive, Suite 125<br>Waukesha, WI 53188<br>(P) 262-522-7000<br>elaflamme@MLLlaw.com<br>jgiroux@MLLlaw.com<br>jlukens@MLLlaw.com |
|  | and |
|  | Timothy M. Stubson, Wyo. Bar No. 6-3144<br>Brandon E. Pryde, Wyo. Bar No. 8-6883<br>Holly L. Tysse, Wyo. Bar No. 7-5553<br>Crowley Fleck, PLLP<br>111 West 2nd Street, Suite 220<br>Casper, WY 82601<br>(P) 307-232-6901<br>tstubson@crowleyfleck.com<br>bpryde@crowleyfleck.com<br>htysse@crowleyfleck.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2025, a true and correct copy of the foregoing was electronically served to all counsel of record.

_____
**EUGENE M. LaFLAMME, Esq.**