Christoper C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH | ) | |
| Individually and as Parent and Legal Guardian | ) | **Case No. 2:23-cv-00118-KHR** |
| of W.W., K.W., G.W., and L.W., minor children | ) | |
| and MATTHEW WADSWORTH, | ) | |
| | ) | |
| Plaintiffs, | ) | **DEFENDANTS' PROPOSED** |
| | ) | **JURY INSTRUCTIONS (SET C)** |
| v. | ) | |
| | ) | |
| WALMART INC. and | ) | |
| JETSON ELECTRIC BIKES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1

Pursuant to the Final Pretrial Order (ECF No. 166, p. 9), Defendants Walmart, Inc. and Jetson Electric Biles, LLC, by and through their undersigned counsel, request the following jury instructions be included at trial in the above-captioned matter. These are proposed instruction to which Plaintiffs object. For ease of reference, below please find an index of the proposed instructions.

## INDEX OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS

| Instruction No. | Description | Source |
|---|---|---|
| 1 | Failure to Produce Evidence or a Witness | WCPJI (Civil) 2.09 |
| 2 | Plaintiffs' Duties | *Furman v. Rural Elec. Co.*, 869 P.2d 136, 141 (Wyo. 1994); *Parrish v. Groathouse Const., Inc.*, 2006 WY 33, ¶ 10, 130 P.3d 502, 505 (Wyo. 2006) |
| 3 | Custom | WCPJI (Civil) 3.08 |
| 4 | Applicable Industry Standard or Custom (UL) | UL 2272 |
| 5 | Strict Liability in Tort | WCPJI (Civil) 11.01 |
| 6 | Strict Liability Burden | *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 64 (Wyo. 1989); *Rohde v. Smiths Med.*, 2007 WY 134, ¶ 18, 165 P.3d 433 (Wyo. 2007) |
| 7 | Focus of Strict Liability Claim on Product | *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 64 (Wyo. 1989) |
| 8 | Design Defect | WCPJI (Civil) 11.05 (modified) |
| 9 | Manufacturing Defect | *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 64 (Wyo. 1989) |
| 10 | Failure to Warn or Instruct | WCPJI (Civil) 11.06 |
| 11 | Plaintiff Burden to Prove Warning Would Prevent Injury | *Abraham v. Great W. Energy, LLC*, 101 |

| Instruction No. | Description | Source |
|---|---|---|
|  |  | P.3d 446, 456 (Wyo. 2004) |
| 12 | Cause Defined- Strict Liability | WCPJI (Civil) 3.04 (modified per use instruction) |
| 13 | Foreseeable Use of the Product | WCPJI (Civil) 12.09 |
| 14 | Product Misuse Defined | WCPJI (Civil) 11.04 |
| 15 | Comparative Fault | WCPJI (Civil) 10.01A (modified) |
| 16 | NFPA 921 Guide | NFPA |
| 17 | Measure of Damages- Personal Injury | WCPJI (Civil) 4.01 |
| 18 | Damages Not Intended to Punish | *Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n, Inc.*, 2021 WY 3, ¶ 67, 478 P.3d 1171, 1188 (Wyo. 2021) |
| 19 | Present Value of Future Losses- Economic Condition | WCPJI (Civil) 4.05 |
| 20 | Mitigating Damages | WCPJI (Civil) 4.08 |
| 21 | Loss of Consortium- Spouse | WCPJI (Civil) 4.09A |
| 22 | Proof of Defect by Inference (subject to Court's ruling on this issue) | *Rohde v. Smiths Med.*, 165 P.3d 433 (Wyo. 2007) |

<u>JURY INSTRUCTION NO.   1   </u>

**FAILURE TO PRODUCE EVIDENCE OR A WITNESS**

If a party to this case has failed to produce a witness within their power to produce, you may infer that the testimony would be adverse to that party if you believe each of the following elements:

1. The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.

2. The witness was not equally available to an adverse party.

3. A reasonably prudent person under the same or similar circumstances would have produced the witness if they believed the testimony to be favorable to them.

