Christoper C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH ) | |
| Individually and as Parent and Legal Guardian ) | **Case No. 2:23-cv-00118-KHR** |
| of W.W., K.W., G.W., and L.W., minor children ) | |
| and MATTHEW WADSWORTH, ) | |
| ) | |
| Plaintiffs, ) | **DEFENDANTS' PROPOSED** |
| ) | **SPECIAL VERDICT FORM** |
| v. ) | |
| ) | |
| WALMART INC. and ) | |
| JETSON ELECTRIC BIKES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to the Final Pretrial Order (ECF No. 166, p. 9), Defendants Walmart, Inc. and Jetson Electric Biles, LLC, by and through their undersigned counsel, submit this proposed Special Verdict Form to be submitted to the jury in the above-captioned matter.

We the jury, being duly impaneled and sworn upon oath, and all of us agreed upon the verdict, making the following answers to the questions submitted to us (NOTE: All of you must agree as to each answer).

1. Was Defendant Walmart Inc. negligent?
   Yes_____          No_____

If you answered "yes" to Question 1, please proceed to Question 2. If you answered "no" to Question 1, please proceed to Question 7.

2. Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff Stephanie Wadsworth?
   Yes_____          No_____

3. Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff W.W.?
   Yes_____          No_____

4. Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff K.W.?
   Yes_____          No_____

5. Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff G.W.?
   Yes_____          No_____

6. Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff L.W.?
   Yes_____          No_____

Regardless of how you answered Questions 1 through 6, please proceed to Question 7.

7. Was Defendant Jetson Electric Bikes, LLC negligent?
   Yes_____          No_____

If you answered "yes" to Question 7, please proceed to Question 8. If you answered "no" to Question 7, please proceed to Question 13.

8. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff Stephanie Wadsworth?
   Yes_____    No_____

9. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff W.W.?
   Yes_____    No_____

10. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff K.W.?
    Yes_____    No_____

11. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff G.W.?
    Yes_____    No_____

12. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff L.W.?
    Yes_____    No_____

Regardless of how you answered Questions 1 through 12, please proceed to Question 13.

13. Was the hoverboard defectively designed?
    Yes_____    No_____

14. Was the hoverboard defectively manufactured?
    Yes_____    No_____

15. Did Defendants fail to provide adequate warnings, instructions, and information regarding the subject hoverboard?
    Yes_____    No_____

If you answered "yes" to Question 13, 14, **or**, 15, please proceed to Questions 16 through 20. If you answered "no" Question 13, 14, **and**, 15, do not answer Questions 16 through 20 and proceed to Question 21.

16. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff Stephanie Wadsworth's injuries?
    Yes_____    No_____

17. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff W.W.'s injuries?
    Yes_____        No_____

18. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff K.W.'s injuries?
    Yes_____        No_____

19. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff G.W.'s injuries?
    Yes_____        No_____

20. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff L.W.'s injuries?
    Yes_____        No_____

21. Was Plaintiff Stephanie Wadsworth negligent?
    Yes_____        No_____

If your answer to Question 21 is "yes," please proceed to Question 22. If your answer to Question 21 is "no," do not answer Questions 22 through 27 and proceed to Question 28.

22. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to her injuries?
    Yes_____        No_____

23. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to W.W.?
    Yes_____        No_____

24. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to K.W.?
    Yes_____        No_____

25. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to G.W.?
    Yes_____        No_____

26. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to L.W.?
    Yes_____        No_____

27. What percentage of total fault do you attribute to the parties? Your apportionment of fault must equal 100%

       Plaintiff Stephanie Wadsworth     _____
       Defendant Walmart Inc.           _____
       Defendant Jetson Electric Bikes, LLC  _____

28. If you answered "yes" to Questions 2, 8, **or** 16, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff Stephanie Wadsworth has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

    _____ for future medical expenses

    _____ for pain and suffering

    _____ TOTAL Compensation

29. If you answered "yes" to Questions 3, 9, **or** 17, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff W.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

    _____ for future medical expenses

    _____ for pain and suffering

    _____ TOTAL Compensation

30. If you answered "yes" to Questions 4, 10, **or** 18, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff K.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

    _____ for pain and suffering

    _____ TOTAL Compensation

31. If you answered "yes" to Questions 5, 11, **or** 19, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff G.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

_____ for pain and suffering

_____ TOTAL Compensation

32. If you answered "yes" to Questions 6, 12, **or** 20, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff L.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

    _____ for pain and suffering

    _____ TOTAL Compensation

33. If you answered "yes" to Questions 2, 8, **or** 16, has Plaintiff Matthew Wadsworth proven he has lost consortium based upon his marriage to Stephanie Wadsworth?

    If you answered "yes" to Question 33, please proceed to Question 34. If you answered "no" to Question 33, do not proceed to Question 34 and instead have the foreperson signed the verdict form below and notify the bailiff.

34. Without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff Matthew Wadsworth has proven to you by a preponderance of the evidence he suffered as a result of the fire?

    _____ for impairment to the marriage

    _____ TOTAL Compensation

**PLEASE SIGN AND DATE THE SPECIAL VERDICT FORM AND INFORM THE BAILIFF THAT YOU HAVE REACHED YOUR VERDICT.**

Dated March \_\_\_\_, 2025.

_____

Jury Foreperson

6

Dated this 24th day of February, 2025.

    /s/ _Holly L. Tysse_____
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens (*pro hac vice*)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

*Attorneys for Defendants*