Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh M. Autry, Esq.*
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
*Pro Hac Vice*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: 2:23-cv-00118-KHR <br><br> JURY TRIAL DEMANDED |

**JOINT PROPOSED JURY INSTRUCTIONS – SET A**

Pursuant to the Final Pretrial Order (Doc. 166), Plaintiffs, Stephanie Wadsworth, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, by and through their undersigned counsel, submit the following stipulated Jury Instructions – Set A:

## Set A: Stipulated Jury Instructions

### CONTENTS

PRE-TRIAL INSTRUCTIONS ................................................................................................. 1

POST-TRIAL INSTRUCTIONS............................................................................................ 15

NUMBER OF WITNESSES ................................................................................................. 18

NEGLIGENCE AND ORDINARY CARE DEFINED........................................................ 21

MULTIPLE CAUSES ........................................................................................................... 22

FORESEEABILITY .............................................................................................................. 23

EFFECT OF VIOLATION OF DUTY ................................................................................. 24

STIPULATION OF PAST MEDICAL EXPENSES................................................................ 25

NO EVIDENCE OF DOLLAR ESTIMATE REQUIRED .................................................. 26

COURT TAKES NO VIEW ON DAMAGES ...................................................................... 27

DELIBERATIONS ................................................................................................................. 28

PRE-TRIAL INSTRUCTIONS

JURY INSTRUCTION NO. ___A___ – STIPULATED

Members of the Jury,

We are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called plaintiff. In this action, the plaintiffs are Stephanie and Matthew Wadsworth, and they brought this action not only on their own behalf, but also as parents of four minor children, W.W., K.W., G.W., and L.W.

The party against whom the suit is brought is called defendant. The defendants in this action are Walmart Inc. ("Walmart" for short) and Jetson Electric Bikes, LLC ("Jetson" for short).

Plaintiffs claim that the fire that caused their injuries, damages, or loss was the result of a defect in a hoverboard that Defendants [imported,][1] distributed and/or sold, by Defendants' failure to warn Plaintiffs of the risk of a malfunction, by Defendants' breach of warranty to Plaintiffs, and/or by Defendants' negligence.

Defendants contend the fire was not caused by the hoverboard. Defendants contend the hoverboard was not defectively designed or manufactured and also that proper warning was provided. Defendants also claim that Stephanie Wadsworth was herself negligent, and that her actions were the sole cause or a contributing cause of the fire or Plaintiffs' injuries.

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct

---

[1] Defendants consent to the joint statement with the exception of the inclusion of "imported."

you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, including your family or friends.[2] You may tell people you are a juror, and let them know when you must be in court, but do not tell them anything else about the case.[3] Do not permit anyone to discuss this case in your presence.[4] If anyone tries to talk to you about the case during the trial, despite your telling the person not to, then you should report that to me as soon as you can.

If you see any lawyers, parties, or witnesses from this trial at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law not to discuss this case with the jurors during the trial.[5]

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the

---

[2] 3 Fed. Jury Prac. & Instr. §§ 101:11, 101:14 (7th ed.).
[3] 3 Fed. Jury Prac. & Instr. §§ 101:01, 101:11 (7th ed.).
[4] 3 Fed. Jury Prac. & Instr. § 101:12 (7th ed.).
[5] 3 Fed. Jury Prac. & Instr. § 101:01 (7th ed.).

attorney has made objections.  You should not infer or conclude from any rulings or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  When I have "overruled" an objection, that means I am permitting that evidence to be admitted.[6]  When I have "sustained" an objection, I am excluding that evidence from this trial for a good reason.[7]  If I sustain an objection or if I order evidence stricken, that evidence must be entirely ignored.[8] And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to speak with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

[Add instruction to advise jurors of the hourly and daily schedule established for trial, as well as any holidays or other planned recesses?][9]

Modified from Judge Rankin's Stock Jury Instructions – Civil

---

[6] 3 Fed. Jury Prac. & Instr. § 101:01 (7th ed.).
[7] 3 Fed. Jury Prac. & Instr. § 101:01 (7th ed.).
[8] 3 Fed. Jury Prac. & Instr. § 101:40 (7th ed.).
[9] 3 Fed. Jury Prac. & Instr. Pt. V Ch. 101 Note 1 (7th ed.).

