Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh M. Autry, Esq.*
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
*Pro Hac Vice*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-KHR<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS – SET B
### *PLAINTIFFS' PROPOSED INSTRUCTIONS TO WHICH DEFENDANTS OBJECT*

Pursuant to the Final Pretrial Order (Doc. 166), Plaintiffs, Stephanie Wadsworth, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, by and through their undersigned counsel, submit the following proposed Jury Instructions to which Defendants object:

## Set B: Plaintiffs' Proposed Jury Instructions to Which Defendants Object

### CONTENTS

JUDICIAL NOTICE ................................................................................................................ 1

JUDICIAL NOTICE ................................................................................................................ 2

CAUSE DEFINED ................................................................................................................. 3

DUTY VOLUNTARILY ASSUMED ..................................................................................... 4

STRICT LIABILITY IN TORT ............................................................................................. 5

INFERENCE OF DEFECT .................................................................................................... 6

DESIGN DEFECT ................................................................................................................. 7

FAILURE TO WARN OR INSTRUCT ................................................................................. 8

NEGLIGENCE OF MANUFACTURER OR SELLER ......................................................... 9

DUTY OF MANUFACTURER OR SELLER ..................................................................... 10

DUTY TO WARN OR INSTRUCT .................................................................................... 11

FORESEEABLE USE OF THE PRODUCT ....................................................................... 12

EXPRESS WARRANTIES INVOLVING GOODS ............................................................ 13

IMPLIED WARRANTY OF MERCHANTABILITY OF GOODS .................................... 14

IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE OF GOODS ............. 15

THIRD PARTY BENFICIARY OF WARRANTY ............................................................. 16

MEASURE OF DAMAGES ................................................................................................ 17

MEASURE OF DAMAGES – AGGRAVATION ............................................................... 19

LIFE EXPECTANCY .......................................................................................................... 20

PRESENT VALUE OF FUTURE LOSSES ........................................................................ 21

LOSS OF CONSORTIUM – SPOUSE ............................................................................... 22

LOSS OF CONSORTIUM – CHILDREN .......................................................................... 23

COMPARATIVE FAULT .................................................................................................... 24

JURY INSTRUCTION NO. __6__ – JUDICIAL NOTICE

I have decided to take judicial notice of the following fact, meaning I accept it as proven: every cigarette sold in Wyoming after July 1, 2011, is legally required to be manufactured in a way that slows down its burn rate, and when not puffed, causes it to self-extinguish, in order to reduce the likelihood that the cigarette will ignite a fire.[1] Even though no evidence was presented about this fact, you must accept it as true for purposes of this case.

Proposed by Plaintiffs' Counsel, based on 3 Fed. Jury Prac. & Instr. § 102:20 (7th ed.), Judge Rankin's Stock Jury Instructions, and Ninth Circuit Manual of Model Civil Jury Instructions, Section 2.3 Judicial Notice[2]

---

[1] *See* Wyoming Reduced Cigarette Ignition Propensity Act, Wyo. Stat. § 35-9-801 *et seq.*, American Society of Testing and Materials (ASTM) standard E2187-04, Standard Test Method for Measuring the Ignition Strength of Cigarettes.

[2] Since the Tenth Circuit has not published civil jury instructions, only criminal, and the latter does not provide an instruction for judicial notice, *see* https://www.ca10.uscourts.gov/forms/all, this instruction is adapted from other sources, including the Ninth Circuit Manual of Model Civil Jury Instructions, Section 2.3 Judicial Notice (available at https://www.ce9.uscourts.gov/jury-instructions/node/66) and the Eighth Circuit Manual of Model Civil Jury Instructions, Section 2.04 Judicial Notice (available at https://juryinstructions.ca8.uscourts.gov/instructions/civil/Civil-Jury-Instructions.pdf). The comments to the Eighth and Ninth Circuit instructions indicate that "[a]n instruction regarding judicial notice should be given at the time notice is taken."

JURY INSTRUCTION NO. __7__ – JUDICIAL NOTICE

I have decided to take judicial notice of the following fact, meaning I accept it as proven: the responsibilities and obligations of importers of foreign products are comparable to those of manufacturers of domestic products.[3] Even though no evidence was presented about this fact, you must accept it as true for purposes of this case.

