Christopher C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com
*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH,  )<br><br>Plaintiffs,   )<br><br>v.   )<br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,   )<br><br>Defendants.   ) | Case No. 2:23-cv-00118-KHR<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' UNDISCLOSED EXHIBITS UNDER F.R.C.P. 37(c)** |

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, Defendants Walmart, Inc. and Jetson Electric Bikes, LLC, by and through their undersigned counsel, hereby move to exclude various exhibits listed and recently provided by Plaintiffs, which were not disclosed during the course of discovery.[1] The Rules of Civil Procedure and principles of law and equity do not condone Plaintiffs' attempted trial by ambush, especially through inflammatory and irrelevant evidence, which Defendants have had no opportunity to cross-examine or defend against in this

---

[1] Defendants reserve their other previously-raised objections to the exhibits discussed herein.

action.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed this action on July 6, 2023. ECF No. 1. Discovery closed on May 15, 2024. ECF No. 78, p. 4. Plaintiffs submitted their Rule 26 disclosures on November 3, 2023. **Ex. A**. They never served any supplement to this disclosure, which identified the documents and other material they may use to support their claims or defenses. *Id.* at pp. 4-7. Plaintiffs responded to Defendants' discovery requests, producing certain additional documents on January 5, 2024, April 19, 2024, and December 20, 2024.[2]

Expert designations were completed September 13, 2024. ECF No. 78 at p. 2. The parties were required to exchange lists of trial exhibits by January 31, 2025. *Id.* at p. 6. For most of their listed exhibits, Plaintiffs' list did not identify any bates numbering or detail that would allow Defendants to identify the referenced documents or materials in the production through discovery. *See* ECF 166-1. It was apparent, however, that various exhibits had never been produced in the course of discovery (*e.g.*, listing of website links in Exhibits 208-239). The parties exchanged the actual proposed trial exhibits on February 10, 2025. Multiple listed exhibits were missing from Plaintiffs' batch submitted to Defendants. Defendants raised this issue with Plaintiffs' counsel on February 17, 2025. **Ex. B** (email from Corrigan to Alaoui). On February 19, 2025, Plaintiffs provided an update of their exhibits. *Id.* These included not just the missing exhibits, but alterations and additions to others previously provided on February 10, 2025.

## STANDARD OF REVIEW

Rule 26(a) requires litigants to provide to all litigants "a copy—or a description by

---

[2] Identifying documents produced through discovery in this case is complicated due to Plaintiffs' failure to include bates stamps on their production beyond their Rule 26 disclosures.

category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." F.R.C.P. 26(a)(1)(B). The purpose of disclosures is to prevent trial by ambush. *Sinclair Wyoming Ref. Co. v. Pro-Inspect, Inc.*, No. 12-CV-196-J, 2014 WL 12768315, at *2 (D. Wyo. Jan. 29, 2014) (unreported).

> Rule 37(c) provides:
>
> (F) **Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party **is not allowed to use that information** or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

F.R.C.P. 37(c)(1) (emphasis added).

## ARGUMENT

Defendants cannot be expected to defend a trial by ambush as anticipated in Plaintiffs' recently disclosed exhibits. In the past few weeks, Plaintiffs have identified dozens of exhibits (with various subparts) that have **never** been produced in this case, much less identified in a Rule 26 disclosure as something upon which Plaintiffs intended to rely. Defendants have multiple objections to these exhibits, but they should be excluded for the sole reason that they were not properly disclosed in violation of Rule 26.

1. **CPSP Complaints**

Plaintiffs listed (and later provided) various CPSP complaints, which were never disclosed in discovery. *See* ECF No. 166-1, Exs. 198-200. Plaintiffs have no expert to discuss these complaints. Defendants had no idea Plaintiffs intended to rely upon these complaints

3

until the exhibit lists were exchanged.[3] Therefore, Defendants have had no opportunity to evaluate these "complaints" (which are textbook hearsay and inadmissible) or gather and provide and prepare evidence to cross-examine or counter the allegations in these complaints. Plaintiffs have no justification for failing to disclose these records. The harm and prejudice to the Defendants is patent.

2. **FCC Documents**

Plaintiffs have listed various documents purporting to be FCC filings, tests, or reports. ECF No. 166-1, Exs. 242-242.E[4]. Plaintiffs never disclosed these documents or indicated they intended to rely upon them at trial in this case. Plaintiffs have no excuse for failing to identify the materials within the discovery period. Defendants have had no real opportunity to review these materials, identify the subject matter, list potential witnesses, much less cross-examine the appropriate witnesses to test the relevance and applicability to this case. Defendants would be prejudiced by the admission of these undisclosed materials.

3. **Internet Comments and Reviews**

Plaintiffs listed and later provided various "social media" posts, Amazon reviews, news articles, or social media videos, purporting to relate to hoverboards and issues related to the same. ECF 166-1, p. 20 (proposed exhibits 202, 203, 208-240).[5] Defendants have no idea who authored or created many of these videos or postings. The sanctity of the judicial system surely cannot devolve into a trial of the latest YouTube click-bate or unknown

---

3  Even then, Defendants did not know the contents of these purported "complaints." Plaintiffs did not provide the complaints until February 10, 2025—well after the close of discovery and less than a month before trial.

