<span style="color:red">**EXHIBIT A**</span>

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' INITIAL RULE 26(a)(1) DISCLOSURES**

Plaintiffs, STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, by and through their undersigned attorneys, hereby submit their self-executing initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

- Rule 26(a)(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    1. Stephanie Wadsworth. Mrs. Wadsworth can be reached through the undersigned counsel. Mrs. Wadsworth has discoverable information regarding the damages being claimed in this lawsuit.

2. Matthew Wadsworth. Mr. Wadsworth can be reached through the undersigned counsel. Mr. Wadsworth has discoverable information regarding Plaintiffs purchase and use of the subject hoverboard and the injuries and damages Plaintiffs suffered due to his purchase and use of the subject hoverboard.

3. Memorial Hospital of Sweetwater Couty – 1200 College Dr. Rock Springs, WY 82901. Agents, employees, and other medical personnel have knowledge of the injuries and damages Plaintiffs sustained as a result of the purchase and use of the subject hoverboard. This facility also treated ▓▓▓▓▓ Wadsworth.

4. The minor children of Stephanie and Matthew Wadsworth, W.W., K.W., G.W., and L.W. can be reached through the undersigned counsel. The children may have discoverable information regarding this incident.

5. University of Utah Hospitals and Clinics/Burn Center 50 North Medical Drive, Suite AA24, Salt Lake City, UT 84132. Agents, employees, and other medical personnel have knowledge of the injuries and damages Plaintiffs received as a result of the purchase and use of the subject hoverboard. This facility also treated ▓▓▓▓▓ Wadsworth.

6. Dr. Joel Robertson at the Castle Rock Medical Center - 1400 Uinta Dr., Green River, WY 82935, and other agents, employees, or other medical personnel have knowledge of the injuries and damages Plaintiffs sustained as a result of the purchase and use of the subject hoverboard. Dr. Robertson is Mrs. Wadsworth's primary care physician and has knowledge of the injuries and damages Plaintiffs sustained as a result of the purchase and use of the subject hoverboard. Castle Rock Medical Center also treated ▓▓▓▓▓ and ▓▓▓▓▓ Wadsworth.

7. High Plains Physical Therapy – 920 Upland Way Green River, WY. Agents, employees, and other medical personnel have knowledge of the injuries and damages Plaintiffs received as a result of the purchase and use of the subject hoverboard.

8. Rock Springs Plastic Surgery Center – 1180 College Dr., Ste 3-3, Rock Springs, WY 82901. Agents, employees, and other medical personnel have knowledge of the injuries and damages Mrs. Wadsworth and her son ▓▓▓▓▓ received as a result of the purchase and use of the subject hoverboard.

9. Castle Rock Hospital District – Emergency Services. Ms. Chelcee Serres and Ms. Heather Graebert are Emergency Medical Technicians who arrived on scene and transported Mrs. Wadsworth to the hospital. They have knowledge of the injuries and treatment Mrs. Wadsworth received as a result of the purchase and use of the subject hoverboard.

10. Agents, Employees, and/or Representatives of Walmart, Inc., who will likely have discoverable information on the ordering, distribution, purchase, and sale of the subject hoverboard and its component parts, warnings, labels, and instructions provided with the hoverboard, and other similar incidences involving the claims of defect asserted in this case.

11. Agents, Employees, and/or Representatives of Jetson Electric Bikes, LLC, who will likely have discoverable information on the design, manufacture, inspection, testing, distribution, and sale of the subject hoverboard and its component parts, warnings, labels, and instructions provided with the hoverboard, and other similar incidences involving the claims of defect asserted in this case.

12. Agents, employees, and other representatives of the Green River Fire Department, including but not limited to Chief William Robinson, and Assistant Fire Chief Larry Erdman. 500 Shoshone Ave., Green River, WY 82935. As responders to the scene, they have knowledge of the incident, investigation, and damages as a result of the purchase and use of the subject hoverboard.

13. Agents, employees, and other representatives of the Sweetwater County Sheriff's Office, including but not limited to John Hansen, Richard Kaumo, Ashley Mcphie, Matt Bartolotta, Scott Morris, Derek Morrell, Chris Thomas, Jeff Sheaman, and Sgt. Hall. 50140B U.S. Hwy 191 South, Rock Springs, WY 32901. As responders to the scene, they have knowledge of the incident, investigation, and damages as a result of the purchase and use of the subject hoverboard.

14. Agents, employees, and other representatives of the Green River Police Department – 375 W. Flaming Gorge Way, Green River, WY 82935. As responders to the scene, they have knowledge of the incident, investigation, and damages as a result of the purchase and use of the subject hoverboard.

15. Ryan J. Pasborg, 688 Antelope Dr., Lot 27, Rock Springs, WY 82901. Mr. Pasborg was the Good Samaritan who first arrived on the scene and helped rescue family members from home. He has knowledge of the incident and damages as a result of the purchase and use of the subject hoverboard.

16. All non-objectionable witnesses disclosed by Defendants in the course of discovery.

17. Any and all witnesses, expert or otherwise, of the Defendants.

18. Any and all witnesses listed in any answers to interrogatories or mentioned in documents produced pursuant to requests for production or notices of production from non-parties.

19. Any and all persons named in any and all hospital documents, medical records, or obtained in discovery or otherwise appearing in the Court file.

20. Any and all fact witnesses disclosed through discovery who were involved in the investigation of the incident which is the subject of this litigation or otherwise have knowledge of any issues involved in this cause and by virtue of specialized knowledge, skill, experience, training, or education may qualify to give expert opinion testimony.

21. Any and all expert witnesses who, due to the nature of the continuing discovery, may hereafter be retained in anticipation of giving expert opinion testimony at trial, subject to prompt and timely disclosure thereof to Defendants.

