Christoper C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com
*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, | ) ) ) ) | Case No. 2:23-cv-00118-KHR |
| Plaintiffs, | ) ) ) | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO** |
| v. | ) ) | **EXCLUDE EFFORTS TO AMEND COMPLAINT AND** |
| WALMART INC. and JETSON ELECTRIC BIKES, LLC, | ) ) ) | **ADD LOSS OF CONSORTIUM CLAIMS FOR** |
| Defendants. | ) ) | **MINOR PLAINTIFFS** |

Defendants Walmart, Inc. ("Walmart") and Jetson Electric Bikes, LLC ("Jetson"), by and through their undersigned counsel, hereby ask the Court to deny or reject any efforts of Plaintiffs to add last-minute unpled damages claims or theories to their case. Through the jury instruction and verdict form conferral process on February 21 and 22, 2025—ten days before trial—Defendants have learned that Plaintiffs intend to amend their Complaint to add four loss of consortium claims for the minor Plaintiffs. Plaintiffs have offered no excuse or explanation for this last-minute effort to add claims. Under this Court's Initial Pretrial Order, Rule 15 and case law

analyzing the process for amendment, Plaintiffs' effort to add these claims (either to an express amendment to the pleadings or otherwise) should be rejected.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs Stephanie Wadsworth, individually and on behalf of W.W., K.W., G.W., and L.W. (all minors), as well Matthew Wadsworth, filed this action on July 6, 2023. ECF No. 1. They included 32 separate causes of action. Plaintiffs Stephanie Wadsworth and each of the four minor children each pled a negligence claim against Walmart, a negligence claim against Jetson, a strict liability claim against Walmart, a strict liability claim against Jetson, a breach of warranty claim against Walmart, and a breach of warranty claim against Jetson. Plaintiff Matthew Wadsworth pled a loss of consortium claim against Walmart and a loss of consortium claim against Jetson.

The Court entered the Initial Pretrial Order on November 11, 2023, which permitted the parties to amend the pleadings or join parties up to December 4, 2023. ECF No. 48, pp 2-3. The Court warned that parties that "[a]fter that date, motion to amend pleadings will require showing good cause under Rule 16(b)(4)." *Id*. at p. 3.

In the past 19 months, the parties have engaged in extensive discovery, taken over 30 depositions, retained and designated experts (including damages experts), submitted motions to limit experts or witnesses or exhibits, and relied upon the Court's various rulings in preparing for the imminent trial.

On February 21, 2025, during the conferral regarding jury instructions, Plaintiffs' counsel indicated for the first time Plaintiffs' intention to add a jury instruction relating to loss of consortium claims for each of the minor Plaintiffs. On February 22, 2025, Plaintiffs sent Defendants a draft verdict form, which included specific line items for "loss of

2

consortium" for the minor Plaintiffs. On February 24, 2025, Plaintiffs submitted jury instructions and a verdict form including purported claims for loss of consortium for the minor Plaintiffs. ECF Nos. 188, pp. 4-5; 189-1, p. 25 (Plaintiffs' Instruction No. 42). It does not appear Plaintiffs intend to seek leave from the Court to include these claims prior to trial.

## STANDARD OF REVIEW

This Court is very familiar with the standard to amend pleadings or add claims:

> Except when an amendment is pleaded as a "matter of course," as defined by the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Court is instructed by Rule 15 to "freely give leave when justice so requires." *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance ... the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962).

*Dye v. Cooney's Farm Serv., Ltd.*, No. 09-CV-A32-J, 2010 WL 11564923, at *1 (D. Wyo. Sept. 8, 2010), *report and recommendation adopted*, No. 09-CV-32-J, 2010 WL 11564916 (D. Wyo. Sept. 24, 2010).

However, amendments under these circumstances are governed by the Court's Initial Pretrial Order (ECF No. 48), which requires a showing of "good cause" under Rule 16(b)(4). "'Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders may be modified only for good cause and with the judge's consent.' 'In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs.,*

3

*Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotations omitted).

"'[T]rial courts have considerable discretion in determining what kind of showing satisfies this ... good cause standard.'" *Tesone*, 942 F.3d at 988 (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). "In making this determination, the factor on which courts are most likely to focus ... is the relative diligence of the lawyer ... who seek[s] the change." *Id*. (citation omitted, alterations in original). "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id*. (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation also should not be considered good cause." *Id.* at 989 (citations and internal quotations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* at 988 (citation omitted). However, "[t]he lack of prejudice to the nonmovant does not show 'good cause.'" *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 301 (D. Kan. 1996) (citation omitted).

