Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh M. Autry, Esq.*
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
**Pro Hac Vice*
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-KHR |

## PLAINTIFFS' MOTION FOR CLARIFICATION
## OF THE COURT'S ORDER AS TO NON-EXPERT TESTIMONY

Plaintiffs move for an order from the Court clarifying that the Court's exclusion of non-expert testimony in the *Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Ruling on Defendants' Motions to Exclude Three Witnesses* (ECF No. 143) (the "Order") should apply equally to all non-expert witness statements about the origin and

cause of the fire at issue in this case. This motion is necessitated by Defendant's deposition designations, served on February 17, 2025, indicating that they intend to offer at trial non-expert statements about the fire's origin and cause. In support of this motion, Plaintiffs submit the following Brief in accordance with Local Rule 7.1(b)(1)(B):

### Brief in Support of Motion

In the Order (ECF No. 143), the Court considered Defendants' motion to exclude opinion testimony of non-experts Jeff Sheaman and Bill Robinson as to the fire's origin and cause. ECF No. 143, at 11-16. Although the Court ultimately excluded the testimony as duplicative of other expert testimony, the Court also concluded that "fire cause and origin opinions … require specialized knowledge." ECF No. 143, at 13 (citing *United States v. Idaho Cnty. Light & Power Coop. Ass'n, Inc.*, 2020 WL 877809, at *6 (D. Idaho Feb. 21, 2020) ("the determination of the origin and cause of a fire is frequently considered beyond the understanding of the average lay person…"); *St. Cyr v. Flying J Inc.*, 2008 WL 2608127, at *7 (M.D. Fla. June 29, 2008) ("The cause and origin of fires as well as other scientific and technical matters that will arise in this case are neither matters of common sense nor common knowledge.")). Thus, while non-experts may offer testimony that is based on their "basic observation," they may not offer opinions as to a fire's origin and cause. ECF No. 143, at 13 ("Once the testimony exceeds opinions formed upon basic observation, such testimony is subject to the confines of Rule 702"); Fed. R. Evid. 701(c) (non-experts are precluded from offering opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702").

Additionally, after entering the Order, the Court held a Pretrial Conference on February 11, 2025, where the parties and the Court discussed the effect of the Order, and the fact that there should be no other avenue, such as the testimony of another witness, to admit the excluded lay

opinions from Mr. Sheaman and Mr. Robinson regarding the fire's origin and cause. Specifically, Mr. LaFlamme raised the issue, saying, "With the Court's order excluding any opinion testimony from Robinson and Sheaman, we just want to make sure that that opinion testimony is not admissible through any other avenue."[1] The Court responded that it saw no reason why "the excluded opinion testimony of those two gentlemen would otherwise come in" through another avenue, and Mr. Morgan agreed.[2]

Notwithstanding the Order and the discussion at the Pretrial Conference, Defendants served deposition designations on February 17, 2025, indicating that they intend to present at trial non-expert witness statements about the origin of the fire. First, Defendants offer the deposition testimony of police officer Ashley Merrell where she is asked about non-expert statements made by Plaintiffs' minor children regarding the fire's origin.[3] Second, Defendants offer similar testimony from detective Jeff Sheaman about statements made by Plaintiffs' minor children.[4]

In light of Defendants' deposition designations, this motion seeks to clarify that, under the reasoning in the Court's Order, and in accordance with the subsequent discussion at the Pretrial

---

[1] Final Pretrial Conf. Tr. (Exhibit 1) 48:10-13.

[2] Final Pretrial Conf. Tr. (Exhibit 1) 48:20 – 49:1.

[3] Merrell Def. Dep. Designation (Exhibit 2) #9, 25:1-2 (Q. "do you recall hearing the Wadsworth children indicate that the fire started outside of the house?"); *id*. at #10, 25:16-19 ("When I spoke with the daughter, I just asked her if they knew were the fire started and she had said no, and then said outside by the shed.") *id*. at #15, 30:21-2 (Q. "And do you hear in the background someone say it started by the shed area?").

[4] Sheaman Def. Dep. Designation (Exhibit 3) #9, 220:11-13 (Q. "Okay. And you agree with me that the children here are saying the fire started the outside…?"); *id*. at #10, 221:8-10 (Q. "And did you hear K.W. at about 10 minutes 42, 43 that the fire started outside on the porch?"); *id*. at #10, 221:16-18 (Q. "…do you hear Mr. Pasborg indicate that it looked like the fire started outside of the exterior wall, correct"); *id*. at #10, 221:20-23 (Q. "And then you also hear Detective Merrill indicate that the kids felt that they it started around the shed… ?").

3

Conference, *all* non-expert witness statements addressing fire origin or cause should be excluded at trial. This clarification is necessary and appropriate in light of the procedural history of this case; specifically, after Defendants moved to exclude the non-expert opinions of trained fire and law enforcement professionals (Mr. Robinson and Mr. Sheaman), they now seek to introduce other non-expert statements from young children about the origin of the fire. Without this clarification, Plaintiffs would suffer prejudice at trial if Defendants are allowed to present non-expert opinions that they deem helpful to their theory of the case while Plaintiffs are not afforded the same opportunity.

Accordingly, Plaintiffs request an order from the Court clarifying that, consistent with the Court's Order (ECF No. 143, at 11-16) and the subsequent discussion at the Pretrial Conference, the parties may not offer or reference at trial any non-expert opinions about the origin or cause of the fire, including any statements to that effect by Plaintiffs' minor children, law enforcement officers, Mr. Pasborg, or any other lay witnesses.

Pursuant to Local Rule 7.1(b)(1)(A), Plaintiffs' counsel has conferred with Defendants' counsel and Defendants oppose this motion.

Date: February 25, 2025

*/s/ T. Michael Morgan, Esq.*
**T. Michael Morgan, Esq.\***
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com

**Joshua Michael Autry, Esq.\***
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500

4

        New York, NY 10005
        Telephone: (859) 899-8785
        jautry@forthepeople.com
        **Pro Hac Vice*
        *Counsel for the Plaintiffs*

        Taly Goody, Esq.
        Wyoming Bar No.: 8-6737
        Greyson M. Goody, Esq.
        GOODY LAW GROUP
        58 Malaga Cove Plaza
        Palos Verdes Estates, CA 90274
        Telephone: (310) 893-1983
        Email: taly@GoodyLawGroup.com
        greyson@GoodyLawGroup.com
        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ T. Michael Morgan, Esq.*
        T. Michael Morgan, ESQ.*
        MORGAN & MORGAN, P.A
        Florida Bar No.: 062229
        **Admitted Pro Hac Vice*