Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh M. Autry, Esq.*
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
*<i>Pro Hac Vice</i>
<i>Attorney for Plaintiffs</i>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-KHR |

**PLAINTIFFS' MOTION TO ALLOW CERTAIN WITNESSES TO APPEAR AND TESTIFY VIA ZOOM AT TRIAL**

Plaintiffs, through their undersigned counsel, request this Court to allow certain witnesses to testify via Zoom videoconference at the trial of this matter, and in support thereof state:

1. The issue of allowing treating physicians to testify by live Zoom transmission was

raised at the pretrial hearing that took place on February 11, 2025. At that hearing, the Court explained its general practice for Zoom witnesses. *See* ECF No. 177 (Feb. 11, 2025, Hearing Transcript) at 8-9. Specifically, the Court laid out three requirements that must be followed to allow live zoom testimony: (1) a party must provide notice of the identity of the witnesses it seeks to call remotely; (2) a party must provide notice of when the party expects the witnesses will be called at trial; and (3) the party must ensure that the witnesses has the capability to utilize Zoom in a way that the court and jury will be able to hear and see the witness during the course of providing testimony. *Id*.

2. Regarding the first requirement of this Court's general practice, Plaintiffs identify and seek permission for the following witnesses to appear at trial via Zoom videoconferencing:

1) **Christopher LaChappelle, M.D.:** Dr. LaChappelle is an out-of-state treating provider for Plaintiffs, Stephanie Wadsworth and W.W., a minor child. He is a burn surgeon at the University of Utah Burn Center and maintains an active and demanding clinical schedule. The Burn Center is located **463 miles from the courthouse**. Allowing Dr. LaChappelle to testify via Zoom will minimize disruptions to his clinical and patient care responsibilities, ensuring continuity of treatment for critically injured burn patients.

2) **Callie Thompson, M.D.:** Dr. Thompson is an out-of-state treating provider for Plaintiffs, Stephanie Wadsworth and W.W., a minor child. She is a burn surgeon at the University of Utah Burn Center and maintains an active and demanding clinical schedule. The Burn Center is located **463 miles from the courthouse**. Allowing Dr. Thompson to testify via Zoom will minimize disruptions to her clinical and patient care responsibilities, ensuring continuity of treatment for critically injured burn patients.

3) **Giavonni Lewis, M.D.:** Dr. Lewis is an out-of-state treating provider for Plaintiffs, Stephanie Wadsworth and W.W., a minor child. She is a burn surgeon at the University of Utah Burn Center and maintains an active and demanding clinical schedule. The Burn Center is located **463 miles from the courthouse**. Allowing Dr. Lewis to testify via Zoom will minimize disruptions to her clinical and patient care responsibilities, ensuring continuity of treatment for critically injured burn patients.

4) **Scott Sulentich, M.D.:** Rock Springs Plastic Surgery Center: Dr. Sulentich is a treating plastic surgeon for Plaintiff, Stephanie Wadsworth. He maintains a busy

       clinical practice split between Rock Springs, Wyoming, which is **259 miles from the courthouse**, and Yampa Valley Medical Center in Steamboat Springs, Colorado, part of UC Health, which is **171 miles from the courthouse**. Requiring Dr. Sulentich to testify in person would significantly disrupt his clinical schedule across both locations. Allowing him to testify via Zoom will minimize interference with patient care and ensure continuity of treatment for his patients**.**

5) **Malinda "Mindy" Tollefson, CCSW, Professional Counseling Services**: Ms. Tollefson is a treating mental health counselor for the minor Plaintiffs K.W., G.W., L.W., and W.W. She maintains an active clinical practice in Green River, Wyoming, which is **273 miles from the courthouse**. Requiring Ms. Tollefson to testify in person would significantly disrupt her patient care schedule. Allowing her to testify via Zoom will minimize interference with her clinical responsibilities and ensure continuity of care for her patients.

    3.    Witnesses #1 through #4 were properly disclosed pursuant to the Court's Uniform Trial Order to potentially appear remotely at the trial. *See* ECF No. 166-3 at 2 and 5. (Plaintiffs' Witness List). While Plaintiffs initially listed Mindy Tollefson, CCSW, as an in-person witness, it has been brought to counsel's attention that requiring her to travel **256 miles** to testify in person would place a significant undue burden on her private clinical practice and necessitate shutting down patient care during her absence. Given these circumstances, Plaintiffs respectfully request that Ms. Tollefson also be permitted to testify via Zoom to minimize disruption to her professional and patient obligations while ensuring her testimony remains available to the Court.

    4.    Further, all five witnesses reside outside the Court's 100-mile subpoena radius, and three of them are out-of-state providers. *See* Fed. R. Civ. P. 45(c)(1)(A). As such, compelling their in-person attendance at trial is not feasible, and allowing them to testify via Zoom is the most practical and efficient means of securing their testimony while minimizing disruptions to their professional and patient responsibilities.

    5.    Regarding the second requirement of this Court's general practice, Plaintiffs anticipate that these witnesses will likely be called to testify on **Thursday, March 6, 2025, Friday,**

**March 7, 2025, and Monday, March 10, 2025**. Due to scheduling limitations, the specific time each witness will be called cannot be determined at this time. Plaintiffs will make every effort to provide the Court and opposing counsel with adequate notice of the expected testimony times as soon as practicable.

6. While Plaintiffs anticipate calling these witnesses on the dates listed above, the order and timing of their testimony may shift due to the normal course of trial and unforeseen scheduling adjustments. Nevertheless, Plaintiffs will keep the Court and Defendants informed of any changes and will provide prompt notice of any modifications to the scheduled date or time of each witness's testimony.

7. Regarding the third requirement of the Court's general practice, Plaintiffs will ensure that all witnesses have the necessary technological capabilities to allow the Court and jury to clearly hear and see them during their live remote testimony.

8. Therefore, in accordance with the Court's general policy for live Zoom testimony, Plaintiffs respectfully request that the Court grant this Motion and permit the five witnesses listed above to testify remotely at trial.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully move this Honorable Court for entry of an Order permitting witnesses to appear and testify via Zoom videoconferencing during the trial of this matter.

Pursuant to Local Rule 7.1(b)(1)(A), Plaintiffs' counsel has conferred with Defendants' counsel and Defendants oppose this motion.

Date: February 25, 2025               */s/ T. Michael Morgan, Esq.*
                                      **T. Michael Morgan, Esq.***
                                      Florida Bar No.: 062229
                                      MORGAN & MORGAN, P.A.

4

20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com

**Joshua Michael Autry, Esq.***
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
**Pro Hac Vice*
*Counsel for the Plaintiffs*

Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ T. Michael Morgan, Esq.
T. Michael Morgan, ESQ.*
MORGAN & MORGAN, P.A
Florida Bar No.: 062229
**Admitted Pro Hac Vice*

5