Christoper C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No. 2:23-cv-00118-KHR<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S ORDER AS TO NON-EXPERT TESTIMONY** |

Defendants Walmart, Inc. ("Walmart") and Jetson Electric Bikes, LLC ("Jetson"), by and through their undersigned counsel, hereby respond to *Plaintiffs' Motion for Clarification of the Court's Order as to Non-Expert Testimony* (ECF No. 196, hereinafter *Motion*). Through the present *Motion*, Plaintiffs seek to exclude their own highly relevant (albeit unfavorable to Plaintiffs) statements relaying their observations and perceptions of the fire at issue **while** it occurred. To make this absurd request, Plaintiffs rely upon this Court's ruling excluding non-disclosed <u>expert</u> testimony of Detective Jeff Sheaman and Fire Chief Bill Robinson, who visited the scene of the fire after the fact and formulated opinions as to its cause and origin without considering all of the relevant evidence. As explained below, the minor Plaintiffs' and Mr.

1

Pasborg's statements of their first-hand observations are starkly different than the speculative expert opinions of two fire officials who formulated hypotheses and opinions after the event at issue. In short, this is a difference between opinion testimony under Federal Rules of Evidence 701 and 702, which this Court has already explained in its *Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Ruling on Defendants' Motions to Exclude Three Witnesses* (ECF No. 143, hereinafter *Order*). Moreover, the minor Plaintiffs and Mr. Pasborg are simply testifying about their observations in real time on the morning of the fire, of which they have personal knowledge and is further admissible under Federal Rules of Evidence 602.

For the Court's convenience, Defendants have uploaded a full copy of Detective McPhie's (n/k/a Detective Merrell) body camera footage to a flash drive for the Court's review, which will be delivered in person to the Court the morning of February 26, 2025. A link is simultaneously being delivered to Plaintiffs' counsel. The parties have already stipulated to the authenticity of this body camera video. The full video is approximately 30 minutes long. Per an email from Plaintiffs' counsels' office, Plaintiffs apparently intend to remove the following sections from the body camera video: 5:41-5:43; 7:35-8:03; 10:41-10:43; and 12:56-13:11. The portions that Plaintiffs seek to eliminate go directly to the minor Plaintiffs and Mr. Pasborg's observations and perceptions the morning of the fire.

## OPINION TESTIMONY STANDARDS

Opinion testimony can be offered in two circumstances: through an expert or through a lay person. Expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as **an expert by knowledge, skill, experience, training, or education** may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and
>   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

F.R.E. 702 (emphasis added).

As the Court explained in its *Order*, expert testimony that falls under 702 must be disclosed under Fed. R. Civ. P. 26(a)(2), whether the witness is specifically retained or not. ECF No. 143, *Order*, at pp. 13-14. Courts provide a gatekeeping function to admit or limit expert opinions offered under this rule to ensure reliability.

Lay opinions are governed by Rule 701, which provides:

> If a witness **is not testifying as an expert**, testimony in the form of an opinion is limited to one that is:
>   (a) rationally based on the witness's perception;
>   (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>   (c) **not based on scientific, technical, or other specialized** knowledge within the scope of Rule 702.

F.R.E. 701 (emphasis added).

"The perception requirement stems from F.R.E. 602 which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact." *United States v. Bush,* 405 F.3d 909, 916 (10th Cir. 2005) (internal quotation marks omitted). The non-scientific-knowledge requirement, in turn, prohibits lay witnesses from expressing opinions as to matters "which are beyond the realm of common experience and which require ... special skill and knowledge." *James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1214 (10th Cir. 2011). If a witness's testimony "results from a

process of reasoning which can be mastered only by specialists in the field," it is expert testimony subject to expert disclosure requirements. F.R.E. 701 advisory committee's note (2000 Amend.).

As the Tenth Circuit has acknowledged:

> "The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences."

*James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng.*, 57 F.3d 1190, 1196 (3d Cir.1995)).

Testimony under Rule 701 does not need to be disclosed under Fed. R. Civ. P. Rule 26(a)(2) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.").

## ARGUMENT

### A. Defendants have not violated or contradicted the *Order* or Final Pretrial Conference rulings.

Plaintiffs suggest Defendants have violated the *Order* or this Court's rulings during the Final Pretrial Conference. The argument misconstrues the conversation during the Final Pretrial Conference. Defense counsel sought confirmation that Detective Sheaman and Chief Robinson's expert opinions excluded through the *Order* would not be admitted through evidence other than direct testimony. "With the Court's order excluding any opinion testimony from Robinson and Sheaman, we just want to make sure that **that** opinion testimony is not admissible through any other avenue." ECF No. 196-1, 48:10-13 (emphasis added). This clearly limited the "clarification" to the excluded expert opinions of Detective Sheaman and Chief Robinson. Counsel gave the specific examples, *e.g.*, Mr. King's reliance on "these two gentlemen's area of origin[,]" "some of

4

the interviews which were recorded of the children, which Mr. Sheaman certainly lists his opinions throughout those interviews." *Id.* at 48:13-16; 49:5-7. The entire conversation surrounding this topic during the Final Pretrial Conference was specific to Detective Sheaman and Chief Robinson. There was no broader ruling which excluded ***any*** testimony of a **lay** witness (which Sheaman and Robinsons are not) regarding where the fire started based on their personal observations. Plaintiffs certainly did not raise their intention of limiting their *own* statements during this exchange.

