

**FILED**

*11:34 am, 2/26/25*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No. 2:23-CV-118-KHR |

### ORDER ON PLAINTIFFS' MOTION TO CLARIFY

Before the Court is Plaintiffs' Motion for Clarification of the Court's Order as to Non-Expert Testimony. [ECF No. 196]. Plaintiffs seek clarification of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Ruling on Defendants' Motions to Exclude Three Witnesses ("Order"). [ECF No. 143]. Therein, the Court granted Defendants' motion to exclude opinion testimony from Jeff Sheaman and Bill Robinson because their opinion testimony would be duplicative of Plaintiffs' expert, Michael J. Schulz. *Id.* at 14–16. Plaintiffs now contend Defendants are seeking to introduce testimony from other non-experts, including the children, on fire cause and origin. [ECF No. 196, at 3–4].

In the Order, the Court excluded Jeff Sheaman's and Bill Robinson's opinions on fire cause and origin but permitted them to testify to their observations made during their investigations. [ECF No. 143, at 16]. To clarify, Mr. Sheaman and Mr. Robinson may testify to the facts perceived through their senses, i.e. their observations made at the scene. Similarly, Plaintiffs may testify to their observations and matters they perceived. However, the Order held that the non-experts cannot offer their ultimate *opinions* as to fire origin and cause.

Dated this 26th day of February, 2025.

_____
Kelly H. Rankin
United States District Judge