Christoper C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com
*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-cv-00118-KHR <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW WITNESSES TO APPEAR AND TESTIFY VIA ZOOM AT TRIAL** |

Defendants Walmart, Inc. ("Walmart") and Jetson Electric Bikes, LLC ("Jetson"), by and through their undersigned counsel, hereby respond to *Plaintiffs' Motion to Allow Witnesses to Appear and Testify via Zoom at Trial* (ECF No. 197, hereinafter *Motion*). Through the present *Motion,* Plaintiffs seek to allow five treating providers to testify remotely via Zoom technology. Defendants respectfully request that this *Motion* be denied pursuant to Fed. R. Civ. P. 43(a) and 45. As explained below, the treating providers are outside the scope of this Court's subpoena power and relying on remote testimony creates a myriad of problems including delays in communication, difficulty with non-verbal cues, and potential technical issues with video connectivity thereby hindering and effective examination of the witnesses.

1

## STANDARD

Rule 43 governs the manner witnesses testify at trial. Fed. R. Civ. P. 43. The Rule allows for testimony by contemporaneous transmission from a different location if the testimony is presented in open court and based on a finding of good cause, in compelling circumstances, and with appropriate safeguards. Fed. R. Civ. P. 43(a). However, live testimony in court is preferred, and transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. Fed. R. Civ. P. 43 (advisory committee notes to the 1996 amendment).

Good cause and compelling circumstances arise when the witness can no longer attend the trial for unexpected circumstances, "such as an accident or illness, but remains able to testify from a different place." *Id.* at ¶ 4. The "good cause" standard is anticipated for witnesses who are already expected to attend the trial. *Black Card LLC v. Visa USA Inc.,* 2020 WL 9812009, *2 (D. of Wyo. Dec. 2, 2020).

When the Court does not have proper service under Fed. R. Civ. P. 45, Plaintiffs cannot circumvent it by requesting live video testimony under Rule 43, as it is subject to the same geographic limits as a trial subpoena under Rule 45. Thus application of Rule 43 requires the witness to either be compelled to testify at trial via Rule 45 or willing to testify at trial. *Black Card LLC v. Visa USA Inc.,* 2020 WL 9812009, *3; *see also e.g., Roundtree v. Chase Bank USA, N.A.,* No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014).

## ARGUMENT

Here, Plaintiffs contend that five of Plaintiffs treating providers are outside the Court's subpoena powers of Rule 45(c)(1)(A) and that it would be inconvenient to them to travel for in-person testimony at trial. (ECF 197). However, this Court has already held in *Black Card LLC v. Visa USA Inc.,* that "testimony by contemporaneous transmission from a different location" is

2

permitted "if the testimony is presented in open court and based on a finding of **good cause, in compelling circumstances, and with appropriate safeguards**." 2020 WL 9812009, *2 (D. of Wyo. Dec. 2, 2020) (emphasis added).

This Court further explains, in accordance with Rule 43 committee note, that "good cause" and "compelling circumstances" are likely to arise "when the witness can no longer attend the trial for *unexpected circumstances* such as an accident or illness . . ." *Id. (*emphasis added). Here, there is no indication that Plaintiffs' treating providers ever intended to appear at trial. Further, their unavailability is not due to an unexpected circumstance, nor would this trial need to be rescheduled if they could not attend because their depositions have been taken, under oath and by stenographic means. Further, it is not unanticipated or unforeseeable that the treating providers would not appear at trial as they have never been with in this Court's subpoena power.

