Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh M. Autry, Esq.*
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
**Pro Hac Vice*
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-KHR |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE UNDISCLOSED EXHIBITS UNDER F.R.C.P. 37(C)**

## I. INTRODUCTION

Defendants are not entitled to the relief they seek, for many reasons detailed below, including: (a) Plaintiffs were not required to disclose documents that were within Defendants' possession, or more readily accessible to Defendants than Plaintiffs; (b) Plaintiffs were not required to disclose documents that were equally accessible to all parties, including publicly available documents; (c) at a minimum, the documents at issue may be used impeachment, and so limited, they are exempted from Rule 26's disclosure requirements; and (d) even if disclosure were required, no sanction for untimeliness is warranted under Tenth Circuit precedent and the circumstances of this case, especially not the drastic sanction of exclusion, because there is no bad faith, disruption at trial, surprise, or incurable prejudice. Alternatively, if the Court is persuaded to grant Defendants' Motion, Plaintiffs respectfully submit that it should grant the same relief against exhibits that Defendants failed to disclose during discovery or belatedly identified as trial exhibits.

## II. LEGAL STANDARD

Rule 26(a)(1)(B)(ii) requires parties to disclose

> documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

This disclosure must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e). Also, "Pretrial Disclosures" must identify exhibits, including "those items the party expects to offer and those it may offer if the need arises." FED. R. CIV. P. 26(a)(3). These disclosures are required "30 days before trial[,]" "[u]nless the court orders otherwise."[1] FED. R. CIV. P. 26(a)(3)(B).

---

[1] Defendants identify the deadline for the parties to disclose exhibits as February 10, 2025. ECF No. 192 at 5. Although that deadline was not explicitly ordered by the Court, it was agreed upon by the parties. However, both parties have produced exhibits after that date. *See* Pl. Ex. 1: 2-25-25

"If a party fails to provide information ... required by Rule 26(a) or (e), the party is not allowed to use that information ... at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard ... may impose other appropriate sanctions." FED. R. CIV. P. 37(c). "The decision to exclude evidence is a drastic sanction." *Summers v. Mo. Pac. R.R.*, 132 F.3d 599, 604 (10th Cir. 1997). In determining whether late disclosure under Rule 26(a) "was substantially justified or is harmless," the Tenth Circuit has held that courts should consider four factors:

(1) the prejudice or surprise to the party against whom the [evidence] is offered;
(2) the ability of the party to cure the prejudice;
(3) the extent to which introducing such testimony would disrupt the trial; and
(4) the [late disclosing] party's bad faith or willfulness.

*Woodworker's Supply v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999). In *Woodworker's*, during trial, the plaintiff elicited previously undisclosed damages evidence. *Id.* at 992-93. The Tenth Circuit affirmed admission of the undisclosed evidence because the defendant already knew about the damages numbers supporting the testimony, defendant could cure any prejudice by questioning the damages witness about the evidence outside the presence of the jury or by introducing contrary evidence, and there was no indication of bad faith. *Id.*

Exclusion for late disclosure under Rule 37(c) is unwarranted where the party seeking exclusion "do[es] not identify any new or surprising information." *N.M. v. Real Est. Law Ctr.,* 406 F. Supp. 3d 1049, 1083 (D. N.M. 2019); *Diener v. Malewitz*, 2019 WL 13223871, at *2 (D. Wyo. Oct. 18, 2019) ("[A] finding of incurable prejudice is less likely when 'a party already knew of the information in the untimely disclosure.'" (quoting *Walker v. Spina*, 2019 WL 145626, at *9 (D. Colo. Jan. 9, 2019))); *Diener*, 2019 WL 13223871, at *4 (declining to exclude records disclosed

---

8:35 p.m. email, attaching Pl. Ex. 2: Def updated trial ex. list, to which Exs. 584-587 were newly added, as compared to Pl. Ex. 3: Def prior trial ex. list, which Plaintiffs received 2-18-25.

2

"well after the discovery deadline and shortly before trial" because defendant "made aware of their existence well before the disclosures"). Courts have not found bad faith where there is "nothing to indicate [the late disclosing party] acted with ill will or nefarious intentions in order to gain a tactical advantage." *Miranda v. Wyo. DOT*, 2017 WL 9287016, at *5 (D. Wyo. Dec. 15, 2017).

