# EXHIBIT 5

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2ⁿᵈ Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

and

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendant,*
*Jetson Electric Bikes, LLC and Walmart Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH | ) | |
| Individually and as Parent and Legal Guardian | ) | |
| of W.W., K.W., G.W., and L.W., minor children | ) | |
| and MATTHEW WADSWORTH | ) | |
| Plaintiff, | ) | Case No. 2:23-cv-00118-NDF |
| | ) | |
| v. | ) | **JETSON ELECTRIC BIKES,** |
| | ) | **LLC'S RESPONSE TO** |
| WALMART, INC. and | ) | **PLAINTIFFS' FIRST REQUEST** |
| JETSON ELECTRIC BIKES, LLC | ) | **FOR PRODUCTION** |
| | ) | |
| Defendants. | ) | |

## JETSON ELECTRIC BIKES, LLC RESPONSE TO
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

**NOW COMES** Defendant, Jetson Electric Bikes, LLC ("Jetson"), by its attorneys, McCoy Leavitt Laskey LLC and Crowley Fleck, PLLP, and hereby responds to Plaintiffs' First Request for Production as follows:

## REQUEST FOR PRODUCTION

1.   All policies of insurance, including excess and umbrella policies, naming you as an insured and which would provide coverage for Plaintiffs' injuries and damages at issue in this case in the event judgment is entered against you.

**RESPONSE**: *See attached declarations pages. Copies of the applicable insurance policies are attached.*

2.   Please identify and produce your policies and procedures relating to record retention, and destruction.

**RESPONSE**: *Jetson does not have a written document retention policy, but it follows the UL and CPSC guidelines with respect to documents applicable to those guidelines.*

3.   All photographs, video recordings, and audio recordings depicting the Subject Hoverboard.

**RESPONSE**: *Objection. This Request seeks the premature disclosure of expert materials. Subject to and without waiving said objection, please see the photos and videos from the Sweetwater County Sherriff's Office that were previously produced as part of Jetson's Rule 26 Initial Disclosures. This Request will be further supplemented with any applicable responsive documents following Jetson's expert disclosures.*

4.   All documents and statements made by Plaintiffs relating to the Subject Hoverboard.

**RESPONSE**: *Please see the documents, videos and recordings from the Sweetwater County Sherriff's Office that were previously produced as part of Jetson's Rule 26 Initial Disclosures. In addition, please see the deposition transcripts from Plaintiffs' depositions.*

2

5.  All documents and statements made by Plaintiffs relating to Plaintiffs' injuries and damages at issue in this case.

**RESPONSE**: *Please see the documents, videos and recordings from the Sweetwater County Sherriff's Office that were previously produced as part of Jetson's Rule 26 Initial Disclosures. In addition, please see the deposition transcripts and exhibits from Plaintiffs' depositions and Plaintiffs' medical records that have been produced in this case.*

6.  All documents and statements made by any person or entity not a party to this lawsuit relating to the Subject Hoverboard.

**RESPONSE:** *Please see the documents, videos and recordings from the Sweetwater County Sherriff's Office that were previously produced as part of Jetson's Rule 26 Initial Disclosures. In addition, please see the deposition transcripts and deposition exhibits from Plaintiffs' depositions, the various fact witnesses that have been deposed to date and any additional depositions that may be taken in the future.*

7.  All documents and statements made by any person or entity not a party to this lawsuit relating to Plaintiffs' injuries and damages at issue in this case.

**RESPONSE**: *Please see the documents, videos and recordings from the Sweetwater County Sherriff's Office that were previously produced as part of Jetson's Rule 26 Initial Disclosures. In addition, please see the deposition transcripts and deposition exhibits from the various fact witnesses that have been deposed to date, any additional depositions that may be taken in the future and Plaintiffs' medical records that have been produced in this case.*

8.  All documents and statements made by you or on your behalf relating to your investigation of the Subject Hoverboard.

**RESPONSE**: *Objection. This Request seeks the premature disclosure of expert opinions and materials, attorney work product documents and/or attorney client communication. Subject to and without waiving said objections, Jetson will supplement this response with its expert disclosures consistent with the case management order deadlines.*

9.  All documents and statements made by you or on your behalf relating to your investigation of the Plaintiffs' injuries and damages at issue in this case.

