# EXHIBIT 12

Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

and

Eugene M. LaFlamme *(Admitted pro hac vice)*
Jared B. Giroux *(Admitted pro hac vice)*
Jillian L. Lukens (*Admitted pro hac vice*)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendant,*
*Jetson Electric Bikes, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH Plaintiff, | ) ) ) ) ) ) | Case No. 2:23-cv-00118-NDF |
| v. | ) ) | **JETSON ELECTRIC BIKES,** **LLC'S OBJECTIONS AND** |
| WALMART, INC. and JETSON ELECTRIC BIKES, LLC | ) ) ) | **ANSWERS TO PLAINTIFFS'** **FIRST INTERROGATORIES** |
| Defendants. | ) | |

**JETSON ELECTRIC BIKES, LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES**

**NOW COMES** Defendant, Jetson Electric Bikes, LLC ("Jetson"), by its attorneys, McCoy Leavitt Laskey LLC and Crowley Fleck, PLLP, and hereby responds to Plaintiffs' First Interrogatories as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Prior to answering these interrogatories, have You made a due and diligent search of all books, records, and papers of the Defendant and due and diligent inquiry of all agents and employees of the Defendant with a view to eliciting all information available in this action?

**ANSWER:** *Jetson has complied with the applicable Federal Rules of Civil Procedure in responding to discovery.*

**INTERROGATORY NO. 2:** Do you contend any person or entity other than You is, or may be, liable in whole or in part for the claims asserted against you? If so, identify such person or entity, the legal basis for your contention, the facts or evidence upon which you contention is based, and whether or not you have notified each such person or entity of your contention.

**ANSWER:** *Objection. This Interrogatory seeks the premature disclosure of expert opinions. Subject to and without waiving said objections, the fire originated at the smoking shed located outside the Wadsworth home. Jetson will supplement this answer consistent with the expert disclosure deadline in the Court's Case Management Order.*

**INTERROGATORY NO. 3:** Did the defendant sell the subject product? If so, state the:

   a. Date of sale;
   b. The location of the store or outlet where the sale took place;
   c. The names and addresses of all persons who were present or could have been present at the time of sale.

**ANSWER:**   *Yes.*

 a.  Date of Sale:

 *Plaintiffs have provided a purchase receipt from Walmart Supercenter #1461, 201 Gateway Blvd, Rock Springs, WY 82901, which is dated December 21, 2021.*

 b.  The location of the store or outlet where the sale took place:

 *Plaintiffs have provided a purchase receipt from Walmart Supercenter #1461, 201 Gateway Blvd, Rock Springs, WY 82901.*

 c.  The names and addresses of all persons who were present or could have been present at the time of sale:

 *Unknown.*

**INTERROGATORY NO. 4:**   State the nature and extent of all liability insurance coverage of every kind available directly or indirectly to you to pay any judgment awarded in this action and include the name or names of each insurance company and the applicable limits of liability insurance in effect for each entity and/or occurrence. If there is/was more than one policy of insurance applicable in this instance, identify each insurance company as indicated above and state which liability insurance company is the primary insurance carrier and identify any and all self-insurance, secondary, reserve, and/or umbrella liability insurance carriers, if any.

**ANSWER:**   *Lloyd's primary: $2MM limit*
*Policy Period: 1/14/21- 4/14/22*
*Policy #: B0180PN2101080*

*Lloyd's excess: $3MM xs Primary*
*Policy Period: 1/14/21- 4/14/22*
*Policy #: B0180PN2104344*

*Lloyd's excess: $5MM xs $5MM.*
*Policy Period: 1/14/21- 4/14/22*
*Policy #: B0180PN2102593*

*Kinsale Excess: $5MM xs $10MM*
*Policy Period: 1/14/21- 4/14/22*

*Policy #: 01001377810*

**INTERROGATORY NO. 5:** Have you made an agreement with anyone which would limit any party's liability from any of the damages alleged in this claim? If so, state the terms of the agreement and the parties to it.

**ANSWER:** *Yes, Jetson has picked up Walmart's tender.*

**INTERROGATORY NO. 6:** Did the defendant or any agent or employee of the defendant know of the existence of any alleged defect or defective condition in the Subject Product prior to the incident described in the Complaint?

