IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

**Margaret Botkins**
**Clerk of Court**

12:20 pm, 2/27/25

| | |
|---|---|
| STEPHANIE WADSWORTH, individually and as parent and legal guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No. 2:23-CV-118-KHR |

### ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW CERTAIN WITNESSES TO APPEAR AND TESTIFY VIA ZOOM AT TRIAL

Before the Court is Plaintiffs' Motion to Allow Certain Witnesses to Appear and Testify Via Zoom at Trial. [ECF No. 197]. Plaintiffs seek to have five non-party witnesses appear via Zoom. All five witnesses are treating physicians and live or work over 100 miles away. *Id.* at 2–3. Defendants oppose this Motion because Plaintiffs fail to show good cause for the request. [ECF No. 201]. The Court, having carefully considered the parties' briefing and relevant law, finds Plaintiffs' Motion should be granted.

"[A] district court's decision whether to allow remote testimony pursuant to Rule 43(a) is reviewed for abuse of discretion." *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013). "For good cause in compelling circumstances and with appropriate

safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "Video transmission ordinarily should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission." Fed. R. Civ. P. 43, advisory committee's note to 1996 amendment.

The Court finds good cause and compelling circumstances to permit the witnesses to testify via Zoom. Plaintiffs claim that allowing these non-party witnesses to testify through Zoom will minimize disruptions to their clinical practices. [ECF No. 197, at 2–3]. The witnesses work in the medical field, and their patients may be impacted if required to appear in person. The Court is cautious to require in person testimony from these witnesses and take them away from patients who need their assistance. Further, Zoom videoconferencing has generally been held to provide adequate safeguards. *See Fischer v. United States*, 608 F. Supp. 3d 533, 541 (E.D. Mich. 2022). Thus, the Court will permit the witnesses to testify via Zoom.

While the Court is aware that such requests have been denied absent a showing of "unexpected circumstances," *e.g., Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wyo. Dec. 2, 2020), Plaintiffs discussed their intention to have four of these witnesses testify via Zoom at the Final Pretrial Conference on February 11, 2025, without objection from Defendants. *See* [ECF No. 177]. With trial scheduled for less than a week away, it is unfair to suddenly require the witnesses to quickly arrange travel plans and accommodate their patients for these non-party witnesses.

The Court reminds Plaintiffs that the onus is on the parties to ensure the witnesses are equipped with the proper technology to minimize any delays or interruptions. This includes making sure the witnesses can be clearly heard and seen on Zoom.

IT IS ORDERED Plaintiffs' Motion to Allow Certain Witnesses to Appear and Testify Via Zoom at Trial [ECF No. 197] is GRANTED.

Dated this 27th day of February, 2025.

_____
Kelly H. Rankin
United States District Judge