

**FILED**

**10:10 am, 2/28/25**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

STEPHANIE WADSWORTH,
individually and as parent and legal
guardian of W.W., K.W., G.W., and L.W.,
minor children, and MATTHEW
WADSWORTH,

       Plaintiffs,

    vs.

WALMART INC. and JETSON
ELECTRIC BIKES, LLC,

       Defendants.

Case No.  2:23-CV-118-KHR

---

**ORDER DENYING PLAINTIFFS' REQUESTS FOR JUDICIAL NOTICE**

---

Before the Court are Plaintiffs' First and Second Requests for Judicial Notice. [ECF Nos. 137 & 139]. Defendants oppose Plaintiffs' Requests. [ECF Nos. 174 & 175]. After carefully reviewing the parties' briefings, exhibits, and relevant law, the Court denies Plaintiff's requests.

### BACKGROUND

This is a products liability case stemming from a hoverboard's lithium-ion battery failure allegedly causing a house fire in Green River, Wyoming. *See* [ECF No. 1]. Defendants offer a different theory of the fire's origin, claiming that it started from a plastic shed outside the Plaintiffs' house. [ECF No. 80-1, at 6]. Plaintiff Stephanie Wadsworth

stated in her deposition that, roughly two hours prior to the fire, she had been smoking in the plastic shed. [ECF No. 99-6, at 8–9]. One of Defendants' expert concludes the cigarette was improperly discarded, which ignited the shed and ultimately the house. [ECF No. 80-1, at 6]. Thus, Plaintiffs seek judicial notice of: (1) the Wyoming Reduced Cigarette Ignition Propensity Act; (2) American Society for Testing and Materials: International Standard Test Method for Measuring the Ignition Strength of Cigarettes; (3) New York State Fire Safety Standards for Cigarettes. [ECF No. 151, at 3].

Additionally, it has been referenced throughout the suit that Defendants import products from foreign countries. *E.g.,* [ECF No. 99-21, at 10]. Thus, Plaintiffs also seek judicial notice of 16 C.F.R. § 1009.3 and 15 U.S.C. § 2052, which promulgate rules for importers of foreign products. [ECF No. 152, at 3].

## RELEVANT LAW

"Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." *York v. American Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996) (citation and quotation marks omitted). Under Fed. R. Evid. 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts are required to take judicial notice if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "In a civil case, the court must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

2

However, the Federal Rules of Evidence only concern adjudicative facts, not legislative facts. Fed. R. Evid. 201(a). An "adjudicative fact" simply refers to the facts of the particular case. Fed. R. Evid. 201(a) advisory committee's note to 1972 amendment. A "legislative fact" is one that has "relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id.* They typically apply universally. *United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976). Whether a fact is adjudicative or legislative depends on how it is used. *United States v. Bello*, 194 F.3d 18, 22 (1st Cir. 1999).

### RULING OF THE COURT

The Court denies both Requests because Plaintiffs do not offer a proper purpose for the Court to take judicial notice of the non-adjudicative facts.

### I. Judicial Notice of Statutes and Treatise Concerning Cigarette Safety

Plaintiffs seek to judicially notice two sets of statutes and a treatise under Fed. R. Evid. 201. [ECF No. 151, at 3]. These statutes are not "adjudicative facts" because they do not relate the particular facts or parties of the case. *See Minutello v. Hartford Life & Acc. Ins. Co.*, 964 F. Supp. 2d 491, 503 (W.D. Pa. 2013) ("Unlike legislative facts, which 'relate to the content of the law itself,' adjudicative facts "concern the particular parties before the Court." (quoting *Project Vote v. Kelly*, 805 F. Supp. 2d 152, 184 (W.D. Pa. 2011)). Here, the statutes and treatise refer generally to cigarette testing. There is nothing to indicate they relate whatsoever to this particular case. Therefore, the materials Plaintiffs seek to notice are non-adjudicative facts and not subject to Rule 201.

