Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.*
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Local Counsel for Plaintiffs*
*Pro Hac Vice*

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
**Pro Hac Vice*
*Attorney for Plaintiffs*

Josh Autry, Esq.*
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
**MORGAN & MORGAN, P.A.**
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
**Pro Hac Vice*
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-KHR<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' TRIAL BRIEF REGARDING**
**FIRE ORIGIN OPINIONS BY MINOR PLAINTIFFS**

Plaintiffs submit this trial brief to address statements made by minor Plaintiffs that were captured on Det. Merrell's bodycam and provided during Sgt. Sheaman's interview relating to the origin of the fire. Plaintiffs respectfully submit that these statements were lay opinions and not present sense impressions. In addition, given the exclusion of lay opinions that would favor Plaintiffs, it would be unduly prejudicial to permit Defendants to argue that *other* speculative lay opinions favor Defendants. Accordingly, any arguable probative value is substantially outweighed by the dangers of unfair prejudice and misleading the jury. See FRE 403.

## **RELEVANT BACKGROUND**

On February 1, 2022, at 4:28 AM, the Sweetwater Combined Communication Center received a 911 call from the Wadsworth home indicating "the house is on fire on the north side of the house/fully engulfed." Pl. Ex. 27-004. Det. Ashley Merrell (nee McPhie) arrived on the scene at 4:40 AM.[1] Upon arriving, Det. Merrell first made contact with Ryan Pasborg and "got his information and a statement from him."[2] Thereafter, she spoke with the Wadsworth children.[3] During this questioning, K.W. indicated that she was sleeping when the fire started.[4] K.W. also made inconsistent statements to Det. Merrell regarding the origin of the fire, first saying that the fire started by the shed, and just 3 minutes later saying that it started on the porch:

Det. Merrell: "Do you guys by chance, have any idea what started the fire?"

---

[1] Ex. 1: Merrell Dep. Tr. at 12:6-9.
[2] *Id*. at 21:8-22:15.
[3] *Id*.
[4] Ex. 2: Tr. of Det. Merrell bodycam at 5, 8.

1

> K.W. (7:37-7:40): "No, it was outside … by the shed."
>
> L.W. (7:42): "We have a giant shed and a giant clump of a log"
>
> K.W. (7:48): "Could be from that because my parents smoke, and they might have not put it all the way out, but they always have put it out."
>
> K.W. at (10:41): "The fire started on the porch. …"[5]

Additionally, several weeks after the fire, on March 4, 2022, Sgt. Sheaman conducted an interview in which G.W. and L.W. made speculative statements about the origin and direction of the fire's path before they woke up:

> G.W. (03:02): It wasn't behind ▮[6]. It melted through the window. It moved up the wall when it was, it wasn't by ▮[7], it was just by me.
>
> Sgt. Sheaman (03:11): Okay.
>
> G.W. (03:11): It melted through the window.
>
> L.W. (03:12): Yeah, I was right next to the wall that it was[8]
>
> L.W. (06:29): It went around the door outside and then
>
> G.W. (06:33): it melted through the window and went outside.[9]

## ARGUMENT

**A. Speculative statements captured by Det. Ashley Merrell's body camera.**

The Wadsworth children's statements about the fire's possible origin and cause were not present sense impressions because they were asleep when the fire started and the fire was ablaze inside the house at the time the children woke up. Thus, they were

---

[5] Ex. 2: Tr. of Det. Merrell bodycam at 9, 12.
[6] L.W.
[7] L.W.
[8] Ex. 3: Tr. of Sgt. Sheaman interview at 4-5.
[9] Ex. 3: Tr. of Sgt. Sheaman interview at 10.

2

incapable of making a statement about an event that they did not actually perceive (i.e., whether the fire began outside while they were asleep). In addition, the statements lack detail and are inconsistent as to the fire's origin—instead, the statements are mere guesses about the fire's origin and are not based upon actual perception.

A present sense impression is "a statement describing or explaining an event or condition, made while or immediately after the declarant *perceived it*." FRE 803(1) (emphasis added). Accordingly, "the declarant must have in fact perceived the event described...". *US v. DeLeon*, 406 F. Supp. 3d 1129, 1163 (D.N.M. 2019). However, K.W.'s statements are "merely conjectures," not "reports of what [she] has actually observed through the senses". *Id.* (citing *Brown v. Keane*, 355 F.3d 82, 89 (2d Cir. 2004)).

