Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.*
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Local Counsel*
*Pro Hac Vice*

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh M. Autry, Esq.*
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
*Pro Hac Vice*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br>        Plaintiffs,<br><br>        v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>        Defendants. | Case No.: 2:23-cv-00118-KHR |

## PLAINTIFFS' MOTION TO DETERMINE RECOVERABLE DAMAGES OR, IN THE ALTERNATIVE, TO CONFORM PLEADINGS TO THE EVIDENCE

While Plaintiffs contend that this Motion is not technically necessary under Rule 15, out of an abundance of caution, Plaintiffs move for an order to determine that—as direct victims of Defendants' wrongdoing—W.W., K.W., G.W. and L.W. can recover for all mental anguish caused by Defendants, including consortium damages. In the alternative, Plaintiffs ask for an order from

the Court allowing Plaintiffs to amend the pleadings to conform them to evidence, as Plaintiffs have long disclosed their intention to seek consortium damages. This Motion is necessitated by Defendants' Motion to Exclude Efforts to Amend Complaint and Add Loss of Consortium Claims for Minor Plaintiffs, (ECF 193) filed February 25, 2025, which the Court denied as unripe in its February 25, 2025 Order (ECF 195). In support of this motion, Plaintiffs submit the following Brief in accordance with Local Rule 7.1(b)(1)(B).

### Brief in Support of Motion

1. **As direct victims of Defendants' wrongdoing, Plaintiffs W.W., K.W., G.W. and L.W. can recover for all of their mental anguish damages, including consortium damages.**

Plaintiffs file this motion solely out of an abundance of caution and not out of necessity. Such amendment is unnecessary because direct victims, like Minor-Plaintiffs here, and unlike bystanders, are entitled to recover for the entirety of their mental anguish caused by Defendants. *Steller v. Bischoff*, 2007 WL 9710251 at *4 (D. Wyo. June 25, 2007) (quoting *Blagrove v. JB Mechanical*, 934 P.2d 1273, 1275-77 (Wyo. 1997) ("Under the general rule, if [plaintiff] had been physically injured in the automobile collision she could have recovered damages for pain and suffering associated with her physical injuries and she could have recovered for the emotional distress of witnessing [another's] death.")); *see also NY State Elex. & Gas v. Sec. of Labor*, 88 F.3d 98, 105 (2d Cir. 1996) (finding amendment to include an unpleaded claim under Rule 15(b) "requires no motion or formal amendment of the pleadings.").

Normally, "a claim for loss of consortium is derivative of the injured party's claim," meaning that "if the injured party's claim fails, the loss of consortium claim must also fail." *Collins v. COP Wyo.*, 366 P.3d 521, 526 (Wyo. 2016); *Worman v. Carver*, 44 P.3d 82, 89 (Wyo. 2002). However, the Wyoming Supreme Court has recognized generally that "a claim for emotional distress is not necessarily a derivative claim arising from the injury of others." *Collins*, 366 P.3d

at 527. In support, the *Collins* court relied on three cases which emphasized the individuality of plaintiffs' claims who suffered their own direct injuries in addition to those suffered by a family member. *Id*. at 526-27 (citing *Pizza Hut v. Keefe*, 900 P.2d 97, 101 (Colo. 1995) ("regardless of whether the mother was injured, the injury to the child was separate and distinct and subjects the [defendant] to separate liability")); *Id*. at 527 (citing *Ransburg Indus. v. Brown*, 659 N.E.2d 1081, 1085 (Ind. Ct. App. 1995) ("While the derivative injury doctrine bars recovery by a third party who claims damages on account of an injury to the employee, if the same third party suffers his own injury, then he has his own claim against the employer.")); *Id*. (citing *Meyer v. Burger King*, 101 Wash. App. 270, 2 P.3d 1015, 1020 (2000) (discussing cases that reasoned "that the injuries to the children did not derive from the injuries to the mothers and therefore, the children's claims were outside the purview of the worker's compensation laws.")).

In Wyoming, "emotional injuries can support a claim for loss of consortium." *Gates v. Richardson*, 719 P.2d 193, 201 (Wyo. 1986). Further, Wyoming permits recovery "for the mental anguish accompanying a physical injury suffered as a result of another's negligence" and for emotional distress experienced after being exposed to physical harm. *Larsen v. Banner Health*, 81 P.3d, 196, 200 (Wyo. 2003); *Steller,* 2007 WL 9710251 at *5.

