## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and JETSON ELECTRIC BIKES, LLC, <br><br> Defendants. | Case No.: _____ <br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiffs, STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH (referred to hereinafter as "Plaintiffs"), by and through undersigned counsel hereby files their Complaint against Defendants WALMART, INC. and JETSON ELECTRIC BIKES LLC, and state the following:

## SUMMARY OF THE ACTION

1.     Plaintiffs brings this civil action to recover for the catastrophic and permanent burn injuries, pain and suffering, mental anguish, and loss of consortium sustained when a defective and unreasonably dangerous hoverboard, a Jetson Plasma

Iridescent Hoverboard Item #081199103159 (hereinafter "Subject Hoverboard"), exploded and caught fire while in Plaintiffs' home. The Subject Hoverboard was defective, hazardous, and malfunctioned when Plaintiffs were using it in a reasonably foreseeable and intended manner.

2.      Plaintiffs now sue Defendants for their roles in designing, manufacturing, importing, distributing, selling, and supplying the Subject Hoverboard in its defective condition and for otherwise causing the incident and Plaintiff's horrific burn injuries.

## THE PARTIES

3.      At all times herein relevant, STEPHANIE WADSWORTH ("Stephanie") has been a resident of Sweetwater County, Wyoming.

4.      At all times herein relevant MATTHEW WADSWORTH ("Matthew") has been a resident of Sweetwater County, Wyoming. Matthew is Stephanie's spouse.

5.      W.W. is a minor child and Stephanie and Matthew are W.W.'s parents and legal guardians.

6.      K.W. is a minor child and Stephanie and Matthew are K.W.'s parents and legal guardians.

7.      G.W. is a minor child and Stephanie and Matthew are G.W.'s parents and legal guardians.

8.      L.W. is a minor child and Stephanie and Matthew are L.W.'s parents and legal guardians.

9.    At all times herein relevant, Defendant WALMART, INC., (referred to hereinafter as "Walmart") was and is a Delaware corporation with its principal place of business at 702 Southwest 8th St, Bentonville, AR 72716.

10.    Walmart is a multinational retail corporation that operates a chain of discount department stores and grocery stores in the United States. According to its website, Walmart offers the convenience of one-stop shopping from grocery and entertainment to sporting goods and crafts.

11.    Walmart derives substantial revenue from selling, distributing, and/or delivering hoverboards to consumers throughout the United States. Walmart sold, distributed, and/or delivered the Subject Hoverboard to Plaintiff that was involved in the incident, which forms the basis for this Complaint.

12.    At all times herein relevant, Defendant JETSON ELECTRIC BIKES, LLC, (referred to hereinafter as "Jetson") was and is a New York limited liability company with its principal place of business at 86 34th St., 4th Fl., Brooklyn, NY 11232.

13.    Jetson is in the business of and derives substantial revenue from designing, manufacturing, assembling, producing, marketing, selling, distributing, servicing, maintaining, and repairing hoverboards.

14.    Jetson has been selling, distributing, and delivering its hoverboard products and services directly to businesses including Walmart.

15.    Jetson designed, manufactured, assembled, and produced the Subject Hoverboard and sold, distributed, and delivered the Subject Hoverboard directly to

Walmart with the purpose and expectation that Walmart would sell and supply the Subject Hoverboard into the stream of commerce.

## JURISDICTION & VENUE

16.     Jurisdiction is based on diversity of citizenship pursuant to U.S.C. § 1332, as this an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and therefore within the jurisdictional requirements of this Honorable Court.

17.     Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this Complaint occurred in Wyoming.

18.     At all times herein relevant, Walmart was regularly doing business within the State of Wyoming and sold products within the state of Wyoming that it marketed, inspected, serviced, and sold.

19.     Walmart was at all times material hereto in the business of distributing, marketing, importing, inspecting, maintaining, servicing, and selling hoverboards, including the Subject Hoverboard that was involved in the incident, which forms the basis for this Complaint.

20.     Walmart regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of Wyoming.

21.    Walmart expects and should reasonably expect its acts to have consequences in Wyoming and derives substantial revenue from commerce with citizens and residents of the state of Wyoming, as well as from interstate commerce.

22.    Walmart regularly transacts business with citizens of residents of the state of Wyoming and contracts to supply its goods and services to the state of Wyoming.

