Christoper C. Voigt, Wyo. Bar No. 6-3313
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
cvoigt@crowleyfleck.com
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com
*Attorneys for Defendants,*
*Walmart Inc. and Jetson Electric Bikes, LLC*

Eugene M. LaFlamme (Admitted pro hac vice)
Jared B. Giroux (Admitted pro hac vice)
Jillian L. Lukens (Admitted pro hac vice)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEPHANIE WADSWORTH Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children and MATTHEW WADSWORTH, | ) ) ) ) ) | Case No. 2:23-cv-00118-KHR |
| Plaintiffs, | ) ) ) | **DEFENDANTS' RESPONSE IN OPPOSITION PLAINTIFFS' MOTION TO** |
| v. | ) | **DETERMINE** |
| WALMART INC. and JETSON ELECTRIC BIKES, LLC, | ) ) | **RECOVERABLE DAMAGES OR, IN THE ALTERNATIVE,** |
| Defendants. | ) ) ) | **TO CONFORM TO THE EVIDENCE** |

Defendants Walmart, Inc. ("Walmart") and Jetson Electric Bikes, LLC ("Jetson"), by and through their undersigned counsel, oppose *Plaintiffs' Motion to Determine Recoverable Damages Or, In the Alternative, to Conform Pleadings to the Evidence.* (ECF No. 208, hereinafter *Plaintiffs' Motion*). As noted in *Defendants' Motion to Exclude Efforts to Amend Complaint and Add Loss of Consortium Claims for Minor Plaintiffs*, (ECF NoS. 193-194, hereinafter *Defendants' Motion to Exclude Amendment*), it is entirely improper and prejudicial for Plaintiffs to attempt to add four causes of action, not just on the eve of trial, but after trial has begun. These claims have been

1

known since Plaintiffs filed this action. There is no good cause (which is the applicable standard) to allow them to be added at this late hour.

Furthermore, Plaintiffs have not properly pled claims for loss of consortium for the minor Plaintiffs in their proposed Amended Complaint. Rather, Plaintiffs are conflating loss of consortium and mental anguish, which is legally improper, will confuse the jury, and invites double recovery.

## RELEVANT PROCEDURAL HISTORY AND STANDARD OF REVIEW

Defendants have already set forth the relevant procedural history and standard of review related to Plaintiffs' request. *See* ECF No. 194, pp. 2-4. Defendants respectfully incorporate those portions herein so as not to be redundant for the Court. By way of a supplement to the procedural background, this Court denied *Defendants' Motion to Exclude Amendment*, finding it was premature as Plaintiffs had not moved to amend. ECF 195. The Court noted, however, that it "does not look favorably to motion practice this close to trial, to include any motion to amend pleadings. The Initial Pretrial Order and Amended Scheduling Order gave specific deadlines for a reason." *Id.* at p. 2. At the hearing conducted on February 28, 2025, Plaintiffs' counsel requested leave to file a brief related to their intent to include loss of consortium claims for the minor Plaintiffs. The Court required Plaintiffs to submit briefing on the matter no later than March 3, 2025. At midnight, March 4, 2025, Plaintiffs submitted their brief in the form of the present *Motion*, which includes a proposed *Amended Complaint*.

## ARGUMENT

The *Plaintiffs' Motion* is another attempt at trial by ambush that should not be condoned. To seek loss of consortium type damages for the minors, Plaintiffs must amend their pleading, as those claims are not pled in the *Complaint*. Moreover, such damage claims are not included in any

demands for damages in the *Complaint*. However, as previously presented, amendment either on the eve of (or during trial) is entirely inappropriate and prejudicial, as Plaintiffs have known of these claims since they initiated this action. Notably missing from *Plaintiffs' Motion* is any attempt to argue they have "good cause" for this last-minute amendment to add claims and theories of damages. That is because no such good cause exists and the prejudice to Defendants is patent. Finally, Plaintiffs should not be permitted to amend to add claims or theories, as the proposed amendments are contrary to clear Wyoming law and seek double recovery.

**A. Plaintiffs have not pled claims for "loss of consortium" or the types of damages recoverable under such a theory.**

*Plaintiffs' Motion* is based upon a severe misunderstanding of Wyoming law related to the types of recovery permitted under a loss of consortium claim compared to emotional damages recoverable under different claims. They argue that the minor Plaintiffs "can recover for all mental anguish caused by Defendants, including consortium damages." And because they included demands for these "mental anguish" in the *Complaint*, Plaintiffs argue that they have adequate pleadings to proceed on claims for loss of consortium. They are wrong.

