Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
greyson@GoodyLawGroup.com

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com

Josh Autry, Esq.*
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No.: 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
Email: jautry@forthepeople.com
**Pro Hac Vice*
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-KHR |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF**
**COURT'S RULING ON PUNITIVE DAMAGES (ECF 143)**
**AS TO WALMART**

**I. INTRODUCTION**

Plaintiffs respectfully ask the Court to reconsider its summary judgment ruling (ECF 143) regarding punitive damages. Yesterday, Defendants stipulated to the admission of the 2018 CPSC Safety Alert (Plaintiffs' Trial Exhibit 199), which demonstrates Walmart's knowledge of over 300 incidents in a mere 32 months where hoverboards with lithium-ion battery packs overheated or caught fire. Given this evidence, a reasonable jury could determine that Walmart recklessly disregarded a risk to consumers by UL-certified hoverboards with lithium-ion batteries.

**II. ARGUMENT**

Under FED. R. CIV. P. 54(b), this Court has discretion to reconsider prior orders. *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 Fed. App'x 760, 765 (10th Cir. 2007). Reconsideration is appropriate here because, after the Court granted summary judgment as to punitive damages, the subsequent evidence reveals that "it was premature to preclude jury consideration of plaintiff's punitive damages claim… ." *Garrett v. Humana,* 1995 WL 697233, at *1 (D.D.C. Nov. 13, 1995) (granting motion to reconsider partial summary judgment on punitive damages); *Kluth v. Spurlock*, 2024 WL 1858502 at *2 (D. Colo. April 29, 2024) (granting motion to reconsider summary judgment precluding punitive damages); *Powell v. Tosh*, 2013 WL 1878934, at *2 (W.D. Ky. May 3, 2013) (granting motion to reconsider relative to punitive damages); *Vigil v. Whirlpool*, 2003 WL 27385394, at *2 (D.N.M. Feb. 11, 2003) (granting motion to reconsider directed verdict on punitive damages); *Ross v. Erie Ins.*, 2019 WL 5196381, at *2 (N.D. W.Va. Oct. 15, 2019) ("Should this Court be inclined to reconsider its ruling on punitive damages based upon the evidence adduced at trial, this Court's ruling on this issue may be reconsidered."); *EEOC v. Old Dominion Freight Line,* 2015 WL 11117158, at *1 (W.D. Ark. Jan. 5, 2015) (acknowledging that court can reconsider ruling on punitive damages at trial).

In this case, reconsideration is warranted given the admission of the 2018 CPSC Safety Alert (Plaintiffs' exhibit 199) and the related testimony by Walmart's representative, which demonstrate Walmart's knowledge of more than 300 incidents in 32 months where lithium-ion powered hoverboards caught fire or overheated.[1] Viewing the evidence in the light most favorable to Plaintiffs, a reasonable jury could conclude that Walmart recklessly disregarded the risk that UL-certified lithium-ion powered hoverboards could catch fire. *See Questar Pipeline v. Grynberg*, 201 F.3d 1277, 1287 (10th Cir. 2000) ("The court can set aside a jury's punitive damage award only if no reasonable jury could have found on the record as a whole that Questar acted willfully and wantonly.").

> The Tenth Circuit has explained the punitive damages standard under Wyoming law:
>
> Under Wyoming law, punitive damages are disfavored "and are to be allowed with caution within narrow limits." *Weaver v. Mitchell*, 715 P.2d 1361, 1369 (Wyo. 1986). Punitive damages are only appropriate for "circumstances involving outrageous conduct, such as intentional torts, torts involving malice and torts involving willful and wanton misconduct." *Cramer v. Powder River Coal*, 204 P.3d 974, 979 (Wyo. 2009) (internal quotation marks omitted). The Wyoming Supreme Court defines willful and wanton misconduct as "the intentional doing, or failing to do, an act in reckless disregard of the consequences and under circumstances and conditions that a reasonable person would know that such conduct would, in a high degree of probability, result in harm to another." *Id*. "The aggravating factor which distinguishes willful misconduct from ordinary negligence is the actor's state of mind." *Id*. (internal quotation marks omitted). A willful or wanton state of mind is one "that approaches intent to do harm." *Id*. (internal quotation marks omitted).

