# EXHIBIT D

Taly Goody, Esq.
Wyoming Bar No.: 8-6737
Greyson M. Goody, Esq.
GOODY LAW GROUP
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
   greyson@GoodyLawGroup.com
*Attorneys for Plaintiffs*

T. Michael Morgan, Esq*
Florida Bar No.: 062229
Rudwin Ayala, Esq*
Florida Bar No.: 84005
MORGAN & MORGAN, P.A
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: mmorgan@forthepeople.com
   rayala@forthepeople.com
**\*** *Pro Hac Vice Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEPHANIE WADSWORTH, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and MATTHEW WADSWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC. and JETSON ELECTRIC BIKES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-00118-NDF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT WALMART, INC.

Plaintiffs, Stephanie Wadsworth, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth, through undersigned counsel and pursuant to Wyo. R. Prac. & P. 45, hereby requests that Defendant, Walmart, Inc., produces the following documents and items within thirty (30) days from the date of service hereof.

## DEFINITIONS

1. The terms "**Defendant**," "**you**," and "**your**," mean Defendant, Walmart, Inc., collectively, including its agents, servants, employees, associates, shareholders, directors, officers, authorized representative, subsidiaries, affiliated companies, and predecessors-in-interest.

2. The terms "**Plaintiffs**," "**they**," and "**them**" mean Plaintiffs Stephanie Wadsworth, Individually and as Parent and Legal Guardian of W.W., K.W., G.W., and L.W., minor children, and Matthew Wadsworth.

3. The term "**Subject Hoverboard**" means the Jetson Plasma Iridescent Hoverboard Item #081199103159 manufactured by Jetson Electric Bikes, LLC, and distributed by Walmart, Inc., identified in paragraph 1 of Plaintiffs' Complaint, and which forms the basis of this lawsuit.

4. The term "**Hoverboard**" means any self-balancing two-wheeled electric board products.

5. The term "**communication**" means any oral, written, spoken, or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, seminars, or any other exchange of information between you or between you and any other person or entity.

6. The terms "**person**" and "**persons**" mean any natural person, firm, association, organization, partnership, business trust, corporation, limited liability company, or any private or public entity.

7. The terms "**and**" and "**or**" are synonymous and shall be construed so as to give each term inclusive rather than exclusive effect with respect to a request.

8. The terms "**relating to**" and "**related to**" mean to be connected with, associated with, referring to, concerning, or consisting of.

9. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

## INSTRUCTIONS

In responding to the below requests for production, the following instructions apply:

1. Please produce all responsive documents and items to the undersigned attorney at the physical address and/or email address listed in the undersigned attorney's signature block, or in a manner that is otherwise mutually agreed upon by the parties.

2. A true, correct, and legible copy of an original document or communication may be produced in lieu of the original.

3. Documents, communications, and electronically stored information must be produced in PDF format. If it is not possible to produce a document, communication, or electronically stored information in PDF format, it must be produced in the original format in which it was created or received by you. If access to the original format requires the use of specialized or proprietary software, programs, or passwords that are not available to the general

public, you must produce all software, programs, and passwords necessary to access the materials produced. Your production of any software, program, or password will be deemed to constitute the grant of an unrestricted license by you to Plaintiff and his counsel to use the software, program, or password throughout the pendency of this action, with such license being revoked and terminated upon the termination of this lawsuit.

4. Before asserting any objection based on relevance, vagueness, breadth, or scope, counsel for Defendant is invited to contact counsel for Plaintiff in a good-faith effort to resolve the nature of the discovery request that Defendant finds objectionable.

5. If any response to a request for production is withheld under a claim of privilege, please furnish a privilege log that sufficiently identifies the basis for claiming the privilege asserted. Please include the following information in the privilege log so Plaintiff and the Court, if necessary, can determine the propriety of the privilege claimed:

    a. A brief description sufficient to identify the material withheld;
    b. The date(s) of the material withheld;
    c. The subject matter(s) of the material withheld;
    d. The sender(s) or author(s) of the material withheld;
    e. The recipient(s) of the material withheld;
    f. All person(s) to whom copies were furnished;
    g. The present depository or person having custody of the material withheld;
    h. The nature and basis of privilege claimed; and
    i. The request for production to which each claim of privilege corresponds.

