IN THE UNITED STATES DISTRICT COURT

**FILED**

FOR THE DISTRICT OF WYOMING

*5:05 pm, 3/12/25*

**Margaret Botkins**
**Clerk of Court**

---

STEPHANIE WADSWORTH,
individually and as parent and legal
guardian of W.W., K.W., G.W., and L.W.,
minor children, and MATTHEW
WADSWORTH,

Plaintiffs,

vs.

WALMART INC. and JETSON
ELECTRIC BIKES, LLC,

Defendants.

Case No. 2:23-CV-118-KHR

---

## COURT'S DRAFT JURY INSTRUCTIONS

# PRELIMINARY INSTRUCTIONS

## Jury Instruction No. 1: Court's Introduction

Members of the Jury,

We are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called plaintiff. In this action, the plaintiffs are Stephanie and Matthew Wadsworth, and they brought this action on their own behalf, and as parents of four minor children, W.W., K.W., G.W., and L.W.

The party against whom the suit is brought is called defendant. The defendants in this action are Walmart Inc. (or "Walmart" for short) and Jetson Electric Bikes, LLC (or "Jetson" for short).

This case arises out of Plaintiffs' contention that Defendants caused their injuries, damages, or loss as a result of a defect in a hoverboard.

Defendants deny this contention and assert the hoverboard was not defective, proper warning was provided, and Plaintiff Stephanie Wadsworth's negligence was the cause or a contributing cause of the fire or Plaintiffs' injuries.

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind

that I will instruct you at the end of trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony.  During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, including your family or friends. You may tell people you are a juror, and let them know when you must be in court, but do not tell them anything else about the case. Do not permit anyone to discuss this case in your presence. If anyone tries to talk to you about the case during the trial, despite telling the person not to, then you should report that to me as soon as you can.

If you see any lawyers, parties, or witnesses from this trial at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law not to discuss this case with the jurors during the trial.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his client because the attorney has made objections.  You should not infer or conclude from any rulings or other comments I may make that I have any opinions on the merits of the case favoring one side or the other.  When I have "overruled" an objection, that means I

am permitting that evidence to be admitted. When I have "sustained" an objection, I am excluding that evidence from this trial for a good reason. If I sustain an objection or if I order evidence stricken, that evidence must be entirely ignored. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to speak with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**Jury Instruction No. 2: Case Introduction**

I will briefly summarize the plaintiffs' and the defendants' contentions. Please keep in mind these contentions are just that. They are not evidence, but simply a brief summary of what each party contends.

Plaintiffs claim that the fire that caused their injuries, damages, or loss was the result of a defect in a hoverboard that Defendants obtained, distributed and/or sold, by Defendants' failure to warn Plaintiffs of the risk of a malfunction, by Defendants' breach of warranty to Plaintiffs, and/or by Defendants' negligence.

Defendants contend the fire was not caused by the hoverboard. Defendants contend the hoverboard was not defectively designed or manufactured and also that proper warning was provided. Defendants also claim that Stephanie Wadsworth was herself negligent, and that her actions were the sole cause or a contributing cause of the fire or Plaintiffs' injuries. Specifically, Defendants claim the fire started from an improperly discarded cigarette and therefore Defendants are not responsible for Plaintiffs' injuries.

**Jury Instruction No. 3: Order of Proceeding**

This case will proceed in the following order:

First, counsel for the Plaintiffs may make an opening statement outlining the Plaintiffs' case. Then, counsel for the Defendants may also make an opening statement outlining their case immediately after Plaintiffs' statement, or defer the making of an opening statement until the conclusion of the plaintiffs' case. No party is required to make an opening statement. What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce.

Second, the Plaintiffs will introduce evidence in support of their claims. At the conclusion of the Plaintiffs' case, the defendants may introduce evidence. The Defendants, however, are not obliged to introduce any evidence or to call any witnesses. If the Defendants introduce evidence, the Plaintiffs may then introduce rebuttal evidence.

Third, before closing arguments by the parties, I will instruct you on the law which you are to apply in reaching your verdict.

Fourth, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences which they contend you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designed to present you the contentions of the parties based on the evidence introduced. The Plaintiffs have the right to open and to close the argument.