4. No reasonable excuse for the failure has been shown.


Authority:

WCPJI (Civil) 2.09

<u>JURY INSTRUCTION NO.    2  </u>

**PLAINTIFFS' DUTIES**

You are instructed that Plaintiffs had a duty to act reasonably to assure their own safety and take notice of obvious dangers.

Authority:

- *Furman v. Rural Elec. Co*., 869 P.2d 136, 141 (Wyo. 1994).

- *Parrish v. Groathouse Const., Inc.*, 2006 WY 33, ¶ 10, 130 P.3d 502, 505 (Wyo. 2006).

JURY INSTRUCTION NO. __3__

**CUSTOM**

In determining whether anyone was negligent, you may consider any evidence of any custom in an industry in conducting its operations. However, the standard of care is not fixed by custom, as custom cannot overcome the requirements of reasonable safety and ordinary care. The standard is always ordinary care, and the presence or absence of custom does not alter that standard. What others do is some evidence of what should be done but is not conclusive evidence and is never a substitute for ordinary care.

Authority:

**WCPJI (Civil) 3.08 (modified)**

JURY INSTRUCTION NO.   4___

**APPLICABLE INDUSTRY STANDARD OR CUSTOM**

Underwriters Laboratories (UL) is an organization that sets industry standards for products.

UL 2272 is a voluntary standard for hoverboards that the United States Consumer Product Safety Commission (CPSC) urges manufacturers to follow in their design and manufacture of any electric hoverboards sold in the United States.

**Authority:**

UL 2272

JURY INSTRUCTION NO. _5__

**STRICT LIABILITY IN TORT**

To prove another is strictly liable for the sale of a defective product, Plaintiff must show:

1.      that the sellers were engaged in the business of selling the product that caused the harm;

2.      that the product was defective when sold;

3.      that the product was unreasonably dangerous to the ultimate user or consumer;

4.      that the product was intended to and did reach the consumer without substantial change in the condition in which it was sold; and

5.      that the product caused physical harm to the Plaintiff(s).

This rule applies even though the seller has exercised all possible care in the preparation and sale of their product and the user or consumer has not bought the product from or entered into any contractual relation with the seller.

A product is defective if, at time of sale or distribution, it contains a manufacturing defect, a design defect, or is defective because of inadequate instructions or warnings reasonably necessary for the product's safe use.

The term "unreasonably dangerous" means unsafe when put to a use that is reasonably foreseeable considering the nature and function of the product.

Authority:
**WCPJI 11.01**

* *See Loredo v. Solvay,*2009 WY 93, 212 P.3d 614 (Wyo. 2009).

* *Rohde v. Smiths Medical*, 2007 WY 134, 165 P.3d 433 (Wyo. 2007) (inference of defect rule not applicable because plaintiff did not present evidence ruling out secondary causes of the fracture of the venous access device).

* *Abraham v. Great W. Energy, LLC*, 2004 WY 145, 101 P.3d 446 (Wyo. 2004).

* *Tobin v. SmithKline Beecham Pharm.*, 164 F.Supp.2d 1278 (D. Wyo. 2001).

* *Bradley v. GMC*, 1997 U.S. App. LEXIS 15389 (10th Cir. June 26, 1997) (for discussion regarding inconsistent theories of negligence and election of remedies).

* *Coleman v. Casper Concrete Co*., 939 P.2d 233, 237 (Wyo. 1997).

* *Ortega v. Flaim*, 902 P.2d 199, 205 (Wyo. 1995) (discussing elements, but declining to extent strict liability to a landlord for a leased residential dwelling or to an integral component of that dwelling).

* *Anderson v. La.-Pac*., 859 P.2d 85 (Wyo. 1993) (failure to warn).

* *Schneider Nat'l v. Holland Hitch Co*., 843 P.3d 561, 580 (Wyo. 1992) (holding this rule applies even if the entities in the chain of production and distribution exercise due care in the defective product's manufacture and delivery).

* *Phillips v. Duro-Last Roofing, Inc*., 806 P.2d 834 (Wyo. 1991) (manufacturing defect).

* *McLaughlin v. Michelin Tire Corp*, 778 P.2d 59 (Wyo. 1989).