JURY INSTRUCTION NO.   B   – STIPULATED

I will briefly summarize the plaintiffs' and the defendants' contentions.  Please keep in mind these contentions are just that.  They are not evidence, but simply a brief summary of what each party contends.

Plaintiffs claim that the fire that caused their injuries, damages, or loss was the result of a defect in a hoverboard that Defendants [imported,][10] distributed and/or sold, by Defendants' failure to warn Plaintiffs of the risk of a malfunction, by Defendants' breach of warranty to Plaintiffs, and/or by Defendants' negligence.

Defendants contend the fire was not caused by the hoverboard. Defendants contend the hoverboard was not defectively designed or manufactured and also that proper warning was provided. Defendants also claim that Stephanie Wadsworth was herself negligent, and that her actions were the sole cause or a contributing cause of the fire or Plaintiffs' injuries.

Modified from Judge Rankin's Stock Jury Instructions – Civil

---

[10] Defendants consent to the joint statement with the exception of the inclusion of "imported."

JURY INSTRUCTION NO.   C    – STIPULATED

This case will proceed in the following order:

First, counsel for the plaintiffs may make an opening statement outlining the plaintiffs' case.  Then, counsel for the defendants may also make an opening statement outlining their case immediately after Plaintiffs' statement, or defer the making of an opening statement until the conclusion of the plaintiffs' case.  No party is required to make an opening statement.  What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce.

Second, the plaintiffs will introduce evidence in support of their claims.  At the conclusion of the plaintiffs' case, the defendants may introduce evidence.  The defendants, however, are not obliged to introduce any evidence or to call any witnesses.  If the defendants introduce evidence, the plaintiffs may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider that the evidence has shown and as to the inferences which they contend you should draw from the evidence.  What is said in closing argument, just as what is said in opening statement, is not evidence.  The arguments are designed to present you the contentions of the parties based on the evidence introduced.  The plaintiffs have the right to open and to close the argument.

Fourth, after closing arguments have been presented, I will then instruct you on the law which you are to apply in reaching your verdict.

Judge Rankin's Stock Jury Instructions – Civil

JURY INSTRUCTION NO.___D___ – STIPULATED

The burden is on the plaintiffs in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true in the case.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Likewise, the burden is on the defendants to prove by a preponderance of the evidence, every essential element of an affirmative defense asserted by them.


Modified from Judge Rankin's Stock Jury Instructions – Civil

JURY INSTRUCTION NO.   E   – STIPULATED

Generally speaking, there are two types of evidence that are generally presented during a trial: direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.  For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.[11]

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Modified from Judge Rankin's Stock Jury Instructions – Civil

---

[11] 3 Fed. Jury Prac. & Instr. § 101:42 (7th ed.).

JURY INSTRUCTION NO.___F___– STIPULATED

As I have stated, the evidence in this case will consist of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for purposes of the case.

It is worth emphasizing that statements and arguments of counsel are not evidence in the case.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with counsel for each party being entitled to ask questions.  Testimony produced in a deposition may be read to you in open court or may be played for you from a video recording.  Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

The Court may take judicial notice of certain facts or events.  When the Court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by the jury.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are permitted to draw, from

the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Modified from Judge Rankin's Stock Jury Instructions – Civil

JURY INSTRUCTION NO. ___G___ – STIPULATED

Since this case involves an incident that occurred at a certain place, you may be tempted to visit that place yourself, or look it up on the Internet. Please do not do so. By making an unguided visit without the benefit of explanation, you may get the wrong impression about the location or witnesses who will testify about it. Changes may have taken place at the place in the period between the occurrence and this trial.

Even if you happen to live near the place, please avoid going to it or near it until the case is over. An unauthorized viewing of the place by a juror may result in a mistrial.

O'Malley, Grenig, Lee, & Wichern, 3 Fed. Jury Prac. & Instr. § 101:22 (7th ed.).