Proposed by Plaintiffs' Counsel, based on 3 Fed. Jury Prac. & Instr. § 102:20 (7th ed.), Judge Rankin's Stock Jury Instructions, and Ninth Circuit Manual of Model Civil Jury Instructions, Section 2.3 Judicial Notice[4]

---

[3] 16 CFR § 1009.3 (f)(1) ("Importers have responsibilities and obligations comparable to those of domestic manufacturers."); *see also* 16 CFR § 1009.3(b) ("The Consumer Product Safety Act recognizes the critical position of importers in protecting American consumers from unreasonably hazardous products made abroad and accordingly, under that Act, importers are made subject to the same responsibilities as domestic manufacturers. This is explicitly stated in the definition of 'manufacturer' as any person who manufacturers or imports a consumer product); 16 CFR § 1009.3 (g) ("the importer [of a product] is, at least, in a strategic position to guarantee the safety of imported products"); 15 U.S.C. 2052 (a)(11) (defining "manufacturer" as any person who manufactures or imports a consumer product).

[4] Since the Tenth Circuit has not published civil jury instructions, only criminal, and the latter does not provide an instruction for judicial notice, *see* https://www.ca10.uscourts.gov/forms/all, this instruction is adapted from other sources, including the Ninth Circuit Manual of Model Civil Jury Instructions, Section 2.3 Judicial Notice (available at https://www.ce9.uscourts.gov/jury-instructions/node/66) and the Eighth Circuit Manual of Model Civil Jury Instructions, Section 2.04 Judicial Notice (available at https://juryinstructions.ca8.uscourts.gov/instructions/civil/Civil-Jury-Instructions.pdf). The comments to the Eighth and Ninth Circuit instructions indicate that "[a]n instruction regarding judicial notice should be given at the time notice is taken."

JURY INSTRUCTION NO. __9__ – CAUSE DEFINED

An injury or damage is caused by an act, or a failure to act, whenever it appears from the evidence that the act, or failure to act, played a substantial part in bringing about the injury or damage.

WCPJI (Civil) 3.04

JURY INSTRUCTION NO. __15__ – DUTY VOLUNTARILY ASSUMED

Any duty that is voluntarily assumed must be performed with reasonable care, even when no duty previously existed.

WCPJI (Civil) 3.11

JURY INSTRUCTION NO. __17__ – STRICT LIABILITY IN TORT

To prove that Defendants are strictly liable for the design, manufacture, importation, distribution, [5] or sale of a defective product, Plaintiff must show:

1. that each Defendant was engaged in the business of designing, manufacturing, importing, distributing, or selling the product that caused the harm;

2. that the product was defective when sold;

3. that the product was unreasonably dangerous to the ultimate user or consumer, or to their property;

4. that the product was intended to and did reach the consumer without substantial change in the condition in which it was sold; and

5. that the product caused physical harm to the Plaintiffs or their property.

This rule applies even though the product's designer, manufacturer, importer, distributor, or seller has exercised all possible care in the preparation and sale of the product, and the user or consumer has not bought the product from or entered into any contractual relation with the seller.

A product is defective if, at time of sale or distribution, it contains a manufacturing defect, a design defect, or is defective because of inadequate instructions or warnings in the product's design, preparation, manufacture, or in its container or package, or in the instructions or warnings reasonably necessary for the product's safe use.

The term "unreasonably dangerous" means unsafe when put to a use that is reasonably foreseeable considering the nature and function of the product.

Modified from WCPJI (Civil) 11.01

---

[5] *Loredo v. Solvay America, Inc.*, 212 P.3d 614, 632 (Wyo. 2009) ("A plaintiff may recover under a strict liability theory for his loss or injury 'resulting from a defective product that entered the stream of commerce in the absence of fault by the manufacturer, designer, or distributor.'" (quoting *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 64 (Wyo. 1989).

JURY INSTRUCTION NO. __18__ – INFERENCE OF DEFECT

It is stipulated that there is no evidence of abnormal use of the hoverboard and that the evidence indicates the hoverboard was used as intended. If you do not find another cause by which the hoverboard ignited or caught fire, then you may infer that the hoverboard was defective when imported, distributed and/or sold by Defendants.

Proposed by Plaintiffs' Counsel, based on *Sims v. Gen. Motors*, 751 P.2d 357, 360 (Wyo. 1988)

JURY INSTRUCTION NO. __21__ – DESIGN DEFECT

A product that is "not reasonably safe" for the user is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller and the omission of the alternative design renders the product not reasonably safe.

WCPJI (Civil) 11.05

JURY INSTRUCTION NO. __23__ – FAILURE TO WARN OR INSTRUCT

A product's importer, designer, manufacturer, distributor, or seller must warn about latent defects or concealed dangers in the use of the product if a failure to give such warning renders the product unreasonably dangerous.[6] There is no duty to warn about known or obvious dangers. Further, even if a product is flawlessly manufactured, there is a duty to warn if there is a likelihood that the product could cause harm unless properly used and that failure to warn renders the product unreasonably dangerous.