4  Exhibit 242 contains several subparts, spanning over 400 pages.

5  Several exhibits violate the Court's liminal order and reference the deaths of the children from the *Kaufman* decision. *See e.g.,* Exhibits 206 through 211.

customer reviews. But from a purely procedural aspect, these exhibits are inadmissible, as Plaintiffs did not disclose these documents or material in discovery. Defendants had absolutely no opportunity to vet these materials, cross-examine their authors or even determine what specific product was at issue. Again, the prejudice of admitting these undisclosed exhibits is patent, particularly coupled with the Rule 403 considerations.

### 4. Pleadings from other litigation matters

Plaintiffs have listed several pleadings from other civil actions from various jurisdictions. ECF No. 166-1, Exs. 243-246 (Demark, Hottenstein, Mendoza, Reichley matters). These were never disclosed in discovery, nor listed in Plaintiffs' Rule 26 Disclosures. Notably, Plaintiffs never questioned Jetson's corporate representative about any of these litigation matters. Plaintiffs' experts also do not discuss or address these matters in their disclosures, nor did they raise these additional matters during their depositions. It would be entirely inappropriate (for a myriad of reasons) for Plaintiffs to present these pleadings or question a witness about the same in front of a jury.

### 5. Websites and articles related to Lithium-Ion batteries.

Plaintiffs listed and later provided proposed exhibits that appear to be print outs from websites or articles concerning lithium-ion batteries. ECF No. 166-1, Exs. 248-251.c (including a 37-page 2012 article entitled *A General Discussion of Li Ion Battery Safety. The Electrochemical Society Interface*, a 210-page 2012 article entitled *Thermal runaway caused fire and explosion of lithium ion battery*, and multiple print outs from "Battery University"). These were never produced in discovery, not included in any experts' report or materials, nor

included in a Rule 26 disclosure indicating Plaintiffs' intent to rely upon the same. [6] Defendants have not had the opportunity to examine these materials, questions Plaintiffs or their experts about them, or counter-designate materials or witnesses. Plaintiffs should not be permitted to rely upon these types of undisclosed expert materials.

### 6. Addition of undisclosed documents on February 19, 2025

As late as February 19, 2025 (12 calendar days before trial), Plaintiffs provided various exhibits that may (or may not) have been listed but were not provided on February 10, 2025 in accordance with the Court's Amended Scheduling Order. These include documents and materials that have never been produced nor designated in discovery.

| Ex. | Descriptions of Exhibits and/or Additions |
|---|---|
| 1 | Plaintiffs added photographs of Wadsworth Family[7] |
| 5 | Plaintiffs added 11 photographs of the Wadsworth Family that have not previously been produced, nor were in the prior batch of Plaintiffs' proposed exhibits.[8] |
| 18 | The 02/10/2025 version of the exhibit contained 640 pages of records but the 02/19/2025 exhibit contains 1,295[9] |
| 49 | Plaintiffs listed this as a placeholder for the exemplar Plasma Hoverboard, but is now 62 pages of photographs of the box containing the product |
| 67 | This contained 85 photographs after the fire that have not been produced |
| 201 | Reddit posts purporting to relate to Jetson |
| 225 | Article "Hoverboard Maker Sued for $200,000 after devices caught fire, burned Abington home." |
| 241 A and B | Videos "Multiple Batteries Exploded at South Korean Battery Plant" and "FSRI Impact on Batteries on Fire Dynamics" |

---

[6] These materials are inadmissible hearsay. Furthermore, they contain undisclosed expert opinions. Even if an expert had relied upon any of these materials, that does not mean that they can be admitted as exhibits to the jury.

[7] To be sure, several photographs in the version of Exhibit 1 provided on February 10, 2025 were not disclosed. The additional photographs from February 19, 2025 were also undisclosed.

[8] The additional photographs have never been produced in discovery and Defendants had no opportunity to review or cross examine anyone about the photographs or explore their dates or circumstances. The Plaintiffs will presumably appear at the trial for several days for the jury to view and hear.

[9] Defendants cannot be expected to review and prepare to address an additional 1,000 pages of documents with less than two weeks until trial and without any opportunity to cross examine witnesses or counter designate exhibits.

Defendants understand that parties may need to revise exhibits for efficiency and organization purposes in advance of trial. However, that does not mean parties can add new (undisclosed) documents as exhibits on the eve of trial. That is precisely what Rule 37 prohibits.

## CONCLUSION

Plaintiffs bear the burden in this case. Rule 26 required Plaintiffs to provide Defendants (without request) the documents and materials upon which they intended to rely at trial to meet this burden. Rule 37 is clear that when a party fails to comply with this obligation, they are not allowed to use the materials to help their case. The multitude of exhibits discussed above are in contravention of the Court's Scheduling Order and the Rules of Civil Procedure. Pursuant to Rule 37(c), Defendants respectfully ask that the Court enter an order precluding Plaintiffs from trying to admit proposed the portions of Exhibits 1, 5, and 18 that were not disclosed in discovery and also exclude Exhibits 198 through 203, 208 through 246, and 248 through 251.

## CERTIFICATE OF CONFERRAL

Counsel for Defendants conferred with Plaintiffs' counsel regarding this issue prior to filing this motion on February 25, 2025. The parties have not resolved the matter and are at an impasse. Given the impending trial, additional informal conferral with between the parties and magistrate is not practical.

Dated this 25th day of February, 2025.

    /s/ Holly L. Tysse
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens (*pro hac vice*)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

*Attorneys for Defendants*