22. Any evidentiary or expert witness necessary for photo, diagram, video, or other evidentiary authentication, including but not limited to investigators, journalists, or freelance photographers.

23. Any applicable records custodian(s) for any record or document listed on Plaintiffs' Exhibit List.

- Rule 26(a)(1)(A)(ii): a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

1. The subject hoverboard and batteries;

2. Medical Records from Memorial Hospital of Sweetwater County;

3. Medical Bills from Memorial Hospital of Sweetwater County;

4. Medical Records from Univ. of Utah Hospitals, Clinic/Burn Ctr;

5. Medical Bills from Univ. of Utah Hospitals, Clinic/Burn Ctr;

6. Medical Records from Castle Rock Hospital District – Emerg. Svcs;

7. Medical Bills from Castle Rock Hospital District – Emerg. Svcs;

8. Medical Records from High Plains Physical Therapy;

9. Medical Bills from High Plains Physical Therapy;

10. Medical Records from Rock Springs Plastic Surgery Center;

11. Medical Bills from Rock Springs Plastic Surgery Center;

12. Medical Records from Dr. Joel Robertson;

13. Medical Bills from Dr. Joel Robertson;

14. Sweetwater County Sheriff's Department report, interviews, photographs, and videos;

15. Green River Fire Department report, interviews, photographs, and videos;

16. Mortality Tables;

17. All documents and items produced by Defendants;

18. A summary of Plaintiffs' damages (i.e., special damages, past medical expenses, etc.);

19. A summary of any and all out-of-pocket expenses incurred by Plaintiffs concerning the subject incident;

20. Any and all receipts for out-of-pocket expenses incurred by Plaintiffs;

21. Any and all diagnostic films, MRIs, or similar diagnostic tools depicting Plaintiffs' injuries;

22. Any and all reports, charts, drawings, and/or graphs of any witnesses;

23. Anatomical Models of Relevant Anatomy;

24. Demonstrative aids regarding Plaintiffs' physical condition.

25. Any and all enlargements of any exhibits;

26. Any and all deposition transcripts, deposition videos, and exhibits produced or used at deposition;

27. Any and all requests for production of documents or items, responses, and exhibits thereto that will be or have been served in this matter;

28. Any and all requests for admissions, responses, and exhibits attached thereto that have or will be served in this matter;

29. Any and all interrogatories, answers, and exhibits thereto that will be or have been served in this matter;

30. Any and all receipts for out-of-pocket expenses incurred by Plaintiffs;

31. Curriculum vitae of any and all treating physicians and medical providers providing medical care, treatment, and/or services to or on behalf of Plaintiffs concerning the subject incident;

32. AMA Guides to the evaluation of Permanent Impairment, (applicable revised edition);

33. Any and all demonstrative aids;

34. Any and all exhibits listed by Defendants; and

35. Any and all exhibits listed hereafter and noticed to Defendants.

36. Any and all preserved evidence from the incident scene.

      37. Pictures of the hoverboard at Christmas and pictures of the Plaintiffs in the hospital and post incident.

- Rule 26(a)(1)(A)(iii): a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

  Plaintiffs are unable at this time to fully compute each category of damages. Plaintiffs intend to rely on expert witness testimony to compute damages, as set forth below. Plaintiffs will disclose their expert witnesses in accordance with the Case Management and Scheduling Order. Notwithstanding, and in an effort to comply in good faith with her disclosure requirements, Plaintiffs offer the following preliminary estimates and categories of damages. Plaintiffs reserve the right to supplement or amend this disclosure upon the discovery of new or additional information.

  1. Past medical, treatment, rehabilitation, and health care costs. At the time of this disclosure, Plaintiffs are unable to compute with reasonable certainty the value of this category of damages because Plaintiffs continue to receive medical care for their injuries and this category of damages is subject to further discovery.

  2. Future medical, treatment, rehabilitation, and health care costs. At the time of this disclosure, Plaintiffs are unable to compute with reasonable certainty the value of this category of damages because Plaintiffs continue to receive medical care for their injuries and this category of damages is subject to further discovery.

  3. The value of permanent disfigurement, past and future pain and suffering, past and future mental anguish, and past and future loss for the enjoyment of life in amounts to be determined by the jury.

  4. Punitive damages in an amount to be determined by the jury.

  5. Pre-judgment and post-judgment interest as calculated by controlling law.

- Rule 26(a)(1)(A)(iv): for inspection and copying as under Rule 34, any

7

insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None known to Plaintiffs.

- Rule 26(a)(2): disclosure of expert testimony.

    None at this time. Plaintiff will disclose all expert testimony in the time and manner provided by Federal Rule of Civil Procedure 26 and the Court's scheduling order for this case.

Plaintiffs reserve the right to amend or supplement these initial disclosures as permitted by Federal Rule of Civil Procedure 26(e) or by Court order.

Date: November 3, 2023                                  Respectfully Submitted,

*/s/ T. Michael Morgan, Esq.\**
**T. MICHAEL MORGAN, ESQ.\***
Florida Bar No.: 062229
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email:
mmorgan@forthepeople.com
Secondary Email:
akelseyflowers@forthepeople.com

**Eitan Goldrosen, Esq.**
Florida Bar No. 1025140
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email:
egoldrosen@forthepeople.com

Secondary Email:
rhansch@forthepeople.com

**TALY GOODY, ESQ.**
Wyoming Bar No.: 8-6737
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Primary Email:
Taly@GoodyLawGroup.com

**GREYSON GOODY, ESQ.***
California Bar No.: 292527
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Primary Email:
Greyson@GoodyLawGroup.com

**Pro Hac Vice*
*Counsel for the Plaintiffss*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ T. Michael Morgan*
**T. Michael Morgan**