## **ARGUMENT**

Plaintiffs knew about the potential for a "loss of consortium" claim for each of the minor Plaintiffs at the time they filed the Complaint—over 19 months ago.[1] Plaintiffs offer no explanation for their attempt to now include these claims, on the eve of trial. Neither

---

1 Wyoming recognizes loss of consortium claims for minor children. *See Nulle v. Gillette-Campbell Cnty. Joint Powers Fire Bd.*, 797 P.2d 1171, 1176 (Wyo. 1990). A loss of consortium claim is based upon the loss of the injured person's services, society, companionship, affection, love, advice and/or guidance. *See* Wyoming Pattern Jury Instructions (2024 Edition), 4.09B. While derivative of a parent's claim for damages, a claim for loss of consortium is a separate cause of action, as the recovery sought is for the benefit of the child, not the parent.

4

potentially applicable standard (the "good cause" standard under Rule 16(b)(4) or the more liberal Rule 15(a) standard) warrant amendment of claims at this late hour.

### A. Plaintiffs have failed to show "good cause" or "diligence" to justify amending their claims over a year after the Court's imposed deadline.

The Court very clearly informed the parties of the deadline to amendment the pleadings or join parties through the Initial Pretrial Order. December 4, 2023 deadline came and past without any request or inkling to add claims. Now, over a year later, Plaintiffs must demonstrate "good cause" to amend their pleadings. But Plaintiffs have offered no explanation, much less evidence of "good cause," for their failure to include these claims in their *Complaint*. They offer no excuse for waiting until the eve of trial—after the close of discovery, after the designation of experts, after Plaintiffs' depositions—to assert these claims. Counsel's inadvertence in not including these claims (particularly when they conscientious included a loss of consortium claim for Mr. Wadsworth) is not sufficient to meet the "good cause" standard. *Tesone*, 942 F.3d at 988.[2]

Defendants are clearly prejudiced by the inclusion of brand-new claims on the eve of trial. Because these claims were not pled, Defendants had no reason to question the Plaintiffs or otherwise examine the details or extent of any services, society, companionship, affection, love, advice or guidance Stephanie Wadsworth provided to the minor Plaintiffs before or after her injuries. Per the Initial Pretrial Order, and under Rule 16(b)(4), Plaintiffs should not be

---

2  It is worth noting that this is not the first time Plaintiffs have failed to comply with the Court's deadlines and later attempted to add evidence or witnesses. On September 3, 2024, Plaintiffs filed a Motion to Amend Expert Disclosures, seeking to add several experts nearly two months after their original expert designation and just days before Defendants' expert designation deadline. *See* ECF No. 76. Part of the Plaintiffs' argument to amend their designations was their inadvertent failure to list a forensic economist. ECF No. 76, p. 3. The Court denied that request and in doing so, noted the Plaintiffs' failure to comply with the Initial Pretrial Order. ECF No. 93, p. 8. The Court found Plaintiffs failed to satisfy the "good cause" standard, failed to exercise "due diligence," and also found that allowing the addition of Plaintiffs' experts would affect other pretrial deadlines. *Id.* at pp. 8-15.

permitted to add unpled claims at this very late juncture.

**B. Plaintiffs undue delay in trying to amend to add claims does not justify amendment under the Rule 15(a) standard.**

Plaintiffs cannot even satisfy the more lenient Rule 15(a) standard. This situation is very similar to that presented to this Court in *Dye v. Cooney's Farm Serv., Ltd*., *supra*. In that case, the plaintiffs sought to amend and add a claim for punitive damages seventeen months after filing the complaint. *Id.* at *1. They argued that they did not have sufficient information to plead a claim for punitive damages. *Id.* However, through their motion, the plaintiffs argued that the punitive damages claim "would rest on the same facts as their current negligence claims" and therefore "no additional discovery into this proposed amendment will be needed." *Id.* at *3. The defendants argued that additional discovery would be necessary. *Id.* Importantly, the plaintiffs had told the court and defendants that it was considering seeking leave to amend and add the claim at least twice, once at the initial pretrial conference and again at a follow-up conference. *Id.*