**B. The Court concluded Sheaman and Robinson's opinions were based upon training or specialized knowledge and therefore expert opinions under Rule 702.**

Detective Sheaman and Chief Robinson conducted investigations, created written reports that contained their findings and conclusions, and offered their opinions through depositions based upon their respective training and specialized knowledge as to the cause and origin of the fire at issue. *See e.g.,* ECF No. 101-2, *Dep. Sheaman*, at 202:17-203:4 (explaining his scientific method applied); ECF No. 103-1, *Dep. Robinson*, at 106:15-20 (indicating Robinson tries to follow NPFA 921 in conducting his investigation). The Court found both men's opinions were based upon specialized or technical knowledge, thereby requiring them to be designated. ECF No. 143, at pp. 13-14. It rejected Plaintiffs' argument that Detective Sheaman and Chief Robinson's opinions were merely "lay" opinions under Rule 702 (which would have excused Plaintiffs' failure to list either gentleman in their expert disclosures) is without merit. ECF No. 143, *Order*, at pp. 12-14.[1]

For this reason alone, no further "clarification" or analysis is required as suggested in the *Motion*. This Court did not preclude Rule 701 opinions when it limited Detective Sheaman and Chief Robinson's opinions.

---

[1] Defendants acknowledge the Court's decision to exclude Detective Sheaman and Chief Robinson was based upon duplicative nature of their opinions. But the important conclusion from the Court's *Order* for the present *Motion* is its ruling that Detective Sheaman and Chief Robinson were experts, not lay witnesses.

### C. The minor Plaintiffs' statements regarding their observations of the fire are factual or lay opinions admissible under Rule 701.

In contrast to Detective Sheaman and Chief Robinson's opinions, the children's opinions are permissive Rule 602 and/or Rule 701 testimony. Detective Sheaman and Chief Robinson were speaking from their trained and expert backgrounds when offering their opinion testimony. The children were speaking from their personal observations, perceptions, and impressions when they made statements describing the fire and where it started. Plaintiffs provide the examples of deposition testimony they seek to exclude, including the minor Plaintiffs' statements that "the fire started outside of the house" or "I just asked her if they knew were the fire started and she had said no, and then said outside by the shed" or "the children here are saying the fire started outside." *See* ECF No. 96-2, at 25, 30; ECF No. 96-3, at 220-221. As the Court ca see in the body camera footage provided herewith, the minor Plaintiffs were relaying their perceptions and observations in the early hours of February 1, 2022. They observed where fire was, where it was not, and where and how it grew inside and outside the house. This type of observation falls under the "prototypical" examples of lay person opinions. *See James River Ins. Co.*, 685 F.3d at 1214. The minor Plaintiffs' statements of where the fire started are rationally based upon these observations. F.R.E. 701(a); *Bush*, 405 F.3d at 916.

The minor Plaintiffs' statements and opinions regarding their perceptions during the fire are vitally important to understanding what happened in this case. The minor Plaintiffs are critical eyewitnesses to what occurred, both inside and outside the house, prior to Mr. Pasbor's arrival.[2] They are the first witnesses to the early stages of the fire and what actually occurred in the room

---

[2] Similarly, Mr. Pasborg's observations and opinions of where he saw fire based upon that first-hand perception is proper lay person opinion. Mr. Pasborg's statement were not based upon expertise, testing, or technical background. He merely recited where he saw the fire upon arrival and his lay opinions as to where it started. Again, this is extremely important information for a jury to consider to understand the factual scenario of what occurred.

where the hoverboard was located. As such, their testimony about what they saw and perceived will help the jury determine where fire was located, where it was not, and where they perceived it to have started. F.R.E. 701(b).

The children do not purport to have relied upon any specialized knowledge, training, scientific testing, measuring, or other technical basis when they made statements to Detective Merrell or Detective Sheaman (which are captured on video). F.R.E. 701(c). They simply relayed what they saw and perceived.[3] The children's statements fit every criterion of Rule 602 and Rule 701 lay testimony and are admissible.

**D. Case law demonstrates that Plaintiffs' own statements are admissible.**

This Court is also familiar with the parameters of Rule 701. In *Caldwell v. Teton Club Owners Ass'n, Inc.* a plaintiff had slipped on ice and suffered injuries after using a hot tub at a club in Teton County, Wyoming. No. 20-CV-64-NDF, 2021 WL 7209886, at *1 (D. Wyo. Apr. 6, 2021) (unreported decision). The plaintiff claimed the ice was not "natural accumulation" and relied upon his own opinion given the events he perceived that it was formed by the other guests dripping water after getting out of the hot tub. *Id.* at *4-5. This Court admitted his opinion testimony, finding it was based upon the plaintiff's perception, was helpful to understand and determine a fact in issue, and was not based upon scientific, technical, or specialized knowledge. *Id.* at * 5. Here, the minor Plaintiffs' statements are very similar to the *Caldwell* plaintiff's. They relied upon their perceptions when they made statements about where the fire started. They relied upon common logic and what they saw when stating where the fire started.