As this Court, and Rule 43's committee note cautions, "[o]rdinary depositions, including video depositions, provide a superior means of securing the testimony of *a witness who is beyond the reach of a trial subpoena . . ." Id.* (emphasis added). Further, deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. *Id.* Here, all five witnesses identified by Plaintiffs, Christopher LaChappelle, Callie Thompson, Giavonni Lewis, Scott Sulentich, and Malinda "Mindy" Tollefson were deposed under oath on their treatment and opinions as they relate to Plaintiffs on October 21, 2024, October 15, 2024, August 4, 2024, August 27, 2024, and August 28, 2024, respectively. In fact, each deposition was taken with the intent that it would be read at trial. In each of the five depositions, counsel for the Plaintiffs made an inquiry to each stating:

```
17    Q. Describe for the jury, when we talk about
18  improvements from the laser on these burn injuries,
19  what is it that you're looking for to make the
20  determination that it's actually working?
```

Lachappelle Dep. 26:17-20.

> 15  Q.  And just so I understand and the jury, if they
> 16  get to read your deposition transcript, understands at
> 17  the university and specifically within the burn unit,
> 18  would it be fair to say all of the health care providers
> 19  operate as a team?

Thompson Dep. 11:15-19.

> 21       Q     Okay.  Could you describe for a
> 22  jury that might read this deposition
> 23  transcript the significance of 35 percent
> 24  TBSA?

Lewis Dep. 44:21-24.

> 2       You have now seen Stephanie on a number of
> 3  occasions.  What can you tell us or tell the jury
> 4  that might read your deposition transcript just
> 5  about her -- her personality, her demeanor?

Sulentich Dep. 63:2-5.

> 2  by K.W. and the other children, are you testifying and
> 3  telling a jury who might read this transcript that the
> 4  depression and self-harm was more likely than not
> 5  caused by the fire event?

Tollefson Dep. 60:2-5. As evidenced above, Plaintiffs were aware as early as August 4, 2024 that

the treating providers were not intending to attend trial and were taking their depositions to be read

into the record. To do an about face this close to trial and request that the providers be permitted

to testify remotely through contemporaneous transmission is improper.  As such, this Court should

not permit remote video testimony under Rule 43 because the Plaintiffs have not made any

showing of good cause and compelling circumstances, that would warrant an exception under Rule 43.

Further, in *Kluth v. Spurlock,* No. 21-CV-03417-NYW-SBP, 2024 WL 3329046, *1 (D. Colo. July 8, 2024), the Court was disinclined to permit remote testimony based on "recent experiences with remote testimony at trial which included technological difficulties and subsequent delays…" Just as the Colorado court experienced technological difficulties and delays, Defendants are concerned about the possibility of technological difficulties including testing of the remote connectivity, delays in communication, difficulty with non-verbal cues, among other potential technical difficulties thereby hindering an effective examination of the proposed witnesses. As the *Kluth* court reiterated "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. *Id.*

Similarly, in *Moreno v. Specialized Bicycle Components, Inc.*, No. 19-CV-01750-MEH, 2022 WL 1211582, at *1 (D. Colo. Apr. 25, 2022) the Plaintiffs asked the Court to apply Rule 45 and 43 in conjunction to compel witnesses who live more than 100 miles from the Court (*i.e.* more than 100 miles from the location of the trial) to testify by contemporaneous transmission. The Court held that, although the Tenth Circuit has not taken a position on whether Rule 43(a) may be used, there is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power. *Moreno v. Specialized Bicycle Components, Inc.,* 2022 WL 1211582, *2 (citing *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011)). The *Moreno* court held that deposition are the best method for Plaintiff to secure the testimony of the witnesses. *Moreno*, 2022 WL 1211582,

*2 (citing *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *4 (D. Wy. Dec. 2, 2020).

Just as the courts above have held, the Plaintiffs in this case have made no showing of good cause or compelling circumstances to allow the five listed treating providers to testify by contemporaneous transmission rather than live testimony.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' motion and require Plaintiffs' treating providers to either attend trial and testify in person or rely on the deposition testimony previously taken.

Dated this 26th day of February, 2025.

/s/ Eugene M. LaFlamme_____

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens *(pro hac vice)*
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

**CROWLEY FLECK, PLLP**

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

and

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

*Attorneys for Defendants*