### III. ARGUMENT

Many documents Defendants move to strike were within Defendants' possession, or more readily accessible to Defendants than Plaintiffs.[2] Defendants' assertions of ambush and prejudice ring hollow in light of their own failure to produce such documents in response to Plaintiffs' discovery requests. Plaintiffs requested information and documents from Defendants related to other incidents and communications, including many exhibits that Defendants now seek to strike.[3] Plaintiffs were unaware of the existence of these materials during discovery due to Defendants' failure to produce them. To the extent Plaintiffs learned about them after discovery, it is due to Defendants' withholding of the documents and information. Naturally, it took extra time and effort for Plaintiffs to discover them independently. Despite the timing of disclosure, such documents should not be stricken. *See SCO v. Novell,* 2007 WL 2702456, at *2 (D. Utah Sept. 11, 2007) (declining to sanction defendant for untimely disclosure where it listed plaintiff's own documents).

Other documents are equally accessible to all parties[4] and many are publicly available.[5] Such documents are beyond the scope of Plaintiffs' disclosure requirements under Rule 26. *Ayyad v. Holder*, 2014 WL 4084165, at *1 (D. Colo. Aug. 19, 2014) ("disclosure under Rule 26[] is not

---

[2] For instance, Plaintiffs' exhibit list includes incident reports that Jetson received from the U.S. Consumer Product Safety Commission (CPSC). ECF No. 166-1 at 19. Plaintiffs also listed Jetson's own FCC filings and reports at Exhibit 242. *Id.* at 25. Additional examples include consumer complaints and reviews on websites within Jetson's custody or control. *Id.* at 19.

[3] Pl. Ex. 12: Resp. to Pl. Rogs. 8-9; Pl. Ex. 5: Resp. to Pl. RFP 16-17, 23, 31, 35-42, 45-50.

[4] Plaintiffs' medical records, Ex. 18 on Pl. ex. list (ECF No. 166-1 at 2), have been equally accessible to Defendants for the last year, since Plaintiffs provided authorization. Pl. Ex. 7.

[5] As other examples, Exhibits 208-239 are all available online. ECF No. 166-1, p. 21-25.

3

required of documents of public records which are equally accessible to all"); *QS v. World Mktg.*, 2013 WL 12114508, at *3 (C.D. Cal. July 9, 2013) (denying motion to exclude publicly available documents); *Meerzon v. Martin*, 2007 WL 9783272, at *6 (D.N.J. Oct. 25, 2007) (publicly available document is "not within the possession, custody, or control of [a disclosing party]").

Further, to the extent documents are used solely for impeachment, Rule 26 explicitly exempts them from its disclosure requirements. FED. R. CIV. P. 26(a)(1)(B)(ii). **Hence, at a minimum, the documents at issue are admissible for impeachment purposes.**

Thus, a blanket order striking these exhibits is unwarranted. Moreover, exclusion is a drastic sanction. *Summers*, 132 F.3d at 604. Here, there was no surprise; Defendants can review the documents and introduce contrary evidence; there is no indication that trial will be disrupted; and there is no bad faith; hence, the *Woodworker's* factors indicate that Plaintiffs justifiably disclosed these materials as trial exhibits and any arguable prejudice is harmless.[6] To the contrary, Defendants' objection that certain exhibits are cumulative undermines any suggestion of surprise.[7] Defendants cite *Sinclair Wyo. Refin. v. Pro-Inspect,* 2014 WL 12768315, at *2 (D. Wyo. Jan. 29, 2014), where Your Honor permitted the late disclosure of a substitute expert after plaintiff's initial expert died, finding the late disclosure "substantially justified and harmless." *Sinclair* is neither on-point nor particularly helpful here, and Defendants cite no case where any court has excluded and stricken exhibits in the sweeping manner they seek.

### A. CPSC Incident Reports

---

[6] For example, Plaintiffs' Exhibit 49 is the exemplar hoverboard they plan to use as tangible evidence at trial, and—as a courtesy—Plaintiffs provided photos of Exhibit 49. ECF 166-1 at 6.

[7] For instance, Defendants challenge Plaintiffs' trial exhibits 1, 5, and 67, ECF 192 at 6, after previously characterizing those exhibits as cumulative, ECF 166-1 at 1-2, 7. Notably, Defendants do not articulate any surprise or prejudice from family photos (Pl. Trial Exs. 1, 5) or photos of the home that are similar to photos taken by Defendants' experts on site (Pl. Trial Ex. 67).

4

Defendants move to strike CPSC complaints.[8] These incident reports were already in Defendants' possession. Each report sets forth a date on which it was "Sent to Manufacturer/Importer/Private Labeler[.]"[9] In fact, Exhibit 198E includes comments from Jetson.[10] Defendants are wrong to suggest that Plaintiffs should have produced these exhibits to Defendants during discovery, and in fact, this argument reverses the parties' discovery obligations.