**RESPONSE**: *Objection. This Request seeks the premature disclosure of expert opinions and materials, attorney work product documents and/or attorney client*

*communication. Subject to and without waiving said objections, Jetson will supplement this response with its expert disclosures consistent with the case management order deadlines.*

10. All documents and/or items used by you to market, advertise, distribute, promote, and sell Hoverboards, such as the Subject Hoverboard.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, see attached documents.*

11. All documents reflecting warranties you provided with the Subject Hoverboard.

**RESPONSE:** *See attached documents.*

12. All documents reflecting warranties provided by the manufacturer of the Subject Hoverboard.

**RESPONSE**: *See attached documents.*

13. All documents, bills of sale, and receipts reflecting the sale of the Subject Hoverboard to co-defendant, Walmart, Inc.

**RESPONSE**: *Please see the Walmart receipt produced by Plaintiffs. Because the serial number on the Subject Hoverboard was not identifiable, Jetson does not have any further responsive documents.*

14. All documents, bills of sale, and receipts reflecting the purchase of the Subject Hoverboard from the original manufacturer.

**RESPONSE**: *Because the serial number on the Subject Hoverboard was not identifiable, Jetson does not have any responsive documents.*

15. All packaging, manuals, instructions, warnings, pamphlets, labels, stickers, and other literature you provided with the Subject Hoverboard.

**RESPONSE**: *Please see documents produced in response to Jetson's Rule 26 Initial Disclosures. See also, documents attached.*

16. All documents relating to claims submitted to you or lawsuits filed against you at any time from January 1, 2015, to the present that involve an allegation or evidence that an individual was injured when a Hoverboard they owned caught fire.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Subject to and without waiving said objections, none.*

17. All documents relating to claims submitted to you or lawsuits filed against you at any time from January 1, 2015, to the present that involve an allegation or evidence that an individual was injured when a lithium-ion battery they owned caught fire.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Subject to and without waiving said objections, none.*

18. All warranty claims submitted to you at any time from January 1, 2015, to the present relating to Hoverboard failures, fires, or other damage.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further, the terms "failures" and "other damage" are exceedingly vague and overbroad. These exceedingly vague and overbroad terms could include, in theory, damage to a wall because someone riding on a hoverboard ran into the wall – as an example. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson*

*preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Subject to and without waiving said objections, Jetson is not aware of any other warranty claims for the Jetson Plasma model that involved a fire.*

19. All warranty claims submitted to you at any time from January 1, 2015, to the present relating to lithium-ion battery failures, fires, or other damage.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further, the terms "failures" and "other damage" are exceedingly vague and overbroad. These exceedingly vague and overbroad terms could include, in theory, damage to a wall because someone riding on a hoverboard ran into the wall – as an example. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Subject to and without waiving said objections, Jetson is not aware of any other warranty claims for the Jetson Plasma model that involved a fire.*

20. All documents relating to your standards, guidelines, protocols, policies, and procedures for Hoverboard testing, inspection, and quality assurance that were in effect at the time the Subject Hoverboard was in your possession, custody, or control.

**RESPONSE**: *This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, the Jetson Plasma model components and combination of components are selected and manufactured by Yueyang Aidaxing Intelligent Technology Co., Ltd. and its subcomponent suppliers and tested pursuant to Underwriter's Laboratories ("UL") requirements. Jetson relies upon the testing, inspection and quality assurances of the manufacturer Yueyang Aidaxing Intelligent Technology Co., Ltd. consistent with the requirements set forth by Underwriter's Laboratories. See applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.*

21. All documents and reports relating to your testing, inspection, and quality assurance pertaining to the Subject Hoverboard.

**RESPONSE**: *See Response to Request No. 20.*

22. All documents relating to your standards, guidelines, protocols, policies, and procedures for Hoverboard testing, inspection, and quality assurance that are in effect now.