**ANSWER:** *No, there was no defect or defective condition with the Subject Product.*

**INTERROGATORY NO. 7:** If the answer to the preceding interrogatory is in the affirmative, please state:

   a. when the defendant or any agent or employee of the defendant first learned of the existence of such alleged defective condition, giving the date and time;

   b. how the defendant or any agent or employee of the defendant learned of the existence of such defect or defective condition; and

   c. what action or actions, if any, the defendant or any agent or employee of the defendant took to remove, repair, or correct such defect or defective condition so as to safeguard the plaintiff or any user of the product.

**ANSWER:** *Not applicable.*

**INTERROGATORY NO. 8:** Describe any complaint tracking, adverse event reporting, claims tracking system, or other safety or maintenance reporting system that is maintained by You and would relate to the Subject Incident or any other similar incidents involving the Subject Product or any other similar product. Please identify the date the specific reporting system that exists was created and describe any information reflected therein about the Subject Product or the Subject Incident.

4

**ANSWER:** *Objection. This Interrogatory seeks information that is not relevant to Plaintiffs' claims in this case as the Interrogatory is not limited to the Jetson Plasma hoverboard. Further, object that the scope of other similar incident discovery is subject to the substantially similar test and, therefore, this answer is limited to those incidents that may be considered substantially similar based on the allegations contained in the Complaint. For the same reason, this Interrogatory seeks information that is not proportional to the needs of the case. Subject to and without waiving said objections, Jetson reports notices of potential fire claims to its insurer and the investigation into such claims is then handled through outside counsel and/or litigation consultants in anticipation of litigation.*

**INTERROGATORY NO. 9:** Please identify whether You have ever been notified of any accident, incident, or injuries caused by the Subject Product or other similar products which were installed by you and emitted toxic gas. For each such identified prior accident, incident, or injury, please provide the name of the claimant, date of injury, which product was involved, and the name and address of the employee(s) who installed the product. If a lawsuit was filed on any such prior claim, please provide the name of the court in which it was filed, the case number, the case style, name of the claimant, and date of injury. This request should be interpreted to seek information relating to a time period of up to 10 years prior to the date of the underlying incident in this matter through the date of this request.

**ANSWER:** *Objection. This Interrogatory seeks information that is not relevant to the Plaintiffs' claims and is nonsensical within the context of this case as Jetson did not install the Subject Product or any products.*

**INTERROGATORY NO. 10:** Please identify all persons who are believed or known by You, Your agents, or Your attorneys to have any knowledge relating to any of the issues in this claim and specify the subject matter about which the witness has knowledge.

**ANSWER:** *The parties and individuals listed in the parties' discovery responses, Sweetwater County Sherriff's Dept. report, Sweetwater Fire District report, Green River Fire Dept. report, and the parties and individuals that have been deposed or referenced during depositions in this case.*

**INTERROGATORY NO. 11:** Please list all factors or events which you believe caused or contributed to cause the plaintiff's alleged incident.

**ANSWER:** *Objection. This Interrogatory seeks the premature disclosure of expert opinions. Subject to and without waiving said objections, the fire originated at the smoking shed located outside the Wadsworth home. Jetson will supplement this answer consistent with the expert disclosure deadline in the Court's Case Management Order.*

**INTERROGATORY NO. 12:** Please describe what You or any agent or employee of the Defendant did to resolve the problems caused by the Subject Incident after You were made aware of the Subject Incident.

**ANSWER:** *Objection. This Interrogatory is vague and ambiguous as to the term "problems". Further, this Interrogatory seeks information protected from discovery by the work-product doctrine and/or attorney-client privilege. Subject to and without waiving the same, Jetson, through counsel and litigation consultants, investigated the Subject Incident.*

**INTERROGATORY NO. 13:** Do you contend that the Plaintiffs were uninjured in the Subject Incident? If so, please provide the basis for said contention.

**ANSWER:** *Objection. This Interrogatory is multiple as there are multiple Plaintiffs. Subject to and without waiving said objections, Jetson does not dispute that some or all of the Plaintiffs were injured, in one form or another, in or as a result of the Subject Incident. Jetson will issue its expert disclosures consistent with the deadline in the Court's Case Management Order.*

**INTERROGATORY NO. 14:** Please state all uses of the product which the design and operation of the Subject Product was intended to permit, cover or accommodate.