Statutes are legislative facts capable of being judicially noticed when offered for a proper purpose. *United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006). On one hand, it is not appropriate to use the statute to establish governing principles of the case. *Barrick v. Clardy*, No. CIV-23-129-JFH-GLJ, 2024 WL 1861032, at *3 (E.D. Okla. Apr. 11, 2024), *report and recommendation adopted sub nom.*, 2024 WL 1861008 (E.D. Okla. Apr. 29, 2024). On the other hand, "[a] legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002); *Coupe v. Fed. Exp. Corp.*, 121 F.3d 1022, 1026 n.3 (6th Cir. 1997) (taking judicial notice sua sponte of the plaintiff's denied application for exemption, which was in the Federal Register, to show he had notice of the applicable exemption procedures).

Plaintiffs contend the Court must take judicial notice of the statutes and treatise under Fed. R. Evid. 201, Wyo. R. Evid. 201, and Wyo. Stat. Ann. § 1-12-302. [ECF No. 2, ¶¶ 3, 5]. As explained above, Fed. R. Evid. 201 does not apply. Because a federal court sitting in diversity applies substantive state law and federal procedural law, *see Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018), Wyo. R. Evid. 201 does not apply. Likewise, Wyo. Stat. Ann. § 1-12-302 does not apply because, by its express terms, the statute only applies to Wyoming state courts. Thus, Plaintiffs have not provided any meritorious argument for judicially noticing the statutes.

Notwithstanding the confusion with applicable standards, Plaintiffs do not offer any purpose for judicially noticing these materials. *See* [ECF No. 151]. "Without some context or statement concerning how [the plaintiff] intend[] to use these items, the court must

conclude that they do not represent the type of 'adjudicative' facts that the court may judicially notice, but rather represent 'legislative' facts that the court may not judicially notice." *Holland v. King Cnty. Adult Det.*, No. C12-0791JLR, 2013 WL 1192763, at *2 (W.D. Wash. Mar. 22, 2013). Because there is no stated purpose for the statutes and treatise, Plaintiffs' requests for judicial notice are denied.

Further, if the Court inferred that the purpose was to show Ms. Wadsworth's cigarette could not have started the fire, the Court could still deny the requests. The Court is not directed to any evidence in the record indicating where the allegedly improperly discarded cigarette was purchased. There is also no witness who is qualified to testify whether the cigarettes were subjected to testing. Thus, allowing judicial notice would allow the jury to speculate as to whether the statutes or treatise are even applicable to the allegedly improperly discarded cigarette. Further, the lack of evidentiary support makes the statutes marginally relevant, and probative value would be outweighed by confusion of the issues, waste of time, and undue delay. *See* Fed. R. Evid. 403.

Therefore, the Court denies Plaintiff's first request for judicial notice. The Court will not take judicial notice of the statutes or treatise.

## II.    Judicial Notice of Consumer Safety Laws

Next, Plaintiffs request judicial notice of regulations from the Consumer Product Safety Commission ("CPSC") and statutes from the Consumer Product Safety Act. [ECF No. 152]. Plaintiffs similarly confuse the applicable standards and fail to provide a purpose for the requests. *See id.* Thus, the Court is unable to discern what purpose or relevance these regulations and statutes would have. *See Holland*, 2013 WL 1192763, at *2; *see also*

*United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (holding the statutory requirement that judicial notice be taken of provisions of Federal Register did not override evidentiary requirements of relevancy). As Defendants note, "Plaintiffs have never asserted that the Defendants violated any federal law or agency regulations." [ECF No. 175, at 4]. Indeed, Plaintiffs have not alleged negligence per se or any other related claims. Thus, the Court struggles to see how these laws are relevant. Further, it risks confusion of the issues, waste of time, and gives an unfair impression that Defendants violated these laws. *See* Fed. R. Evid. 403. Therefore, the Court denies Plaintiff's second request for judicial notice.

### CONCLUSION

Plaintiffs fail to show the relevance and purpose of the requested materials while relying on incorrect legal standards. Therefore, the Court denies Plaintiffs requests for judicial notice.

IT IS ORDERED that Plaintiffs' Request for Judicial Notice [ECF No. 151] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Second Request for Judicial Notice [ECF No. 152] is DENIED.

Dated this 28th day of February.

Kelly H. Rankin
United States District Judge

6