All of the children were asleep when the fire started, and thus they were incapable of perceiving the fire's origin.[10] It is, thus, not surprising that K.W.'s statements lack detail, explanation, and are, in fact, inconsistent regarding the fire's origin. K.W.'s statements are more appropriately characterized as mere guesses about where the fire started. Initially, K.W. said that the fire started by the shed, but less than 3 minutes later she tells Det. Merrell that it started on the porch.[11] Similarly, L.W.'s statement about "a giant shed" should be excluded because it is part of the same chain of speculative statements made by his sister K.W.[12] Moreover, K.W. equivocates in her statement

---

[10] Ex. 2: Tr. of Det. Merrell bodycam at 5 ("All of us were [asleep when the fire happened]") (G.W. at 5:34); *id*. at 8 (K.W. confirming that everyone was asleep when the fire started) (K.W. at 7:32).

[11] Ex. 2: Tr. of Det. Merrell bodycam at 9 ("No, it was outside … by the shed." (K.W. at 7:37, 7:40); *id*. at 12 ("The fire started on the porch. …" (K.W. at 10:41)).

[12] Ex. 2: Tr. of Det. Merrell bodycam at 9 (L.W. at 7:42).

3

regarding the fire starting by the shed noting that it "*could be* from that because my parents smoke, and they *might have* not put it all the way out, **but they always have put it out**."[13] K.W.'s uncertainty about the origin of the fire underscores why her statements were not present sense impressions. *See US v. O'Dowd*, 2022 WL 4467703, at *2-3 (D. Utah Sept. 25, 2022) (statements from bodycam recording inadmissible after finding, in part, that statements were person's "opinions or conjectures.").

Furthermore, given the exclusion of the lay opinions that arguably favor Plaintiffs, any possible probative value from the children's lay opinions is substantially outweighed under FRE 403 by the dangers of unfair prejudice and misleading the jury.

### B. Speculative statements during Sgt. Sheaman's interview.

Over a month after the fire, on March 4, 2022, G.W. made speculative statements during an interview with Sgt. Sheaman about the fire having "melted through the window"[14] but then stated that "by the time I woke up, there was no window, not a piece. There was only two pieces of a window and those two pieces were on my bed. They melted off and they fell off the frame."[15] Like K.W., G.W. and his brothers were asleep when the fire started.[16] Accordingly, none of the minor children could have perceived whether the fire started outside and "melted through the window" to the inside or vice versa, and these statements regarding the fire's possible origin and direction are

---

[13] Ex. 2: Tr. of Det. Merrell bodycam at 9 (K.W. at 7:48) (emphasis added).
[14] Ex. 3: Tr. of Sgt. Sheaman interview at 4-5, 10 (G.W. at 3:02, 3:11, 6:33).
[15] Ex. 3: Tr. of Sgt. Sheaman interview at 10 (G.W. at 6:38).
[16] Ex. 2, Tr. of Det. Merrell bodycam at 5 (G.W. at 5:34) ("Yes. All of us were [asleep when the fire happened]"); *see also* Ex. 3 of Det. Sheaman interview at 6-7 (G.W. and L.W. at 4:32-5:00).

4

speculative lay opinions.

## CONCLUSION

For these reasons, Plaintiffs respectfully submit that the children's statements about the fire's possible origin are lay opinions.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

Date: March 3, 2025

*/s/ Josh Autry, Esq.*\*
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
\**Pro Hac Vice*
*Counsel for the Plaintiffs*

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com
\**Pro Hac Vice*
*Counsel for the Plaintiffs*

Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.*
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com

5

greyson@GoodyLawGroup.com
*Local Counsel for Plaintiffs*
*\*Pro Hac Vice*

Case 2:23-cv-00118-KHR   Document 207   Filed 03/03/25   Page 7 of 8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2025 a true and correct copy of the foregoing was electronically served to all counsel of record with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Counsel for Defendants:

Eugene M. LaFlamme – elaflamme@MLLlaw.com
Jared B. Giroux – jguiroux@MLLlaw.com
Jillian L. Lukens – jlukens@MLLlaw.com
Brandon Pryde – bpryde@rowleyfleck.com
Tim Stubson – tstubson@crowleyfleck.com
Christopher Voigt – cvoigt@crowleyfleck.com
Holly Tysse – htysse@crowleyfleck.com

*/s/ Josh Autry, Esq.*\_\_\_\_\_
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
Morgan & Morgan, P.A.
*\*Pro Hac Vice*