Wyoming law is not unique. *See* Restatement (2d) of Torts § 456(a) ("If the actor's negligent conduct has so caused any bodily harm to another as to make him liable for it, the actor is also subject to liability for (a) fright, shock, ***or other emotional disturbance*** resulting from the bodily harm or ***from the conduct which causes it*** …) (emphasis added). *See also id.* comment e ("The rule stated in Clause (a) is not limited to emotional disturbance resulting from the bodily harm itself, but includes also such disturbance resulting from the conduct of the actor."); Restatement (2d) of Torts § 905 (1979), comment e ("As an element of damages for a tort, one

3

may be entitled to recover for a feeling of anxiety, not only for himself **but for others**, if this is the expectable result of the defendant's tortious act or if the defendant intended that result.") (emphasis added); *Norfolk & W. Ry. v. Ayers*, 538 U.S. 135, 149 (2003) (quoting § 456(a)); *Marroquin v. LA*, 112 F.4th 1204, 1212–13 (9th Cir. 2024) (same); *Smithwick v. BNSF*, 447 F. Supp. 3d 1239, 1252 (W.D. Okla. 2020) (same). In other words, "A defendant is liable not only for the emotional consequences flowing from the injury itself but for those flowing from the conduct that causes the injury." *Borras v. Sea-Land Serv.*, 586 F.2d 881, 885 (1st Cir. 1978).[1]

Here, unlike loss of consortium damages sought by bystanders, Minor-Plaintiffs' mental anguish stems from being the direct victims of the Defendants' conduct, in addition to the emotional distress caused from witnessing the physical injuries sustained by their mother. For example, the Minor-Plaintiffs' mental health counselor testified that she was treating K.W. for acute stress disorder, for seeing her mother's injuries and fleeing their home, that G.W. was not sleeping and avoiding his mother, and that L.W. had experienced a decline in mental health and was having difficulties with the trauma.[2] The Minor-Plaintiffs themselves also described their direct injuries in their depositions. G.W. testified to W.W. having burn injuries, being burnt himself, and to having nightmares about the fire.[3] L.W. testified to having "bad thoughts" about

---

[1] Accordingly, while courts have placed significant limitations on the ability for bystanders to recover for mental anguish from injuries to friends and family members, those limitations generally do not apply to direct victims who also witness or learn of injuries to family members. *See Long v. PKS*, 12 Cal. App. 4th 1293, 1297 (App. 1993); *Binns v. Fredendall*, 32 Ohio St. 3d 244, 245–47 (1987); *Corgan v. Muehling*, 143 Ill. 2d 296, 306 (1991); *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind. 1991); *Eyrich v. Dam*, 193 N.J. Super. 244, 256–57 (App. Div. 1984); *Jarrett v. Jones*, 258 S.W.3d 442, 447–48 (Mo. 2008); *Smith v. Borello*, 370 Md. 227, 246 n.5 (2002) (citing Restatement (Second) of Torts § 456 & cmt. e); *Dobelle v. Nat'l R.R. Passenger*, 628 F. Supp. 1518, 1525–26 (S.D.N.Y. 1986) (applying Pennsylvania law); *Hamilton v. Nestor*, 265 Neb. 757, 767–68 (2003); *Willis v. Gami Golden Glades*, 967 So. 2d 846, 850 (Fla. 2007); *Kapoulas v. Williams Ins.*, 11 F.3d 1380, 1385 (7th Cir. 1993) (applying Illinois law).
[2] Ex. 1: Tollefson Dep. Tr. at 16:1-23, 42:8-18; 68:12-70:03.
[3] Ex. 2 G.W. Dep. Tr. 32:23-25, 35:19-21; 50:2-5.

the fire, having nightmares, and worrying about his family when hearing smoke alarms.[4] K.W. testified to receiving burns and frost bite when fleeing the home, the "mental toll" the fire had on her, self-harming after the incident, and having flashbacks and nightmares about the fire.[5] W.W.'s father also testified that W.W.'s physical injuries give him mental limitations, and W.W's treating physicians testified to W.W. attending a "burn camp" to process the emotional trauma resulting from his burns.[6] Accordingly, the Minor-Plaintiffs' are more than mere bystanders and should be permitted to recover for the entirety of their mental anguish caused by Defendants, whether such anguish stems from injuries to their mother or injuries directly inflicted upon them.