23.    Walmart owns, uses, and possesses real property situated in the state of Wyoming. Indeed, Walmart on their website advertises the fact that Walmart owns, uses, and possesses 14 physical locations within the state of Wyoming:



Select a location from the list:    Wyoming    ⌄

From our humble beginnings as a small discount retailer in Rogers, Ark., Walmart has opened thousands of stores in the United States and expanded internationally. Learn more about the stores located in Wyoming.

Retail Units:

- Supercenters: 12
- Sam's Clubs: 2
- Total Retail Units[1]: 14

24.    At all times herein relevant, Jetson was regularly doing business within the state of Wyoming and sold products within the state of Wyoming that it marketed, inspected, serviced, and sold.

25.    Jetson regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of Wyoming.

26.    Jetson purposefully availed themselves to Walmart and the state Wyoming with the goal of reaching Wyoming consumers and offering their products for sale in Walmart stores located in Wyoming. Pictured below is Jetson's hoverboard advertised and sold in Walmart located at 201 Gateway Blvd, Rock Springs, WY 82901.



27.    Jetson was at all times material hereto in the business of distributing, marketing, importing, inspecting, maintaining, servicing, selling, and manufacturing hoverboards, including the Subject Hoverboard.

28.    Jetson regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of Wyoming.

29.    Jetson expects and should reasonably expect its acts to have consequences in Wyoming and derives substantial revenue from commerce with citizens and residents of the state of Wyoming, as well as from interstate commerce.

30.    Jetson regularly transacts business with citizens of residents of the state of Wyoming and contracts to supply its goods and services to the state of Wyoming.

## FACTS

31.    In December 2021, Matthew purchased the Subject Hoverboard from Walmart located at 201 Gateway Blvd, Rock Springs, WY 82901.

32.    A hoverboard is a type of toy that resembles a skateboard but instead of wheels, it uses two gyroscopically stabilized pads for the user to stand on and control the direction of travel by shifting their weight. A rider stands on two foot pads, one on either side of the board, and controls the speed and direction of the hoverboard by leaning forward or backward. Hoverboards are powered by rechargeable, typically lithium-ion, batteries and have electric motors in the wheels that enable movement.

33.    On February 1, 2022, at or around 4:00 A.M., emergency personnel were dispatched to Plaintiffs' residence in reference to a house fire.

34.    While Plaintiffs were sleeping, the Subject Hoverboard's lithium ion battery malfunctioned experiencing thermal runaway which caused the Subject Hoverboard to suddenly ignite causing a fire that burned down Plaintiffs' house while Plaintiffs were inside.

35.    As a result of the defective Subject Hoverboard, Stephanie suffered devastating burns covering 35% of her body, requiring months of hospitalization,

requiring painful debridement and skin-grafting procedures, and leaving Stephanie with severe and permanent scarring to her body.

36.    As a result of the defective Subject Hoverboard, W.W. suffered devastating burns on the right leg, bottom of the left foot, entire right hand, and lower back, requiring months of hospitalization, requiring painful debridement and skin-grafting procedures, and leaving W.W. with severe and permanent scarring to his body.

37.    As a result of the defective Subject Hoverboard, K.W. suffered devastating burns on her foot, requiring hospitalization and medical treatment.

38.    Additionally, Plaintiffs W.W., K.W., G.W., and L.W., have sought professional mental health services to treat the mental anguish and emotional distress inflicted upon them as a result of the defective Subject Hoverboard.

39.    Defendants Walmart and Jetson were well aware of the risks to human health posed by the defective Subject Hoverboard. Defendants knew, or should have known, that the Subject Hoverboard could pose significant health risks to consumers.

40.    Defendants negligently distributed, marketed, imported, inspected, maintained, serviced, and/or sold the defective Subject Hoverboard that could unexpectedly and without warning burst into flames.

41.    The Subject Hoverboard is defective in its design, manufacture, and/or warning.

42.    The defective condition of the Subject Hoverboard rendered the product unreasonably dangerous for its designed, intended, and foreseeable uses.