Defendants do not contest that the minor Plaintiffs may seek pain and suffering damages stemming from their personal injuries and experience at the time of the fire, as those claims and categories of damages were included in the *Complaint*. Furthermore, Defendants do not contest that the minor Plaintiffs may seek damages for emotional distress stemming from their own injuries or witnessing the injuries to their mother. To be sure, Wyoming law permits recovery for purely emotional distress in certain circumstances. *Larsen v. Banner Health Sys.*, 2003 WY 167, ¶ 8, 81 P.3d 196, 199 (Wyo. 2003). Defendants recognize one or more of those circumstances applies here for the minor Plaintiffs. First, the "impact" or "zone of danger" circumstance is likely present for all four minor Plaintiffs. *See Gates v. Richardson*, 719 P.2d 193, 195 (Wyo. 1986)

(citing W. Keeton, Prosser and Keeton on Torts § 54 at 362–364 (1984)). Second, the *Gates* court adopted a theory of negligent infliction of emotional distress for certain familial relations who witnessed serious bodily injury or death of a relative, limiting the scope of claimants to those who fall under the same category as those who could maintain a wrongful death action. *Gates*, 719 P.2d at 198-201.

Plaintiffs erroneously cite this line of authority to suggest these sorts of damages are recoverable under a loss of consortium theory. ECF No. 208, a pp. 2-5. But Wyoming law is clear that those types of mental harm claims are **separate** and **distinct** from claims for loss of consortium. A loss of consortium claim is intended to compensate for "probable future companionship, society and comfort." *Nulle v. Gillette-Campbell Cnty. Joint Powers Fire Bd.*, 797 P.2d 1171, 1172 (Wyo. 1990). As it relates to child's claim for loss of consortium, which was first adopted in Wyoming by the *Nulle* court, the cause of action is intended to compensate for the lost services and relationship a parent is expected to provide a child.

> In our society the minor child requires his or her parent's nurturing, guidance, and supervision. The child is uniquely dependent upon the parent for his or her socialization, that maturation process which turns a helpless infant into an independent, productive, responsible human being who has an opportunity to be a valuable, contributing member of our society. Without question, the child's relational interest with the parent is characterized by dependence.

*Id.* at 1175.

This type of claim does not concern a child's emotional response to a parent's injury or loss. It is focused on the relationship between the parent and child and the things a parent may not be able to provide to that child, which otherwise she would.

The distinction between the "emotional" reaction or loss a child may experience compared to the loss of services or relationship upon which a child typically relies is clearly set forth in Wyoming wrongful death case law. Wyoming's wrongful death statute allows qualified claimants

to recover "damages for loss of probable future companionship, society and comfort." Wyo. Stat. Ann. § 1-38-102(c). In other words, the statute allows loss of consortium damages. However, Wyoming is clear that these types of damages (i.e., loss of consortium) do **not** include emotional damages or mental anguish. "Wyoming has a long history of allowing damages for loss of probable future companionship, society and comfort, but **does not** allow damages for mental anguish." *Knowles v. Corkill*, 2022 WY 119, ¶ 9, 51 P.3d 859, 863 (Wyo. 2002) (emphasis added). "Put simply, loss of probable future companionship, society and comfort entails the loss of positive benefits, while mental anguish represents an **emotional reaction** to the wrongful death." *Id.* at ¶ 10 (emphasis added). "Compensation can be had only for the monetary value of any benefits the decedent would have bestowed upon her children had she lived. The emotional **reaction** to their mother's disappearance is not compensable." *Id.* at ¶ 11 (emphasis added). In other words, the emotional distress or mental anguish a child experiences is not part of a loss of consortium claim.

Plaintiffs try to argue that they have pled loss of consortium claims for the minor Plaintiffs by claiming relief for emotional damages. The statements of clear Wyoming law above prove that is not the case. Defendants were on notice of Plaintiffs' intent to seek "mental anguish, emotional distress, pain and suffering" damages for the minor Plaintiffs. ECF No. 1, at ¶¶ 108, 118, 127, 138, 148, 158, 169, 179, 188, 199, 209, 219, 230, 240, 249, 260, 270, 280, 291, 301, 310, 321, 331, 341, 352. But nowhere in the *Complaint* do Plaintiffs allege any damage to or loss of the minor Plaintiffs' relationship with, or services provided by, Stephanie Wadsworth. In contrast, Plaintiffs directly put Defendants on notice of claims of the damage or loss to the relationship between Matthew Wadsworth and Stephanie Wadsworth. ECF No. 1, at ¶¶ 354, 357.

In short, Plaintiffs pled claims for relief related to the minor Plaintiffs' emotional damages stemming from either their own injuries or witnessing the injuries to their mother. But Plaintiffs

have **not** pled claims for loss or damages related to the distinct claim for loss of consortium. As such, to add the former claims or seek relief, Plaintiffs must amend their *Complaint*.

### B.  Amendment is improper, prejudicial, and without "good cause."

Plaintiffs suggest that *if* they haven't pled "loss of consortium" claims for the minors, they can amend to "conform to the pleadings." ECF No. 208, p. 5. Again, they are wrong. Plaintiffs even go so far as to cite this Court's most recent authority on this point, failing to appreciate its ruling. Just this year, this Court found: "While Rule 15(a) is the preferred mechanism to amend the pleadings prior to trial, 'there are instances in **which the need to [amend] does not become apparent until so close to trial**, or after the trial has actually commenced, that the request for a change can be made only when the trial is under way.'" *McArtor v. Valsoft Corp., Inc.*, No. 1:23-CV-00136-SWS, 2025 WL 357783, at *2 (D. Wyo. Jan. 31, 2025) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1491 (3d ed. June 2024 update)) (emphasis added). Yet Plaintiffs do not even try to argue those specific circumstances exist here. Because they don't. Plaintiffs knew of the existence of potential loss of consortium claims when they filed this case on July 6, 2023. To amend, Plaintiffs are required to do so under Rule 15(a).