*Lompe v. Sunridge Partners*, 818 F.3d 1041, 1055 (10th Cir. 2016).

Here, Walmart recklessly disregarded a known risk to consumers by UL-certified hoverboards with lithium-ion battery packs. In short, Walmart blindly relied on UL certification.[2] However, a reasonable company would know that reliance on UL certification would, to a high degree of probability, result in harm to a consumer because 1) CPSC expressly warned Walmart

---

[1] Pl. Tr. Ex. 199.
[2] 03-06-25 Trial Tr. at 130:13-131:7, 131:20-24, 143:20-22.

that UL certification does not guarantee consumer safety,[3] and 2) CPSC warned Walmart of more than 300 hoverboards that caught fire or overheated in a mere 32 months.[4] As Walmart's representative candidly admitted:

> Q. You knew because you had been informed you shouldn't be putting that much emphasis on that certification and did it anyhow, right?
>
> A. We continued to drive requirement, yes.
>
> Q. And knew better, correct?
>
> A. We were aware, yes.[5]

Worse, Walmart never relayed a warning to consumers about the fire hazard that Walmart knew about.[6]

There is additional evidence that—in conjunction with the 300+ hoverboards that overheated and the strongly-worded CPSC warning—would allow a reasonable jury to award punitive damages:

1. Walmart did not make any effort to ensure consumer safety in response to the CPSC warning.[7]
2. In spite of the CPSC warning, Walmart could not present any evidence that Walmart followed through from a safety perspective to ensure that the Plasma hoverboard was safe for consumers.[8]
3. Walmart does not review any test results to ensure consumer safety[9] and has never reviewed any test by Tescoo.[10]
4. Walmart does not audit or inspect manufacturers for safety.[11]

---

[3] 03-06-25 Trial Tr. at 131:8-19, 141:22-143:19.
[4] 03-06-25 Trial Tr. at 141:22-142:14.
[5] 03-06-25 Trial Tr. at 132:5-10.
[6] 03-06-25 Trial Tr. at 132:11-17.
[7] 03-06-25 Trial Tr. at 132:18-133:1.
[8] 03-06-25 Trial Tr. at 127:1-5.
[9] 03-06-25 Trial Tr. at 121:19-22.
[10] 03-06-25 Trial Tr. at 128:10-14.
[11] 03-06-25 Trial Tr. at 133:6-9.

5. In fact, Walmart has not hired anyone who even understands test reports well enough to review them.[12]

6. Walmart has produced no documentation that the hoverboard was submitted to one of Walmart's approved testing labs.[13]

7. Walmart's only testing related to the Plasma hoverboard was about whether it could hold a charge,[14] not whether it could overheat and catch fire.

8. It is perhaps not surprising then that Walmart was not even aware that Jetson was using Tescoo for testing.[15]

In short, a jury could determine that Walmart's safety front to its customers is a façade. A jury could conclude that—in the face of its duties to test, inspect and provide adequate warnings about a dangerous product—Walmart recklessly disregarded the risk that UL-certified hoverboards could catch fire.

Courts have found that punitive damages should be submitted to the jury under similar circumstances. For example, the Tenth Circuit has permitted punitive damages where a defendant was on notice of three prior incidents. *Lompe*, 818 F.3d at 1057 ("That is, three prior CO leaks, including one in which Mr. Few was poisoned, put AMC on notice that the furnaces needed regular substantive safety inspections to prevent future dangerous releases of CO. Failing to perform such inspections recklessly endangered not only Ms. Lompe, but also all the tenants at the apartment complex, and the risk included death."). The court found punitive damages warranted even though AMC's conduct was not "particularly reprehensible" and AMC presented significant mitigating evidence:

> MC was never cited or criticized by SourceGas or other regulators in Wyoming for the condition of the furnaces or the incidents in which Mr. Few or Ms. Lompe were poisoned. Moreover, AMC provided each tenant with a CO detector even though this was not required by state law or industry custom. The evidence regarding the effectiveness of providing these monitors was mixed. Although AMC amended the lease agreements to

---

[12] 03-06-25 Trial Tr. at 129:15-21.
[13] 03-06-25 Trial Tr. at 128:19-25.
[14] 03-06-25 Trial Tr. at 125:3-126:17.
[15] 03-06-25 Trial Tr. at 123:17-124:15.