6. Each below request for production should be read to request production of documents and items that are in your possession, custody, and control, and for which you have the legal right and ability to produce. For any request for production where you know of responsive documents or items but said documents or items are not in your possession, custody, or control, please provide the location of each responsive document and item and the identity of each person

or entity who you reasonably believe to have possession, custody, or control over the document or item. For any request for production where you know of responsive documents or items but do not have the legal right or ability to produce the documents or items, please provide a detailed explanation of why you do not have the legal right or ability to produce each document and item.

## REQUEST FOR PRODUCTION

1. All policies of insurance, including excess and umbrella policies, naming you as an insured and which would provide coverage for Plaintiffs' injuries and damages at issue in this case in the event judgment is entered against you.

2. Please identify and produce your policies and procedures relating to record retention, and destruction.

3. All photographs, video recordings, and audio recordings depicting the Subject Hoverboard.

4. All documents and statements made by Plaintiffs relating to the Subject Hoverboard.

5. All documents and statements made by Plaintiffs relating to Plaintiffs' injuries and damages at issue in this case.

6. All documents and statements made by any person or entity not a party to this lawsuit relating to the Subject Hoverboard.

7. All documents and statements made by any person or entity not a party to this lawsuit relating to Plaintiffs' injuries and damages at issue in this case.

8. All documents and statements made by you or on your behalf relating to your investigation of the Subject Hoverboard or Plaintiffs' injuries and damages at issue in this case.

9. All documents and items used by you to market, advertise, distribute, promote, and sell Hoverboards, such as the Subject Hoverboard.

10. All documents reflecting warranties you provided with the Subject Hoverboard.

11. All documents, bills of sale, and receipts reflecting the sale of the Subject Hoverboard to Plaintiffs.

12. All packaging, manuals, instructions, warnings, pamphlets, labels, stickers, and other literature you provided with the Subject Hoverboard.

13. All documents relating to claims submitted to you or lawsuits filed against you at any time from January 1, 2015, to the present that involve an allegation or evidence that an individual was injured when a Hoverboard they owned caught fire.

14. All documents relating to claims submitted to you or lawsuits filed against you at any time from January 1, 2015, to the present that involve an allegation or evidence that an individual was injured when a lithium-ion battery they owned caught fire.

15. All warranty claims submitted to you at any time from January 1, 2015, to the present relating to Hoverboard failures, catching fire, or other damage.

16. All warranty claims submitted to you at any time from January 1, 2015, to the present relating to lithium-ion battery failures, catching fire, or other damage.

17. All documents relating to your standards, guidelines, protocols, policies, and procedures for Hoverboard testing, inspection, and quality assurance that were in effect at the time the Subject Hoverboard was in your possession, custody, or control.

18. All documents relating to your standards, guidelines, protocols, policies, and procedures for Hoverboard testing, inspection, and quality assurance that are in effect now.

19. All testing, inspection, and quality assurance reports made by you or on your behalf from January 1, 2015, to the present relating to a Hoverboard.

20. All documents and communications used or consulted when creating the reports you produced in response to request for production number 19.

21. All documents reflecting the standards, guidelines, protocols, policies, and procedures you use when determining whether to recall a product.

22. All documents reflecting the standards, guidelines, protocols, policies, and procedures you use when determining whether to stop selling a product.

23. All documents relating to any safety review of the Hoverboard products you sell.

24. All documents relating to any safety review of lithium-ion batteries in your products.

25. All brochures, manuals, instructions, written materials, advertising materials, or other documents relating to the Subject Hoverboard.

26. All manuals, instructions, or written materials provided with any Hoverboard product since January 1, 2015.

27. All contracts and agreements between you and any other person or entity relating to the defense of this lawsuit or which in any way limits or apportions any amount for which you may be held responsible as a consequence of this lawsuit.

28. All documents, including change orders, reflecting any change in the design or formulation of the Subject Hoverboard product line made between January 1, 2015, and the present.