**Jury Instruction No. 4: Burden of Proof**

The burden is on the plaintiffs in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true in the case.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Likewise, the burden is on the Defendants to prove by a preponderance of the evidence, every essential element of an affirmative defense asserted by them.

**Jury Instruction No. 5: Direct and Circumstantial Evidence and Inferences**

Generally speaking, there are two types of evidence that are generally presented during a trial: direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact such as an eyewitness.  "Indirect" or "circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.  For example, if you looked outside and saw it was raining, that would be direct evidence from which you could conclude that it was raining. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Jury Instruction No. 6: Evidence Defined**

As I have stated, the evidence in this case will consist of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for purposes of the case.

It is worth emphasizing that statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Depositions may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court or may be played for you from a video recording. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

The Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by the jury.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

### Jury Instruction No. 7: Conduct as Jurors

Since this case involves an incident that occurred at a certain place, you may be tempted to visit that place yourself, or look it up on the Internet. Please do not do so. By making an unguided visit without the benefit of explanation, you may get the wrong impression about the location or witnesses who will testify about it. Changes may have taken place at the place in the period between the occurrence and this trial.

Even if you happen to live near the place, please avoid going to it or near it until the case is over. An unauthorized viewing of the place by a juror may result in a mistrial.

You may not receive information about this case from any source other than what you are presented in this Courtroom concerning the case. That means do not "google" any party, lawyer, witness, or court personnel involved in this case; do not read, watch, or listen to any publicity or news coverage about this case or the people or facts involved in it; and do not consult any Internet sources, reference materials, or conduct any research whatsoever about this case or the parties or facts involved in it. Do not "blog" about the case or events surrounding the case or your jury service, and do not "tweet" about anything to do with the parties, events or facts in this case or your jury service in this case. Do not send any email to anyone conveying your jury experience or information about this case. In the jury room, you are not to use your cell phone at recesses or lunch to call anyone to ask questions about issues in the case or to report facts about this case. You may not use Facebook, YouTube or any other "social" network on the Internet to discuss your jury service or issues in this case or people involved in the case, including the lawyers. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been

presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. Failure to abide by these instructions could result in your being found in contempt of court, or cause the trial to end.

**Jury Instruction No. 8: Juror Note Taking**

The Court will permit jurors to take notes during the course of this trial.  You, of course, are not obliged to take notes.  If you do not take notes, you should not be influenced by the notes of another juror, but rely upon your own recollection of the evidence.

Note taking must not be allowed to interfere with the ongoing nature of the trial or distract you from what happens here in Court.  Notes taken by any juror, moreover, are not evidence in the case and must not take precedence over the independent recollection of the evidence received in the case.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.  Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror.

**Jury Instruction No. 9: Questions from the Court**

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

### Jury Instruction No. 10: Role of the Jury to Decide Facts

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. However, the form of testimony, whether live, by videoconference, or deposition, should not be weighed differently on that basis alone. Consider the witness' ability to observe the matters as to which he has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. After making your own judgment, you will give

the testimony of each witness such weight, if any, that you may think it deserves.  In short,

you may accept or reject the testimony of any witness, in whole or in part.

## Jury Instruction No. 11: Court Will Instruct on the Law

After the evidence has been heard and instructions and arguments are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field, neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you, whether you agree with them or not.

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

**EVIDENTIARY INSTRUCTIONS**

### Jury Instruction No. 12: Introduction to Evidentiary Instructions

Members of the jury:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Joint

**Jury Instruction No. 13: Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Joint 3

**Jury Instruction No. 14: Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by knowledge, skill, education, training or experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient knowledge, skill, education, training or experience,  or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Joint 4

### Jury Instruction No. 15: Plaintiffs' Duty

You are instructed that Plaintiffs had a duty to act reasonably to assure their own safety and take notice of obvious dangers.

D: 2

### Jury Instruction No. 16: Cause Defined

An injury or damage is caused by an act, or a failure to act, whenever it appears from the evidence that the act, or failure to act, played a substantial part in bringing about the injury or damage.


D: 12 (removed product part); P: 9 (Court kept failures to act)

## Jury Instruction No. 17: NFPA 921 GUIDE

The National Fire Protection Association (NFPA) is a nationwide non-profit entity that establishes standards and procedures to reduce and eliminate losses related to fire.