* *Sims v. Gen. Motors Corp*., 751 P.2d 357 (Wyo. 1988).

* *Campbell ex. rel. Campbell v. Studer, Inc*., 970 P.2d 389 (Wyo. 1988) (design defect).

* *Ogle v. Caterpillar Tractor Co*., 716 P.2d 334 (Wyo. 1986).

* Restatement (Second) of Torts§ 402(a) (1974).

* *Maxted v. Pac. Car & Foundry Co*., 527 P.2d 832, 835 (Wyo. 1974).

* *Moomey v. Massey Ferguson Inc*., 429 F.2d 1184, 1188 (10th Cir. 1970).

* Restatement (Second) of Torts§ 402A(l) and § 402A, cmt. g (1965).

<u>JURY INSTRUCTION NO.   6  </u>

**STRICT LIABILITY BURDEN**

The Plaintiff bears the burden of proving a defect in fact, *i.e.,* that the product failed.

Authority:

*McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 64 (Wyo. 1989).

*Rohde v. Smiths Med.*, 2007 WY 134, ¶ 18, 165 P.3d 433 (Wyo. 2007)

<u>JURY INSTRUCTION NO.   7  </u>

**FOCUS OF STRICT LIABILITY CLAIM ON PRODUCT**

When considering a strict liability claim based upon an allegedly defective product, you should focus on whether the product itself was defective, not the conduct of the maker or seller of the product.

Authority:

* *McLaughlin v. Michelin Tire Corp*., 778 P.2d 59, 64 (Wyo. 1989) ("Thus, in pursuing a theory of negligent design or manufacture, the conduct of the maker or seller is in question. On the other hand, in pursuing a theory of strict liability, the focus is on the product itself.").

JURY INSTRUCTION   8

**DESIGN DEFECT**

A product that is "not reasonably safe" for the user is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller and the omission of the alternative design renders the product not reasonably safe.

The fact that it is possible to make a product safer does not render its design defective. Plaintiffs have the burden of establishing a standard of conduct or duty to support a claim of design defect.

Authority:

**WCPJI (Civil) 11.05 (modified)**

* *Loredo v. Solvay Am., Inc.*, 2009 WY 93, ¶ 20, 212 P.3d 614, 630 (Wyo. 2009)(quoting *Campbell v. Studer, Inc.*, 970 P.2d 389, 392, n.1 (Wyo. 1998) (quoting Restatement (Third) of Torts: Products Liability § 2(b) (1998)).

* *Wheeler v. HO Sports Inc.*, 232 F.3d 754, 758 (10th Cir. 2000).

JURY INSTRUCTION NO.    9

**MANUFACTURING DEFECT**

A manufacturing defect occurs when the product does not conform in some significant aspect to the intended design, nor does it conform the great majority of products manufactured in accordance with that design.

Authority:

* *McLaughlin v. Michelin Tire Corp*., 778 P.2d 59, 64 (Wyo. 1989).

JURY INSTRUCTION NO.   10 

**FAILURE TO WARN OR INSTRUCT**

A manufacturer must warn about latent defects or concealed dangers in the use of the product if a failure to give such warning renders the product unreasonably dangerous. There is no duty to warn about known or obvious dangers. Further, even if a product is flawlessly manufactured, there is a duty to warn if there is a likelihood that the product could cause harm unless properly used and that failure to warn renders the product unreasonably dangerous.

Authority:

**WCPJI (Civil) 11.06**

* *Loredo v. Solvay Am., Inc*. 2009 WY 93, 212 P.3d 614, 632 (Wyo. 2009) (citing *Rohde v. Smiths Medical*, 2007 WY 134, P 31, 165 P.3d 433, 441 (Wyo. 2007)).

JURY INSTRUCTION NO.  11

**PLAINTIFF BURDEN TO PROVE WARNING WOULD PREVENT INJURY**

Plaintiffs have the burden of proving that an alternative or additional warning would have changed their behavior and prevented the injury.