JURY INSTRUCTION NO. ~~G~~ H – STIPULATED

You may not receive information about this case from any source other than what you are presented in this Courtroom concerning the case. That means do not "google" any party, lawyer, witness, or court personnel involved in this case; <u>do not read, watch, or listen to any publicity or news coverage about this case or the people or facts involved in it; and do not consult any Internet sources, reference materials, or</u> conduct any research whatsoever about this case or the parties or facts involved in it.[12]  Do not "blog" about the case or events surrounding the case or your jury service, and do not "tweet" about anything to do with the parties, events or facts in this case or your jury service in this case. Do not send any email to anyone conveying your jury experience or information about this case. In the jury room, you are not to use your cell phone at recesses or lunch to call anyone to ask questions about issues in the case or to report facts about this case. You may not use Facebook, YouTube or any other "social" network on the Internet to discuss your jury service or issues in this case or people involved in the case, including the lawyers. <u>After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end.</u>[13]  Failure to abide by these instructions could result in your being found in contempt of court, or cause the trial to end.

Modified from Judge Rankin's Stock Jury Instructions – Civil

---

[12] 3 Fed. Jury Prac. & Instr. §§ 101:12, 101:24 (7th ed.).
[13] 3 Fed. Jury Prac. & Instr. § 101:14 (7th ed.).

JURY INSTRUCTION NO. ~~II-1~~ – STIPULATED

The Court will permit jurors to take notes during the course of this trial. You, of course, are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but rely upon your own recollection of the evidence.

Note taking must not be allowed to interfere with the ongoing nature of the trial or distract you from what happens here in Court. Notes taken by any juror, moreover, are not evidence in the case and must not take precedence over the independent recollection of the evidence received in the case. Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is. Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror.

Judge Rankin's Stock Jury Instructions – Civil

JURY INSTRUCTION NO.___I-J___ – STIPULATED

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.


Judge Rankin's Stock Jury Instructions – Civil

JURY INSTRUCTION NO. ~~J~~ K    – STIPULATED

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict.  You will determine the facts from all the testimony that you hear and the other evidence that is submitted.  You are the sole and exclusive judges of the facts, and in that field, neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you, whether you agree with them or not.

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury.  Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

Judge Rankin's Stock Jury Instructions – Civil

POST-TRIAL INSTRUCTIONS

JURY INSTRUCTION NO. __1__ – STIPULATED

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Judge Rankin's Stock Jury Instructions – Civil

JURY INSTRUCTION NO. \_\_2\_\_ – STIPULATED

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.[14]  You may believe everything a witness says, part of it, or none of it.[15] You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which he has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

---

[14] 3 Fed. Jury Prac. & Instr. § 101:43 (7th ed.).
[15] 3 Fed. Jury Prac. & Instr. § 101:43 (7th ed.).

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

Modified from Judge Rankin's Stock Jury Instructions – Civil, which cited 105.01 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

NUMBER OF WITNESSES

JURY INSTRUCTION NO. __3__ – STIPULATED

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.


Judge Rankin's Stock Jury Instructions – Civil, which cited 104.54 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

JURY INSTRUCTION NO. __4__ – STIPULATED

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by <u>knowledge, skill,</u> education<u>, training or</u> experience,[16] have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient <u>knowledge, skill,</u> education<u>, training or</u> experience,[17] or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Modified from Judge Rankin's Stock Jury Instructions – Civil, which cited 72.08 Devitt, Blackmar & Wolff, *Federal Jury Practice & Instructions* (4th Ed. 1987).

---

[16] Fed. R. Evid. 702.
[17] Fed. R. Evid. 702.