Modified from WCPJI (Civil) 11.06

---

[6] *Loredo v. Solvay America, Inc.*, 212 P.3d 614, 632 (Wyo. 2009) (*quoting Parker v. Heasler Plumbing & Heating Co.*, 388 P.2d 516, 518 (Wyo. 1964) ("[T]he manufacturer or seller of a machine, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers.")); *O'Donnell v. City of Casper*, 696 P.2d 1278, 1287 (Wyo. 1985) (recognizing that the designer of a motorcycle gas tank had a duty to warn users of known, latent dangers); *Jacobs v. Dista Products Co.*, 693 F. Supp. 1029, 1030 (D. Wyo. 1998) (analyzing whether drug manufacturer and distributor provided adequate warnings).

JURY INSTRUCTION NO. __25__ – NEGLIGENCE OF MANUFACTURER OR SELLER

Negligence in the <u>importation, design,</u> manufacture, <u>distribution or</u> sale of a product means the failure of <u>the product's importer, designer,</u> manufacturer, <u>distributor, or</u> seller to do something that a reasonably careful <u>importer, designer,</u> manufacturer, <u>distributor, or</u> seller in the same business would do, or doing something that a reasonably careful <u>importer, designer,</u> manufacturer, <u>distributor, or</u> seller in the same business would not do.[7]

Modified from WCPJI (Civil) 12.01

---

[7] *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 64 (Wyo. 1989) ("In a products liability action premised on negligence … the plaintiff must prove that the manufacturer, seller, or distributor breached a duty of care owed to him and thereby proximately caused him to be injured.")

JURY INSTRUCTION NO. __26__ – DUTY OF MANUFACTURER OR SELLER

An <u>importer, designer,</u> manufacturer, <u>distributor, or seller</u> of a product owes a duty of care to those who use its product. The <u>importer, designer,</u> manufacturer, <u>distributor, or seller</u> is required to exercise reasonable care in the planning, design, <u>importation, distribution,</u> manufacturing, and <u>sale</u> of its product to insure it is reasonably safe for its intended use and for reasonably foreseeable uses regardless of whether the use is intended by the <u>importer, designer,</u> manufacturer, <u>distributor, or seller</u>.

Modified from WCPJI (Civil) 12.02

JURY INSTRUCTION NO. ___27___ – DUTY TO WARN OR INSTRUCT

A duty to warn or instruct arises if there is a likelihood the product could cause harm if improperly used, even if the product was flawlessly imported, designed, manufactured, distributed, and sold. You must determine whether the product was unreasonably dangerous because of the absence of an adequate warning or instruction.


Modified from WCPJI (Civil) 12.04

JURY INSTRUCTION NO. __28__ – FORESEEABLE USE OF THE PRODUCT

A product's importer, designer, manufacturer, distributor and seller are entitled to expect a use of their product that is reasonably foreseeable by the ordinary consumer who purchases or uses it with the ordinary knowledge common to the community as to its characteristics.

"Community" means those who ordinary use the product in question.

Modified from WCPJI (Civil) 12.09

JURY INSTRUCTION NO. __30__ – EXPRESS WARRANTIES INVOLVING GOODS

In the sale of goods, express warranties by a seller are created in the following situations: Any representation of fact or promise that relates to the goods and becomes a part of the basis of the bargain creates an express warranty that the goods will conform to the representation or promise. Any description of the goods that is a part of the basis of the bargain creates an express warranty that the goods will conform to the description.

No particular word or form of expression is necessary to create an express warranty, nor is it necessary that the seller use such formal words as "warranty" or "guarantee" or that the seller have a special intention to make a warranty. However, a statement that is merely the seller's opinion of the value or merely the seller's commendation of the goods does not create a warranty.

Excerpted from WCPJI (Civil) 13.01

JURY INSTRUCTION NO. __31__ –

IMPLIED WARRANTY OF MERCHANTABILITY OF GOODS

Unless expressly excluded or modified, a merchant impliedly warrants the "merchantability" of goods he customarily sells. In order for goods to be merchantable, they must:

1. Pass without objection in the trade under the merchant's description.

2. In the case of goods of a like kind or class (fungible), be of fair, average quality within the description.

3. Be fit for the ordinary purposes for which the goods are used.

4. Run of even kind, quantity, and quality within each unit and among all the units involved.

5. Be adequately contained, packaged, and labeled as the agreement may require.

6. Conform to the promises or affirmations of fact made in the container or label, if any.


Modified from WCPJI (Civil) 13.02

JURY INSTRUCTION NO. __32__ – IMPLIED WARRANTY

OF FITNESS FOR PARTICULAR PURPOSE OF GOODS

When the seller, at the time of sale, has reason to know of (i) the particular purpose for which the goods are required by the buyer and (ii) that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, an implied warranty that the goods shall be fit for such purpose.