The magistrate noted that while lateness is generally not enough to deny amendment, it is sufficient where the plaintiff fails to provide an adequate explanation for the delay. *Id.* (citing *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); *see also Sipp v. Unumprovident Corp.*, 107 Fed.Appx. 867, 876-77 (10th Cir. 2004) (unpublished) (A finding of undue delay is appropriate where the plaintiff fails to offer a reasonable justification for why it did not seek amendment earlier.). The *Dye* court also examined *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). In *Far West Bank*, the Tenth Circuit held that when considering substantial delay in a proposed amendment, "prejudice to the opposing party need not also be shown." *Id.* at 1185. Because the plaintiff

6

in *Far West Bank* failed to assert its punitive damages claim for approximately a year and a half after the plaintiff filed its original complaint, and only a few months before the case was scheduled for trial, the trial court acted within its discretion in denying plaintiff's motion to amend based on untimeliness. *Id.*

Relying upon these authorities, the magistrate in *Dye* found the plaintiffs' proposal of adding a punitive damages claim was the product of undue delay. *Dye*, at *3. "[T]he liberal amendment rules do not permit plaintiffs to wait to the last minute to seek leave for an amendment under the given circumstances." The court further observed that allowing last-minute amendments "would waste the parties' resources, as well as judicial resources." *Id.* (citing *Zokari v. Gates*, 561 F.3d 1076, 1087 (10th Cir. 2009)). The magistrate ultimately recommended that the plaintiffs' request be denied given the undue delay and request on the eve of trial. *Id.* at *4.

> This Court adopted the magistrate's recommendation:
>
> In short, this Court denies—based on undue and inexplicable delay—leave to Plaintiffs to amend their complaint to add punitive damages. *See Las Vegas Ice v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (affirming district court's denial of leave to amend to add punitive damages a year and a half after the complaint was filed and just a few months before trial). In this case, Plaintiffs admit they knew sufficient facts to claim punitive damages and considered asking leave to amend in November 2009. Plaintiffs, however, fail to present any reason why they could not have sought leave to amend their complaint in a more timely manner.
>
> Accordingly, the Court ADOPTS Magistrate Judge Beaman's Report and Recommendation on Plaintiffs' Motion to Amend Complaint to Assert a Claim for Punitive Damages (Docket Entry 144) in its entirety.

*Dye v. Cooney's Farm Serv., Ltd.*, No. 09-CV-32-J, 2010 WL 11564916, at *1–2 (D. Wyo. Sept. 24, 2010).

7

Plaintiffs are in precisely the same boat as the *Dye* plaintiffs. They have waited over a year and a half, and to the eve of trial, to raise additional damages claims and theories, which they knew about at the time they filed the *Complaint*. The only real distinction between this case and the *Dye* case is the *Dye* plaintiffs arguably did not have sufficient evidence at the time the complaint was filed for the new damages theory. But here, Plaintiffs have no such excuse, nor have they asserted one. Even though Plaintiffs have made passing reference to the phrase "loss of consortium" in the introductory paragraph of the *Complaint*, the only specific claims pleaded were for Mr. Wadsworth, not the minor children. Any passing references that Plaintiffs have made in written discovery responses alluding to "loss of consortium" or reserving the right to amend to add categories of damages is similar (although not nearly as overt) as the plaintiffs in *Dye* when they told the court they were "considering" amendment. That does not cure the prejudice to the Defendants, who are only on notice and can only be expected to build a defense for claims actually pled. The analysis and case law cited in *Dye* demonstrates Plaintiffs "undue and inexplicable delay," warranting denial of any request to add loss of consortium claims for the minor Plaintiffs.

## CONCLUSION

Defendants request that the Court deny any request or effort for Plaintiffs to add four new claims on the eve of trial. Defendants also ask that the Court preclude any evidence or attempts to elicit testimony for these unpled claims, and reject any verdict form or jury instructions related to these unpled loss of consortium claims for the four minor Plaintiffs.

## CERTIFICATE OF CONFERRAL

Counsel for Defendants and counsel for Plaintiffs discussed the potential amendment

and adding these four new claims during the jury instruction conferral process. Defense counsel has further conferred with Plaintiffs' counsel regarding the filing of this Motion, which Plaintiffs oppose. Given the imminence of trial, further conferral between the parties or informal court intervention is not possible.

Dated this 25th day of February, 2025.

/s/   Holly L. Tysse
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme (pro hac vice)
Jared B. Giroux (pro hac vice)
Jillian L. Lukens (pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

Attorneys for Defendants