---

[3] This is notably different than Detective Sheaman and Chief Robinson's conclusions about where the fire started and its cause. These gentlemen did not "live" the fire like the minor Plaintiffs; they had to rely upon their specialized knowledge, training, testing, etc., which is why the Court deemed their opinions "expert" opinions.

Plaintiffs have cited no authority suggesting a party can seek to exclude ***their own*** statements that speak directly to the claims and factual scenario at a case. However, a similar argument has been rejected by at least one court. *Tansil v. Allstate Indem. Co*. involved an insurance contract dispute and property damage, including water damage. No. 4:12 CV 26 DDN, 2014 WL 29296, at *3 (E.D. Mo. Jan. 3, 2014) (unreported). The plaintiff objected to the defendant's use of her own statements that water was "backed up" inside and that "water from the side of the house pooled near an outside drain on the ground." *Id.* The plaintiff argued that she was not an expert and therefore her statements could not be used as to determine the "cause" of the claimed loss. *Id.* The District Court for the Eastern District of Missouri disagreed, finding the statements were properly admitted as opinion statements under Rule 701. *Id.* at **3-4. "They are her eyewitness observations and are not excludable as inadmissible opinions." *Id.* at *4. The Wadsworth children and Mr. Pasborg's opinion statements about their personal observations at the time of the fire are admissible under Rule 701 and the Plaintiffs' motion must be denied.

### E. Plaintiffs are not unfairly prejudiced by their own statements or Mr. Pasborg's.

Plaintiffs suggest some level of "unfairness" if their statements or Mr. Pasborg's are admitted. This is likely because these statements further support the fact that this fire started outside at the shed and discredit the Plaintiffs' scientifically unreliable theory that it started at the subject hoverboard. If the children's statements were that they saw the fire start at the hoverboard, Plaintiffs arguable would not object to their admissibility. Regardless, there is no "unfairness" or unlevel playing field by allowing the children to testify concerning their perceptions and observations about where the fire started and where they saw fire in the early stages of the incident while excluding Detective Sheaman and Chief Robinson's expert testimony.

The difference between the minor Plaintiffs and Detective Sheaman and Chief Robinson is demonstrated in *Gov't of Virgin Islands v. Knight*, 989 F.2d 619 (3d Cir. 1993) ("*Knight*"). *Knight* involved a criminal action where the defendant had struck a victim in the head with a pistol, which discharged and killed the victim. *Id.* at 623-24. The defendant argued the lower court erred in excluding testimony from an eyewitness as well as an investigating officer. *Id.* at 629. The eyewitness had seen the altercation and told the investigating officer that the defendant fired the gun accidentally. *Id.* at 629-630. On appeal, the Third Circuit held that the lower court properly excluded the investigating officer's opinion testimony that the shooting was accidental, as he did not observe the assault. *Id.* at 629. It found, however, that the eyewitness's testimony should have been admitted. *Id.*[4] She met the "firsthand knowledge" requirement and her opinion that the shooting was accidental would help the jury determine the defendant's guilt. *Id.* at 629-630.

Using the *Knight* analysis, the minor Plaintiffs and Mr. Pasborg would be the eyewitnesses, while Detective Sheaman and Chief Robinson would be the investigating officer. There is no unfairness or inconsistencies in allowing these witness statements, which were based on their firsthand knowledge, to be presented to the jury. The difference in allowing certain opinions while excluding others is the product of proper applications of the Federal Rules of Evidence.

In short, the present *Motion* is simply an effort to exclude unfavorable testimony without any legal basis. The children's and Mr. Pasborg's statements and basis of the same can be explored through either direct or cross-examination, as explained by the Tenth Circuit:

> "The rule assumes that the natural characteristics of the adversary system will generally lead to an acceptable result, since the detailed account carries more conviction than the broad assertion, and a lawyer can be expected to display his witness to the best advantage. If he fails to do so, cross-examination and argument will point up the weakness."

---

[4] The court ultimately found the exclusion was harmless. *Id.* at 630.

9

*Bush*, 405 F.3d at 916 (quoting Fed.R.Evid. 701, Notes of Advisory Committee on Proposed Rules).

For the foregoing reasons, Defendants respectfully ask that the Court deny Plaintiffs' motion, reaffirm its prior ruling, and allow Defendants to present highly relevant statements of the Plaintiffs and Mr. Pasborg at trial.

Dated this 26th day of February, 2025.

    /s/   Holly L. Tysse
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens (*pro hac vice*)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

*Attorneys for Defendants*