Defendants also characterize these documents as impermissible hearsay. Even if this argument had merit, at best, it would challenge the exhibits' admissibility, not present a basis to strike them under Rule 37(c). Not only is this argument procedurally improper, but also, it is undeveloped, and it apparently lacks substantive merit. *See Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999) ("We do not consider […] undeveloped issues.")  The CPSC incident reports are admissible for permissible, non-hearsay purposes, such as impeachment, and to establish Defendants' duties of care, including the duty to provide adequate warnings and instructions. Regardless of whether the underlying incidents described in the reports are true or not, valid purposes exist for the jury to consider the fact that the CPSC reported such incidents to Defendants, and Plaintiffs are certainly entitled to impeach any testimony to the contrary.

**B. FCC Documents**

---

[8] Defendants cite ECF 166-1, Exs. 198-200. ECF 192 at 3. This argument seems to be targeted at incident reports from the CPSC, Exs. 198-198G, but Ex. 199 is not a complaint at all (rather, it is a "CPSC Safety Alert"), and Ex. 200 is a Facebook consumer complaint, so these two exhibits appear to be erroneously included in this category. Nevertheless, Plaintiffs note that Ex. 199 was already used as a deposition exhibit—specifically, it was Ex. 54 at the deposition of Sam Husain, Jetson's corporate representative—and Plaintiffs address Ex. 200 below.

[9] Ex. 198 (Sent to Manufacturer/Importer/Private Labeler: 2/1/2016); Ex. 198A (same: 7/14/2016); Ex. 198B (same: 6/19/2020); Ex. 198C (same: 2/19/2021); Ex. 198D (same: 9/3/2021); Ex. 198E (same: 6/29/2022); Ex. 198F (same: 5/30/2024); Ex. 198G (same: 1/3/2025).

[10] Ex. 198E (under the heading "Comments from the Manufacturer/Private Labeler", a comment from "Jetson Electric Bikes" is listed, beginning as follows: "Our Customer Experience team looks forward to speaking with the customer […]").

Defendants move to strike FCC "filings, tests, or reports[,]"submitted to the FCC *by Jetson*.[11] For example, Exhibit 242B identifies Jetson in the Applicant field. Exhibits 242D and 242E are also letters from Jetson to the FCC. The publicly available FCC website confirms that Jetson submitted these materials.[12] There is no basis to strike these exhibits.

### C. Internet Comments and Reviews

Defendants move to strike social media posts and videos, Amazon reviews, and Internet-based articles, all of which were publicly available online. Further, Exhibits 200, 200A and 202 include posts and comments from Jetson's own Facebook account. Similarly, Exhibit 203 consists of customer reviews from Amazon pages within Jetson's custody.[13] Nor did Plaintiffs have any duty to disclose Exhibits 208-239, which are publicly available online. *See* ECF No. 166-1, p. 21-25. Although Plaintiffs' exhibit list did not include hyperlinks for Exhibits 200B or 240-241, they were, in fact, also posted online. Plaintiffs can properly use publicly-available Internet videos for demonstrative purposes to aid the jury's understanding of the evidence. *See U.S. v. Affleck*, 776 F.2d 1451 (10th Cir. 1985) (affirming admission of demonstrative evidence disclosed mid-trial where there was no surprise and opposing party had time to review). Defendants additionally argue that Exhibits 206-211 impermissibly reference the deaths of the children from the *Kaufman* decision, but the parties can meet and confer to discuss appropriate redactions.

### D. Pleadings from Other Litigation

Defendants move to strike pleadings relating to Jetson products. However, these exhibits are publicly available, more readily known and available to Defendants than to Plaintiffs, beyond

---

[11] ECF No. 192 at 4, citing ECF No. 166-1, Exs. 242-242E.
[12] Pl. Ex. 4.
[13] Jetson's custody and control is evidenced by information under the "Product Details" heading, including the phrase "by Jetson" and the product name "Jetson Spin All Terrain Hoverboar…"

the scope of Rule 26(a)(1)(A)(ii), and Defendants should have produced these documents in discovery.[14] At a minimum, the exhibits are admissible for impeachment.

### E. Websites and Articles Related to Lithium-Ion Batteries

Defendants move to strike websites and articles related to lithium-ion batteries. Again, however, these documents are publicly available.[15] Moreover, these exhibits are admissible for impeachment at a minimum.