**RESPONSE**: *Objection. Jetson's current standards, guidelines, protocols, policies, and procedures are not relevant to Plaintiffs' claims in this case which involve a Jetson Plasma model hoverboard that was purchased in 2021. Subject to said objections, see applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.*

23. All testing, inspection, and quality assurance reports made by you or on your behalf from January 1, 2015, to the present relating to a Hoverboard.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to said objections, see applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.*

24. All documents and communications used or consulted when creating the reports you produced in response to request for production number 23.

**RESPONSE**: *Please see Response to Request No. 23.*

25. All documents reflecting the standards, guidelines, protocols, policies, and procedures you use when determining whether to recall a product.

**RESPONSE**: *Jetson relies on its consultation with CPSC counsel to assess whether to recall a product.*

26. All documents reflecting any recalls of the Subject Hoverboard model.

**RESPONSE**: *None.*

27. All documents reflecting the standards, guidelines, protocols, policies, and procedures you use when determining whether to stop selling a product.

**RESPONSE**: *Objection. This Request is not relevant to Plaintiffs' claims in this case. Further it is not proportional to the needs of this case as the Request is not limited to the Jetson Plasma model. Subject to said objections, products are discontinued and/or replaced by new models in response to consumer, marketplace and retailer trends and preferences.*

28. All documents relating to any safety review of the Hoverboard products you sell.

**RESPONSE**: *This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, the Jetson Plasma model components and combination of components are selected and manufactured by Yueyang Aidaxing Intelligent Technology Co., Ltd. and its subcomponent suppliers and tested pursuant to Underwriter's Laboratories ("UL") requirements. Jetson relies upon the testing, inspection and quality assurances of the manufacturer Yueyang Aidaxing Intelligent Technology Co., Ltd. consistent with the requirements set forth by Underwriter's Laboratories. See applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.*

29. All documents relating to any safety review of lithium-ion batteries in your products.

**RESPONSE**: *This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, the Jetson Plasma model components and combination of components are selected and manufactured by Yueyang Aidaxing Intelligent Technology Co., Ltd. and its subcomponent suppliers and tested pursuant to Underwriter's Laboratories ("UL") requirements. Jetson relies upon the testing, inspection and quality assurances of the manufacturer Yueyang Aidaxing Intelligent Technology Co., Ltd. consistent with the requirements set forth by Underwriter's Laboratories. See applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.*

30. All brochures, manuals, instructions, written materials, advertising materials, or other documents relating to the Subject Hoverboard.

**RESPONSE**: ***See responsive documents related to the Plasma model produced herewith and previously produced as part of Jetson's Rule 26 Initial Disclosures.***

31. All manuals, instructions, or written materials provided with any Hoverboard product since January 1, 2015.

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving the same, see responsive documents related to the Plasma model produced herewith and previously produced as part of Jetson's Rule 26 Initial Disclosures.***

32. All contracts and agreements between you and any other person or entity relating to the defense of this lawsuit or which in any way limits or apportions any amount for which you may be held responsible as a consequence of this lawsuit.

**RESPONSE**: ***See attached Walmart General Merchandise Agreement.***

33. All documents, including change orders, reflecting any change in the design or formulation of the Subject Hoverboard product line made between January 1, 2015, and the present.

**RESPONSE**: ***The Jetson Plasma model was designed by Yueyang Aidaxing Intelligent Technology Co., Ltd. See attached documents for the Jetson Plasma hoverboard.***

34. All vendor agreements, supply agreements, and distribution agreements executed between you and any person or entity between January 1, 2015, and the date of the subject incident relating to the supply or procurement of any component, part, assembly, or compound used to make the Subject Hoverboard.

**RESPONSE**: ***Objection. Jetson Electric Bikes, LLC was a non-manufacturing distributor of the Subject Hoverboard. Subject to and without waiving said objections, see attached documents.***

35. All communications, internal or with third parties, concerning Hoverboard "fires" or injuries to Hoverboard users from Hoverboards catching fire.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached hereto related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.*

36. All communications, internal or with third parties, concerning lithium-ion battery "fires" or injuries to product users from lithium-ion batteries catching fire.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.*

37. Copies of each communication, if any, with Walmart, Inc., from January 1, 2015, to present relating to Hoverboards provided to Walmart, Inc. for sale.