**ANSWER:** *The Subject Product was intended to be used as a hoverboard.*

**INTERROGATORY NO. 15:** Please state what precautions, if any, were taken by the defendant or any agent or employee of the defendant prior to the alleged occurrence to prevent injuries or damage to any user of the Subject Product or similar products.

**ANSWER:** *Objection. This Interrogatory seeks information that is not relevant to the Plaintiffs' claims in this case as the Interrogatory is not limited to the Jetson*

6

> *Plasma hoverboard. For the same reason, this Interrogatory seeks information that is not proportional to the needs of the case. Subject to and without waiving said objections, the Subject Product is UL 2272 and UN38.3 listed/certified and its components are also listed to the appropriate standard. Jetson has also inspected the Jetson Plasma manufacturer's facility as described by Sam Husain in his May 17, 2024 deposition. Jetson also hired Testcoo to conduct independent inspections of the Jetson Plasma hoverboard consistent with the descriptions provided by Sam Husain in his May 17, 2024 deposition. In addition, the Jetson Plasma hoverboard was tested/inspected through Walmart's third-party testing laboratories.*

**INTERROGATORY NO. 16:** Did the defendant, at any time prior to the alleged occurrence, take any actions or precautions whatsoever to avert or warn against possible damage or injuries that might have resulted from known or potential hazards, dangers, defects, or defective conditions in the Subject Product or similar products?

**ANSWER:** *Objection. This Interrogatory seeks information that is not relevant to the Plaintiffs' claims as it is not limited to the alleged hazards, dangers, or defects alleged in this case. For the same reason, this Interrogatory is not proportional to the needs of the case. Subject to and without waiving said objections, yes, warnings and instructions were provided with the Subject Product consistent with UL 2272.*

**INTERROGATORY NO. 17:** Please list and identify each and every person who was involved in or connected with the design of the Subject Product, including, for each such person:

    a. the name, address, occupation, business address, and present relationship with the defendant, if any;

    b. relationship of such person to the defendant at the time of the design of the product; and

    c. the exact role and function assumed by such person in the design of the product (e.g., engineering, resource procurement, legal aspects, marketing, production process design, executive decision making, etc.).

**ANSWER:** *a. Yueyang Aidaxing Intelligent Technology Co., Ltd. ("ADX") – Yueyang, Hunan Sheng, China. ADX designed and manufactured the Subject Product.*

    *b. Jetson purchased the Subject Product from ADX.*

> c. *ADX designed and manufactured the Subject Product. It also sourced and selected the component parts used for the Subject Product.*

**INTERROGATORY NO. 18:** Please list all standards which pertain to the design, production, and safety features of the product or similar products, including all standards which are known to the defendant which are promulgated by local, state, or federal governmental agencies, bureaus, and commissions.

**ANSWER:** *Objection. This Interrogatory seeks information that is not relevant to the Plaintiffs' claims in this case as the Interrogatory is not limited to the Jetson Plasma hoverboard. For the same reason, this Interrogatory seeks information that is not proportional to the needs of the case. Further, this Interrogatory seeks to establish a legal conclusion as to applicable product standards. Subject to and without waiving said objections, the Subject Product was designed and manufactured to UL 2272 and UN38.3.*

**INTERROGATORY NO. 19:** Please state the performance and safety standards and criteria which were utilized in the design of the Subject Product.

**ANSWER:** *Objection. This Interrogatory seeks to establish a legal conclusion as to applicable product standards. Subject to and without waiving said objections, the Subject Product was designed and manufactured to UL 2272 and UN38.3.*

**INTERROGATORY NO. 20:** Please list each and every book, treatise, article, journal, periodical, monograph, or other work which has discussed, analyzed or in any way dealt with the Subject Product or similar products, identifying each work by author, title, publisher, periodical, edition, and date of publication.