### 2. In the alternative, amendment is proper to conform to evidence.

Reading Rule 15, as a whole, Plaintiffs respectfully submit in the alternative, in an abundance of caution, that amendment is proper to conform to the evidence as Plaintiffs have long provided notice of the Minor-Plaintiffs' intention to recover damages for all mental anguish caused by Defendants, including mental harms resulting from their mother's injuries. "While Rule 15(a) is the preferred mechanism to amend the pleadings prior to trial, there are instances in which the need to [amend] does not become apparent until so close to trial … that the request for a change can be made only when the trial is under way." *McArtor v. Valsoft*, 2025 WL 357783, at *2 (D. Wyo. Jan. 31, 2025) (internal quotation omitted). In such instances, Rule 15(b) applies, which allows a party to move "at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." FED. R. CIV. P. 15(b)(2); *McArtor*, 2025 WL 357783 at *2-3.

---

[4] Ex. 3: L.W. Depo Tr. 33:23-35:14.
[5] Ex. 4: K.W. Dep. Tr. 69:11-15, 70:13-19, 71:18-21, 72:2-8.
[6] Ex. 5: Matthew Wadsworth Dep. Tr. at 32:6-10; Ex. 10: Thompson Dep. Tr. 29:12-16, 37:24-38:1-18; *see also* Ex. 11: PCS_WW_001 (mental health initial consultation document noting W.W.'s near-death experience with his mother significantly impacted his psychological well-being).

Under Rule 15(b)(1), where a party objects to an amendment, a "court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." "Rule 15(b) is intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel." *Green Country Food Market v. Bottling Group,* 371 F.3d 1275, 1280 (10th Cir. 2004) (internal quotes omitted).[7] "Rule 15(b) contains two mechanisms for amending the complaint to conform to the evidence." *Green Country*, 371 F.3d at 1280. A party opposing a Rule 15(b) amendment "cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory." *NY State Elex. & Gas v. Sec. of Labor*, 88 F.3d 98, 104 (2d Cir. 1996).[8]

Although Rule 15(b), by its plain language, applies only "During and After Trial," the liberal policy embodied in this section of the rule should inform the Court's analysis even under Rule 15(a), which applies to "Amendments Before Trial." Under Rule 15(a)(2), a party may amend its pleadings at any time before trial "with … the court's leave." The rule further indicates that "**The court should freely give leave when justice so requires**." FED. R. CIV. P. 15(a)(2) (emphasis added). Here, because Plaintiffs' emotional injuries all relate to the same occurrence—the fire that injured them and destroyed the Wadsworth's family home—and because Defendants

---

[7] An unpled claim may also be tried with the express or implied consent of the parties under Rule 15(b)(2). *Green Country*, 371 F.3d at 1280. "A party impliedly consents to the trial of an issue not contained within the pleadings either by introducing evidence on the new issue or by failing to object when the opposing party introduces such evidence." *Id*.

[8] *See also Katz v. Belveron Real Estate*, 28 F.4th 300, 308 (1st Cir. 2022) (quoting *Conn. Gen. Life Ins. v. Universal Ins.*, 838 F.2d 612, 622 (1st Cir. 1988) (failure to "plead [a] particular legal theory, when it did plead two related theories" would not bar relief, especially because defendant raised specific defenses regarding the unpled theory)).

have been aware of the nature of these claims and the evidence supporting them at all times, justice requires that Plaintiffs be permitted to submit their claims for emotional injury to the jury.

### 3. Defendants were on notice of Plaintiffs' claims for loss of consortium damages.

In considering whether to permit an argument to proceed via implied consent of the parties under FED. R. CIV. P. 15(b)(2), courts consider which non-pleaded issues were previously raised and whether the opposing party had a full and fair opportunity to defend against it. FED. R. CIV. P. 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue."); *Owner-Operator Indep. Drivers Ass'n v. USIS Com. Servs.,* 537 F.3d 1184, 1190 (10th Cir. 2008); *Faustin v. Denver,* 423 F.3d 1192, 1196 (10th Cir. 2005) (permitting unpled "facial overbreadth" claim where plaintiff "develop[ed] these facial challenges over the course of the litigation," and "Defendants never challenged the characterization of [plaintiff's] developing claims as a facial challenge…."); *Addie v. Kjaer*, 737 F.3d 854, 900 (3d Cir. 2013) (requiring notice in order to find claim was implicitly consented to).