43.    The risk of danger associated with designing, manufacturing, distributing, supplying, and selling the Subject Hoverboard as it was outweighs any real or perceived benefits. At the time the Subject Hoverboard was designed, manufactured, distributed, supplied, and sold, alternative designs, formulations, and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

44.    The Subject Hoverboard's defective and unreasonably dangerous condition existed at the time the Subject Hoverboard left Jetson's final possession, custody, and control. The Subject Hoverboard's lithium ion battery malfunctioned and experienced thermal runaway which caused the Subject Hoverboard to suddenly ignite and it remained in its defective and unreasonably dangerous condition until and throughout the incident which forms the basis of this lawsuit.

45.    The Subject Hoverboard's defective condition actually and proximately caused Plaintiff's injuries.

46.    Upon information and belief, Defendants prioritized profits over safety, knowingly disregarding the defective and hazardous nature of the Subject Hoverboard.

47.    Upon information and belief, there are numerous documented instances where similar hoverboards designed, manufactured, distributed, supplied, and sold by Defendants failed in a similar manner. Despite this knowledge, Defendants took no action and allowed the Subject Hoverboard to remain in the market, recklessly and intentionally disregarding the potential risks and safety concerns.

## COUNT I—STEPHANIE WADSWORTH NEGLIGENCE AGAINST

## WALMART, INC.

48.    Stephanie re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

49.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

50.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Stephanie.

51.    On February 1, 2022, Stephanie was using the Subject Hoverboard for its ordinary purpose.

52.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

53.    Walmart was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including Stephanie.

54.    Walmart owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

11

55.    Walmart owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

56.    Walmart breached the above duties.

57.    Walmart's breach of the above duties actually and proximately caused injury and damage to Stephanie.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II – STEPHANIE WADSWORTH STRICT LIABILITY AGAINST WALMART, INC.

58.    Stephanie re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

59.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

60.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Stephanie.

61.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a

foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

62.    Walmart is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including Stephanie.

63.    The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Walmart.

64.    The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Stephanie.

65.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Walmart.

66.    As a direct and proximate result of the Subject Hoverboard's defective condition, Stephanie sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and

suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III – STEPHANIE WADSWORTH BREACH OF WARRANTY AGAINST WALMART, INC.

67.    Stephanie re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

68.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

69.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Stephanie.

70.    Walmart placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Walmart knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

71.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Walmart.

72.    Walmart warranted and represented safe operation and performance of the Subject Hoverboard to Stephanie during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

73.     The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Walmart because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

74.     Walmart's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Stephanie.

75.     The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

76.     For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Stephanie, who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

77.     The defects above directly and proximately caused the subject incident and injuries to Stephanie.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and

15

suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV – STEPHANIE WADSWORTH NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

78.    Stephanie re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

79.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

80.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

81.    On February 1, 2022, Stephanie was using the Subject Hoverboard for its ordinary purpose.

82.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

83.    Jetson was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary

circumstances, would come into contact with the Subject Hoverboard, including Stephanie.

84.     Jetson owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

85.     Jetson owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

86.     Jetson breached the above duties.

87.     Jetson's breach of the above duties actually and proximately caused injury and damage to Stephanie.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT V – STEPHANIE WADSWORTH STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

88.     Stephanie re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

89.     Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

90.     Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

91.     Jetson sold and ultimately placed the Subject Hoverboard into the stream of commerce.

92.     Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

93.     Jetson is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including Stephanie.

94.     The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Jetson.

95.     The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Stephanie.

18

96.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Jetson.

97.    As a direct and proximate result of the Subject Hoverboard's defective condition, Stephanie sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VI – STEPHANIE WADSWORTH BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

98.    Stephanie re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

99.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

100.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

101.    Jetson placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or

unknown dangers. Jetson knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

102.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Jetson.

103.    Jetson warranted and represented safe operation and performance of the Subject Hoverboard to Stephanie during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

104.    The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Jetson because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

105.    Jetson's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Stephanie.

106.    The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

107.    For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including

Stephanie, who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

108.    The defects above directly and proximately caused the subject incident and injuries to Stephanie.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

109.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

110.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

111.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to W.W.'s parents.

112.    On February 1, 2022, W.W. was using the Subject Hoverboard for its ordinary purpose.

113.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

114.    Walmart was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including W.W.

115.    Walmart owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

116.    Walmart owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

117.    Walmart breached the above duties.

118.    Walmart's breach of the above duties actually and proximately caused injury and damage to W.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-

22

economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VIII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

119. Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

120. Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

121. Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to W.W.'s parents.

122. Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

123. Walmart is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including W.W.

124.    The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Walmart.

125.    The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including W.W.

126.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Walmart.

127.    As a direct and proximate result of the Subject Hoverboard's defective condition, W.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IX—STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

128.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

129.   Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

130.   Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to W.W.'s parents.

131.   Walmart placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Walmart knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

132.   On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Walmart.

133.   Walmart warranted and represented safe operation and performance of the Subject Hoverboard to W.W. during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

134.   The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Walmart because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

135.   Walmart's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably

dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including W.W.

136.   The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

137.   For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Stephanie, who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

138.   The defects above directly and proximately caused the subject incident and injuries to W.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT X— STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, LOSS OF CONSORTIUM AGAINST WALMART, INC.

139.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

140.    As a result of the tortious and negligent behavior by Walmart described herein, W.W.'s close familial relations with his mother Stephanie have suffered devastating injuries. This has caused W.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

141.    By reason of the foregoing, Walmart is liable to W.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT X~~ COUNT XI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

142.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

143.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

144.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

145.    On February 1, 2022, W.W. was using the Subject Hoverboard for its ordinary purpose.

146.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a

27

foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

147.    Jetson was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including W.W.

148.    Jetson owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

149.    Jetson owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

150.    Jetson breached the above duties.

151.    Jetson's breach of the above duties actually and proximately caused injury and damage to W.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## ~~COUNT XI~~ COUNT XII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

152.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

153.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

154.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

155.    Jetson sold and ultimately placed the Subject Hoverboard into the stream of commerce.

156.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

157.    Jetson is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who

reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including W.W.

158. The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Jetson.

159. The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including W.W.

160. On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Jetson.

161. As a direct and proximate result of the Subject Hoverboard's defective condition, W.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XII~~ COUNT XIII – STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

162.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

163.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

164.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

165.    Jetson placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers.  Jetson knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

166.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Jetson.

167.    Jetson warranted and represented safe operation and performance of the Subject Hoverboard to W.W. during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

168.    The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Jetson because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

169.    Jetson's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including W.W.

170.    The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

171.    For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including W.W., who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

172.    The defects above directly and proximately caused the subject incident and injuries to W.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-

economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XIV— STEPHANIE WADSWORTH, as Parent and Legal Guardian of W.W., a minor child, LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC.

173.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of W.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

174.   As a result of the tortious and negligent behavior by Jetson described herein, W.W.'s close familial relations with his mother Stephanie have suffered devastating injuries. This has caused W.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

175.   By reason of the foregoing, Jetson is liable to W.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT XIII~~ COUNT XV—STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

176.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

177.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

178.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to K.W.'s parents.

179.    On February 1, 2022, K.W. was using the Subject Hoverboard for its ordinary purpose.

180.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

181.    Walmart was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including K.W.

182.    Walmart owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

183.    Walmart owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

184.    Walmart breached the above duties.

185.    Walmart's breach of the above duties actually and proximately caused injury and damage to K.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## ~~COUNT XIV~~ COUNT XVI—STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

186.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

187.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

188.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to K.W.'s parents.

189.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

190.    Walmart is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including K.W.

191.    The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Walmart.

192.    The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including K.W.

193.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Walmart.

194.    As a direct and proximate result of the Subject Hoverboard's defective condition, K.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## ~~COUNT XV~~ COUNT XVII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

195.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

196.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

197.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to K.W.'s parents.

198.    Walmart placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Walmart knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

199.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Walmart.

200.    Walmart warranted and represented safe operation and performance of the Subject Hoverboard to K.W. during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

201.   The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Walmart because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

202.   Walmart's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including K.W.

203.   The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

204.   For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Stephanie, who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

205.   The defects above directly and proximately caused the subject incident and injuries to K.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-

economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XVIII— STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, LOSS OF CONSORTIUM AGAINST WALMART, INC.

206.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

207.    As a result of the tortious and negligent behavior by Walmart described herein, K.W.'s close familial relations with her mother Stephanie have suffered devastating injuries. This has caused K.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in her close familial relationships.