The Court set a deadline for Plaintiffs to amend under Rule 15(a)—December 4, 2023. ECF No. 48. Plaintiffs knew of these types of claims by that time. They made no effort to amend then, nor at any time between December 4, 2023 and midnight of March 4, 2025. This Court was clear that any amendment after December 4, 2023 would be allowed only upon a finding of "good cause." Defendants have briefed the standard of "good cause" at least twice now (ECF No. 81; ECF No. 193). "Good cause" is found only when counsel has exercised diligence and the need for amendment or more time was not foreseeable. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). A party's carelessness is not good cause. *Id.* at 989. Here, Plaintiffs' failure

6

to plead loss of consortium claims for the four minor Plaintiffs prior to trial, even after Defendants raised this issue on February 25, 2025, is not "good cause." It is the result of Plaintiffs' carelessness and lack of diligence to ensure their claims are properly and timely presented.

As previously briefed, Defendants are clearly prejudiced by the inclusion of brand-new claims on the eve of (or now during) trial. Because these claims were not pled, Defendants had no reason to question the Plaintiffs or otherwise examine the details or extent of any services, society, companionship, affection, love, advice or guidance Stephanie Wadsworth provided to the minor Plaintiffs before or after her injuries. Contrary to Plaintiffs' representations, passing references to "loss of consortium" in discovery responses did not cure this lack of adequate discovery, nor did they notify Defendants the extent of Plaintiffs' claimed loss of consortium damages. Defendants would be exploring these relationships and changes thereto for the first time when the minor Plaintiffs are called to the stand. Such surprise and inability to adequately prepare is highly prejudicial and contrary to the anticipated proceedings at trial.

As explained in ECF No. 193, this Court's decision in *Dye v. Cooney's Farm Serv., Ltd.* demonstrates this last-minute effort to amend, even with prior passing reference to the new claim or type of damages, is improper and should be denied. *Dye v. Cooney's Farm Serv., Ltd.*, No. 09-CV-A32-J, 2010 WL 11564923, at *1 (D. Wyo. Sept. 8, 2010), *report and recommendation adopted*, No. 09-CV-32-J, 2010 WL 11564916 (D. Wyo. Sept. 24, 2010) (denying plaintiffs' request to amend to add punitive damages just a few months before trial even after plaintiffs had suggest to the Court and defendants at least twice before that they were considering adding the claims).

**C. Plaintiffs proposed amended claims for loss of consortium are legally improper and ask a jury to award duplicative damages.**

Most concerning is that Plaintiffs' proposed *Amended Complaint* seeks to include claims for "mental anguish" ***within*** the added "loss of consortium" claims for the minor Plaintiffs. ECF No. 208-2, at ¶¶ 140, 174, 207, 241. As discussed above, mental anguish is **not** recoverable for a loss of consortium claim. *Knowles*, ¶ 9. Plaintiffs are already seeking those "mental anguish" type claims in their other theories for the minor Plaintiffs. ECF No. 1, at ¶¶ 108, 118, 127, 138, 148, 158, 169, 179, 188, 199, 209, 219, 230, 240, 249, 260, 270, 280, 291, 301, 310, 321, 331, 341, 352. By including "mental anguish" in the late proposed amended and added loss of consortium claims is legally wrong, confuses the jury, and ultimately seeks double recovery.

**CONCLUSION**

The present *Motion* appears to be part of Plaintiffs' concerted effort to try this case by ambush. After trial has started, they seek to add distinct and unpled theories of relief, for which Defendants lacked notice and had no real reason to investigate through discovery. This Court has already warned Plaintiffs that it does not look favorably upon motions to amend at this late hour. Given the severe undue delay without excuse or justification, lack of good cause, substantial prejudice to Defendants, and legally improper pleading of the proposed amended claims, *Plaintiffs' Motion* must be denied.

//

//

//

//

//

Dated this 5th day of March, 2025.

*/s/ Holly L. Tysse*
Timothy M. Stubson, Wyo. Bar No. 6-3144
Brandon E. Pryde, Wyo. Bar No. 8-6883
Holly L. Tysse, Wyo. Bar No. 7-5553
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
(P) 307-232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
htysse@crowleyfleck.com

Christopher C. Voigt, Wyo. Bar No. 6-3313
Crowley Fleck PLLP
PO Box 2529
Billings, MT 59103-2529
Ph: (406-255-7239)
cvoigt@crowleyfleck.com

Eugene M. LaFlamme *(pro hac vice)*
Jared B. Giroux *(pro hac vice)*
Jillian L. Lukens (*pro hac vice*)
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(P) 262-522-7000
elaflamme@MLLlaw.com
jgiroux@MLLlaw.com
jlukens@MLLlaw.com

*Attorneys for Defendants*