>provide sanctions for tampering with the CO monitors, an inspection immediately after Mr. Lompe was poisoned revealed that many units lacked functioning CO monitors. There was also some evidence to suggest AMC conformed to industry standards in dealing with the aging fleet of furnaces by repairing them as problems arose. But Ms. Lompe provided expert testimony opining that annual inspections should have been performed, and further precautions should have been implemented after Mr. Few's exposure.

*Id*. at 1066-67.

Similarly, the Supreme Court of Wyoming found willful and wanton misconduct where "Union Pacific had notice that children played on the tracks and yet failed to take measures to protect these children from injury." *Hawk v. Union Pac.*, 844 P.2d 1045, 1051 (Wyo. 1992). This Court has also recognized that a jury should decide punitive damages where a reasonable jury could conclude that the defendant engaged in conduct even though it knew that the conduct would pose a risk to others. *See also Johnson v. EOG Res.,* 2020 WL 10356190, at *9 (D. Wyo. Jan. 27, 2020) (punitive damages permissible where defendants communicated about risks from threaded fittings and had policy not to use threaded fittings); *Guinn v. Builders Transp.*, 2008 WL 11414545, at *2 (D. Wyo. Sept. 24, 2008) (punitive damages permissible where plaintiff "points to disputed and non-disputed facts indicating that Builders tolerated hours of service regulations, failed to monitor its driver's hours, failed to adequately hire, train and supervise its driver, and that such conduct created a high degree of danger to other vehicles."). In fact, a jury could award punitive damages due to Walmart's failure to warn Plaintiffs of a risk that it knew about. *See Van Dyke v. Glaxo SmithKline*, 2009 WL 10672277, at *4-9 (D. Wyo. Apr. 8, 2009) (punitive damages is jury question where plaintiff presented evidence that defendant was aware of inadequacy of warning and evidence that pill was defective); *see also Georgiou v. Battery Junction*, 2024 WL 874799, at *10 (N.D. Tex. Jan. 25, 2024) (recommending denial of summary judgment as to punitive damages for claim that LG should have warned consumers about risk of lithium-ion battery explosion).

5

As in these cases, viewing the evidence in the light most favorable to Plaintiffs, a reasonable jury could conclude that Walmart recklessly disregarded the fire risk in UL-certified hoverboards.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court reconsider its summary judgment decision as to punitive damages as to Walmart.[16]

Respectfully submitted,

Date: March 7, 2025

*/s/ Josh Autry\**
Pennsylvania Bar No. 208459
Kentucky Bar No. 98419
Tennessee Bar No. 41623
New York Bar No. 6161962
MORGAN & MORGAN, P.A.
199 Water Street, Suite 1500
New York, NY 10005
Telephone: (859) 899-8785
jautry@forthepeople.com
*\*Pro Hac Vice*

T. Michael Morgan, Esq.*
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Phone: 407-420-1414
Email: mmorgan@forthepeople.com
*\*Pro Hac Vice*

Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274

---

[16] In relief is granted, Plaintiffs would not change *any* evidence in this phase. In this phase, the jury would decide—based solely upon the liability evidence—whether punitive damages are warranted, and if warranted, the jury would decide in a second phase the amount of punitive damages. *See* Wyo. Civ. Pattern Jury Instructions 4.05, 4.06.

> Telephone: (310) 893-1983
> Email: taly@GoodyLawGroup.com
> greyson@GoodyLawGroup.com
> *Counsel for Plaintiffs*

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(b)(1)(A), Counsel for all parties have conferred and made a good faith effort to resolve this matter. Despite these attempts, defense counsel has objected to this motion.

*/s/ Josh Autry*

## **CERTIFICATE OF SERVICE**

I certify that on March 7, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Josh Autry*