29. All vendor agreements, supply agreements, and distribution agreements executed between you and any person or entity between January 1, 2015 and the date of the subject incident

relating to the supply or procurement of any component, part, assembly, or compound used to make the Subject Hoverboard.

30. All communications, internal or with third parties, concerning Hoverboard "fires" or injuries to Hoverboard users from Hoverboards catching fire.

31. All communications, internal or with third parties, concerning lithium-ion battery "fires" or injuries to product users from lithium-ion batteries catching fire.

32. Please produce copies of each communication, if any, with Jetson Electric Bikes, LLC, from January 1, 2015, to present.

33. From January 1, 2015, to present, please produce copies of each claim, lawsuit, deposition transcript or statement, electronic record, email, complaint, consumer letter incident report, or any other documents received by you or in your possession, custody or control, in which some person, plaintiff, complainant, or entity alleges any malfunction or defect causing overheating, thermal runways, fire, short-circuit, venting, and/or explosion involving Hoverboards, whether injury did or did not occur.

34. From January 1, 2015, to present, please produce copies of each claim, lawsuit, deposition transcript or statement, electronic record, email, complaint, consumer letter incident report, or any other documents received by you or in your possession, custody or control, in which some person, plaintiff, complainant, or entity alleges any malfunction or defect causing overheating, thermal runways, fire, short-circuit, venting, and/or explosion involving lithium-ion batteries, whether injury did or did not occur.

35. Please identify and produce all documents and materials that were provided to and/or obtained by you, from any source during from January 1, 2015, to present that mention or

discuss potential dangers of Hoverboards, including but not limited to overheating, thermal runaways, short-circuits, venting, fires, and/or explosions.

36. Please identify and produce all documents and materials that were provided to and/or obtained by you, from any source during from January 1, 2015, to present that mention or discuss potential dangers of lithium-ion batteries, including but not limited to overheating, thermal runaways, short-circuits, venting, fires, and/or explosions.

37. Please produce a copy of all documentation of the purchase of Hoverboard products you bought from co-defendant Jetson Electric Bikes, LLC, from January 1, 2015, to present.

38. Please identify and produce any record, report, memorandum, or any other communication by an employee or agent of Walmart, Inc., to any other employee, agent, or manager, of Walmart, Inc., or any other potential Party to this lawsuit providing warnings that Hoverboards were susceptible to short-circuiting, overheating, exploding, catching fire, or in any other way creating a serious risk of injury to the user.

39. Please identify and produce any record, report, memorandum, or any other communication by an employee or agent of Walmart, Inc., to any other employee, agent, or manager, of Walmart, Inc., or any other potential Party to this lawsuit providing warnings that lithium-ion batteries were susceptible to short-circuiting, overheating, exploding, catching fire, or in any other way creating a serious risk of injury to the user.

Date: May 7, 2024                                Respectfully Submitted,

                                                 _/s/ Rudwin Ayala_
                                                 **RUDWIN AYALA, Esq**.*
                                                 Florida Bar No.: 84005
                                                 **MORGAN & MORGAN, P.A**
                                                 1700 Palm Beach Lakes Blvd, Suite 500
                                                 West Palm Beach, FL 33401

Telephone: (561) 764-2220
Facsimile: (561) 764-2270
Primary Email: rayala@forthepeople.com
Secondary Email: sleroy@forthepeople.com
*Pro Hac Vice Attorney for Plaintiff*

And,

 /s/ Taly Goody
**TALY GOODY, ESQ**.
Wyoming Bar No.: 8-6737
**GREYSON M. GOODY, ESQ.**
**GOODY LAW GROUP**
58 Malaga Cove Plaza
Palos Verdes Estates, CA 90274
Telephone: (310) 893-1983
Email: taly@GoodyLawGroup.com
*Attorney for Plaintiff*

 /s/ T. Michael Morgan
**T. MICHAEL MORGAN, ESQ**.*
Florida Bar No.: 062229
Kentucky Bar No.: 94856
**MORGAN & MORGAN, P.A**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary Email: mmorgan@forthepeople.com
Secondary Email: akelseyflowers@forthepeople.com
*Pro Hac Vice Attorney for Plaintiff*