NFPA 921 is the nationally recognized Guide for Fire and Explosion Investigations. To the extent that an expert investigator indicates that he or she follows this Guide, then the Guide should dictate the scientific methodology that the investigator follows during their investigation.

D: 16

### Jury Instruction No. 18: Strict Liability Elements

To prove another is strictly liable for the sale of a defective product, Plaintiff must show by a preponderance of the evidence:

1. that the sellers were engaged in the business of selling the product that caused the harm;

2. that the product was defective when sold;

3. that the product was unreasonably dangerous to the ultimate user or consumer;

4. that the product was intended to and did reach the consumer without substantial change in the condition in which it was sold; and

5. that the product caused physical harm to the Plaintiff(s).

This rule applies even though the seller has exercised all possible care in the preparation and sale of their product and the user or consumer has not bought the product from or entered into any contractual relation with the seller.

A product is defective if, at time of sale or distribution, it contains a manufacturing defect, a design defect, or is defective because of inadequate instructions or warnings reasonably necessary for the product's safe use.

The term "unreasonably dangerous" means unsafe when put to a use that is reasonably foreseeable considering the nature and function of the product.

When considering a strict liability claim based upon an allegedly defective product, you should focus on whether the product itself was defective, not the conduct of the maker or seller of the product.

D: 5, 7; P: 17 (minus additions)

**Jury Instruction No. 19: Foreseeable Use of the Product**

A product's designer, manufacturer, distributor and seller are entitled to expect a use of their product that is reasonably foreseeable by the ordinary consumer who purchases or uses it with the ordinary knowledge common to the community as to its characteristics.

"Community" means those who ordinary use the product in question.

P: 28; D: 13; (Court omitted importer) Modified from WCPJI (Civil) 12.09

**Jury Instruction No. 20: Product Was Defective When Sold**

Plaintiffs bear the burden of proving a defect in fact, i.e., that the product failed. Here, Plaintiffs seek to do so in four ways as explained in Instructions Nos. 21, 22, 23, and 24.

D: 6; Court added last sentence

## Jury Instruction No. 21: Design Defect

A product that is "not reasonably safe" for the user is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller and the omission of the alternative design renders the product not reasonably safe.

D: 8 (omitted last sentence); P: 21

**Jury Instruction No. 22: Failure to Warn**

A product's designer, manufacturer, distributor, or seller must warn about latent defects or concealed dangers in the use of the product if a failure to give such warning renders the product unreasonably dangerous. There is no duty to warn about known or obvious dangers. Further, even if a product is flawlessly manufactured, there is a duty to warn if there is a likelihood that the product could cause harm unless properly used and that failure to warn renders the product unreasonably dangerous.

Plaintiffs have the burden of proving that an alternative or additional warning would have changed their behavior and prevented the injury.

D: 10, 11; P: 23

**Jury Instruction No. 23: Manufacturing Defect**

A manufacturing defect occurs when the product does not conform in some significant aspect to the intended design, nor does it conform the great majority of products manufactured in accordance with that design.


D: 9 (plaintiffs didn't ask for one)

**Jury Instruction No. 24: Inference of Defect**

If you find that Plaintiffs have failed to identify a specific defect, you may consider whether Plaintiffs are entitled to an inference of defect. To justify an inference of defect, Plaintiffs must prove that in the absence of abnormal use or reasonable secondary causes the product failed to perform in the manner reasonably to be expected in light of its nature and intended function.

It is stipulated that there is no evidence of abnormal use of the hoverboard and that the evidence indicates the hoverboard was used as intended.

If you find the absence of a secondary cause by which the hoverboard ignited or caught fire, then you may infer that the hoverboard was defective when distributed and/or sold by Defendants. It is not enough to merely show that an injury occurred.

However, if you do find that there was a secondary cause for the defect, including an external fire causing the defect, then you may not infer the existence of a defect.

D: 22; P: 18 (Court combined and added to inference)

**Jury Instruction No. 25: Negligence and Ordinary Care Defined**

When the word negligence is used in these instructions, it means the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

Joint 8

**Jury Instruction No. 26: Negligence of Manufacturer or Seller**

Negligence in the design, manufacture, distribution or sale of a product means the failure of the product's designer, manufacturer, distributor, or seller to do something that a reasonably careful designer, manufacturer, distributor, or seller in the same business would do, or doing something that a reasonably careful designer, manufacturer, distributor, or seller in the same business would not do.