Authority:

*Abraham v. Great W. Energy, LLC*, 101 P.3d 446, 456 (Wyo. 2004)

JURY INSTRUCTION NO. __12____

**CAUSE DEFINED- STRICT LIABILITY**

An injury or damage is caused by a product defect whenever it appears from the evidence that the product defect played a substantial part in bringing about the injury or damage.

Authority:
 **WCPJI (Civil) 3.04 (modified)**

\* *Lucero v. Holbrook*, 2012 WY 152, 288 P.3d 1228 (Wyo. 2012).

\* *Glenn v. Union Pac. R. Co.*, 2011 WY 126, 262 P.3d 177 (Wyo. 2011).

\* *Collings v. Lords*, 2009 WY 135, 218 P.3d 654 (Wyo. 2009).

\* *Hannifan v. Am.nNat'l Bank of Cheyenne,* 2008 WY 65, 185 P.3d 679 (Wyo. 2008).

\* *Foote v. Simek*, 2006 WY 96, 139 P.3d 455 (Wyo. 2006).

JURY INSTRUCTION NO.   13__

**FORESEEABLE USE OF THE PRODUCT**

A manufacturer is entitled to expect a use of his product that is reasonably foreseeable by the ordinary consumer who purchases or uses it with the ordinary knowledge common to the community as to its characteristics.

"Community" means those who ordinary use the product in question.

Authority:
**WCPJI (Civil) 12.09**


* *Anderson v. La.-Pac.*, 859 P.2d 85 (Wyo. 1993) (expanding on *Schneider* and finding that the use of a product in an obviously dangerous manner equates to using a product for an unintended or unforeseeable purpose).

* *Schneider Nat'l Inc. v. Holland Hitch Co.*, 843 P.2d 561, 582 (Wyo. 1992) (discussing misuse of a product in the context of indemnity).

* Wyo. Stat. Ann. § 1-1-109(a)(iv) (2019) (stating that products liability cases can be submitted to the jury on a comparative fault basis).

JURY INSTRUCTION NO.   14 __

**PRODUCT MISUSE - DEFINED**

Misuse of a product is the use of a product for an unintended or unforeseeable purpose or the use of a product in an obviously dangerous manner.

Authority:

**WCPJI (Civil) 11.04**

\* *Anderson v. La.-Pac.*, 859 P.2d 85 (Wyo. 1993).

\* *Schneider Nat'l Inc. v. Holland Hitch Co.*, 843 P.2d 561 (Wyo. 1992).

JURY INSTRUCTION NO. 15 ___

**COMPARATIVE FAULT**

Your verdict in this case must be determined on the basis of the comparative fault of the parties.

A Defendant is at fault when the Defendant is negligent or is strictly liable due to manufacturing, designing, selling, distributing, assembling a defective product or failing to adequately warn of a laten or concealed danger rending the product unreasonably safe, and you determine this to be a cause of plaintiff's injury or damage. The terms "negligent" and "strictly liable" are explained in Instruction Nos. 6 through 22.

Plaintiff Stephanie Wadsworth is at fault when she is negligent or wrongfully misused a product and you determine this to be a cause of her injuries or damage, or the injuries or damages to other Plaintiffs. The terms "negligent" and "misuse" are explained in Instruction Nos. ___ and ___. It will be necessary for you to determine the comparative fault, if any, of each of the parties involved in the occurrence. It also will be necessary for you to determine the total amount of damages, if any, sustained by each Plaintiff.

Your findings as to fault will affect the Plaintiffs' recovery. It is my duty to explain how that may occur.

Each Defendant's liability for damages is limited to the percentage of fault, if any, that you find is attributable to each Defendant.

Plaintiffs Stephanie Wadsworth and Matthew Wadsworth's recovery is reduced by the percentage, if any, of fault that you find is attributable to the Plaintiff Stephanie Wadsworth. If you find that Plaintiff Stephanie Wadsworth's fault exceeds fifty percent (50%), Plaintiffs Stephanie Wadsworth and Matthew Wadsworth will not be entitled to recover any damages.

The verdict form provided to you includes spaces for you to record your determination of the parties' comparative fault on a percentage basis.