JURY INSTRUCTION NO.   5   – STIPULATED

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath (or on a video <u>recording</u>).  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Modified from Judge Rankin's Stock Jury Instructions – Civil, which cited 105.02 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

NEGLIGENCE AND ORDINARY CARE DEFINED

JURY INSTRUCTION NO. __8__ – STIPULATED

When the word negligence is used in these instructions, it means the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

WCPJI (Civil) 3.02

MULTIPLE CAUSES

JURY INSTRUCTION NO.  10  – STIPULATED

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a "cause" of the injury within the meaning of these instructions. A cause does not have to be the only cause, or the last or nearest cause. It is sufficient if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

WCPJI (Civil) 3.05

FORESEEABILITY

JURY INSTRUCTION NO.   11   – STIPULATED

The negligence, <u>if any, of a Defendant</u> is not a "cause" of any injuries, losses, or damages to the Plaintiffs, unless injury to a person in <u>any of the Plaintiffs' situations</u> was a reasonably foreseeable consequence of that negligence. The exact or precise injury need not have been foreseeable, but a Defendant may be found to be a "cause" of a Plaintiff's harm within the meaning of these instructions if a reasonably careful person, under similar or the same circumstances as the Defendant, would have anticipated that injury to a person in <u>any of the Plaintiffs' situations</u> might result from the Defendant's conduct.


Modified from WCPJI (Civil) 3.06

EFFECT OF VIOLATION OF DUTY

JURY INSTRUCTION NO.  14  – STIPULATED

In the course of these instructions, the Court will define various specific duties with which the parties are charged. If you find from a preponderance of the evidence that a party has violated a duty, then that party is negligent. If you find one or more of the parties to have been negligent, the effect of such negligence must be evaluated on the basis of all other instructions.

Modified from WCPJI (Civil) 3.10

STIPULATION OF PAST MEDICAL EXPENSES

JURY INSTRUCTION NO.   35   – STIPULATED

The parties have stipulated to the follow past medical expenses for the following

Plaintiffs:

Stephanie Wadsworth:          $1,542,385.23

W.W.                                   $346,367.68

If you find that the above-listed Plaintiffs are entitled to recover in this case, you shall

award these amounts of damages for past medical expenses.


Authority:

WCPJI (Civil) 4.10 (modified).

NO EVIDENCE OF DOLLAR ESTIMATE REQUIRED

JURY INSTRUCTION NO.   36   – STIPULATED

There is no formula the court can give you for the determination of damages for pain and suffering, emotional distress, loss of enjoyment of life, disability, disfigurement, or any future damages as may be reasonably probable to arise. It is not necessary that any witness shall have expressed any opinion as to the dollar amount of these damages. Your award, if any, should be such sum as will fairly and adequately compensate the plaintiffs. Any amount awarded rests within your sound discretion and is for you to determine, taking into consideration the evidence in this case and from your knowledge, observation, and experience in life. Any award should be for what damages are reasonable, fair, and just in the light of the evidence.

Modified from WCPJI (Civil) 4.02

COURT TAKES NO VIEW ON DAMAGES

JURY INSTRUCTION NO.   45   – STIPULATED

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions.


Judge Rankin's Stock Jury Instructions – Civil, which cited 106.02 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

DELIBERATIONS

JURY INSTRUCTION NO.   47   – STIPULATED

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Judge Rankin's Stock Jury Instructions – Civil, which cited 106.01 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

JURY INSTRUCTION NO.   49   – STIPULATED AS TO INSTRUCTION,

BUT NOT STIPULATED AS TO VERDICT FORM

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.  A form of special verdict has been prepared for your convenience.  You will take this form to the jury room.

[Form of special verdict read.]


Judge Rankin's Stock Jury Instructions – Civil, which cited 106.05 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

JURY INSTRUCTION NO. <u>  50  </u> – STIPULATED

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Judge Rankin's Stock Jury Instructions – Civil, which cited 106.07 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

JURY INSTRUCTION NO. __51__ – STIPULATED

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.


Judge Rankin's Stock Jury Instructions – Civil, which cited 106.08 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

Date: February 24, 2025

*/s/ T. Michael Morgan, Esq.*
**T. Michael Morgan, Esq.***
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com

**Joshua Michael Autry, Esq.***
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
*\*Pro Hac Vice*
*Counsel for the Plaintiffs*

Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ T. Michael Morgan, Esq.*
T. Michael Morgan, ESQ.*
MORGAN & MORGAN, P.A
Florida Bar No.: 062229
*\*Admitted Pro Hac Vice*