WCPJI (Civil) 13.03

JURY INSTRUCTION NO. __33__ – THIRD PARTY BENFICIARY OF WARRANTY

A seller's warranty, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is damaged by breach of the warranty.

WCPJI (Civil) 13.07

16

JURY INSTRUCTION NO. __34__ – MEASURE OF DAMAGES

If your verdict is for the Defendants, you will not consider the matter of damages. But if the preponderance of the evidence supports the Plaintiffs' claim, you must fix the amount of money that will reasonably and fairly compensate the Plaintiffs for those elements of damage proved by the evidence, taking into consideration the nature, extent, and duration of their injuries and losses. You shall consider the following elements of damages:

a. Each Plaintiff's pain, suffering, and emotional distress experienced as a result of the injuries, and those reasonably probable to be experienced in the future.

b. Disability and/or disfigurement.

c. Loss of enjoyment of life, and any loss of enjoyment of life reasonably probable to be experienced in the future. The award for this specific element should not duplicate the award given or any other element of damage.

d. Medical expenses. The reasonable expense of necessary medical care, treatment, and services received to date and any medical expense reasonably probable to be incurred in the future.

e. Caretaking. The reasonable expense of necessary help in the home that has been required as a result of the injury, and any such help that is reasonably probable to be required in the future.

f. Other losses, including any loss sustained by Matthew Wadsworth W.W., K.W., G.W., or L.W., by reason of the injury of their wife and mother, Stephanie Wadsworth, including any loss of her services, society, companionship, affection, love, advice, guidance, and/or sexual relations, in the past and in the future.[8]

---

[8] Proposed by Plaintiffs' Counsel, based on WCPJI (Civil) 4.09A

Whether any of these elements have been proved is for you to determine.

Modified from WCPJI (Civil) 4.01

JURY INSTRUCTION NO. __37__ – MEASURE OF DAMAGES – AGGRAVATION

A defendant's liability is limited to those damages for which he actually is responsible. In cases involving pre-existing conditions, the first question is whether damages can be apportioned between those that were pre-existing and those that were caused by the defendant. If so, the defendant is liable only for that portion of the damage that he caused (i.e., the aggravation of the pre-existing condition or new injuries). On the other hand, if a plaintiff can show that the defendant aggravated a pre-existing condition, but the damages cannot be apportioned between those that were pre-existing and those that were caused by the defendant, then the defendant is liable for the entire harm.

If you can apportion damages between those existing before this occurrence (preexisting) and those resulting from this occurrence, then you should award only those damages caused by this occurrence.

If you cannot apportion damages between this occurrence and the pre-existing condition, then you should award all damages incurred since this occurrence, including those for the pre-existing condition.

WCPJI (Civil) 4.03.

JURY INSTRUCTION NO. __38__ – LIFE EXPECTANCY

In the event you find that <u>any</u> Plaintiff is entitled to damages arising in the future, you may consider how long the Plaintiff is likely to live. <u>The life expectancy of any individual person depends more upon the circumstances of person's own life than it does upon the expectancy of the lives of others. You may consider the evidence you have heard regarding mortality tables in determining how long each Plaintiff may be expected to live. Mortality tables are not binding on you as establishing anyone's life expectancy, but they may aid you in determining the probable length of a person's life for the purpose of your decision to determine damages in this case. Evidence regarding mortality tables has been admitted in this case merely for your consideration,</u> in connection with other evidence relating to the probable life expectancy of the Plaintiff, including <u>age,</u> health, <u>physical condition,</u> occupation, habits, and activities, bearing in mind that some persons live longer and that some persons live less than the average. <u>In this regard, you must consider all the evidence received by the Court and all the instructions the Court has given you and will give you in this case.</u>


Modified from WCPJI (Civil) 4.04 and 3 Fed. Jury Prac. & Instr. § 102:28 (7th ed.)

JURY INSTRUCTION NO. NO.  __39__ – PRESENT VALUE OF FUTURE LOSSES

In determining damages which will be incurred in the future,[9] including medical expenses, and care taking, you must determine the present worth in dollars of such future damages.

A lump sum of money received today is worth more than the same sum paid in installments over a period of months or years, because a sum received today can be invested and earn money at current interest rates. By making a reduction for the earning power of money, your answer will reflect the present value in dollars needed now which, together with what that sum will earn in the future, will compensate each Plaintiff for these losses, as they are actually experienced in future years.