### F. Documents Added on February 19, 2025

Defendants move to strike exhibits disclosed on February 19, 2025; however, there is no surprise or prejudice from these exhibits, as their contents were known and/or made available to Defendants prior to Plaintiffs' recent disclosure. Exhibits 1 and 5 include family photographs, which show their appearances over a range of years, before and after the fire. Defendants object to the recent addition of certain photos to the set, but they are in no way surprising or prejudicial.[16] Contrary to any claim of surprise, Defendants have also taken the position that the photos may be

---

[14] Plaintiffs located four unproduced Jetson lawsuits: *Demark* (Ex. 243), publicly available on Beaufort County, SC (14th Judicial Circuit) website (Entry 1-1); *Hottenstein* (Ex. 244) complaint, publicly available at D.R.I. CM/ECF (Dkt. 1-2); *Mendoza* (Ex. 245), publicly available at D. Or. CM/ECF (Dkt. 16); *Reichley* (Ex. 246), publicly available at E.D. Pa. CM/ECF (Dkt. 4-1).

[15] Ex. 248 (https://iopscience.iop.org/article/10.1149/2.F03122if/pdf); Ex. 249 (https://dacemirror.sci-hub.st/journal-article/7dd24065113f4e71fa8d2ca113c284da/wang2012.pdf); Ex. 250 (https://batteryuniversity.com/article/lithium-ion-safety-concerns); Ex. 250A (https://batteryuniversity.com/article/battery-testing-and-safety); Ex. 250B (https://batteryuniversity.com/article/bu-806a-how-heat-and-loading-affect-battery-life); Ex. 250C (https://batteryuniversity.com/article/understanding-lithium-ion); Ex. 251 (https://code-authorities.ul.com/wp-content/uploads/sites/40/2015/02/New_Science_SE_Journal_Issue_2.pdf); Ex. 251A (https://www.buckscounty.gov/2013/e-Bike-and-e-Scooter-Safety, https://www.nfpa.org/en/forms/E-Bike-Fire-Safety); Ex. 251B (https://ul.org/research-updates/what-is-thermal-runaway/); Ex. 251C (https://ul.org/research-updates/what-are-lithium-ion-batteries/).

[16] Similar photos were timely disclosed, and some were used during discovery. For instance, a photo of Stephanie Wadsworth's condition was used as an exhibit at Ryan Pasborg's deposition.

cumulative. ECF 166-1 at 1-2. What is more, Defendants had ample opportunity during discovery to learn about Plaintiffs' appearances, and the fact that Defendants never requested before and after photos belies any claim of prejudice and confirms that use of the photos would be harmless.

Additionally, Defendants move to preclude Plaintiffs from admitting portions of Exhibit 18 – W.W.'s medical records. Defendants state that the version of the exhibit provided on February 10, 2025 contains fewer pages (640) than the February 19, 2025 version (1,295 pages). Initially, Plaintiffs provided only half of W.W.'s medical records from the University of Utah Hospital as Exhibit 18; however, Defendants had authorization for the last year to obtain the medical records themselves, and Plaintiffs later provided W.W.'s complete medical records. Defendants' argument that they cannot now be expected to review or address the additional documents is without merit. All of the medical records at issue were either (i) already in Defendants' possession or (ii) could have been retrieved by Defendants. Indeed, Plaintiffs granted authorization in early 2024 for Defendants to obtain medical records. Pl. Ex. 7. In addition, Defendants' discussion of W.W.'s treatment in deposition testimony confirms their knowledge about his medical records.[17]

Exhibit 49 is an exemplar Jetson Plasma Light-Up Hoverboard that Plaintiffs intend to produce at trial. As a courtesy and a placeholder for the tangible item, which Plaintiffs could not transmit to Defendants, they submitted Exhibit 49A, photos of the exemplar hoverboard, although no such disclosure or production was required. Defendants also seek to exclude Exhibit 67, containing "photographs after the fire"; however, these photos were timely produced on February

---

[17] Pl. Ex. 8: Matthew Wadsworth Dep. (2/26/24) at 31:25-34:15 (testifying that W.W. is receiving ongoing treatment through the University of Utah); Pl. Ex. 9: Giavonni Lewis, M.D. Dep. (8/5/24) at 24:3-39:4 (director of University of Utah's Burn Center detailing W.W.'s treatment); Pl. Ex. 10: Christopher LaChapelle, M.D. Dep. (Oct. 21, 2024) at 38:2-47:24 (surgeon at the University of Utah detailing W.W.'s treatment); Pl. Ex. 11: Callie Thompson, M.D. Dep. (10/15/24) at 33:13-40:2 (surgeon at the University of Utah detailing W.W.'s treatment).

10, and they are similar to photos taken by Defendants' experts who were present at the time the homeowner took the photographs. Therefore, the photos were timely, and they contain no content that would surprise or prejudice Defendants.