**RESPONSE**: *Objection. Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, see attached Walmart General Merchandise Agreement.*

38. From January 1, 2015, to present, copies of each claim, lawsuit, deposition transcript or statement, electronic record, email, complaint, consumer letter incident report, or any other documents received by you or in your possession, custody or control, in which some person, plaintiff, complainant, or entity alleges any malfunction or defect causing overheating, thermal runways, fire, short-circuit, venting, and/or explosion involving Hoverboards, whether injury did or did not occur.

**RESPONSE**: ***Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.***

39. From January 1, 2015, to present, copies of each claim, lawsuit, deposition transcript or statement, electronic record, email, complaint, consumer letter incident report, or any other documents received by you or in your possession, custody or control, in which some person, plaintiff, complainant, or entity alleges any malfunction or defect causing overheating, thermal runways, fire, short-circuit, venting, and/or explosion involving lithium-ion batteries, whether injury did or did not occur.

**RESPONSE**: ***Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all***

*objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.*

40. Please identify and produce all documents and materials that were provided to and/or obtained by you, from any source during from January 1, 2015, to present that mention or discuss potential dangers of Hoverboards, including but not limited to overheating, thermal runaways, short-circuits, venting, fires, and/or explosions.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached hereto related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.*

41. Please identify and produce all documents and materials that were provided to and/or obtained by you, from any source during from January 1, 2015, to present that mention or discuss potential dangers of lithium-ion batteries, including but not limited to overheating, thermal runaways, short-circuits, venting, fires, and/or explosions.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all*

12

*objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached hereto related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.*

42. Please produce any correspondence, complaints, communications, or documents received prior to the date of the subject incident regarding any complaints, issues, malfunctions, or defects with Hoverboards.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Further object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. Jetson preserves any and all objections related to the admissibility of such other similar incident discovery at trial. Moreover, this Request seeks documents that are protected by the attorney work product privilege and attorney client communication. Subject to and without waiving said objections, please see the documents attached hereto related to the USAA General Indemnity Company a/s/o Donwell v. Jetson Electric Bikes LLC and Walmart, Inc. case from the District Court of Oklahoma County, State of Oklahoma.*

43. Please produce a copy of all documentation of the sale of Hoverboard products you sold to co-defendant Walmart, Inc., from January 1, 2015, to present.

**RESPONSE**: *Objection. This Request seeks documents that are not relevant to the Plaintiffs' claims as they are not limited to the Subject Hoverboard. Moreover, this Request is not proportional to the needs of this case as it exceedingly overbroad as it relates to all Jetson hoverboard models and all sales of each model to Walmart. Subject to and without waiving said objections, see document produced related to the Plasma model hoverboard.*

44. Please identify and produce your policies and procedures from January 1, 2015 to present relating to selection, inspection, examination, or testing of the lithium-ion batteries you place in Hoverboards.

**RESPONSE**: *This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, the Jetson Plasma model components and combination of components are selected and manufactured by Yueyang Aidaxing Intelligent Technology Co., Ltd. and its subcomponent suppliers, tested pursuant to Underwriter's Laboratories ("UL") requirements. Jetson relies upon the testing, inspection and quality assurances of the manufacturer Yueyang Aidaxing Intelligent Technology Co., Ltd. consistent with the requirements set forth by Underwriter's Laboratories. See applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.*

45. Please identify and produce any record, report, memorandum, or any other communication by an employee or agent of Jetson Electric Bikes, LLC, to any other employee, agent, or manager, of Jetson Electric Bikes, LLC, or any other potential Party to this lawsuit providing warnings that Hoverboards were susceptible to short-circuiting, overheating, exploding, catching fire, or in any other way creating a serious risk of injury to the user.

**RESPONSE**: *This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, none.*

46. Please identify and produce any record, report, memorandum, or any other communication by an employee or agent of Jetson Electric Bikes, LLC, to any other employee, agent, or manager, of Jetson Electric Bikes, LLC, or any other potential Party to this lawsuit providing warnings that lithium-ion batteries were susceptible to short-circuiting, overheating, exploding, catching fire, or in any other way creating a serious risk of injury to the user.