**ANSWER:** *Objection. This Interrogatory seeks information that is not relevant to the Plaintiffs' claims in this case as the Interrogatory is not limited to the Jetson Plasma hoverboard. For the same reason, this Interrogatory seeks information that is not proportional to the needs of the case. This Interrogatory is also not proportional to the needs of the case as it is exceedingly vague and overbroad. Subject to and without waiving said objections, there are numerous articles, publications, etc. that discuss hoverboards that are publicly available online.*

**INTERROGATORY NO. 21:** Please list each test which was conducted on the product by the defendant, stating for each such test the defects sought for the characteristics which were intended to be tested or measured.

**ANSWER:** *Please see documents produced by Jetson in this case. Further, Jetson has inspected the Jetson Plasma manufacturer's facility as described by Sam Husain in his May 17, 2024 deposition. Jetson also hired Testcoo to conduct independent inspections of the Jetson Plasma hoverboard consistent with the descriptions provided by Sam Husain in his May 17, 2024 deposition. In addition, the Jetson Plasma hoverboard was tested/inspected through Walmart's third-party testing laboratories.*

**INTERROGATORY NO. 22:** As to all tests or inspections used by the defendant for the manufacture of the product, please state:

a. the manner in which each such test was performed and the stage of the product process at which the test was performed,

b. the purpose of the tests or inspections,

c. the names and last known addresses of the persons in charge of the tests or inspections at the time the product was manufactured or assembled by the defendant,

d. whether any records of any tests or inspections performed by the defendant exist, attaching a copy to the answers to these interrogatories of all such records or stating where and when such records may be examined by counsel,

e. a description of each change made in the product or any part thereof as a result of any test or inspection performed on the product.

**ANSWER**: *Please see documents produced by Jetson in this case. Further, Jetson has inspected the Jetson Plasma manufacturer's facility as described by Sam Husain in his May 17, 2024 deposition. Jetson also hired Testcoo to conduct independent inspections of the Jetson Plasma hoverboard consistent with the descriptions provided by Sam Husain in his May 17, 2024 deposition. In addition, the Jetson Plasma hoverboard was tested/inspected through Walmart's third-party testing laboratories.*

|  |  |
|---|---|
|  | **McCOY LEAVITT LASKEY LLC**<br>Attorneys for Defendants, Jetson Electric Bikes, LLC and Walmart Inc. |
| Dated: June 14, 2024 | By: _____<br>Eugene M. LaFlamme *(pro hac vice)*<br>Jared B. Giroux *(pro hac vice)*<br>Jillian L. Lukens (*pro hac vice*)<br>McCoy Leavitt Laskey, LLC<br>N19 W24200 Riverwood Drive, Suite 125<br>Waukesha, WI 53188<br>(P) 262-522-7000<br>elaflamme@MLLlaw.com<br>jgiroux@MLLlaw.com<br>jlukens@MLLlaw.com<br><br>and<br><br>Timothy M. Stubson, Wyo. Bar No. 6-3144<br>Brandon E. Pryde, Wyo. Bar No. 8-6883<br>Holly L. Tysse, Wyo. Bar No. 7-5553<br>Crowley Fleck, PLLP<br>111 West 2nd Street, Suite 220<br>Casper, WY 82601<br>(P) 307-232-6901<br>tstubson@crowleyfleck.com<br>bpryde@crowleyfleck.com<br>htysse@crowleyfleck.com |

10

## VERIFICATION

STATE OF  New York            )
                              )   ss.
COUNTY OF  Queens             )

    I, Sam Husain, after first being duly sworn, state that I have read the responses to the foregoing Answers to Plaintiffs' First Interrogatories and they have been truthfully made to the best of my knowledge, information and belief as of the date of this verification

**JETSON ELECTRIC BIKES, LLC**

By: _____
      Sam Husain

Sworn to and subscribed before me this __13__ day of __June__, 2024.

_____
Notary Public, State of __New York__
My Commission expires: __07-13-2027__

PARDEEP SAINI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA0011164
Qualified in Queens County
My Commission Expires 07-13-2027

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2024, a true and correct copy of the foregoing was emailed to all counsel via email as follows:

Taly Goody – Taly@goodylawgroup.com

Greyson Goody – greyson@goodylawgroup.com

T. Michael Morgan – mmorgan@forthepeople.com; akelseyflowers@forthepeople.com

Eitan Goldrosen – egoldrosen@forthepeople.com; rhansch@forthepeople.com

Rudwin Ayala – rayala@forthepeople.com; csmaya@forthepeople.com