In each set of interrogatories directed at the Minor-Plaintiffs, when asked to identify each and every category of damage they intend to claim, each Minor Plaintiff expressly answered that they were claiming damages for loss of consortium.[9] *See Katz v. Belveron Real Estate*, 28 F.4th 300, 309 (1st Cir. 2022) ("For the purposes of 15(b), implied consent to the litigation of an

---

[9] Ex. 6: G.W.'s Answers to Interrogatories (served 1/5/24) at 4 (stating that G.W. seeks damages for "loss of consortium"); Ex. 7: K.W.'s Answers to Interrogatories (served 1/5/24) at 4 (stating that K.W. seeks damages for "loss of consortium"); Ex. 8: L.W.'s Answers to Interrogatories (served 1/5/24) at 4 (stating that L.W. seeks damages for "loss of consortium"); Ex. 9: W.W.'s Answers to Interrogatories (served 1/5/24) at 4 (stating that W.W. seeks damages for "loss of consortium").

unpleaded claim may arise" when a claim is "introduced outside the complaint–say, by means of a sufficiently pointed interrogatory answer or in a pretrial memorandum–and then treated by the opposing party as having been pleaded, either through his effective engagement of the claim or through his silent acquiescence . . . ."). In further support, G.W., K.W., and L.W. each testified at their depositions that they had experienced emotional damage as a result of the fire.[10] Finally, the Court's Final Pretrial Order also noted that Plaintiffs are seeking "all past and future economic damages and non-economic damages, including … loss of consortium." [11] In addition, as previously noted, the Minor-Plaintiffs' mental health counselor testified that she was treating K.W. for acute stress disorder as a result of seeing her mother's injures and fleeing their home, that G.W. was not sleeping and avoiding his mother, and that L.W. had experienced a decline in mental health and was having difficulties with the trauma.[12]

Defendants had ample opportunity to oppose the Minor-Plaintiffs' loss of consortium claims when, on January 5, 2024, each Minor-Plaintiff responded to their discovery requests explicitly alerting Defendants that they were claiming damages for loss of consortium. Accordingly, Defendants would not be prejudiced by this amendment.

## CONCLUSION

---

[10] Ex. 2: G.W. Dep. Tr. 50:2-5 (reporting having nightmares about the fire); Ex. 3: L.W. Depo Tr. 33:23-35:14 (describing having "bad thoughts" about the fire, having nightmares, and worrying about his family when hearing smoke alarms); Ex. 4: K.W. Dep. Tr. 70:13-19, 71:18-21, 72:2-8 (describing the "mental toll" the fire had on her, self harming after the incident, and having flashbacks and nightmares about the fire); *see also* Ex. 5: Matthew Wadsworth Dep. Tr. at 32:6-10 (testifying that W.W.'s physical injuries give him mental limitations); Ex. 10: Thompson Dep. Tr. 29:12-16, 37:24-38:1-18 (discussing W.W.'s attendance at an emotional support camp for burn survivors); *see also* Ex. 11: PCS_WW_001 (mental health initial consultation document finding that W.W. had symptoms of Acute Stress Disorder and that his near-death experience with his mother significantly impacted his psychological well-being).
[11] Doc 166, at 2.
[12] Ex. 1: Tollefson Dep. Tr. at 16:1-23, 42:8-18; 68:12-70:03.

For these reasons, Plaintiffs respectfully request that the Court permit the Minor-Plaintiffs to recover for all of their mental anguish, including consortium, or in the alternative permit leave to amend to conform to the evidence.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(b)(1)(A), Counsel for all parties have conferred and made a good faith effort to resolve this matter. Despite these attempts, Defense counsel has objected to this motion.

Respectfully submitted,

Date: March 3, 2025

*/s/ Josh Autry, Esq.\**
**Josh Autry, Esq.**
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
*Pro Hac Vice

**T. Michael Morgan, Esq.***
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com
*Pro Hac Vice

**Taly Goody, Esq.**
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza

9

Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2025, a true and correct copy of the foregoing was

electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of

electronic filing to all counsel of record.

*/s/ Josh Autry,* Esq.*
**Josh Autry, Esq.***
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
*Pro Hac Vice*

10