208.    By reason of the foregoing, Walmart is liable to K.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT XVI~~ COUNT XIX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

209.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

210.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

211.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

212.    On February 1, 2022, K.W. was using the Subject Hoverboard for its ordinary purpose.

213.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

214.    Jetson was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including K.W.

215.    Jetson owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

216.    Jetson owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

217.    Jetson breached the above duties.

218.   Jetson's breach of the above duties actually and proximately caused injury and damage to K.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XVII~~ COUNT XX – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

219.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

220.   Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

221.   Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

222.   Jetson sold and ultimately placed the Subject Hoverboard into the stream of commerce.

41

223.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

224.    Jetson is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including K.W.

225.    The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Jetson.

226.    The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including K.W.

227.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Jetson.

228.    As a direct and proximate result of the Subject Hoverboard's defective condition, K.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the

future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XVIII~~ COUNT XXI – STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

229.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

230.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

231.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

232.    Jetson placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Jetson knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

233.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Jetson.

234.    Jetson warranted and represented safe operation and performance of the Subject Hoverboard to K.W. during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

235.    The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Jetson because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

236.    Jetson's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including K.W.

237.    The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

238.    For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including K.W., who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

239.    The defects above directly and proximately caused the subject incident and injuries to K.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, demands judgment against Defendant, JETSON

ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT XXII— STEPHANIE WADSWORTH, as Parent and Legal Guardian of K.W., a minor child, LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC.

240.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of K.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

241.    As a result of the tortious and negligent behavior by Jetson described herein, K.W.'s close familial relations with her mother Stephanie have suffered devastating injuries. This has caused K.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in her close familial relationships.

242.    By reason of the foregoing, Jetson is liable to K.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

### ~~COUNT XIX~~ COUNT XXIII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

243.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

244.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

245.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to G.W.'s parents.

246.    On February 1, 2022, G.W. was using the Subject Hoverboard for its ordinary purpose.

247.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

248.    Walmart was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including G.W.

249.    Walmart owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

250.    Walmart owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

251.   Walmart breached the above duties.

252.   Walmart's breach of the above duties actually and proximately caused injury and damage to G.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XX~~ COUNT XXIV—STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

253.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

254.   Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

255.   Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to G.W.'s parents.

256.   Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a

foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

257.   Walmart is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including G.W.

258.   The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Walmart.

259.   The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including G.W.

260.   On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Walmart.

261.   As a direct and proximate result of the Subject Hoverboard's defective condition, G.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-

economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XXI~~ COUNT XXV—STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

262.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

263.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

264.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to G.W.'s parents.

265.    Walmart placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Walmart knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

266.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Walmart.

267.    Walmart warranted and represented safe operation and performance of the Subject Hoverboard to G.W. during its initial sale to them by way of their business.

Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

268.   The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Walmart because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

269.   Walmart's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including G.W.

270.   The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

271.   For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Stephanie, who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

272.   The defects above directly and proximately caused the subject incident and injuries to G.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future,

including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XXVI— STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, LOSS OF CONSORTIUM AGAINST WALMART, INC.

273.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

274.    As a result of the tortious and negligent behavior by Walmart described herein, G.W.'s close familial relations with his mother Stephanie have suffered devastating injuries. This has caused G.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

275.    By reason of the foregoing, Walmart is liable to G.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT XXII~~ COUNT XXVII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

276.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

277.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

278.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

279.    On February 1, 2022, G.W. was using the Subject Hoverboard for its ordinary purpose.

280.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

281.    Jetson was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including G.W.

282.    Jetson owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

283.    Jetson owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

284.    Jetson breached the above duties.

285.    Jetson's breach of the above duties actually and proximately caused injury and damage to G.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## ~~COUNT XXIII~~ COUNT XXVIII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

286.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

287.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

288.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

289.    Jetson sold and ultimately placed the Subject Hoverboard into the stream of commerce.

290.   Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

291.   Jetson is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including G.W.

292.   The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Jetson.

293.   The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including G.W.

294.   On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Jetson.

295.   As a direct and proximate result of the Subject Hoverboard's defective condition, G.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the

future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XXIV~~ COUNT XXIX—STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

296.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

297.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

298.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

299.    Jetson placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Jetson knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

300.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Jetson.