P: 25; WCPJI (Civil) 12.01 (Court omitted importation from P's proposed)

### Jury Instruction No. 27: Duty of Manufacturer or Seller

A designer, manufacturer, distributor, or seller of a product owes a duty of care to those who use its product. The designer, manufacturer, distributor, or seller is required to exercise reasonable care in the planning, design, distribution, manufacturing, and sale of its product to insure it is reasonably safe for its intended use and for reasonably foreseeable uses regardless of whether the use is intended by the designer, manufacturer, distributor, or seller.

P:26; Modified from WCPJI (Civil) 12.02 (Court omitted importation from P's proposed)

### Jury Instruction No. 28: Duty to Warn or Instruct

A duty to warn arises if there is a likelihood the product could cause harm if improperly used, even if the product was flawlessly designed, manufactured, distributed, and sold. You must determine whether the product was unreasonably dangerous because of the absence of an adequate warning or instruction.

P:27; Modified from WCPJI (Civil) 12.04 (Court removed imported and "or instruct")

**Jury Instruction No. 29: Custom**

In determining whether anyone was negligent, you may consider any evidence of any custom in an industry in conducting its operations. However, the standard of care is not fixed by custom, as custom cannot overcome the requirements of reasonable safety and ordinary care. The standard is always ordinary care, and the presence or absence of custom does not alter that standard. What others do is some evidence of what should be done but is not conclusive evidence and is never a substitute for ordinary care.

D: 3; WCPJI (Civil) 3.08

**Jury Instruction No. 30: Applicable Industry Standard or Custom**

Underwriters Laboratories (UL) is an organization that sets industry standards for products. UL 2272 is a voluntary standard for hoverboards that the United States Consumer Product Safety Commission (CPSC) urges manufacturers to follow in their design and manufacture of any electric hoverboards sold in the United States.

D: 4; UL 2272

### Jury Instruction No. 31: Multiple Causes in Negligence

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a "cause" of the injury within the meaning of these instructions. A cause does not have to be the only cause, or the last or nearest cause. It is sufficient if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

Joint 10

**Jury Instruction No. 32: Foreseeability**

The negligence, if any, of a Defendant is not a "cause" of any injuries, losses, or damages to the Plaintiffs, unless injury to a person in any of the Plaintiffs' situations was a reasonably foreseeable consequence of that negligence. The exact or precise injury need not have been foreseeable, but a Defendant may be found to be a "cause" of a Plaintiff's harm within the meaning of these instructions if a reasonably careful person, under similar or the same circumstances as the Defendant, would have anticipated that injury to a person in any of the Plaintiffs' situations might result from the Defendant's conduct.

Joint 11

### Jury Instruction No. 33: Effect of Violation of Duty

In the course of these instructions, the Court will define various specific duties with which the parties are charged. If you find from a preponderance of the evidence that a party has violated a duty, then that party is negligent. If you find one or more of the parties to have been negligent, the effect of such negligence must be evaluated on the basis of all other instructions.

Joint 14

### Jury Instruction No. 34: Comparative Fault

I am now going to instruct you on comparative fault. Your goal as jurors is to decide whether any Plaintiff was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then assign fault among them. "Person" can mean an individual or a business.  In this case, Plaintiffs claim that Jetson and Walmart are at fault, and Jetson and Walmart claim that Stephanie Wadsworth is at fault, so you may only consider the conduct of Jetson, Walmart, and Stephanie Wadsworth.

A Defendant is at fault if the Defendant is negligent or is strictly liable due to manufacturing, designing, selling, distributing, assembling a defective product or failing to adequately warn of a laten or concealed danger rending the product unreasonably safe, and you determine this to be a cause of plaintiff's injury or damage. The terms "negligent" and "strictly liable" are explained in Instruction Nos. 25 through 18.

Plaintiff Stephanie Wadsworth is at fault if she is negligent and you determine this to be a cause of her injuries or damage, or the injuries or damages to other Plaintiffs. The terms "negligent" are explained in Instruction Nos. 25. It will be necessary for you to determine the comparative fault, if any, of each of the parties involved in the occurrence. It also will be necessary for you to determine the total amount of damages, if any, sustained by each Plaintiff.