If you find that Plaintiff Stephanie Wadsworth was at fault in some percentage, do not make an adjustment to account for the percentage of fault you attribute to her when you record the total amount of their damages on the verdict form. The judge - not the jury - is responsible for reducing the Plaintiffs Stephanie Wadsworth and Matthew Wadsworth's recovery to account for the percentage of fault, if any, that the jury attributes to Plaintiff Stephanie Wadsworth.

In explaining the consequences of your verdict, I have not meant to imply that either Plaintiff Stephanie Wadsworth or either Defendant is at fault. That is for you to decide in conformity with these instructions.

Authority:

**WCPJI (Civil) 10.01A (modified)**

* Wyo. Stat. Ann. § 1-1-109(2015).

* *Erdelyi v. Lott*, 2014 WY 48, 326 P.3d 165 (Wyo. 2014).

JURY INSTRUCTION NO.  16

**NFPA 921 GUIDE**

The National Fire Protection Association (NFPA) is a nationwide non-profit entity that establishes standards and procedures to reduce and eliminate losses related to fire.

NFPA 921 is the nationally recognized Guide for Fire and Explosion Investigations. To the extent that an expert investigator indicates that he or she follows this Guide, then the Guide should dictate the scientific methodology that the investigator follows during their investigation.

Authority:

NFPA

<u>JURY INSTRUCTION NO.  17 ___</u>

**MEASURE OF DAMAGES- PERSONAL INJURY**

If you decide for Plaintiffs on the question of liability, you must fix the amount of money that will reasonably and fairly compensate the Plaintiffs for those elements of damage proved by the evidence, taking into consideration the nature, extent, and duration of the injury.

The claimed elements of damage are:

a.    The pain, suffering, and emotional distress experienced as a result of the injuries and those reasonably probable to be experienced in the future;

b.    Disability and/or disfigurement;

c.    Loss of enjoyment of life and any loss of enjoyment of life reasonably probable to be experienced in the future. The award for this specific element should not duplicate the award given or any other element of damage;

d.    Medical expenses. The reasonable expense of necessary medical care, treatment, and services received to date for Plaintiffs Stephanie Wadsworth and W.W.,. and any medical expense reasonably probable to be incurred in the future solely for Plaintiff Stephanie Wadsworth;

e.    Caretaking. The reasonable expense of necessary help in the home that has been required as a result of the injury and any such help that is reasonably probable to be required in the future.

Whether any of these elements have been proved is for you to determine.

Authority:

**WCPJI (Civil) 4.01** (modified)
*      *Wyoming Medical Center, Inc. v. Murray,* 2001 WY 63, 27 P.3d 266 (Wyo. 2001).
*      *Mariner v. Marsden*, 610 P.2d 6 (Wyo. 1980).

JURY INSTRUCTION __18__

**DAMAGES NOT INTENDED TO PUNISH**

If you find either Defendant liable to the Plaintiffs, any damages you award should be solely to compensate the Plaintiff for categories of damages set forth in Instruction ____, not to punish either Defendant.

Authority:

* *Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n, Inc*., 2021 WY 3, ¶ 67, 478 P.3d 1171, 1188 (Wyo. 2021) (explaining the difference between compensatory and punitive damages).

<u>JURY INSTRUCTION   19  </u>

**PRESENT VALUE OF FUTURE LOSSES- ECONOMIC CONDITION**

In determining damages for medical expenses, care taking, or similar claims that may arise in the future or which will be incurred in the future, you must determine the present worth in dollars of such future damages.

A lump sum of money received today is worth more than the same sum paid in installments over a period of months or years because a sum received today can be invested and earn money at current interest rates. By making a reduction for the earning power of money, your answer will reflect the present value in dollars of an award of future damages.

In computing the amount of future damages, you may take into account economic conditions, present and future, and the effects of inflation.

Authority:
**WCPJI (Civil) 4.05 Note:**

\* *Veys v. Applequist*, 2007 WY 60, 155 P.3d 1044 (Wyo. 2007).

\* *Weaver v. Mitchell*, 715 P.2d 1361 (Wyo. 1986) (failure to give this instruction does not constitute error where expert witness reduces the projected loss of earnings to present value and explains this principle to the jury).