In computing the amount of future damages, you may take into account economic conditions, present and future, and the effects of inflation.

Modified from WCPJI (Civil) 4.05

---

[9] In WCPJI (Civil) 4.05, this phrase was originally placed later.

JURY INSTRUCTION NO. __41__ – LOSS OF CONSORTIUM – SPOUSE

If you award damages to <u>Stephanie Wadsworth</u>, then you may award damages for loss of consortium to <u>Matthew Wadsworth</u>. Loss of consortium may include the loss of the injured person's services, society, companionship, affection, love, advice, guidance, and/or sexual relations.

These damages may not include or duplicate any damages that <u>Stephanie Wadsworth</u> may be entitled to recover as explained in any other instructions. <u>Matthew Wadsworth</u> has the burden of proving, by a preponderance of the evidence: (1) the nature and extent of his damages<u>, including damages for loss of consortium,</u> and (2) that such injuries or damages were caused by the Defendants.


Modified from WCPJI (Civil) 4.09A

JURY INSTRUCTION NO. __42__ – LOSS OF CONSORTIUM – CHILDREN

If you award damages to <u>Stephanie Wadsworth</u>, then you may award damages for loss of consortium to <u>W.W., K.W., G.W., and/or L.W</u>. Loss of consortium may include the loss of the injured person's services, society, companionship, affection, love, advice, and/or guidance.

These damages may not include or duplicate any damages that <u>Stephanie Wadsworth</u> may be entitled to recover as explained in any other instructions. <u>W.W., K.W., G.W., and L.W</u>. have the burden of proving, by a preponderance of the evidence: (1) the nature and extent of their damages and (2) that such injuries or damages were caused by the Defendant.

Modified from WCPJI (Civil) 4.09B

23

JURY INSTRUCTION NO. \_\_44\_\_ – COMPARATIVE FAULT

I am now going to instruct you on comparative fault. Your goal as jurors is to decide whether any Plaintiff was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then assign fault among them. "Person" can mean an individual or a business.  In this case, Plaintiffs claim that Jetson and Walmart are at fault, and Jetson and Walmart claim that Stephanie Wadsworth is at fault, so you may only consider the conduct of Jetson, Walmart, and Stephanie Wadsworth.

A person is at fault when that person's legal wrongdoing—including negligence, breach of warranty, breach of duty, or design, importation, manufacture, distribution, or sale of a defective product—is a cause of the harm claimed. The terms—including "negligence," "defective product," "breach of warranty," "breach of duty," and "cause"—are explained in other instructions.

The verdict form provided to you includes spaces for you to record your determination of each person's comparative fault, if any, on a percentage basis. If you find that Stephanie Wadsworth was at fault in some percentage, then the court will reduce the Plaintiffs' total damages by the percentage of Stephanie Wadsworth's fault. If you assign more than 50% of fault to Stephanie Wadsworth, then Stephanie Wadsworth will not receive any damages.

The liability of each defendant is limited by the percentage of fault, if any, that you find is attributable to that particular defendant.

If you assign fault, the percentages must total 100 percent.

The verdict form also contains a space for you to record your determination of the total damages sustained. If you find Stephanie Wadsworth is fifty percent (50%) at fault or less, then you must make a separate finding of the Plaintiffs' total damages. You must carefully follow the

instructions on the verdict form. Do not reduce your determination of total damages by any percentage of fault you have attributed to Stephanie Wadsworth or any Defendant. The court, and not the jury, will reduce the total amount of damages by the percentage of fault you have attributed to Stephanie Wadsworth.

Modified from WCPJI (Civil) 10.01

JURY INSTRUCTION NO.  __48__ – USE OF REASON AND COMMON SENSE

You may use reason and common sense to reach conclusions.[10] You may draw reasonable inferences from the evidence.[11] But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

---

[10] Modified from 3 Fed. Jury Prac. & Instr. § 101:40 (7th ed.).
[11] Modified from 3 Fed. Jury Prac. & Instr. § 101:40 (7th ed.).

Date: February 24, 2025

*/s/ T. Michael Morgan, Esq.*
**T. Michael Morgan, Esq.***
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com

**Joshua Michael Autry, Esq.***
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
*\*Pro Hac Vice*
*Counsel for the Plaintiffs*

Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ T. Michael Morgan, Esq.*
T. Michael Morgan, ESQ.*
MORGAN & MORGAN, P.A
Florida Bar No.: 062229
*\*Admitted Pro Hac Vice*