As Exhibit 201 is twelve screenshot printouts of Reddit threads containing comments by Jetson representatives responding to customer complaints. Plaintiffs could permissibly use this exhibit to demonstrate notice to Defendants about the hoverboard's defect, or solely to impeach any contrary testimony. Several of the printouts contain customer complaints about a Jetson hoverboard's inability to charge or abruptly dying with evidence of a representative apologizing for the issues and directing them to a Jetson e-mail address.[18] One customer asked if they should be concerned about the hoverboard's battery catching fire.[19] In multiple threads, a Jetson representative directed a customer to a third-party site for replacement battery options.[20] For the same reasons explained above, the engagement of Jetson representatives on these Reddit threads belies Defendants' arguments to strike them.

Exhibit 225 is a publicly available article entitled "Hoverboard maker sued for $200,000 after devices caught fire, burned Abington home", and a website link to the article was already provided to Defendants in the initial exhibit list exchange. This exhibit comes as no surprise.

Exhibit 241A is footage of batteries exploding in a South Korean battery plant, and Exhibit 241B is a video demonstrating the explosion hazards from lithium-ion batteries in residential garages. These videos are proper demonstrative evidence to aid the jury in understanding how lithium-ion battery fires ignite. *See Affleck*, 776 F.2d 1451 (affirming admission of demonstrative

---

[18] *See* Exhibit 201C, Exhibit 201D, Exhibit 201G, Exhibit 201H, Exhibit 201I, Exhibit 201J, Exhibit 201K, Exhibit 201L.
[19] *See* Exhibit 201B.
[20] *See* Exhibit 201A, Exhibit 201E, Exhibit 201F.

evidence disclosed mid-trial where there was no surprise and the opposing party had ample time to review). These videos may also be used for impeachment.

### IV. ALTERNATIVELY, THE SAME RELIEF SHOULD BE GRANTED TO ALL PARTIES

Defendants have also identified trial exhibits that they failed to disclose pursuant to Rule 26 or in response to Plaintiffs' discovery requests. Most notably, Defendants' Trial Exhibit 503, a July 5, 2021 Inspection Report for a Jetson Plasma Iridescent hoverboard, should have been, but was not, produced by Defendants pursuant to FED. R. CIV. P. 26(a)(1)(A)(ii), nor in response to Plaintiffs' RFPs.[21] Defendants' failure to produce Exhibit 503 during discovery is undisputed.[22] Defendants presumably want to introduce the Inspection Report to show that the shipment was in conformity following a random inspection of 80 hoverboards. However, unlike the vast majority of exhibits that Defendants challenge as being undisclosed, Exhibit 503 was not publicly available; rather, it was within Defendants' sole possession. As a result, Plaintiffs have had no ability to discover Exhibit 503 or determine its relevance. Defendants have no basis to argue that their failure to disclose Exhibit 503 was substantially justified or is harmless. As a result, if undisclosed exhibits are stricken, Exhibit 503, and all other trial exhibits that Defendants failed to timely disclose, should also be stricken pursuant to FED. R. CIV. P. 37(c).

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF No. 191) should be denied.

---

[21] Pl. Ex. 5: Jetson's Resp. to Pl. RFP Nos. 47-49.
[22] Pl. Ex. 6: 2-10-25 5:19 p.m. email from Defense Counsel, conceding that Defendants' Trial Exhibit 503 "was not produced in discovery."

|  |  |
|---|---|
| Date: February 27, 2025 | Respectfully submitted,<br><br>*/s/ Josh Autry*<br>**Joshua Michael Autry, Esq.***<br>Pennsylvania Bar No. 208459<br>Kentucky Bar No. 98419<br>Tennessee Bar No. 41623<br>New York Bar No. 6161962<br>MORGAN & MORGAN, P.A.<br>199 Water Street, Suite 1500<br>New York, NY 10005<br>Telephone: (859) 899-8785<br>jautry@forthepeople.com<br>**Pro Hac Vice*<br><br>**T. Michael Morgan, Esq.***<br>Florida Bar No.: 062229<br>MORGAN & MORGAN, P.A.<br>20 N. Orange Ave., Suite 1600<br>Orlando, FL 32801<br>Phone: 407-420-1414<br>Email: mmorgan@forthepeople.com<br><br>**Taly Goody, Esq.**<br>Wyoming Bar No.: 8-6737<br>Greyson M. Goody, Esq.<br>GOODY LAW GROUP<br>58 Malaga Cove Plaza<br>Palos Verdes Estates, CA 90274<br>Telephone: (310) 893-1983<br>Email: taly@GoodyLawGroup.com<br>greyson@GoodyLawGroup.com<br>*Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Josh Autry
**Joshua Michael Autry, Esq.*** 
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
**Pro Hac Vice*