**RESPONSE**: *This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, none.*

47. Please identify and produce any inspection records or reports relating to Hoverboards prior to the date of incident.

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard. For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, the Jetson Plasma model components and combination of components are selected and manufactured by Yueyang Aidaxing Intelligent Technology Co., Ltd. and its subcomponent suppliers, tested pursuant to Underwriter's Laboratories ("UL") requirements. Jetson relies upon the testing, inspection and quality assurances of the manufacturer Yueyang Aidaxing Intelligent Technology Co., Ltd. consistent with the requirements set forth by Underwriter's Laboratories. See applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.***

48. Please identify and produce any inspection records or reports relating to Hoverboards after the date of incident.

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard and it seeks inspection records or reports after the Subject Hoverboard was purchased in 2021.  For the same reasons, this Request seeks documents that are not proportional to the needs of the case.***

49. Please identify and produce any expert reports, logs, or notes relating to inspections or investigations of Hoverboards prior to the date of the subject incident.

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard.  For the same reason, this Request seeks documents that are not proportional to the needs of the case. Subject to and without waiving said objections, the Jetson Plasma model components and combination of components are selected and manufactured by Yueyang Aidaxing Intelligent Technology Co., Ltd. and its subcomponent suppliers and tested pursuant to Underwriter's Laboratories ("UL") requirements. Jetson relies upon the testing, inspection and quality assurances of the manufacturer Yueyang Aidaxing Intelligent Technology Co., Ltd. consistent with the requirements set forth by Underwriter's Laboratories. See applicable UL, UN38.3, FCC, DOE/CEC, MSDS standards which describe and identify all testing protocols associated with these standards and are publicly available. See also attached documents for the Jetson Plasma hoverboard.***

50. Please identify and produce any expert reports, logs, or notes relating to inspections or investigations of Hoverboards after the date of the subject incident.

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Request is not limited to the Jetson Plasma hoverboard and it seeks inspection records or reports after the Subject Hoverboard was purchased in 2021. For the same reasons, this Request seeks documents that are not proportional to the needs of the case***

51. All discovery materials—including interrogatory answers, responses to requests for admission, responses to document requests, and documents produced in discovery—produced by Jetson Electric Bikes, LLC, in Kaufman et al v. Jetson Electric Bikes, LLC, Case No. 5:22-cv-03765-JFL (United States District Court Eastern District of Pennsylvania).

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Kaufman case did not involve a Jetson Plasma hoverboard. For the same reasons, this Request seeks documents that are not proportional to the needs of the case.***

52. Any and all documents produced or created by Jetson Electric Bikes, LLC, during its investigation into the incident surrounding Kaufman et al v. Jetson Electric Bikes, LLC, Case No. 5:22-cv-03765-JFL (United States District Court Eastern District of Pennsylvania).

**RESPONSE**: ***This Request seeks documents that are not relevant to Plaintiffs' claims in this case as the Kaufman case did not involve a Jetson Plasma hoverboard. For the same reasons, this Request seeks documents that are not proportional to the needs of the case. Additionally, this Request seeks disclosure of documents that were prepared in anticipation of litigation and constitute attorney work product and/or attorney client communication.***

**McCOY LEAVITT LASKEY LLC**
Attorneys for Defendants, Jetson Electric Bikes,
LLC and Walmart Inc.

Dated: June 14, 2024                    By:

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens (*pro hac vice*)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

and

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2024, a true and correct copy of the foregoing

was emailed to all counsel via email as follows:

Taly Goody – Taly@goodylawgroup.com

Greyson Goody – greyson@goodylawgroup.com

T. Michael Morgan – mmorgan@forthepeople.com; akelseyflowers@forthepeople.com

Eitan Goldrosen – egoldrosen@forthepeople.com; rhansch@forthepeople.com

Rudwin Ayala – rayala@forthepeople.com; csmaya@forthepeople.com