301.   Jetson warranted and represented safe operation and performance of the Subject Hoverboard to G.W. during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

302.   The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Jetson because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

303.   Jetson's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including G.W.

304.   The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

305.   For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including G.W., who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

306.   The defects above directly and proximately caused the subject incident and injuries to G.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, demands judgment against Defendant, JETSON

ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XXX— STEPHANIE WADSWORTH, as Parent and Legal Guardian of G.W., a minor child, LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC.

307.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of G.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

308.    As a result of the tortious and negligent behavior by Jetson described herein, G.W.'s close familial relations with his mother Stephanie have suffered devastating injuries. This has caused G.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

309.    By reason of the foregoing, Jetson is liable to G.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT XXV~~ COUNT XXXI—STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, NEGLIGENCE AGAINST WALMART, INC.

310.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

311.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

312.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to L.W.'s parents.

313.    On February 1, 2022, L.W. was using the Subject Hoverboard for its ordinary purpose.

314.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

315.    Walmart was under a duty to properly and adequately inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including L.W.

316.    Walmart owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

317.    Walmart owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

318.    Walmart breached the above duties.

319.    Walmart's breach of the above duties actually and proximately caused injury and damage to L.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XXVI~~ COUNT XXXII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, STRICT LIABILITY AGAINST WALMART, INC.

320.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

321.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

322.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to L.W.'s parents.

323.    Walmart knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a

foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

324. Walmart is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including L.W.

325. The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Walmart.

326. The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including L.W.

327. On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Walmart.

328. As a direct and proximate result of the Subject Hoverboard's defective condition, L.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-

economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## ~~COUNT XXVII~~ COUNT XXXIII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, BREACH OF WARRANTY AGAINST WALMART, INC.

329.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

330.    Defendant Walmart is in the business of distributing and selling hoverboards, including the Subject Hoverboard.

331.    Walmart inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to L.W.'s parents.

332.    Walmart placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Walmart knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

333.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Walmart.

334.    Walmart warranted and represented safe operation and performance of the Subject Hoverboard to L.W. during its initial sale to them by way of their business.

Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

335.    The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Walmart because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

336.    Walmart's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including L.W.

337.    The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

338.    For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including Stephanie, who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

339.    The defects above directly and proximately caused the subject incident and injuries to L.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, demands judgment against Defendant, WALMART, INC., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future,

including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XXXIV— STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, LOSS OF CONSORTIUM AGAINST WALMART, INC.

340. Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

341. As a result of the tortious and negligent behavior by Walmart described herein, L.W.'s close familial relations with his mother Stephanie have suffered devastating injuries. This has caused L.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

342. By reason of the foregoing, Walmart is liable to L.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT XXVIII~~ COUNT XXXV—STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, NEGLIGENCE AGAINST JETSON ELECTRIC BIKES, LLC.

343. Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

344.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

345.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

346.    On February 1, 2022, L.W. was using the Subject Hoverboard for its ordinary purpose.

347.    Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

348.    Jetson was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and/or sell the Subject Hoverboard in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the Subject Hoverboard, including L.W.

349.    Jetson owed a duty to adequately test, inspect, and assure the quality of the Subject Hoverboard before placing it into the stream of commerce.

350.    Jetson owed a duty to provide adequate warnings, instructions, and information with the Subject Hoverboard.

351.    Jetson breached the above duties.

352.   Jetson's breach of the above duties actually and proximately caused injury and damage to L.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XXIX~~ COUNT XXXVI—STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, STRICT LIABILITY AGAINST JETSON ELECTRIC BIKES, LLC.

353.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

354.   Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

355.   Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

356.   Jetson sold and ultimately placed the Subject Hoverboard into the stream of commerce.

357.   Jetson knew or in the exercise of due care should have known that the Subject Hoverboard was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

358.   Jetson is strictly liable as the Subject Hoverboard was not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the Subject Hoverboard was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the Subject Hoverboard, including L.W.

359.   The Subject Hoverboard was defective and in an unreasonably dangerous condition for users, operators, and/or consumers when sold and distributed by Jetson.

360.   The Subject Hoverboard was unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including L.W.

361.   On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition and sold and maintained by Jetson.

362.   As a direct and proximate result of the Subject Hoverboard's defective condition, L.W. sustained injuries.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, demands judgment against Defendant, JETSON ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the

future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### ~~COUNT XXX~~ COUNT XXXVII—STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, BREACH OF WARRANTY AGAINST JETSON ELECTRIC BIKES, LLC.