A person is at fault when that person's legal wrongdoing—including negligence, breach of warranty, breach of duty, or design, manufacture, distribution, or sale of a defective product—is a cause of the harm claimed. The terms—including "negligence,"

"defective product," "breach of warranty," "breach of duty," and "cause"—are explained in other instructions.

The verdict form provided to you includes spaces for you to record your determination of each person's comparative fault, if any, on a percentage basis. If you find that Stephanie Wadsworth was at fault in some percentage, then the Court will reduce the Plaintiffs' total damages by the percentage of Stephanie Wadsworth's fault. If you assign more than 50% of fault to Stephanie Wadsworth, then Stephanie Wadsworth will not receive any damages.

The liability of each defendant is limited by the percentage of fault, if any, that you find is attributable to that particular defendant.

If you assign fault, the percentages must total 100 percent.

The verdict form also contains a space for you to record your determination of the total damages sustained. If you find Stephanie Wadsworth is fifty percent (50%) at fault or less, then you must make a separate finding of the Plaintiffs' total damages. You must carefully follow the instructions on the verdict form. Do not reduce your determination of total damages by any percentage of fault you have attributed to Stephanie Wadsworth or any Defendant. The court, and not the jury, will reduce the total amount of damages by the percentage of fault you have attributed to Stephanie Wadsworth.

In explaining the consequences of your verdict, I have not meant to imply that either Plaintiff Stephanie Wadsworth or either Defendant is at fault. That is for you to decide in conformity with these instructions.

P 44; D 15 (similar, and excluded product misuse statements); Modified from

WCPJI (Civil) 10.01 (included some of P's proposed except importation)

**Jury Instruction No. 35: Implied Warranty of Merchantability of Goods**

Unless expressly excluded or modified, a merchant impliedly warrants the "merchantability" of goods he customarily sells. In order for goods to be merchantable, they must:

1. Pass without objection in the trade under the merchant's description;

2. In the case of goods of a like kind or class (fungible), be of fair, average quality within the description;

3. Be fit for the ordinary purposes for which the goods are used;

4. Run of even kind, quantity, and quality within each unit and among all the units involved;

5. Be adequately contained, packaged, and labeled as the agreement may require; and

6. Conform to the promises or affirmations of fact made in the container or label, if any.

P 31; Modified from WCPJI (Civil) 13.02

### Jury Instruction No. 36: Implied Warranty of Fitness for Particular Purpose of Goods

When the seller, at the time of sale, has reason to know of (i) the particular purpose for which the goods are required by the buyer and (ii) that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, an implied warranty that the goods shall be fit for such purpose.


P 32; WCPJI (Civil) 13.03

### Jury Instruction No. 37: Third Party Beneficiary of Warranty

A seller's warranty, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is damaged by breach of the warranty.


P 33; WCPJI (Civil) 13.07

**Jury Instruction No. 38: Measure of Damages**

If your verdict is for the Defendants, you will not consider the matter of damages.

But if the preponderance of the evidence supports the Plaintiffs' claim, you must fix the amount of money that will reasonably and fairly compensate the Plaintiffs for those elements of damage proved by the evidence, taking into consideration the nature, extent, and duration of their injuries and losses. You may consider the following elements of damages:

a. Plaintiffs' pain, suffering, and emotional distress experienced as a result of the injuries, and those reasonably probable to be experienced in the future.

b. Disability and/or disfigurement.

c. Plaintiffs Stephanie's and Matthew's loss of enjoyment of life, and any loss of enjoyment of life reasonably probable to be experienced in the future. The award for this specific element should not duplicate the award given or any other element of damage.

d. Medical expenses. The reasonable expense of necessary medical care, treatment, and services received to date and any medical expense reasonably probable to be incurred in the future. Here, only W.W. is seeking future medical expenses.

e. Caretaking. The reasonable expense of necessary help in the home that has been required as a result of the injury, and any such help that is reasonably probable to be required in the future.

f. Any loss sustained by Matthew Wadsworth by reason of the injury of his wife, Stephanie Wadsworth, including any loss of her services, society, companionship,

affection, love, advice, guidance, and/or sexual relations, in the past and in the future, as explained in Instruction No. 41.