\* *Borzear v. Anselmi*, 258 P.2d 796 (Wyo. 1952).

\* Wyo. R. Evid. 702.

JURY INSTRUCTION NO.   20__

**MITIGATING DAMAGES**

A person has the duty to take reasonable steps under the circumstances to reduce his or her injuries and damages. Any damages resulting from a failure to take such reasonable steps cannot be recovered.

Authority:
 **WCPJI (Civil) 4.08**

* *Lewis v. Community First Nat'l Bank, N.A.*, 2004 WY 152, 101 P.3d 457 (Wyo. 2004).

* *McWilliams v. Wilhelm*, 893 P.2d 1147 (Wyo. 1995).

* *Walters v. Michel*, 745 P.2d 913 (Wyo. 1987).

* *Wyoming Bancorporation v. Bonham*, 563 P.2d 1382 (Wyo. 1977).

* *Shidler v. Clayton Oil Co.*, 502 P.2d 987 (Wyo. 1972)

JURY INSTRUCTION NO.  21

**LOSS OF CONSORTIUM- SPOUSE**

If you award damages to Plaintiff Stephanie Wadsworth, then you may award damages for loss of consortium to Plaintiff Matthew Wadsworth. Loss of consortium may include the loss of the injured person's services, society, companionship, affection, love, advice, guidance, and/or sexual relations.

These damages may not include or duplicate any damages that Plaintiff Stephanie Wadsworth may be entitled to recover as explained in any other instructions.

You may not award any amount for Matthew Wadsworth's personal services to his wife, such as nursing.

You may not award any amount for Matthew Wadsworth's loss of his right to financial support from his wife or loss of his wife's earnings or earning capacity.

You may not award any amount for Matthew Wadsworth's loss of earnings if he was employed and quit his employment to take care of his wife.

You may not award Matthew Wadsworth any amount for emotional distress damages.

Plaintiff Matthew Wadsworth has the burden of proving, by a preponderance of the evidence: (1) the nature and extent of his damages and (2) that such injuries or damages were caused by the Defendants.

Authority:
**WCPJI (Civil) 4.09A**

\* *Grove v. Pfister*, 2005 WY 51, 110 P.3d 275 (Wyo. 2005).

\* *Verschoor v. Mountain West Farm Bureau Mutual Insurance Co.*, 907 P.2d 1293 (Wyo. 1995).

\* *Weaver v. Mitchell*, 715 P.2d 1361 (Wyo. 1986).

26

* *Oroz v. Bd. Of County Comm'rs of County of Carbon*, 575 P.2d 1155 (Wyo. 1978).

* *Rodriguez v. Bethlehem Steel*, 525 P.2d 669, 686 (Cal. 1974).

* 3 *Fed. Jury Prac. & Instr*. § 128.40 (5th ed. 2001 update).

JURY INSTRUCTION NO.    22  [1]

**PROOF OF DEFECT BY INFERENCE**

To prove a defect, it is not enough merely to show that an injury occurred. **Plaintiffs** may show the product was defective by either presenting evidence of a specific defect or by inference.

If you find that Plaintiffs have failed to identify a specific defect, you may consider whether Plaintiffs are entitled to an inference of defect. To justify an inference of defect, Plaintiffs must prove that in the absence of abnormal use or reasonable secondary causes the product failed to perform in the manner reasonably to be expected in light of its nature and intended function. If you find evidence of abnormal use or evidence of a reasonable secondary cause for the product's failure, Plaintiffs are required to identify and prove a specific defect to prevail on a product liability claim.

Authority:

*Rohde v. Smiths Med.*, 165 P.3d 433 (Wyo. 2007).

---

[1]Defendants do not believe this instruction is necessary for the reasons set for their Trial Briefing submitted February 14, 2025 (ECF No. 170). However, if Plaintiffs are permitted to proceed on an inference of defect product liability theory, this instruction is necessary to properly instruct the jury as to the applicable law.

Dated this 24th day of February, 2025.

_/s/   Holly L. Tysse_____
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

*Attorneys for Defendants*