363.    Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

364.    Defendant Jetson is in the business of manufacturing, marketing, repairing, servicing, maintaining, distributing, and selling hoverboards, including the Subject Hoverboard.

365.    Jetson inspected, distributed, sold, and/or ultimately placed the Subject Hoverboard into the stream of commerce, selling it directly to Walmart.

366.    Jetson placed the Subject Hoverboard on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. Jetson knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

367.    On the date of the subject incident, the Subject Hoverboard was substantially unchanged from its condition as sold and maintained by Jetson.

368.   Jetson warranted and represented safe operation and performance of the Subject Hoverboard to L.W. during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the Subject Hoverboard was fit for the purposes it was intended to be used.

369.   The Subject Hoverboard was defective and in an unreasonably dangerous condition when sold and maintained by Jetson because of design, manufacturing, inspection, and warning defects that caused the Subject Hoverboard to suddenly ignite.

370.   Jetson's lack of inspection, testing, or quality control in connection with the Subject Hoverboard's performance, coupled with its representations and warranties about safe performance, rendered the Subject Hoverboard unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including L.W.

371.   The Subject Hoverboard failed to perform safely as warranted and represented by Walmart in connection with its sale.

372.   For the reasons set forth above, the Subject Hoverboard was defective and unreasonably dangerous to foreseeable users and/or bystanders, including L.W., who came into contact with the Subject Hoverboard in an ordinary and foreseeable manner.

373.   The defects above directly and proximately caused the subject incident and injuries to L.W.

**WHEREFORE**, Plaintiff, STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, demands judgment against Defendant, JETSON

ELECTRIC BIKES LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT XXXVIII— STEPHANIE WADSWORTH, as Parent and Legal Guardian of L.W., a minor child, LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC.

374.   Plaintiff, Stephanie Wadsworth, as Parent and Legal Guardian of L.W., a minor child, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

375.   As a result of the tortious and negligent behavior by Jetson described herein, L.W.'s close familial relations with his mother Stephanie have suffered devastating injuries. This has caused L.W. mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

376.   By reason of the foregoing, Jetson is liable to L.W. for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

### ~~COUNT XXXI~~ COUNT XXXIX—MATTHEW WADSWORTH LOSS OF CONSORTIUM AGAINST WALMART, INC.

377.   Plaintiff, Matthew Wadsworth, re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

378.   As a result of the tortious and negligent behavior by Walmart described herein, Matthew's close familial relations with his spouse Stephanie have suffered devastating injuries. This has caused Matthew mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

379.   By reason of the foregoing, Walmart is liable to Matthew for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## ~~COUNT XXXII~~ COUNT XL—MATTHEW WADSWORTH LOSS OF CONSORTIUM AGAINST JETSON ELECTRIC BIKES, LLC.

380.   Plaintiff, Matthew Wadsworth re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully stated herein.

381.   As a result of the tortious and negligent behavior by Jetson described herein, Matthew's close familial relations with his spouse Stephanie have suffered devastating injuries. This has caused Matthew mental anguish and a loss of companionship, solace, comfort, fellowship, society, affection, love, guidance, and assistance in his close familial relationships.

382.   By reason of the foregoing, Jetson is liable to Matthew for compensatory damages in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

1. For an award of damages, including nominal and compensatory damages, including past and future pain and suffering, past and future treatment costs, and other amounts as allowed by law and in an amount to be determined;

2. For an award of punitive damages as allowed by law and in an amount to be determined;

3. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

4. For prejudgment interest on all amounts awarded; and

5. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs, STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH, hereby demand a jury of six (6) persons on all issues so triable.

Date: ~~July 6, 2023~~ March 3, 2025          Respectfully submitted,

                                              /s/ Taly Goody
                                              **TALY GOODY, ESQ.**
                                              Wyoming Bar No.: 8-6737

**Goody Law Group**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Primary Email:
Taly@GoodyLawGroup.com

**T. MICHAEL MORGAN, Esq.\***
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email:
mmorgan@forthepeople.com
Secondary Email:
akelseyflowers@forthepeople.com
Tertiary Email:
phillip@forthepeople.com

*Counsel for Plaintiffs*
*\*Wyoming Pro Hac Vice Pending*