Whether any of these elements have been proved is for you to determine.

P: 34; Modified from WCPJI (Civil) 4.01; Court modified (d)

**Jury Instruction No. 39: Stipulation of Fact—Past Medical Expenses**

The parties have stipulated to the following past medical expenses for the following

Plaintiffs:

Stephanie Wadsworth:        $1,542,385.23

W.W.                        $346,367.68

If you find that the above-listed Plaintiffs are entitled to recover in this case, you

shall award these amounts of damages for past medical expenses.


Joint (Court changed "follow" to "following" because it appeared to be a typo)

**Jury Instruction No. 40: No Evidence of Dollar Estimate Required**

There is no formula the court can give you for the determination of damages for pain and suffering, emotional distress, loss of enjoyment of life, disability, disfigurement, or any future damages as may be reasonably probable to arise. It is not necessary that any witness shall have expressed any opinion as to the dollar amount of these damages. Your award, if any, should be such sum as will fairly and adequately compensate the plaintiffs. Any amount awarded rests within your sound discretion and is for you to determine, taking into consideration the evidence in this case and from your knowledge, observation, and experience in life. Any award should be for what damages are reasonable, fair, and just in the light of the evidence.

Joint 36

## Jury Instruction No. 41: Loss of Consortium

If you award damages to Stephanie Wadsworth, then you may award damages for loss of consortium to Matthew Wadsworth. Loss of consortium may include the loss of the injured person's services, society, companionship, affection, love, advice, guidance, and/or sexual relations.

These damages may not include or duplicate any damages that Stephanie Wadsworth may be entitled to recover as explained in any other instructions. Matthew Wadsworth has the burden of proving, by a preponderance of the evidence: (1) the nature and extent of his damages, including damages for loss of consortium, and (2) that such injuries or damages were caused by the Defendants.

You may not award any amount for Matthew Wadsworth's personal services to his wife, such as nursing.

You may not award any amount for Matthew Wadsworth's loss of his right to financial support from his wife or loss of his wife's earnings or earning capacity.

You may not award any amount for Matthew Wadsworth's loss of earnings if he was employed and quit his employment to take care of his wife.

You may not award Matthew Wadsworth any amount for emotional distress damages.


P: 41; D: 21 (kept limitations); Modified from WCPJI (Civil) 4.09A

**Jury Instruction No. 42: Present Value of Future Losses**

In determining damages for medical expenses or similar claims that may arise in the future or which will be incurred in the future, you must determine the present worth in dollars of such future damages.

A lump sum of money received today is worth more than the same sum paid in installments over a period of months or years because a sum received today can be invested and earn money at current interest rates. By making a reduction for the earning power of money, your answer will reflect the present value in dollars of an award of future damages.

In computing the amount of future damages, you may take into account economic conditions, present and future, and the effects of inflation.


P: 39 (minus alterations); D: 19 (Court took out care taking)

**Jury Instruction No. 43: Stipulation of Fact—Life Expectancy**

In the event you find that Plaintiffs are entitled to damages arising in the future, you may consider how long Plaintiffs are likely to live. The parties have stipulated to the following life expectancies for the following Plaintiffs:

Plaintiff Stephanie Wadsworth has a remaining life expectancy of 43.8 years.

Plaintiff Matthew Wadsworth has a remaining life expectancy of 39.4 years.

Plaintiff K.W. has a remaining life expectancy of 64.9 years.

Plaintiff G.W. has a remaining life expectancy of 63.5 years.

Plaintiff L.W. has a remaining life expectancy of 65.5 years.

Plaintiff W.W. has a remaining life expectancy of 67.4 years.


Court modified from P: 38 (neither party provided these stipulations, they were copied from RealTime so please double check)

### Jury Instruction No. 44: Mitigating Damages

A person has the duty to take reasonable steps under the circumstances to reduce his or her injuries and damages. Any damages resulting from a failure to take such reasonable steps cannot be recovered.

D: 20; WCPJI (Civil) 4.08

**Jury Instruction No. 45: Damages Not Intended to Punish**

If you find either Defendant liable to the Plaintiffs, any damages you award should

be solely to compensate the Plaintiffs for categories of damages set forth in Instruction No.

38 and not to punish either Defendant.

D:18

**Jury Instruction No. 46: Court Takes No View on Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions.

Joint 45

# FINAL INSTRUCTIONS

### Jury Instruction No. 47: Juror Duty Without Bias or Prejudice

Members of the jury,

You have been chosen and sworn as jurors in this case to try the issues of fact presented. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both parties expect that you will carefully and impartially consider all the evidence in the case and follow the law as stated by the Court.

Added by Court

**Jury Instruction No. 48: Use of Reason and Common Sense**

You may use reason and common sense to reach conclusions. You may draw

reasonable inferences from the evidence. But you should not guess about things that were

not covered here.


P 48 (deleted last sentence because stated in previous instruction)

**Jury Instruction No. 49: Use of Juror Notes**

During this trial, I have permitted you to take notes.  Many courts do not permit

notetaking by jurors and a word of caution is in order.  There is always a tendency to attach

undue importance to matters which one has written down.  Some testimony which is

considered unimportant at the time presented, and thus not written down, takes on greater

importance later in the trial in light of all the evidence presented.  Therefore, your notes

are only a tool to aid your own individual memory, and you should not share your notes

with other jurors in determining the content of any testimony or in evaluating the

importance of any evidence.  Your notes are not evidence and are not a complete outline of

the proceedings or a list of the highlights of the trial.  Above all, your memory should be

your greatest asset when it comes time to deliberate and render a decision.


Added by Court

**Jury Instruction No. 50: Evidence to Consider**

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence regardless of who may have produced them.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Added by Court

**Jury Instruction No. 51: Limiting Instruction—Testimony of Bill Robinson**

You heard improper opinion testimony from Fire Chief Bill Robinson. The Court instructed you to disregard that testimony. You may not consider that part of his testimony during your deliberations.

Added by Court

**Jury Instruction No. 52: Limiting Instruction—Testimony of Michael J. Schulz**

You heard improper opinion testimony from fire origin expert Michael J. Schulz regarding cigarettes. The Court instructed you to disregard that testimony. You may not consider that testimony during your deliberations.

Added by Court

### Jury Instruction No. 53: Limiting Instruction—Rogue Recall and *Kaufman*

You heard testimony about Jetson's Rogue Recall and the *Kaufman* lawsuit involving the Rogue model that settled. If so inclined, you may only consider this evidence for the limited purpose of demonstrating the existence of a defect. You may likewise consider the differences between the Rogue and Plasma and disregard this evidence.

Added by Court

### Jury Instruction No. 54: Unanimous Verdict

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Joint 47

### Jury Instruction No. 55: Selection of a Foreperson

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room and the foreperson shall sign the form with their juror number after you have reached a unanimous verdict.

Joint 49

### Jury Instruction No. 56: Nonsuggestive Instructions and Verdict Form

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Joint 50

### Jury Instruction No. 57: Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open Court. You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Joint 51

**VERDICT FORM**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

_____

STEPHANIE WADSWORTH,
individually and as parent and legal
guardian of W.W., K.W., G.W., and L.W.,
minor children, and MATTHEW
WADSWORTH,

          Plaintiffs,

     vs.

WALMART INC. and JETSON
ELECTRIC BIKES, LLC,

       Defendants.

Case No.  2:23-CV-118-KHR

_____

## VERDICT FORM
_____

     We the jury, being duly impaneled and sworn upon oath, and all of us agreed upon

the verdict, making the following answers to the questions submitted to us (NOTE: All of

you must agree as to each answer).

    1. Was Defendant Walmart Inc. negligent?
             Yes_____         No_____

    **If you answered "yes" to Question 1, please proceed to Question 2. If you**

**answered "no" to Question 1, please proceed to Question 7.**

2.  Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff Stephanie Wadsworth?

Yes_____          No_____

3.  Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff W.W.?

Yes_____          No_____

4.  Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff K.W.?

Yes_____          No_____

5.  Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff G.W.?

Yes_____          No_____

6.  Was Defendant Walmart Inc.'s negligence a cause (substantial factor) of injury to Plaintiff L.W.?

Yes_____          No_____

**Regardless of how you answered Questions 1 through 6, please proceed to Question 7.**

7.  Was Defendant Jetson Electric Bikes, LLC negligent?

Yes_____          No_____

**If you answered "yes" to Question 7, please proceed to Question 8. If you answered "no" to Question 7, please proceed to Question 13.**

8.  Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff Stephanie Wadsworth?

Yes_____          No_____

9.  Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff W.W.?

Yes_____          No_____

10. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff K.W.?

Yes_____          No_____

11. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff G.W.?

Yes_____          No_____

12. Was Defendant Jetson Electric Bikes, LLC's negligence a cause (substantial factor) of injury to Plaintiff L.W.?

Yes_____          No_____

**Regardless of how you answered Questions 1 through 12, please proceed to Question 13.**

13. Was the hoverboard defectively designed?

Yes_____          No_____

14. Was the hoverboard defectively manufactured?

Yes_____          No_____

15. Did Defendants fail to provide adequate warnings, instructions, and information regarding the subject hoverboard?

Yes_____          No_____

**If you answered "yes" to Question 13, 14, or, 15, please proceed to Questions 16 through 20. If you answered "no" Question 13, 14, and 15, do not answer Questions 16 through 20 and proceed to Question 21.**

16. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff Stephanie Wadsworth's injuries?

Yes_____          No_____

17. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff W.W.'s injuries?

Yes_____          No_____

18. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff K.W.'s injuries?

     Yes_____     No_____

19. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff G.W.'s injuries?

     Yes_____     No_____

20. Was the defective design, manufacturing, or inadequate warning of the subject hoverboard a cause (substantial factor) of Plaintiff L.W.'s injuries?

     Yes_____     No_____

21. Was Plaintiff Stephanie Wadsworth negligent?

     Yes_____     No_____

**If your answer to Question 21 is "yes," please proceed to Question 22. If your answer to Question 21 is "no," do not answer Questions 22 through 27 and proceed to Question 28.**

22. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to her injuries?

     Yes_____     No_____

23. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to W.W.?

     Yes_____     No_____

24. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to K.W.?

     Yes_____     No_____

25. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to G.W.?

     Yes_____     No_____

26. Was Plaintiff Stephanie Wadsworth's negligence a cause (substantial factor) of injury to L.W.?

     Yes_____     No_____

27. What percentage of total fault do you attribute to the parties? Your apportionment of fault must equal 100%

       Plaintiff Stephanie Wadsworth        _____

       Defendant Walmart Inc.             _____

       Defendant Jetson Electric Bikes, LLC   _____

28. If you answered "yes" to Questions 2, 8, or 16, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff Stephanie Wadsworth has proven to you by a preponderance of the evidence she suffered as a result of the fire?

      _____ for past medical expenses

      _____ for pain and suffering

      _____ TOTAL Compensation

29. If you answered "yes" to Questions 3, 9, or 17, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff W.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

      _____ for past medical expenses

      _____ for future medical expenses

      _____ for pain and suffering

      _____ TOTAL Compensation

30. If you answered "yes" to Questions 4, 10, or 18, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff K.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

      _____ for past medical expenses

      _____ for pain and suffering

      _____ TOTAL Compensation

31. If you answered "yes" to Questions 5, 11, or 19, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff G.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

    _____ for pain and suffering

    _____ TOTAL Compensation

32. If you answered "yes" to Questions 6, 12, or 20, and without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff L.W. has proven to you by a preponderance of the evidence she suffered as a result of the fire?

    _____ for past medical expenses

    _____ for pain and suffering

    _____ TOTAL Compensation

33. If you answered "yes" to Questions 2, 8, or 16, has Plaintiff Matthew Wadsworth proven he has lost consortium based upon his marriage to Stephanie Wadsworth?

    Yes_____        No_____

**If you answered "yes" to Question 33, please proceed to Question 34. If you answered "no" to Question 33, do not proceed to Question 34 and instead have the foreperson signed the verdict form below and notify the bailiff.**

34. Without any deduction for percentages in Question 27 (if any), please state the total amount of damages Plaintiff Matthew Wadsworth has proven to you by a preponderance of the evidence he suffered as a result of the fire?

    _____ for impairment to the marriage

    _____ TOTAL Compensation